1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
      A Limited Liability Partnership
2     Including Professional Corporations
   SASCHA HENRY, Cal. Bar No. 191914
3  shenry@sheppardmullin.com
   333 South Hope Street, 43rd Floor
4  Los Angeles, CA 90071-1422
   Telephone:  213.620.1780
5  Facsimile:  213.620.1398

6  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
      A Limited Liability Partnership
7     Including Professional Corporations
   ABBY H. MEYER, Cal. Bar No. 294947
8  ameyer@sheppardmullin.com
   650 Town Center Drive, Fourth Floor
9  Costa Mesa, CA 92626-1993
   Telephone:  714.513.5100
10 Facsimile:  714.513.5130

11 Attorneys for Defendant Younique, LLC

12                 UNITED STATES DISTRICT COURT

13     CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

14

15

| | |
|---|---|
| MEGAN SCHMITT, DEANA REILLY, CAROL ORLOWSKY, and STEPHANIE MILLER BRUN, individually and on behalf of themselves and all others similarly situated, | Case No. 8:17-cv-01397-JVS-JDE |
| | **DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT** |
| Plaintiffs, | *[Memorandum of Points and Authorities and Proposed Order filed concurrently herewith]* |
| v. | |
| YOUNIQUE, LLC | Hearing:<br>Date:    December 4, 2017<br>Time:    1:30 p.m. |
| Defendant. | The Hon. James V. Selna<br>Santa Ana, Courtroom 10C |
| | Complaint filed:  August 14, 2017<br>Trial Date:          None Set |

26

27

28

-1-

1    TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

2    PLEASE TAKE NOTICE THAT on December 4, 2017, at 1:30 p.m., or as

3    soon thereafter as counsel may be heard in Courtroom 10C, in the United States

4    District Court for the Central District of California, 411 West 4th Street, Room 1053

5    Santa Ana, California, 92701, the Honorable James V. Selna presiding, Defendant

6    Younique, LLC, will and hereby does move the Court for an order dismissing the

7    First Amended Class Action Complaint ("FAC") filed by Plaintiffs Megan Schmitt,

8    Deana Reilly, Carol Orlowsky, and Stephanie Miller Brun.  Defendant brings this

9    Motion under Fed. R. Civ. Proc. 12(b)(1) and 12(b)(6) on the following grounds.

10    1.    Claim 1 (Magnuson-Moss) (FAC, ¶¶ 52-61).  Plaintiffs fails to allege

11   facts to state a claim under Magnuson-Moss.  Magnuson-Moss "narrowly defines"

12   the term "written warranty" as either (a) a written affirmation of fact that "affirms or

13   promises that such material or workmanship is defect free or will meet a specified

14   level of performance over a specified period of time"; or (b) a written promise "to

15   refund, repair, replace, or take other remedial action with respect to such product"

16   should it not meet specifications.  15 U.S.C. § 2301(6); *Hairston v. South Beach*

17   *Bev. Co.*, 2012 U.S. Dist. LEXIS 74279, *17-20 (C.D. Cal. May 18, 2012)

18   (dismissing MMWA claim with prejudice).  The Product's label does not promise

19   that the mascara is "defect free or will meet a specified level of performance over a

20   specified period of time."  (CAC, ¶ 8 (images).)  While the Product states that it

21   contains "natural fibers", this statement is a product description, not a promise that

22   the product is "defect free" or guaranteeing a level of performance.  *See Hairston*,

23   2012 U.S. Dist. LEXIS at *18-19; *Astiana v. Dreyer's Grand Ice Cream, Inc.*, 2012

24   U.S. Dist. LEXIS 101371, *9-11 (N.D. Cal. July 20, 2012).  Moreover, the Product's

25   label does not promise to "refund, repair, replace, or take other remedial action" if

26   the mascara does not meet specifications.  (CAC, ¶ 8.)  Therefore, it does not meet

27   the second definition of "written warranty" provided by Magnuson-Moss.

