1 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
     A Limited Liability Partnership
2 |   Including Professional Corporations
   | SASCHA HENRY, Cal. Bar No. 191914
3 | shenry@sheppardmullin.com
   | 333 South Hope Street, 43rd Floor
4 | Los Angeles, CA 90071-1422
   | Telephone: 213.620.1780
5 | Facsimile: 213.620.1398

6 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
     A Limited Liability Partnership
7 |   Including Professional Corporations
   | ABBY H. MEYER, Cal. Bar No. 294947
8 | ameyer@sheppardmullin.com
   | 650 Town Center Drive, Fourth Floor
9 | Costa Mesa, CA 92626-1993
   | Telephone: 714.513.5100
10 | Facsimile: 714.513.5130

11 | Attorneys for Defendant Younique, LLC

12 |
13 | UNITED STATES DISTRICT COURT
   | CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION
14 |

15 |
16 | MEGAN SCHMITT, DEANA REILLY, CAROL ORLOWSKY, and STEPHANIE MILLER BRUN, individually and on behalf of themselves and all others similarly situated,
17 |
18 |
19 |                           Plaintiffs,
20 |          v.
21 | YOUNIQUE, LLC
22 |                           Defendant.
23 |
24 |

Case No. 8:17-cv-01397-JVS-JDE

**DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**

*[Notice of Motion and Proposed Order filed concurrently herewith]*

Hearing:
Date:   December 4, 2017
Time:   1:30 p.m.

The Hon. James V. Selna
Santa Ana, Courtroom 10C

Complaint filed: August 14, 2017
Trial Date:       None Set

25 |
26 |
27 |
28 |

-1-

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.
### INTRODUCTION

By their First Amended Class Action Complaint ("FAC"), Plaintiffs attack a mascara product for failing to be "natural," even though the mascara's packaging makes plain that the product contains synthetic ingredients. The product in question, Younique Moodstruck 3D Fiber Lashes ("the Product") consists of two components. The first is a transplanting gel, which is not described as natural. In fact, the ingredients list states that the gel contains a known synthetic, nylon. The second component is a tube of fibers. Both components of the product are used together to enhance the appearance of eyelashes. From 2012 to 2015, the fibers were described on the Product label as "natural." Seizing on the "natural" language, (and ignoring the rest of the packaging) Plaintiffs assert that Defendant Younique misled consumers about the Product's ingredients.

The four Plaintiffs are residents of California, Florida, Ohio, and Tennessee. Between them, they bring 18 claims for relief, arising under the laws of their home states, federal law, and the laws of the other 46 states and the District of Columbia. These claims mostly arise from alleged breaches of warranty (express and implied) and from alleged violations of state consumer protection statutes.

By this motion, Defendant seeks to eliminate the claims that lack legal merit, and clarify the claims and issues in the case.

Plaintiffs fail to state a claim under the Magnuson Moss Warranty Act ("MMWA") because "natural" is a product description that does not come within the scope of actionable warranties under the MMWA.

Plaintiffs' breach of the implied warranty of merchantability claims fail because, regardless of the fibers' ingredients, the Product – a mascara – was still usable as a mascara. Plaintiffs have not alleged that they were not able to use the Product as mascara (in fact, they make no allegations relating to their actual use of

the Product at all).  Similarly, Plaintiffs fail to state sufficient facts for their claims for breach of the implied warranty of fitness for a particular purpose because the FAC as a whole establishes that Plaintiffs purchased the Product for its ordinary purpose – for use as a mascara.

The UCL claim should be dismissed because only equitable relief is available under the UCL.  Plaintiffs do not request any equitable relief in their prayer for relief (FAC, p. 37-38), instead seeking only monetary damages.  Plaintiffs lack standing to seek such relief because they have not alleged that they lack adequate remedies at law.

