| | |
|---|---|
| 1 | **NYE, PEABODY, STIRLING, HALE & MILLER, LLP** |
| 2 | Jonathan D. Miller (CA 220848) |
| 3 | Alison M. Bernal (CA 264629) |
|   | Jonathan@nps-law.com |
| 4 | 33 West Mission St., Suite 201 |
| 5 | Telephone: (805) 963-2345 |
|   | Facsimile: (805) 563-5385 |
| 6 | |
| 7 | **CARLSON LYNCH SWEET KILPELA & CARPENTER, LLP** |
| 8 | Todd D. Carpenter (CA 234464) |
| 9 | tcarpenter@carlsonlynch.com |
|   | 1350 Columbia Street, Ste. 603 |
| 10 | Telephone: (619) 762-1900 |
| 11 | Facsimile: (619) 756-6991 |

*Attorneys for Plaintiffs and the Class*
*[Additional Counsel Listed on Signature Page]*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MEGAN SCHMITT, DEANA REILLY, CAROL ORLOWSKY, and STEPHANIE MILLER BRUN, individually and on behalf of themselves and all others similarly situated, <br><br>    Plaintiffs, <br><br> v. <br><br> YOUNIQUE, LLC, <br><br>    Defendant. | Case No. 8:17-cv-01397-JVS-JDE <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT** <br><br> **Date:** December 4, 2017 <br> **Time:** 1:30 p.m. <br><br> The Hon. James V. Selna <br> Santa Ana, Courtroom 10C <br> Complaint Filed: 8/17/17 <br> Trial Date: None Set |

# TABLE OF CONTENTS

Page

I. INTRODUCTION .................................................................................................5

II. ARGUMENT.........................................................................................................7

    A. Violation of the Magnuson-Moss Warranty Act..............................................7

    B. Claims Under California's Unfair Competition Law and for other Injunctive Relief ..........................................................................................................7

    C. Violation of California's Consumers Legal Remedies Act.............................9

    D. Breach of Express Warranty Under California Law .....................................10

    E. Violation of Florida's Unfair and Deceptive Trade Practices Act ................11

    F. Breach of Express Warranty Under Florida Law..........................................11

    G. Breaches of Implied Warranties of All States ...............................................11

    H. Violation of Ohio's Consumer Sales Practices Act.......................................13

    I. Violation of Ohio's Deceptive Trade Practices Act; Breach of Express Warranty under Ohio Law.........................................................................14

    J. Breach of Implied Warranty Under Ohio Law..............................................14

    K. Violation of Tennessee's Consumer Protection Act .....................................14

    L. Breach of Express Warranty Under Tennessee Law.....................................15

    M. Breach of Implied Warranty Under Tennessee Law.....................................15

    N. Violations of Consumer Protection Statutes, and Breaches of Express and Implied Warranties, Under State Laws Other Than California, Ohio, Tennessee, and Florida ...............................................................................15

III. LEAVE TO AMEND REQUESTED...................................................................19

IV. CONCLUSION ...................................................................................................19

# TABLE OF AUTHORITIES

Cases

*Adkins v. Comcast Corp.*, No. 16-CV-05969, 2017 U.S. Dist. LEXIS 137881, at *7 (N.D. Cal. Aug. 1, 2017) .................................................................................................... 9

*Allied Grape Growers v. Bronco Wine Co.*, 203 Cal.App.3d 432 (1988) ............................ 8

*Arroyo v. TP-Link USA Corp.*, No. 5:14-CV-04999-EJD, 2015 U.S. Dist. LEXIS 133773 at *6 (N.D. Cal. Sept. 29, 2015) .................................................................................. 19

*Artifex Software, Inc. v. Hancom, Inc.*, No. 16-CV-06982, 2017 U.S. Dist. LEXIS 62815, at *5–6 (N.D. Cal. Apr. 25, 2017) .................................................................................. 9

*Brazil v. Dole Food Co.*, No. 12-CV-01831-LHK, 2013 U.S. Dist. LEXIS 136921, at *40 (N.D. Cal. Sep. 23, 2013) ............................................................................................. 18

*Cabrales v. Castle & Cooke Mortg., LLC*, No. 1:14-CV-01138, 2015 U.S. Dist. LEXIS 76636, at *10 (E.D. Cal. June 12, 2015) .................................................................. 8, 9

*Clemens v. DaimerChrysler Corp.,* 534 F.3d 1017, 1022 (9th Cir. 2008) ........................... 7

*Ehret v. Uber Technologies, Inc.*, No. C-14-0113, 68 F.Supp.3d 1121, 1132 (N.D. Cal. 2014) ............................................................................................................................ 19