28

1        2. <u>Claims 7, 11, 14, 17 (Implied Warranty/Merchantability) (FAC, ¶¶</u>

2 <u>105-111; 133-140; 157-164; 184-190, respectively)</u>.  Plaintiffs fail to allege that the

3 Product is unfit for its ordinary use as a mascara, and thus fail to state a claim for

4 breach of the implied warranty of merchantability.  Cal. Com. Code § 2314; Fla.

5 U.C.C. § 672.314; O.R.C. § 1302.27; Tenn. C. § 47-2-314; *see, e.g., Mocek v. Alfa*

6 *Leisure, Inc.*, 114 Cal.App.4th 402, 406 (2003); *Birdsong v. Apple, Inc.*, 590 F.3d

7 955, 958 (9th Cir. 2009) (affirming dismissal of claim; "The plaintiffs admit that the

8 iPod has an 'ordinary purpose of listening to music,' and nothing they allege

9 suggests iPods are unsafe for that use or defective.").

10        3. <u>Claim 18 (Implied Warranty/Particular Purpose) (FAC, ¶¶ 191-198)</u>.

11 Plaintiffs fail to allege a plausible, particular purpose for purchasing or using the

12 Product, and therefore fail to state a claim for breach of the implied warranty of

13 fitness for a particular purpose.  Cal. Com. Code § 2315; Fla. U.C.C. § 672.315;

14 O.R.C. § 1302.28; Tenn. C. § 47-2-315; *see also Mathison v. Bumbo*, 2008 U.S.

15 Dist. LEXIS 108511, *27-28 (C.D. Cal. Aug. 18, 2008) (applying California law;

16 dismissing claim for failure to allege a particular purpose; "There is nothing

17 'peculiar' about using a baby seat to 'secure infants and toddlers'."); *Foley v. Dayton*

18 *Bank & Trust*, 696 S.W.2d 356, 359 (Tenn. Ct. App. 1985) (applying Tennessee

19 law; affirming dismissal of complaint; finding that purchasing a truck for the

20 purpose of leasing it for long distance hauling was consistent with the general

21 purpose of purchasing a truck, and therefore plaintiff failed to show a "particular

22 purpose").  Plaintiffs assert that "[t]he particular purpose for which the Products

23 were used was to allow the consumer to avoid *being exposed to synthetic*

24 *ingredients*."  (FAC, ¶ 195 (emphasis added).)  This allegation is implausible and

25 cannot be credited: the Product plainly states that it contains nylon in its

26 transplanting gel.  (FAC, ¶ 8).  Plaintiffs admit that they believe nylon is synthetic

27 (FAC, ¶¶ 26, 30, 34, 38), and Plaintiffs admit that a "reasonable person would not

28 consider nylon 'natural'" (FAC, ¶ 7 (pg. 6)).

1         4.      Claim 2 (UCL) (FAC, ¶¶ 62-68). Plaintiffs' UCL claim should be

2   dismissed with prejudice because only equitable relief is available under the UCL

3   (*Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1144 (2003)); the

4   FAC seeks monetary damages only (FAC, p. 37-38); and Plaintiffs nowhere allege

5   that their other 17 claims do not accord them an adequate remedy at law (*Munning*

6   *v. Gap, Inc.*, 238 F.Supp.3d 1195, 1203 (N.D. Cal. 2017) (*citing Rhynes v. Stryker*

7   *Corp.*, 2011 U.S. Dist. LEXIS 58286, *10 (N.D. Cal. May 31, 2011) ("Where the

8   claims pleaded by a plaintiff may entitle her to an adequate remedy at law, equitable

9   relief is unavailable."))). Plaintiffs lack standing to seek equitable relief under the

10  UCL.

11        5.      Claims 15, 16, 17, 18 (Other States' Laws) (FAC, ¶¶ 165-198). Class

12  action plaintiffs "must allege that they were injured in a particular state in order to

13  bring claims under that state's laws." *United Food & Commer. Workers Local 1776*

14  *& Participating Employers Health & Welfare Fund v. Teikoku Pharma USA, Inc.*,

15  74 F.Supp.3d 1052, 1078-79 (N.D. Cal. 2014) (citing nine other Ninth Circuit

16  district court cases finding same and based thereon, finding it could address standing

17  at the motion to dismiss phase; dismissing claims arising under 20 states' laws which