Plaintiffs purport to bring claims under the laws of all other states, but lack standing to do so.  Plaintiffs are residents of California, Florida, Ohio, and Tennessee, who have brought claims under the laws of those states.  They allege no connection to the laws of the 46 other states to allow them to bring claims under those states' laws.

Finally, Plaintiffs Reilly (Florida) and Brun (Ohio) failed to allege that they met the prefiling requirements before suing under their respective state's laws. There is no allegation that Plaintiff Reilly gave notice as required by Florida law before bringing the breach of express warranty and breach of the implied warranty of fitness for a particular purpose claims.  As for Brun, special notice requirements must be met before a class action claim can be brought under Ohio's Consumer Sales Practices Act ("OCSPA").  However, Brun failed to allege any facts establishing her satisfaction of this prerequisite to suit.

## II.
## PROCEDURAL HISTORY

The original complaint filed by Plaintiff Schmitt, a California resident, asserted nine claims:  (1) Violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL"); (2) Violation of California's Consumer Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.* ("CLRA"); (3) Violation of State

1  Consumer Protection Statutes (41 jurisdictions, including the District of Columbia);

2  (4) Breach of Express Warranty Under the Song-Beverly Warranty Act; (5) Breach

3  of Implied Warranty Under the Song-Beverly Warranty Act; (6) Breach of Express

4  Warranty Laws of Other States (50 jurisdictions); (7) Violation of the Magnuson-

5  Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*; (8) Breach of Implied Warranty of

6  Merchantability Laws of Other States; and (9) Breach of Implied Warranty of

7  Fitness for a Particular Purpose Laws of Other States.  These claims were brought

8  against Younique LLC, and Coty, Inc., and they included claims brought under the

9  laws of all 50 states.

10        In compliance with the local rules, Defendants met and conferred with

11  Plaintiff Schmitt regarding all of the claims raised by the initial complaint.  Plaintiff

12  agreed to amend, ultimately filing the instant FAC with its 18 claims for relief

13  against Younique only.  (Coty, Inc. is no longer a defendant.)  The FAC also adds

14  three new Plaintiffs (residents of Florida, Ohio, and Tennessee), another plaintiff's

15  law firm, and maintains many of the original claims, including claims arising under

16  the laws of states for which there is no named plaintiff.

17        The 18 claims in the FAC arise under federal, California, Florida, Ohio, and

18  Tennessee law, as well as the laws of all other 46 states.  Again in compliance with

19  the local rules, Defendant's counsel met and conferred with Plaintiffs' counsel

20  regarding this motion.  Plaintiffs' counsel were unwilling to further amend the

21  complaint in response to the issues raised by Defendant's counsel, but stated that

22  they may amend after the Court rules, and that such amendment may include adding

23  additional named plaintiffs.

24                              **III.**
                **SUMMARY OF CLAIMS SUBJECT TO THIS MOTION**

25

26        Given the number of claims appearing in the FAC, Defendant offers the Court

27  the following summary chart of Plaintiffs' claims and the claims in this motion:

28

SMRH:484490237.3                          DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FAC

| Plaintiff Bringing Claim | Claim Number | Claim Theory | Law Under Which Claim Arises | Defendant Seeking Dismissal? |
|---|---|---|---|---|
| All | 1 | Magnuson Moss Warranty Act | Federal | Yes |
| Schmitt | 2 | UCL | California | Yes |
| Schmitt | 3 | CLRA | California | Yes |
| Schmitt | 4 | Express Warranty | California | No |
| Reilly | 5 | Unfair And Deceptive Trade Practices Act | Florida | No |
| Reilly | 6 | Express Warranty | Florida | Yes |
| Reilly | 7 | Implied Warranty of Merchantability | Florida | Yes |
| Brun | 8 | Consumer Sales Practices Act | Ohio | Yes |
| Brun | 9 | Deceptive Trade Practices Act | Ohio | No |
| Brun | 10 | Express Warranty | Ohio | No |
| Brun | 11 | Implied Warranty | Ohio | Yes |
| Orlowsky | 12 | Consumer Protection Act | Tennessee | Yes |
| Orlowsky | 13 | Express Warranty | Tennessee | No |
| Orlowsky | 14 | Implied Warranty | Tennessee | Yes |
| All | 15 | Consumer Protection Statutes | All other states | Yes |
| All | 16 | Express Warranty | All other states | Yes |
| All | 17 | Implied Warranty Merchantability | All other states | Yes |
| All | 18 | Implied Warranty Fitness Particular Purpose | All other states | Yes |