*Forcellati v. Hyland's, Inc.*, 876 F.Supp.2d 1155, 1159 (C.D. Cal. 2012) ........................ 17

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180-81 (2000) ..... 16

*Grodzitsky v. Am. Honda Motor Co.*, No. 2:12-cv-1142-SVW-PLA, 2013 U.S. Dist. LEXIS 33387, at *32-33 (C.D. Cal. Feb. 19, 2013) ..................................................... 19

*Hapag-Lloyd, A.G. v. Marine Indem. Ins. Co.*, 576 So. 2d 1330, 1330-31 (Fla. Dist. Ct. App. 1991) ................................................................................................................... 11

*In re Flash Memory Antitrust Litigation.*, 643 F.Supp.2d 1133, 1164 (N.D. Cal. 2009) .... 18

*In re Oreck Corp. Halo Vacuum & Air Purifiers Mktg. & Sales Practices Litig.*, No. ML 12-2317, 2012 U.S. Dist. LEXIS 172869, *26 (C.D. Cal. Dec. 3, 2012) ....................... 12

*In re Toyota Motor Corp.*, 790 F.Supp.2d 1152, 1162 (C.D. Cal. 2011) ........................... 16

*Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) ....................................................... 19

*Janney v. Mills*, 944 F.Supp. 2d 806, 817 (N.D. Cal. 2013) .............................................. 10

*Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992 ..................................................... 16

*Madenlian v. Flax, USA Inc.*, SACV 13-01748, 2014 U.S. Dist. LEXIS 181473 at *7 (C.D. Cal. Mar. 31, 2014) .................................................................................................. 10, 16

*Mazza v. American Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012) ...................... 16, 17, 19

*Melendres v. Arpaio*, 784 F.3d 1254, 1262 (9th Cir. 2015) ................................................ 15

*Mohac v. Alfa Leisure, Inc.*, 114 Cal.App.4th 402, 406 (2003) ........................................... 12

*Mollicone v. Universal Handicraft, Inc.*, No. 2:16-cv-07322, 2017 U.S. Dist. LEXIS 14125 (C.D. Cal. Jan 30, 2017) ................................................................................................. 18

*Rhinerson v. Van's Int'l Foods, Inc.*, No. 13-cv-05923-VC, 2014 U.S. Dist. LEXIS 90471, at *3-4 (N.D. Cal. July 2, 2014) ..................................................................................... 17

*Stop Youth Addiction, Inc. v. Lucky Stores, In*c., 17 Cal.4th 553, 566 (Cal. 1998) ............... 8

*Swearingen v. Yucatan Foods*, L.P., 24 F.Supp.3d 889 (N.D. Cal. Feb. 7, 2014) .............. 18

*United Food & Commercial Workers Local 1776 v. Teikoku Pharma USA, Inc.*, 74 F.Supp.3d 1052, 1078-79 (N.D. Cal. 2014) ................................................................... 18

*Werdebaugh v. Blue Diamonds Growers*, No. 12-CV-02724, 2013 U.S. Dist. LEXIS 144178 at *56 n.9 (N.D. Cal. Oct. 2, 2013) ............................................................. 17, 18

**Statutes** **Page**

15 U.S.C. § 2301(6) ............................................................................................................ 7

15 U.S.C. § 2301(7) ............................................................................................................ 7

Cal. Bus. & Prof. Code § 17205 ......................................................................................... 8

Cal. Civ. Code § 1770 ......................................................................................................... 9

Cal. Com. Code § 2314 ..................................................................................................... 12

Fla. Stat. § 672.314 ........................................................................................................... 12

O.R.C. §1345.09(B) .......................................................................................................... 13

Ohio Rev. Code tit. 13:1302.27 ......................................................................................... 12

Tenn. Code 47-2-314 ......................................................................................................... 12

Tenn.Code.Ann. § 47-18-104(b)(5), (7), (9) ..................................................................... 14

4

PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS
FIRST AMENDED COMPLAINT

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The gravamen of this case is that Defendant Younique marketed and sold an eyelash mascara labeled as containing "100% Natural Green Tea Fibers" and as "Natural" when it actually contained just ground-up nylon. Plaintiffs relied on Younique's representations and paid a premium for the mascara. Plaintiffs are now seeking damages and injunctive relief on behalf of similarly situated consumers throughout the country.