18  plaintiffs had no connection to). When "a representative plaintiff is lacking for a

19  particular state, all claims based on that state's laws are subject to dismissal." *In re*

20  *Flash Memory Antitrust Litig.*, 643 F.Supp.2d 1133, 1164 (N.D. Cal. 2009)

21  (dismissing claims arising under laws of states for which there was no representative

22  plaintiff); *accord*, *Mollicone v. Universal Handicraft, Inc.*, 2017 U.S. Dist. LEXIS

23  14125, *26-29 (C.D. Cal. Jan. 30, 2017) (finding same and dismissing all claims

24  arising under other states' laws except for laws of plaintiff's home state and state

25  where she purchased the product). Plaintiffs purport to bring claims under the laws

26  of all other states, but lack standing to do so. Plaintiffs are residents of California,

27  Florida, Ohio, and Tennessee, who have brought claims under the laws of those

28

-4-

1   states.  They allege no connection to the laws of the 46 other states to allow them

2   bring claims under those states' laws.

3         6.    <u>Claims 6, 8, 18 (Notice Requirements) (FAC, ¶¶ 99-104; 112-118; 191-</u>

4   <u>198, respectively)</u>.  Plaintiff Reilly alleged breaches of Florida's express warranty

5   law (Claim 6) and of Florida's implied warranty law (Claim 18).  To properly plead

6   claims for breach of warranties under Florida law, the complaint must include

7   allegations that the plaintiff provided notice of the breach to the seller.  *Dunham-*

8   *Bush, Inc. v. Thermo-Air Service, Inc.*, 351 So. 2d 351, 353 (Fla. Dist. Ct. App.

9   1977) (dismissing complaint for failure to include all required pleading elements,

10  such as notice).  Plaintiff Reilly, however, does *not* allege that she gave the

11  statutorily-required notice.  This is grounds for dismissal of both claims.  *Id.*

12      Plaintiff Brun alleges a violation of Ohio's Consumer Sales Practices Act

13  (O.R.C. § 1345 et seq; "OCSPA"), and seeks to bring a class-wide claim based

14  thereon (Claim 8).  Plaintiffs bringing class actions under the OCSPA, however, are

15  subject to the statute's class action notice requirement.  *In re Porsche Cars N. Am.,*

16  *Inc. Plastic Coolant Tubes Prods. Liab. Litig.*, 880 F.Supp.2d 801, 868 (S.D. Ohio

17  2012) (dismissing claim for failure to meet the notice requirement).  Plaintiffs

18  bringing claims on behalf of a class must demonstrate that either (1) the alleged

19  violation is an act that was declared to be deceptive by a rule adopted by the

20  Attorney General before the consumer transaction on which the action is based; or

21  (2) the alleged violation is an act that was determined by a court to violate the

22  OCSPA, and the court's decision was available for inspection before the transaction

23  took place.  O.R.C. § 1345.09(B). The class action complaint must identify the rule

24  or case that satisfies Section 1345.09(B)'s notice requirement.  *In re Porsche*, 880

25  F.Supp.2d at 868.  Plaintiff Brun does not allege that she complied with Section

26  1345.09(B)'s notice requirement or identify the rule or case that was allegedly

27  violated.  Accordingly, the claim must be dismissed.

28

SMRH:484567586.1      DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FAC

1    Prior to bringing this Motion, counsel for Defendant met and conferred with

2  Plaintiffs' counsel by telephone on October 26, 2017, in compliance with Local Rule

3  7-3. Counsel for Defendant also followed up by detailed email on October 30, 2017.

4  These discussions did not resolve the dispute.

5    This Motion is based on this Notice, the accompanying Memorandum of

6  Points and Authorities, all pleadings, papers and other documentary materials in the

7  Court's file for this action, those matters of which this Court may or must take

8  judicial notice, and such other matters as this Court may consider.

9

10  Dated:  November 3, 2017

11                              SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

12

13                  By

14                              /s/ Sascha Henry

                                SASCHA HENRY

15                              ABBY H. MEYER

                                Attorneys for Defendant Younique, LLC

16

17

18

19

20

21

22

23

24

25

26

27

28

SMRH:484567586.1
DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FAC