## IV.
## ALLEGATIONS OF THE FIRST AMENDED COMPLAINT

Younique's Product (a mascara) is designed to enhance the appearance of eyelashes.  (FAC, ¶¶ 1, 3.)  It consists of two components:  a tube of transplanting gel and a tube of fibers.  (FAC, ¶¶ 3, 8 (images).)  To properly apply the Product, the mascara user first opens a tube of transplanting gel and (using the provided wand) "sweeps" this onto the eyelashes.  (FAC, ¶ 8.)  The user then opens the

SMRH:484490237.3                                    DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FAC

1   separate tube of fibers.  The fibers adhere to the provided mascara wand, and the
2   user sweeps these onto the eyelashes.  (*Id.*)  The transplanting gel holds the fibers in
3   place, giving the lashes an enhanced look.

4         From 2012 until 2015, the Product's packaging stated that the fiber
5   component of the mascara was "natural" and consisted of "100% Natural Green Tea
6   Fibers".  (FAC, ¶¶ 3, 4, 8.)  The Product's packaging also stated that the
7   transplanting gel contained nylon.  (FAC, ¶ 8, second image.)

8         Plaintiff Schmitt is an individual consumer who, at all relevant times, was a
9   citizen of California. (FAC, ¶ 24.)[1]  It is unclear from the FAC when she purchased
10  the Product, how many times she purchased the Product, or if she actually used it.
11  Plaintiffs Reilly, Brun, and Orlowsky are also individual consumers who, at all
12  relevant times, were citizens of Florida, Ohio, or Tennessee, respectively.  (FAC, ¶¶
13  28, 32, 36.)  Plaintiffs allege that the representations appearing on the packaging
14  were important to them.  (FAC, ¶¶ 24, 28, 32, 36.)  Plaintiffs allege that they believe
15  "nylon is a synthetic ingredient."  (FAC, ¶¶ 26, 30, 34, 38.)  Plaintiffs also assert that
16  a "reasonable person would not consider nylon 'natural'."  (FAC, ¶ 7 (pg. 6).)

17        Plaintiffs allege that the labeling of the Product from 2012 to 2015 was
18  deceptive.  (FAC, ¶ 13.)  Plaintiffs state that they "determined that the Natural
19  Fibers component of the Product contained ground-up nylon from 2012 to 2015."
20  (*Id.*)  However, they do not allege when or how they determined this.

## V.
## ARGUMENT

### A.    Legal Standard On Motion To Dismiss

24        To survive a motion to dismiss under Rule 12(b)(1) and 12(b)(6), a complaint
25  must "contain sufficient factual matter, accepted as true, to state a claim to relief that
26  is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (internal quotes

_____

28  [1]      Beginning at page 5, the FAC's paragraph numbering restarts at 1.

1  omitted).  The factual allegations must "raise a right to relief above the speculative
2  level" and "some threshold of plausibility must be crossed at the outset" before a
3  case can proceed.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 558 (2007).
4  While "[t]he plausibility standard is not akin to a probability requirement…it asks
5  for more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556
6  U.S. at 678 (internal quotations omitted).

7       For the reasons that follow, Plaintiffs cannot meet the relevant pleading
8  standard for certain claims and accordingly, those claims should be dismissed.