As part of its motion to dismiss, Defendant submitted a chart of the claims in the case along with which ones it is asking the Court to dismiss. Defendant's Brief ("Def. Br.") at 5. Defendant's chart is not entirely accurate. There are two claims, under California's Consumer Legal Remedies Act and Tennessee's Consumer Protection Act, for which it states it seeks dismissal, but does not address in its motion. These claims are likely listed in error and are described as such in the following chart along with Plaintiffs' position as to each claim.

| No. in FAC | Claim | Younique Seeks Dismissal | Plaintiffs Oppose Dismissal |
|---|---|---|---|
| 1 | Federal Magnuson-Moss (express warranty) | Yes | No |
| 1 | Federal Magnuson-Moss (implied warranty) | Yes | Yes |
| 2 | California Unfair Competition Law | Yes | Yes |
| 3 | California Consumer Legal Remedies Act | Unclear, offers no argument | Yes |
| 4 | California Com. Code, express warranty | No | N/A |

| N<small>O.</small> <small>IN</small> FAC | C<small>LAIM</small> | Y<small>OUNIQUE</small> SEEKS DISMISSAL | P<small>LAINTIFFS</small> OPPOSE DISMISSAL |
|---|---|---|---|
| 5 | Florida Unfair and Deceptive Practices Act | No | N/A |
| 6 | Florida express warranty | Yes | Yes |
| 7 | Florida implied warranty | Yes | Yes |
| 8 | Ohio Consumer Sales Practices Act | Yes | Yes, but seek leave to amend |
| 9 | Ohio Deceptive Trade Practices Act | No | N/A |
| 10 | Ohio express warranty | No | N/A |
| 11 | Ohio implied warranty | Yes | Yes |
| 12 | Tennessee Consumer Protection Act | Unclear, offers no argument | Yes |
| 13 | Tennessee express warranty | No | N/A |
| 14 | Tennessee implied warranty | Yes | Yes |
| 15 | Other States consumer statutes | Yes | Yes |
| 16 | Other States express warranty | Yes | Yes |
| 17 | Other States implied warranty of merchantability | Yes | Yes |
| 18 | Other States implied warranty of fitness for particular purpose | Yes | Yes |

Plaintiffs' claims are addressed in order.

///

## II. ARGUMENT

### A. Violation of the Magnuson-Moss Warranty Act

Younique argues that its express warranties do not meet the statutory definition of "express warranty" in the Magnuson-Moss Act. Def. Br. at 7. Younique is correct. Plaintiffs agree that their Magnuson-Moss claims with respect to state law express warranties should be dismissed.

However, Plaintiffs' Magnuson-Moss claims with respect to state law implied warranties should not be dismissed. The statutory definition of an implied warranty under the Magnuson-Moss Act is broader than that of an express warranty. Compare 15 U.S.C. § 2301(6) (express warranty must promise "specified level of performance over a specified period of time") with 15 U.S.C. § 2301(7) (implied warranty requires "sale by a supplier of a consumer product").

Accordingly, Plaintiffs' Magnuson-Moss claims based on implied warranties will "stand or fall" with Plaintiffs' state law implied warranty claims. *Clemens v. DaimerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008). Since Plaintiffs have adequately pleaded their implied warranty claims, as discussed in Sections G, J, M, and N, *infra*, their Magnuson-Moss claims should not be dismissed.

### B. Claims Under California's Unfair Competition Law and for other Injunctive Relief

Younique argues that Plaintiffs' claims for injunctive relief, including that available under California's Unfair Competition Law, must be dismissed because Plaintiffs have an adequate remedy at law. However, the UCL and legal remedies coexist quite well at the pleading stage for three reasons: first, the remedies under the UCL are cumulative to other remedies; second, Plaintiffs are allowed to plead in the alternative; third, at the pleading stage it is premature to determine whether a remedy at law will survive through the litigation.

First, UCL remedies, such as restitution, are cumulative. The UCL itself states

"Unless otherwise specifically provided, the remedies or penalties provided by this chapter are cumulative to each other, and to the remedies or penalties available under the laws of this state." Cal. Bus. & Prof. Code § 17205; see also *Cabrales v. Castle & Cooke Mortg., LLC*, No. 1:14-CV-01138, 2015 U.S. Dist. LEXIS 76636, at *10 (E.D. Cal. June 12, 2015) (noting cumulative nature of UCL remedies).

Further, it is well established that plaintiffs may recover equitable relief in the nature of restitution for misleading or deceptive acts under the UCL, and in the same action recover other remedies under other statutes. "[T]he Legislature has clearly stated its intent that the remedies and penalties under the UCL be cumulative to other remedies and penalties." *Stop Youth Addiction, Inc. v. Lucky Stores, In*c., 17 Cal.4th 553, 566 (Cal. 1998). In *Allied Grape Growers*, for instance, the defendant appealed a judgment of injunctive relief awarded under the UCL, as well as damage awards. *Allied Grape Growers v. Bronco Wine Co.*, 203 Cal.App.3d 432 (1988).