9  **B.    Plaintiffs Cannot State A Claim Under Magnuson-Moss (Claim 1)**

10      Liability under the Magnuson-Moss Warranty Act requires there to be a
11 breach of a written warranty.  15 U.S.C. § 2301 et seq.  The MMWA "narrowly
12 defines" the term "written warranty" as either (a) a written affirmation of fact that
13 "affirms or promises that such material or workmanship is defect free or will meet a
14 specified level of performance over a specified period of time"; or (b) a written
15 promise "to refund, repair, replace, or take other remedial action with respect to
16 such product" should it not meet specifications.  15 U.S.C. § 2301(6); *Hairston v.
17 South Beach Bev. Co.*, 2012 U.S. Dist. LEXIS 74279, *17-20 (C.D. Cal. May 18,
18 2012) (dismissing MMWA claim with prejudice).

19      The Product's label does not promise that the mascara is "defect free or will
20 meet a specified level of performance over a specified period of time."  (FAC, ¶ 8
21 (images).)  The Product's label does not promise to "refund, repair, replace, or take
22 other remedial action" if the mascara does not meet specifications.  (*Id*.)  Therefore,
23 it does not meet the definitions of "written warranty" provided by the MMWA.

24      Plaintiffs may argue that the Product label's statement that it contains "natural
25 fibers" is a written warranty, but that argument is not supported by law.  The Ninth
26 Circuit treats such statements as "product descriptions" rather than promises that the
27 product is "defect free" or guaranteeing a level of performance.  *Hairston*, 2012 U.S.
28 Dist. LEXIS at *18-19 (analyzing the product label, "all natural with vitamins");

1  *Astiana v. Dreyer's Grand Ice Cream, Inc.*, 2012 U.S. Dist. LEXIS 101371, *9-11

2  (N.D. Cal. July 20, 2012) (dismissing MMWA claim based on labels "All Natural

3  Flavors" and "All Natural Ice Cream" with prejudice; "Plaintiffs do not cite any

4  authority to support their position that food that contains artificial and/or synthetic

5  ingredients is defective.  Nor could the Court find any cases holding such."); *Brazil*

6  *v. Dole Food Co.*, 935 F.Supp.2d 947, 966 (N.D. Cal. 2013) (dismissing MMWA

7  claim with prejudice).

8      Accordingly, this claim must be dismissed with prejudice.

9  **C.**   **Plaintiffs Cannot State Claims For Breach Of Implied Warranties**
       **Under Any State's Laws (Claims 7, 11, 14, 17, 18)**

10     1.   Plaintiffs' Breach of Implied Warranty of Merchantability

11          Claims Fail (Claims 7, 11, 14, 17)

12     Plaintiffs allege claims for breach of the implied warranty of merchantability

13  under the laws of Florida, Ohio, and Tennessee.  (*See* Claims 7, 11 and 14.)

14  Plaintiffs also impliedly allege a breach of the implied warranty of merchantability

15  under California law (*see* Claim 17, asserting such a breach under the "laws of other

16  states").  These claims fail for the following reasons.

17     To state a claim under these states' laws, Plaintiffs must show that the Product

18  "did not possess even the most basic degree of fitness for ordinary use."  Cal. Com.

19  Code § 2314; Fla. U.C.C. § 672.314; O.R.C. § 1302.27; Tenn. C. § 47-2-314; *Mocek*

20  *v. Alfa Leisure, Inc.*, 114 Cal.App.4th 402, 406 (2003); *Crawford v. Gold Kist, Inc.*,

21  614 F.Supp. 682, 688 (M.D. Fla. 1985) ("The fact that Coker 747 is a late maturity

22  variety of wheat seed not recommended for planting in Florida does not support a

23  conclusion that Coker 747 is not fit for the ordinary purpose of raising wheat.");

24  *Savett v. Whirlpool Corp.*, 2012 U.S. Dist. LEXIS 124086, *31-33 (Aug. 31, 2012)

25  ("Under Ohio law, an implied warranty of merchantability requires that goods be fit

26  for the ordinary purposes for which such goods are used. […] Plaintiff does not

27  allege that the washing machine fails to wash and clean his clothes. Rather, he

28  simply alleges that to do so requires more energy and, therefore, additional costs.