The *Allied* court addressed two dovetailing issues relevant here. First, the court firmly rejected the defendant's argument that equitable relief under the UCL requires a showing of no adequate remedy at law. *Id*. at 454 (holding "[t]here is no merit to this contention."). Second, it affirmed the judgment of equitable relief pursuant to the UCL, as well as the jury award of approximately $3.4 million for breach of contract. *Id*. at 454-55.

The Court need go no further than the express language of the statute and this authority to deny Younique's motion on this point.

However, there are two alternative grounds upon which Younique's motion should be denied. Second, under Rule 8(a)(3), a party may seek relief in the alternative. As a court in the Northern District found just a few months ago, "[T]his Court is aware of no basis in California or federal law for prohibiting the plaintiffs from pursuing their equitable claims in the alternative to legal remedies at the pleadings stage." *Adkins v. Comcast Corp*., No. 16-CV-05969, 2017 U.S. Dist.

8

LEXIS 137881, at *7 (N.D. Cal. Aug. 1, 2017); see also *Cabrales*, supra, 2015 U.S. Dist. LEXIS 76636 at *9 (stating "no question" UCL claim can be pursued as an alternative to legal remedies).

Third, even if the legal and equitable remedies are somehow inconsistent, it is premature to decide that at the pleading stage. It is not known at this stage in the litigation which claims will and will not survive. "[A]t the pleading stage, the court simply is not in a position to determine whether an adequate remedy at law exists." *Artifex Software, Inc. v. Hancom, Inc.*, No. 16-CV-06982, 2017 U.S. Dist. LEXIS 62815, at *5–6 (N.D. Cal. Apr. 25, 2017) (declining to dismiss requests for specific performance and restitution); see also *Cabrales*, supra, 2015 U.S. Dist. LEXIS 76636 at *11 (declining to dismiss UCL claim and stating that resolution of the question of whether restitution and injunctive relief are available "goes well beyond the confines of a motion to dismiss and is subject to pretrial adjudication, if at all, only by way of summary judgment."). Accordingly, it is premature to decide whether Plaintiffs' claims for injunctive relief should be dismissed.

For these reasons, Plaintiffs' claims for injunctive relief should not be dismissed.

### C. <u>Violation of California's Consumers Legal Remedies Act</u>

Younique's chart (Def. Br. at 5) notes that it is seeking dismissal of this claim, but Defendant submits no argument to support dismissal. See L.R. 7-4(a)(5). In an abundance of caution, Plaintiffs include this discussion of their CLRA claims to demonstrate that Plaintiffs have stated a claim under the CLRA.

The CLRA prohibits "unfair methods of competition and unfair or deceptive acts or practices." Cal. Civ. Code § 1770. The CLRA includes a list of prohibited practices, of which Plaintiffs have alleged Younique violated three:

● Representing that the mascara has characteristics, uses, or benefits that it does not have, § 1770(a)(5);

9

PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS
FIRST AMENDED COMPLAINT

● Representing that the mascara is of a particular standard, quality, or grade when it is not, § 1770(a)(7); and

● Advertising the mascara with the intent not to sell it as advertised, § 1770(a)(9). First Amended Complaint ("FAC") at ¶¶ 75-78.

In addition, allegations of CLRA violations must be pleaded with sufficient specificity to satisfy Rule 9(b). *Madenlian v. Flax, USA Inc.*, SACV 13-01748, 2014 U.S. Dist. LEXIS 181473 at *7 (C.D. Cal. Mar. 31, 2014) (Selna, J.) (citing *Janney v. Mills*, 944 F.Supp. 2d 806, 817 (N.D. Cal. 2013)). Plaintiffs have met this requirement.

Plaintiffs have alleged the mascara they purchased represented on the package that the fibers were "Natural" and composed of only "100% Natural Green Tea Fibers," (the "characteristics" and "particular standard, quality, or grade") when these representations were false. Plaintiffs also allege Younique intended to not sell the mascara "as advertised." FAC ¶ 40.

Plaintiffs further allege Younique made these representations in an effort to capitalize on consumers' interest in natural products, and Plaintiffs relied upon these representations in purchasing the mascara. FAC ¶ 7. Plaintiffs also allege the approximate dates of their purchases and that they have been injured by paying more for the mascara than they would have if they had known the fibers were neither "Natural" nor "100% Natural Green Tea Fibers" but were rather just ground-up nylon. See, e.g. FAC ¶¶ 24-27.