1   This allegation is insufficient to state a claim …"); *Harwell v. Am. Med. Sys., Inc*.,

2   803 F.Supp. 1287, 1302 (M.D. Tenn. 1992) (affirming summary judgment; "the

3   issue is whether the product was fit for the ordinary purpose for which such products

4   are used").

5       Courts in the Ninth Circuit regularly dismiss breach of the implied warranty

6   claims when plaintiffs have alleged that products are falsely advertised or otherwise

7   misleading, but fail to also allege that the products were not usable for their ordinary

8   purpose. *Birdsong v. Apple, Inc*., 590 F.3d 955, 958 (9th Cir. 2009) (affirming

9   dismissal of claim; "The plaintiffs admit that the iPod has an 'ordinary purpose of

10  listening to music,' and nothing they allege suggests iPods are unsafe for that use or

11  defective"); *In re 5-Hour Energy Mktg. & Sales Practices Litig*., 2014 U.S. Dist.

12  LEXIS 149732, *53-54 (C.D. Cal. Sept. 4, 2014) (dismissing California law-based

13  claim because the complaint did not state that the energy drink was unfit for

14  consumption); *Viggiano v. Hansen Natural Corp*., 944 F.Supp.2d 877, 896 (C.D.

15  Cal. 2013) (dismissing claim where plaintiff did not allege that diet soda was not

16  suitable for use as a diet soda).

17      Plaintiffs attempt to meet their pleading burden by alleging that the purpose

18  of the Product "is to allow the consumer to avoid being exposed to synthetic

19  ingredients."  (FAC, ¶¶ 108, 137, 161, 187 (a "reasonable consumer … would not

20  accept the Defendant's Product if they knew that they [*sic*] actually contained

21  synthetic ingredients…").)

22      These allegations are belied by the Product's packaging.  Regardless of the

23  make-up of the Product's fibers, the Product's packaging (which Plaintiffs admit was

24  important to them) plainly states that the transplanting gel (which must be applied

25  before the fibers) contains nylon.  (FAC, ¶ 8 (second image).)  Each of the Plaintiffs

26  admits that she believed nylon to be a synthetic compound.  (FAC, ¶¶ 26, 30, 34,

27  38.)  And, Plaintiffs admit that a "reasonable person would not consider nylon

28

1   'natural'."  (FAC, ¶ 7 (pg. 6).)  Accepting these allegations as true, it is not plausible

2   that Plaintiffs or consumers would view the Product entirely as a "natural" product.

3         Therefore, the proper inquiry is not whether the Product is "fit" for its

4   "ordinary purpose as a natural product" (FAC, ¶ 109), but instead, whether the

5   product is fit for its ordinary use as a mascara (FAC, ¶ 185, "Defendant is in the

6   business of manufacturing, distributing, marketing, and advertising eyelash

7   mascara.").)  Plaintiffs have not alleged any facts demonstrating that the Product is

8   not usable as a mascara.  Accordingly, Claims 7, 11, 14, and 17 should be dismissed

9   with prejudice.

10      2.   <u>Plaintiffs' Breach of Implied Warranty of Fitness For a</u>
11            <u>Particular Purpose Claim (Claim 18) Similarly Fails</u>

12        Claim 18 broadly alleges violations of all states' implied warranty of fitness

13  for a particular purpose laws.  California, Florida, Ohio, and Tennessee each permit

14  claims on this ground (where properly pleaded, of course).  Cal. Com. Code § 2315;

15  Fla. U.C.C. § 672.315; O.R.C. § 1302.28; Tenn. C. § 47-2-315.

16        To state a claim for breach of the implied warranty of fitness for a particular

17  purpose, Plaintiffs must allege a "particular purpose" that they had for the Product.