Accordingly, Plaintiffs have adequately pleaded their CLRA claims and done so in sufficient detail to satisfy Rule 9(b). See *Madenlian, supra*, 2014 U.S. Dist. LEXIS 181473, at *9-10 n.4 (finding plaintiff satisfied Rule 9(b) with similar allegation in "natural" labeling case).

### D. **Breach of Express Warranty Under California Law**

Younique does not seek dismissal of this claim.

10

### E. Violation of Florida's Unfair and Deceptive Trade Practices Act

Younique does not seek dismissal of this claim.

### F. Breach of Express Warranty Under Florida Law

Younique seeks dismissal of this claim on the grounds that Plaintiffs did not plead Younique was given sufficient notice of this claim. Def. Br. at 14. However, the allegations in the FAC show Younique received adequate notice.

On August 23, 2017 California plaintiff Megan Schmitt sent a CLRA demand letter to Younique pursuant to § 1782(a), and pleaded so in the complaint. FAC ¶ 81. Besides the CLRA notice, Ms. Schmitt's letter also explicitly addressed other federal and state warranty claims and placed Younique on notice of its breach:

> **WARRANTY NOTICE**
>
> Pursuant to California Commercial Code § 2607(3)(A), and ***other state and federal law***, our client hereby notifies you of your breaches of warranty. You have breached your warranties by representing the Product as containing "natural" ingredients and "100% Green Tea Fibers" when the Product actually contained synthetic ingredients and ingredients other than green tea fibers. (Emphasis added.)

The purpose of the Florida notice requirement, like most notice requirements, is to provide the seller the opportunity to cure the breach. *See Hapag-Lloyd, A.G. v. Marine Indem. Ins. Co.*, 576 So. 2d 1330, 1330-31 (Fla. Dist. Ct. App. 1991) (notice allows seller to remedy alleged defect). Ms. Schmitt's letter notified Younique of the national class allegations against it concerning its misrepresentations and breaches of warranty claims. Younique had the opportunity to cure its breaches, but did not.

Accordingly, Ms. Schmitt's letter and allegation in the FAC satisfy the Florida warranty notice requirements.

### G. Breaches of Implied Warranties of All States

Younique first challenges Plaintiffs' claims for breach of implied warranties under California, Florida, Ohio, and Tennessee law. Defendant argues that Plaintiffs must allege the mascara "did not possess even the most basic degree of fitness for

11

ordinary use." Def. Br. at 8.

But that phrase is from California law. See *Mohac v. Alfa Leisure, Inc.*, 114 Cal.App.4th 402, 406 (2003). Neither the statutes nor the case law of Tennessee, Ohio, or Florida require such a showing. Further, even in California, it is not the end of the analysis. California recognizes the implied warranty of merchantability in its Commercial Code. See, Cal. Com. Code § 2314. The language tracks that of the Uniform Commercial Code, establishing particular attributes of "merchantable" goods, among them, that they be fit for their ordinary purposes. Cal. Com. Code § 2314(2)(c); UCC § 2-314.

Also required, however, is that goods are warranted to "conform to the promises or affirmations of fact on made on the container or label, if any." Cal. Com. Code § 2314(f), UCC § 2-314(f). Similarly, Tennessee, Ohio, and Florida have adopted § 2-314(f). See Tenn. Code 47-2-314; Ohio Rev. Code tit. 13:1302.27; Fla. Stat. § 672.314.

Here, Plaintiffs have alleged that the container of the mascara falsely states it is composed of "100% Natural Green Tea Fibers." FAC ¶ 8. Accordingly, Plaintiffs have stated a claim for breach of implied warranty of merchantability. See, e.g. *In re Oreck Corp. Halo Vacuum & Air Purifiers Mktg. & Sales Practices Litig.*, No. ML 12-2317, 2012 U.S. Dist. LEXIS 172869, *26 (C.D. Cal. Dec. 3, 2012) (declining to dismiss Ohio and Florida implied warranty claims where product did not conform to representations on label).

In addition, Plaintiffs have pleaded that their particular purpose in buying the mascara was to use a natural product.[1] FAC ¶¶ 193-97. Here, the prominence of the statements, FAC ¶ 8, the premium consumers paid for the mascara, FAC ¶¶ 27, 31,

---

[1] Such a purpose does not, as Younique implies, require that the consumer in question live an entirely "all natural" lifestyle and never consume or use any products with synthetic ingredients. Def. Br. at 9.