18  *Mathison v. Bumbo*, 2008 U.S. Dist. LEXIS 108511, *27-28 (C.D. Cal. Aug. 18,

19  2008) (applying California law; dismissing claim for failure to allege a particular

20  purpose; "There is nothing 'peculiar' about using a baby seat to 'secure infants and

21  toddlers'."); *Royal Typewriter Co., Div. of Litton Business Sys., Inc. v. Xerographic*

22  *Supplies Corp.*, 719 F.2d 1092, 1100 (11th Cir. 1983) (applying Florida law;

23  because copiers were sold for reasons consistent with their ordinary purpose, "a

24  warranty of fitness for a particular purpose did not arise"); *Leen v. Wright Med.*

25  *Tech., Inc.*, 2015 U.S. Dist. LEXIS 125317, *6-9 (S.D. Ohio Sept. 18, 2015)

26  (applying Ohio law; dismissing claim for failure to identify a particular purpose,

27  outside of the ordinary and intended use); *Foley v. Dayton Bank & Trust*, 696

28  S.W.2d 356, 359 (Tenn. Ct. App. 1985) (applying Tennessee law; affirming

-10-

          DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FAC

dismissal of complaint; finding that purchasing a truck for the purpose of leasing it for long distance hauling was consistent with the general purpose of purchasing a truck, and therefore plaintiff failed to show a "particular purpose").

A particular purpose,

> "differs from the ordinary purpose for which the goods are used in that it envisages a specific use by the buyer which is peculiar to the nature of his business […] For example, shoes are generally used for the purpose of walking upon ordinary ground, but a seller may know that a particular pair was selected to be used for climbing mountains."

*Mathison*, 2008 U.S. Dist. LEXIS at *28-29 (*citing* Cal. Com. Code § 2315, cmt. 2).

Plaintiffs assert that "[t]he particular purpose for which the Products were used was to allow the consumer to avoid *being exposed to synthetic ingredients*." (FAC, ¶ 195 (emphasis added).)  This allegation is implausible and cannot be credited: the Product plainly states that it contains nylon in its transplanting gel. (FAC, ¶ 8).  Plaintiffs admit that they believe nylon is synthetic (FAC, ¶¶ 26, 30, 34, 38), and Plaintiffs admit that a "reasonable person would not consider nylon 'natural'" (FAC, ¶ 7 (pg. 6)).

Plaintiffs do not allege any other particular purpose for purchasing the Product.  Rather, it is plain that Plaintiffs purchased the Product – a mascara – for its ordinary purpose of enhancing the appearance of their eyelashes.  (FAC, ¶¶ 3, 185.)  There is no allegation that they tried, but could not, use the product.  Consequently, Plaintiffs have failed to state a claim for breach of the implied warranty of fitness for a particular purpose and the claim should be dismissed with prejudice.

**D.    Plaintiffs Are Not Entitled To Equitable Relief, So Cannot State A Claim Under The UCL (Claim 2)**

"[I]t is axiomatic that a court should determine the adequacy of a remedy in law before resorting to equitable relief."  *Franklin v. Gwinnett Cty. Pub. Sch.*, 503 U.S. 60, 75-76 (1992); *accord*, *Mort v. United States*, 86 F.3d 890, 892 (9th Cir.

-11-

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FAC

1996).  Consequently "a plaintiff seeking equitable relief in California must establish that there is no adequate remedy at law available."  *Munning v. Gap, Inc.*, 238 F.Supp.3d 1195, 1203 (N.D. Cal. 2017) (internal citations omitted).  "Indeed, several courts in this district have barred claims for equitable relief – including claims for violations of California consumer protection statutes – at the motion to dismiss stage where plaintiffs have alleged other claims presenting an adequate remedy at law."  *Id.* (collecting cases).  In so ruling, "[i]t matters not that a plaintiff may have no remedy if her other claims fail."  *Id.* (*citing Rhynes v. Stryker Corp.*, 2011 U.S. Dist. LEXIS 58286, *10 (N.D. Cal. May 31, 2011) ("Where the claims pleaded by a plaintiff may entitle her to an adequate remedy at law, equitable relief is unavailable.")).