35, 39, and Younique's desire to capitalize on the market for natural products, FAC ¶¶ 7-8, demonstrate that a major component of the appeal and purpose of this mascara was the fact that it was purportedly "natural" and a healthier alternative to other mascaras. Therefore, Plaintiffs have pleaded a breach of the implied warranty of fitness for a particular purpose under each state's law.

### H. Violation of Ohio's Consumer Sales Practices Act

Younique points out that under O.R.C. §1345.09(B) Plaintiffs are obliged to plead a court decision or a rule from Ohio's Attorney General which shows that the alleged wrongful practice was unlawful at the time it occurred. Younique is correct that Plaintiffs only pleaded the statute, not the court decisions or rules. Def. Br. at 14.

In any case, Younique was on notice that its conduct was unlawful because of at least the following three Ohio Attorney General actions:

1. *In the matter of Gateway Distributors, Ltd.,* June 14, 2006, Attorney General Public Inspection File Number 10002461 (company "shall not make any express or implied statements in the offer or sale of [its] products that have capacity, tendency or effect of deceiving or misleading consumers or that fail to state any material fact, the omission of which deceives or tends to deceive consumers").

2. *Ohio v. The Dannon Co., Inc.,* December 22, 2010, Franklin County Case Number 10-CVH-12-18225, Attorney General Public Inspection File number 10002917 (along with $21 million payment, company enjoined from making any express or implied claims about certain characteristics of its product);

3. *Ohio v. GlaxoSmithKline, LLC*, June 23, 2011, Lucas County Case Number CI-2011-3928, Attorney General Public Inspection File Number 10002956 (along with paying $40.75 million, company shall not make any written or oral claim for the products that is false, misleading or deceptive or represent that the products have sponsorship, approval, characteristics, ingredients, uses, benefits,

quantities, or qualities that products do not have, or cause likelihood or confusion or misunderstanding as to products' source, sponsorship, or certification).

Should the Court be inclined to dismiss Plaintiffs' OCSPA claim, Plaintiffs request leave to amend their complaint to add this allegation.

### I. Violation of Ohio's Deceptive Trade Practices Act; Breach of Express Warranty under Ohio Law

Younique does not seek dismissal of these claims.

### J. Breach of Implied Warranty Under Ohio Law

Younique seeks dismissal of this claim on the same grounds as claims for breach of implied warranty in other states. Plaintiffs' opposition to dismissal is discussed in Section N, infra.

### K. Violation of Tennessee's Consumer Protection Act

Younique's chart notes that it is seeking dismissal of this claim, but submits no argument in support of dismissing this claim. See L.R. 7-4(a)(5). In an abundance of caution, Plaintiffs submit the following discussion of the pleading requirements for Tennessee's Consumer Protection Act.

The Act prohibits, among other conduct:

● Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship approval, status, affiliation or connection that such person does not have;

● Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another; and

● Advertising goods or services with intent not to sell them as advertised. Tenn.Code.Ann. § 47-18-104(b)(5), (7), (9).

Plaintiffs have alleged the mascara they purchased represented on the package that the fibers were "Natural" and composed of only "100% Natural Green Tea

14

Fibers," (the "characteristics and ingredients" and "particular standard, quality, or grade") when these representations were false. Plaintiffs also allege that Younique intended to not sell the mascara "as advertised." FAC ¶ 40. Thus, Plaintiffs have stated a claim for a violation of Tennessee's Consumer Protection Act.

### L. **Breach of Express Warranty Under Tennessee Law**

Younique does not seek dismissal of this claim.

### M. **Breach of Implied Warranty Under Tennessee Law**

Younique seeks dismissal of this claim on the same grounds as claims for breach of implied warranty in other states. Plaintiffs' opposition to dismissal is discussed in Section G, supra.

### N. **Violations of Consumer Protection Statutes, and Breaches of Express and Implied Warranties, Under State Laws Other Than California, Ohio, Tennessee, and Florida**

Younique next argues that Plaintiffs do not have Article III standing to assert claims on behalf of consumers in states in which they have not purchased the mascara. Def. Br. at 12. In making this argument, Younique conflates two entirely distinct concepts: Article III standing and the requirements of Rule 23. The Ninth Circuit, in the context of factual differences, recently clarified the distinction: "Once the named plaintiff demonstrates her individual standing to bring a claim, the standing inquiry is concluded and the court proceeds to consider whether the Rule 23(a) prerequisites for class certification have been met." *Melendres v. Arpaio*, 784 F.3d 1254, 1262 (9th Cir. 2015), cert. denied, 136 S. Ct. 799 (2016).

Here, Plaintiffs have Article III standing. As this Court has noted, its Article III jurisdiction:

> only extends to cases in which the plaintiff demonstrates that "(1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that their injury will be redressed by a favorable decision.