Plaintiffs have alleged a violation of California's UCL; however, the UCL only provides a claimant with equitable relief.  *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1144 (2003) ("A UCL action is equitable in nature; damages cannot be recovered.").  At the same time, and inconsistently, Plaintiffs also pray for monetary damages.  (FAC, Prayer, p. 38.)

All of Plaintiffs' claims are based on the same alleged "natural fibers misrepresentations."  The only injury that Plaintiffs allege throughout the FAC is that they "lost money as a result of Defendant's improper conduct."  (FAC, ¶¶ 27, 31, 35, 39.)  Plaintiffs nowhere allege that their other 17 claims do not accord them an adequate remedy at law.  In consequence, the UCL claim should be dismissed with prejudice.  *Accord*, *Gomez v. Jelly Belly Candy Co.*, 2017 U.S. Dist. LEXIS 134188, *3-4 (C.D. Cal. Aug. 18, 2017) (dismissing UCL claim with prejudice).

**E.**     **Plaintiffs Lack Standing To Bring Claims Under Other States' Laws (Claims 15, 16, 17, and 18)**

Standing is a "necessary element of federal-court jurisdiction under Article III" and a "threshold question in every federal case." *Thomas v. Mundell*, 572 F.3d

-12-

756, 760 (9th Cir. 2009).  A court "must be sure of its own jurisdiction before getting to the merits."  *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 831 (1999).

Class action plaintiffs "must allege that they were injured in a particular state in order to bring claims under that state's laws."  *United Food & Commer. Workers Local 1776 & Participating Employers Health & Welfare Fund v. Teikoku Pharma USA, Inc.*, 74 F.Supp.3d 1052, 1078-79 (N.D. Cal. 2014) (citing nine other Ninth Circuit district court cases finding same and based thereon, finding it could address standing at the motion to dismiss phase; dismissing claims arising under 20 states' laws which plaintiffs had no connection to).  When "a representative plaintiff is lacking for a particular state, all claims based on that state's laws are subject to dismissal."  *In re Flash Memory Antitrust Litig.*, 643 F.Supp.2d 1133, 1164 (N.D. Cal. 2009) (dismissing claims arising under laws of states for which there was no representative plaintiff); *accord*, *Mollicone v. Universal Handicraft, Inc.*, 2017 U.S. Dist. LEXIS 14125, *26-29 (C.D. Cal. Jan. 30, 2017) (finding same and dismissing all claims arising under other states' laws except for laws of plaintiff's home state and state where she purchased the product).

Under Claim 15, the four Plaintiffs allege claims under a laundry list of other states' consumer protection statutes.  Plaintiffs do not assert claims under California, Florida, Ohio, or Tennessee law.  Plaintiffs lack standing to bring claims under the other states' laws, and consequently, Claim 15 should be dismissed with prejudice.

Under Claim 16, Plaintiffs allege breaches of the express warranty laws of other states.  Plaintiffs allege breaches of California, Florida, Ohio, and Tennessee law here, but elsewhere in the FAC Plaintiffs allege those same breaches (*see* Claims 4, 6, 10, and 13), rendering their re-allegation under Claim 16 duplicative. Plaintiffs again lack standing to bring claims under other states' laws, and thus Claim 16 should be dismissed with prejudice.

Under Claim 17, Plaintiffs allege breaches of the implied warranty of merchantability laws of other states.  Defendant addressed alleged breaches of same

-13-

under California, Florida, Ohio, and Tennessee law, *supra*, showing that Plaintiffs cannot obtain relief under the laws of their representative states.  As to any other state, Plaintiffs lack standing, and thus Claim 17 should be dismissed with prejudice.