*Madenlian v. Flax USA, Inc.*, No. SACV 13-01748, 2014 U.S. Dist. LEXIS 181473 at *16 (C.D. Cal. Mar. 31, 2014) (Selna, J.) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc*., 528 U.S. 167, 180-81 (2000)). The threshold for pleading Article III standing is not a high one. "It is well settled that 'general factual allegations of injury resulting from the defendant's conduct may suffice at the pleading stage.'" *In re Toyota Motor Corp.*, 790 F.Supp.2d 1152, 1162 (C.D. Cal. 2011) (Selna, J.) (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992)).

In this case, Plaintiffs have asserted more than only "general allegations." Each Plaintiff has alleged she suffered an economic loss by purchasing the Younique mascara at a premium in reliance on the label which stated that it contained "100% Natural Green Tea Fibers," when it actually was composed of only ground-up nylon. As a result of the misrepresentations, Plaintiffs alleged they suffered economic loss. FAC ¶¶ 27, 31, 35, 39.

Accordingly, Plaintiffs have adequately pleaded Article III standing.

The question of whether Plaintiffs are able to represent consumers in other states is a different one. In asking the Court to dismiss claims brought under the laws in states in which Plaintiffs do not live, Younique is really asking the Court to rule on whether the Plaintiffs can represent a national, or even multistate, class. That question is appropriately addressed at the class certification stage, not the pleading stage.

The case most often cited in support of a motion to strike class allegations at the pleading stage is *Mazza v. American Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012). In *Mazza*, the Ninth Circuit reversed the district court's certification of a nationwide class based on its finding that California's choice of law rules, applied specifically to the facts at issue, mandated application of the laws of the states in which the purchases occurred. However, the district court made its ruling at the class certification stage after an extensive record was created, and the Ninth Circuit

16
PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS
FIRST AMENDED COMPLAINT

took care to limit its reversal to "the facts and circumstances of this case." *Id*. at 594. The Court also explicitly left open the possibility of considering subclasses "with different jury instructions for materially different bodies of state law."

Here, Plaintiffs do not know what facts discovery will uncover that could affect a choice of law analysis. In addition, Plaintiffs do not know if Younique sold its products in all 50 states and do yet not know which "bodies of state law" are implicated. Further,

> [i]t is possible that, at the class certification stage, the plaintiffs will be able to define the class such that any differences in state law are immaterial. Or they may be able to identify a manageable number of subclasses of residents of states with laws that do not materially differ.

*Rhinerson v. Van's Int'l Foods, Inc*., No. 13-cv-05923-VC, 2014 U.S. Dist. LEXIS 90471, at *3-4 (N.D. Cal. July 2, 2014). Accordingly, "[u]ntil the Parties have explored the facts in this case, it would be premature to speculate about whether the differences in various states' consumer protection laws are material in this case." *Forcellati v. Hyland's, Inc.*, 876 F.Supp.2d 1155, 1159 (C.D. Cal. 2012).

For these reasons, most courts do not apply *Mazza*'s fact-specific class certification ruling to allegations at the pleading stage. *See Fonseca v. Goya Foods, Inc*., No. 16-CV-02559-LHK, 2016 U.S. Dist. LEXIS 121716, at *8 (N.D. Cal. Sep. 8, 2016) ("This Court **has consistently declined to apply Mazza** at the motion to dismiss stage to strike nationwide class allegations.") (emphasis added); *Werdebaugh v. Blue Diamonds Growers*, No. 12-CV-02724, 2013 U.S. Dist. LEXIS 144178 at *56 n.9 (N.D. Cal. Oct. 2, 2013) (stating "This conclusion accords with the Court's conclusion in [Brazil], as well as the conclusions of **numerous other courts within the Ninth Circuit, which have declined, even after Mazza**, to conduct the choice of law analysis at the pleading stage." and citing cases) (emphasis added); *Forcellati* at 1159 ("Courts **rarely undertake** choice-of-law analysis to strike class claims at this early stage in litigation.") (emphasis added).

Defendant cites three cases[2] in which courts have undertaken choice of law analyses at the pleading stage, including *Mollicone v. Universal Handicraft, Inc.*, No. 2:16-cv-07322, 2017 U.S. Dist. LEXIS 14125 (C.D. Cal. Jan 30, 2017), which in turn cites some additional cases with similar conclusions.