Under Claim 18, Plaintiffs allege breaches of the implied warranty of fitness for a particular purpose under the laws of all states.  Defendant addressed alleged breaches of same under California, Florida, Ohio, and Tennessee law, *supra*, showing that Plaintiffs cannot obtain relief under the laws of their representative states.  As to any other state, Plaintiffs lack standing, and thus Claim 18 should be dismissed with prejudice.

**F.     The FAC Lacks Certain Notice Allegations, Requiring Dismissal Of The Associated Claims (Claims 6, 8, 18)**

1.     Florida Requires Notice Before Asserting Breach of Warranty Claims

To properly plead claims for breach of express or implied warranties under Florida law, the complaint must include allegations that the plaintiff provided notice of the breach to the seller.  *Dunham-Bush, Inc. v. Thermo-Air Service, Inc.*, 351 So. 2d 351, 353 (Fla. Dist. Ct. App. 1977) (dismissing complaint for failure to include all required pleading elements, such as notice).

Plaintiff Reilly alleged breaches of Florida's express warranty law (Claim 6) and of Florida's implied warranty law (Claim 18).  In conjunction with these claims, however, she does *not* allege that she gave the statutorily required notice.  This is grounds for dismissal of both claims.  *Id.*

2.     Plaintiffs Cannot Bring A Class Action Claim Under Ohio's Consumer Sales Practices Act

Plaintiffs bringing class actions under Ohio's Consumer Sales Practices Act (O.R.C. § 1345 et seq; "OCSPA"), are subject to the statute's class action notice requirement.  *In re Porsche Cars N. Am., Inc. Plastic Coolant Tubes Prods. Liab. Litig.*, 880 F.Supp.2d 801, 868 (S.D. Ohio 2012) (dismissing claim for failure to meet the notice requirement).  Under the OCSPA, "consumers may seek relief in a

-14-

class action *only* if the defendant was sufficiently on notice that its conduct was deceptive or unconscionable under the statute at the time it committed the alleged acts." *Id*. (emphasis added); O.R.C. § 1345.09(B).  Plaintiffs bringing claims on behalf of a class must demonstrate that either (1) the alleged violation is an act that was declared to be deceptive by a rule adopted by the Attorney General before the consumer transaction on which the action is based; or (2) the alleged violation is an act that was determined by a court to violate the OCSPA, and the court's decision was available for inspection before the transaction took place. O.R.C. § 1345.09(B). The class action complaint must identify the rule or case that satisfies Section 1345.09(B)'s notice requirement.  *In re Porsche*, 880 F.Supp.2d at 868.

While the FAC asserts a class action claim under the OCSPA (Claim 8), Plaintiff Brun does not allege that she complied with Section 1345.09(B)'s notice requirement or identify the rule or case that was allegedly violated.  Accordingly, the claim must be dismissed.

## VI.
## CONCLUSION

Based on the foregoing, Defendant respectfully requests that the Court grant its motion to dismiss.  Defendant particularly requests that the Court dismiss the following claims with prejudice:  Claim 1 (MMWA); Claim 2 (UCL); Claim 7 (Florida implied warranty of merchantability); Claim 11 (Ohio implied warranty of merchantability); Claim 14 (Tennessee implied warranty of merchantability); and Claims 15-18 (claims under other states' laws (consumer protection statutes; express and implied warranties), duplicative claims (implied warranty of merchantability),

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FAC

1  and other claims which Plaintiffs cannot plausibly allege (implied warranty of

2  fitness for a particular purpose).

3

4  Dated:  November 3, 2017

5                        SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

6

7             By                      */s/ Sascha Henry*

8                             SASCHA HENRY

9                             ABBY H. MEYER

10                     Attorneys for Defendant Younique, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SMRH:484490237.3                   DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FAC