Nonetheless, the weight of authority in California federal courts favors waiting until class certification. See, e.g., *Barber v. Johnson & Johnson Co.*, No. 8:16-cv-1954-JLS-JCGx, 2017 U.S. Dist. LEXIS 53591, at *26 (C.D. Cal. Apr. 4, 2017) (deferring choice of law analysis until discovery taken); *Hoffman v. Fifth Generation, Inc.*, 2015 U.S. Dist. LEXIS 65398 at *25 (S.D. Cal. Mar. 18, 2015) (declining to strike national class allegations and noting a thorough choice of law analysis must be undertaken before determining whether a national class can be certified); *Rhinerson* at *2 ("[S]triking the class allegations at the pleading stage would be premature."); *Czuchaj v. Conair Corp.*, No. 13-CV-1901, 2014 U.S. Dist. LEXIS 54410 at *18-25 (S.D. Cal. Apr. 16, 2014)(finding choice of law analysis premature at pleading stage and declining to dismiss national class claims); *Swearingen v. Yucatan Foods*, L.P., 24 F.Supp.3d 889 (N.D. Cal. Feb. 7, 2014) (propriety of national class question "not appropriate at pleading stage"); *Werdebaugh v. Blue Diamonds Growers*, No. 12-CV-02724, 2013 U.S. Dist. LEXIS 144178 at *55-56 (N.D. Cal. Oct. 2, 2013) (declining to strike national class claims at the pleading stage because choice of law determination should wait until class certification stage); *Brazil v. Dole Food Co.*, No. 12-CV-01831-LHK, 2013 U.S. Dist. LEXIS 136921, at *40 (N.D. Cal. Sep. 23, 2013) (concluding that striking class allegations at pleading stage would be "premature"); *Grodzitsky v. Am. Honda Motor Co.*, No. 2:12-cv-1142-SVW-PLA, 2013 U.S. Dist. LEXIS 33387, at *32-33

---

[2] The others are *United Food & Commercial Workers Local 1776 v. Teikoku Pharma USA, Inc.*, 74 F.Supp.3d 1052, 1078-79 (N.D. Cal. 2014) and *In re Flash Memory Antitrust Litigation.*, 643 F.Supp.2d 1133, 1164 (N.D. Cal. 2009). Def. Br. at 13.

18

(C.D. Cal. Feb. 19, 2013) (denying motion to strike nationwide class allegations where discovery had not yet commenced).

Lastly, even if this were the correct time to conduct a conflicts analysis, Plaintiffs have pleaded sufficient facts to establish that the extraterritorial application of California law comports with due process. *Arroyo v. TP-Link USA Corp.*, No. 5:14-CV-04999-EJD, 2015 U.S. Dist. LEXIS 133773 at *6 (N.D. Cal. Sept. 29, 2015) (explaining that this inquiry involves establishing "sufficient contacts between alleged misconduct and the state"), *Ehret v. Uber Technologies, Inc.*, No. C-14-0113, 68 F.Supp.3d 1121, 1132 (N.D. Cal. 2014) (finding a sufficient nexus with California where the alleged misrepresentations were contained on websites and an application maintained in California and billing and payment of services went through servers located in California). At this stage, it would be Younique's burden to show that foreign law ought to apply, which it has not done. *Mazza*, 666 F.3d at 590.

Accordingly, a decision on the breadth and composition of the class should await class certification.

## III. LEAVE TO AMEND REQUESTED

Should the Court grant Younique's motion, Plaintiffs request leave to amend to cure any pleading deficiencies. See, e.g. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) ("Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment.").

## IV. CONCLUSION

For the reasons above, and except where Plaintiffs have conceded the argument, Younique's motion should be denied.

*Signatures on following page*

| | |
|---|---|
| Dated: November 13, 2017 | NYE, PEABODY, STIRLING, HALE & MILLER, LLP |
| | By:   */s/* <br>      Jonathan D. Miller, Esq. <br>      Alison M. Bernal, Esq. |
| Dated: November 13, 2017 | CARLSON LYNCH SWEET KILPELA & CARPENTER, LLP |
| | By:   */s/* <br>      Todd D. Carpenter, Esq. |
| Dated: November 13, 2017 | THE SULTZER LAW GROUP P.C. |
| | By:   */s/* <br>      Jason P. Sultzer, Esq. <br>      Joseph Lipari, Esq. <br>      Adam Gonnelli, Esq. <br>      Jeremy Francis, Esq. |
| Dated: November 13, 2017 | WALSH, LLC |
| | By:   */s/* <br>      Bonner Walsh, Esq. |

*Attorneys for Plaintiffs and the Class*

Local Rule 5-4.3.4 Certification: I hereby attest that all other signatories listed, on whose behalf this filing is submitted, concur in the filing's content and have authorized this filing.

*/S/*

Alison M. Bernal

PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT