UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-1397 JVS(JDEx) | Date | December 4, 2017 |
| Title | Megan Schmitt v. Younique LLC | | |

Present: The Honorable    James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:   (IN CHAMBERS)   ORDER GRANTING IN PART AND DENYING IN PART  DEFENDANT'S MOTION TO DISMISS**

**The Court, having been informed by the parties in this action that they submit on the Court's tentative ruling previously issued, hereby GRANTS IN PART and DENIES IN PART the  Defendants' Motion to Dismiss and rules in accordance with the tentative ruling as follows:**

Defendant Younique, LLC ("Younique") moved to dismiss the First Amended Complaint ("FAC") filed by Plaintiffs Megan Schmitt ("Schmitt"), Deana Reilly ("Reilly"), Carol Orlowsky ("Orlowsky"), and Stephanie Miller Brun ("Brun") (collectively, "Plaintiffs").  (Mot., Docket No. 45.)  Plaintiffs opposed.  (Opp'n, Docket No. 47.)  Younique filed a reply.  (Docket No. 48.)

For the following reasons, the Court **grants in part** and **denies in part** Younique's motion to dismiss.

## I. BACKGROUND

This case concerns the marketing and sales of Younique's mascara product, Moodstruck 3D Fiber Lashes (the "Product").  (FAC, Docket No. 43 ¶ 1.[1])  The Product consists of two components, a "Transplanting Gel" and "Natural Fibers."  (Id. ¶ 3.) Younique represented that the Natural Fiber component was "natural" and consisted of

---

[1] The paragraph numbering of the FAC restarts at Paragraph 1on Page 5, after the first Paragraph 8.  In its citations, the Court lists the first eight paragraphs before any later cited paragraphs of the same number.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-1397 JVS(JDEx) | Date | December 4, 2017 |
| Title | Megan Schmitt v. Younique LLC | | |

"100% Natural Green Tea Fibers." (Id. ¶ 4.) However, Plaintiffs allege that the Natural Fiber component did not actually contain any green tea leaves and instead was composed of ground-up nylon. (Id.) Plaintiffs allege that a reasonable person would not consider nylon "natural." (Id. ¶ 7.) The Product's packaging lists nylon as an ingredient of the Transplanting Gel. (Id. ¶ 8.)

Plaintiffs are consumers who purchased the Product. (Id. ¶¶ 24, 28, 32, 36.) At all times relevant to this action, Schmidt was a citizen of California, Reilly was a citizen of Florida, Brun was a citizen of Ohio, and Orlowsky was a citizen of Tennessee. (Id.) Each Plaintiff purchased the Product in the state in which they resided. (Id.) Plaintiffs filed a purported class action against Younique alleging eighteen causes of action, including violations of the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. 2301, et seq., the California Unfair Competition Law ("UCL"), California Bus.& Prof. Code § 17200, et seq., the Ohio Consumer Sales Practices Act, Ohio Rev. Code § 1345.01, and other states' consumer protection statutes; breaches of an express warranty under California, Florida, Ohio, and Tennessee laws, as well as under the laws of other states; and breaches of the implied warranties of merchantability and fitness for a particular purpose under California, Florida, Ohio, and Tennessee laws, as well as under the laws of other states. (See generally id.) Younique filed this motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), with respect to Claim 1 (MMWA), Claim 2 (UCL), Claim 6 (Florida express warranty), Claim 7 (Florida implied warranty of merchantability), Claim 8 (Ohio Consumer Sales Practices Act), Claim 11 (Ohio implied warranty of merchantability), Claim 14 (Tennessee implied warranty of merchantability), and Claims 15–18 (claims under other states' consumer protection statutes, implied warranties of merchantability, and implied warranties of fitness for a particular purpose). (Reply, Docket No. 48 at 18.)

## II. LEGAL STANDARD

A.  Motion to dismiss pursuant to 12(b)(1)

When a federal district court lacks subject matter jurisdiction over a claim, dismissal is appropriate under Rule 12(b)(1). Fed. R. Civ. P. 12(b)(1). Subject matter jurisdiction must be present when a plaintiff files his initial complaint. Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988). In addition, subject matter jurisdiction is a threshold issue regarding a court's power to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-1397 JVS(JDEx) | Date | December 4, 2017 |
| Title | Megan Schmitt v. Younique LLC | | |

hear a case, so a court should decide a Rule 12(b)(1) challenge before examining other grounds for dismissal. Alvares v. Erickson, 514 F.2d 156, 160 (9th Cir. 1975) disapproved of on other grounds by Local 144 Nursing Home Pension Fund v. Demisay, 508 U.S. 581, 590 (1993). However, a court should not dismiss an action for lack of subject matter jurisdiction without giving a plaintiff an opportunity to amend unless it is clear that the plaintiff cannot cure the jurisdictional deficiency. May Dep't Store v. Graphic Process Co., 637 F.2d 1211, 1216 (9th Cir. 1980).

      B.     Motion to dismiss pursuant to 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In resolving a 12(b)(6) motion under Twombly, a court must follow a two-step approach. Id. at 679. First, a court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Furthermore, a court must not "accept as true a legal conclusion couched as a factual allegation." Id. at 678 (quoting Twombly, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, a court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679. This determination is context-specific, requiring a court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

### III. DISCUSSION

      A.     Breach of Implied Warranties (Claims 7, 11, 14, 17, and 18)

           1.     Implied Warranty of Merchantability (Claims 7, 11, 14, and 17)

Under California, Florida, Ohio, and Tennessee, a product can breach the implied warranty of merchantability in multiple ways. See Cal. Com. Code § 2314; Fla. Stat. §

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-1397 JVS(JDEx) | Date | December 4, 2017 |
| Title | Megan Schmitt v. Younique LLC | | |

672.314; Ohio Rev. Code Ann. § 1302.27; Tenn. Code Ann. § 47-2-314; Hauter v. Zogarts, 14 Cal. 3d 104, 117 (1975) ("Merchantability has several meanings"). A product is not merchantable if it is not "fit for the ordinary purposes for which such goods are used." Cal. Com. Code § 2314(2)(c); Fla. Stat. § 672.314(2)(c); Ohio Rev. Code Ann. § 1302.27(B)(3); Tenn. Code Ann. § 47-2-314(2)(c). However, it is similarly not merchantable if it does not "conform to the promises or affirmations of fact made on the container or label if any." Cal. Com. Code § 2314(2)(f); Fla. Stat. § 672.314(2)(f); Ohio Rev. Code Ann. § 1302.27(B)(6); Tenn. Code Ann. § 47-2-314(2)(f).

Younique argues that Plaintiffs fail to state a claim for the breach of the implied warranty of merchantability because they fail to allege that the product is not fit for its ordinary purpose. (Mot., Docket No. 45-1 at 8–10.) Plaintiffs do not challenge this argument, but rather maintain that they state a claim by alleging that the product does not "conform with promises or affirmations of fact made on the container or label." (Opp'n, Docket No. 47 at 12.) Plaintiffs allege that the label falsely states that the Natural Fiber component is comprised of "100% Natural Green Tea Fibers." (FAC ¶¶ 1–3.) Therefore, they sufficiently state a claim for breach of the implied warranty of merchantability based on failure to conform with promises or affirmations of fact made on the label.

"When an implied warranty of merchantability cause of action is based solely on whether the product in dispute '[c]onforms to the promises or affirmations of fact' on the packaging of the product, the implied warranty of merchantability claim rises and falls with express warranty claims brought for the same product." Hadley v. Kellogg Sales Co., 243 F. Supp. 3d 1074, 1106 (N.D. Cal. 2017) (citing Hendricks v. StarKist Co., 30 F. Supp. 3d 917, 933 (N.D. Cal. 2014)) (finding an implied warranty of merchantability claim based on labeling to be insufficiently pled for the same reason it found an express warranty claim to be insufficiently pled); Broomfield v. Craft Brew All., Inc., No. 17-CV-01027-BLF, 2017 WL 3838453, at *11 (N.D. Cal. Sept. 1, 2017) (dismissing with leave to amend an implied warranty claim based on labeling and an express warranty claim for failing to allege an affirmative misrepresentation).

Younique only moves to dismiss Plaintiffs' Florida express warranty claim. (Mot., Docket No. 45-1 at 5, 14.) Because, as discussed below, Plaintiffs cannot state a claim for breach of express warranty under Florida law, the Court **grants** Younique's motion to dismiss Plaintiffs' Florida implied warranty of merchantability claim. However, the Court **denies** Younique's motion to dismiss Plaintiffs' California, Ohio, and Tennessee

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 17-1397 JVS(JDEx)                              Date  December 4, 2017

Title  **Megan Schmitt v. Younique LLC**

implied warranty of merchantability claims.

        2.      Implied Warranty of Fitness for a Particular Purpose (Claim 18)

"Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is . . . an implied warranty that the goods shall be fit for such purpose." Cal. Com. Code § 2315; Fla. Stat. § 672.315; Ohio Rev. Code Ann. § 1302.28; Tenn. Code Ann. § 47-2-315. "A 'particular purpose' differs from the ordinary purpose for which the goods are used in that it envisages a specific use by the buyer which is peculiar to the nature of his business." Official Comment 2, Cal. Com. Code § 2315; Official Comment 2, Fla. Stat. § 672.315; Official Comment 2, Ohio Rev. Code Ann. § 1302.28; Official Comment 2, Tenn. Code Ann. § 47-2-315.

Plaintiffs argue that they have sufficiently pled a particular purpose for buying the Product by alleging that they bought it to use a natural product. (Opp'n, Docket No. 47 at 12–13 (citing FAC ¶¶ 193–197)). But Plaintiffs also allege that the product label states that the transplanting gel contains nylon and that Plaintiffs believe that nylon is synthetic. (FAC ¶¶ 8, 3, 7.) Though Plaintiffs allege that they did not know that the Natural Fiber component of the Product contained nylon, the packaging clearly shows that transplanting gel contained nylon. (FAC ¶ 8, 4.) The natural fibers cannot be used without the transplanting gel. As such, it is implausible to allege that Plaintiffs' particular purpose for buying the mascara was to use a natural product because the packaging plainly states that the Product as a whole contains nylon, a synthetic ingredient. Without a plausible particular purpose for buying the Product, Plaintiffs cannot plausibly allege that Younique had reason to know that Plaintiffs bought the Product for a particular purpose. Therefore, without establishing an essential element of the claim, Plaintiffs' implied warranty of fitness for a particular purpose claim must fail.

In conclusion, the Court **grants** Younique's motion to dismiss with prejudice on this ground.

        B.      MMWA (Claim 1)

Liability under the MMWA requires there to be a breach of a written or implied warranty. 15 U.S.C. § 2301 et seq. Plaintiffs concede that their MMWA claims with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. SACV 17-1397 JVS(JDEx)     Date   December 4, 2017

Title    **Megan Schmitt v. Younique LLC**

respect to the state law express warranties should be dismissed. (Opp'n, Docket No. 47 at 7.) However, they argue that they properly state a claim under the MMWA for violations of the state law implied warranties. (Id.) But Plaintiffs' MMWA claim is styled as one based on a breach of a written warranty. (See FAC ¶¶ 52–61.) For instance, Plaintiffs allege that "Defendant represented *in writing* that the Natural Fibers component of the Product is 'natural' and that it contained '100% Natural Green Tea Fibers.'" (Id. ¶ 58 (emphasis added).) They also allege that those representations were "written warranties" within the meaning of the MMWA, that "Defendant breached the written warranty," and that the Product "does not conform to Defendant's written warranty" and therefore violates the MMWA. (Id. ¶¶ 59–61.) Plaintiffs only mention an implied warranty once, in a paragraph describing the protections afforded by the MMWA. (See id. ¶ 54.) As such, the Court finds that Plaintiffs' MMWA claim is styled as one based on a breach of an express warranty. Because Plaintiffs concede that such a claim cannot stand, the Court **grants** Younique's motion to dismiss on this ground. However, the Court grants Plaintiffs leave to amend their MMWA claim to state a claim based on implied warranties.

       C.      UCL (Claim 2)

The UCL provides civil penalties and the equitable remedies of restitution and injunctive relief. See Kor. Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1144 (2003); Madrid v. Perot Sys. Corp., 130 Cal. App. 4th 440, 452 (2005). A plaintiff seeking equitable relief must demonstrate that he does not have an adequate remedy at law. See Philpott v. Super. Ct., 1 Cal. 2d 512, 517 (1934); Knox v. Phoenix Leasing, Inc., 29 Cal. App. 4th 1357, 1368 (1994). Statutory relief under the UCL "is subject to fundamental equitable principles, including inadequacy of the legal remedy." Prudential Home Mortg. Co. v. Super. Ct., 66 Cal. App. 4th 1236, 1249 (1998). For instance, courts have dismissed UCL claims when plaintiffs can recover a legal remedy under their contract claims. See, e.g., Gardner v. Safeco Ins. Co. of Am., No. 14–CV–02024–JCS, 2014 WL 2568895, at *7 (N.D. Cal. June 6, 2014) (dismissing UCL claim where plaintiffs' "claims for breach of contract and breach of the implied covenant of good faith and fair dealing may provide an adequate remedy [at law].").

       Plaintiffs argue that they seek equitable remedies under the UCL in the alternative. (Opp'n, Docket No. 47 at 8.) However, Plaintiffs have not pled that they do not have an adequate remedy at law. And the Court does not dismiss all of Plaintiffs' claims under

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-1397 JVS(JDEx) | Date | December 4, 2017 |
| Title | Megan Schmitt v. Younique LLC | | |

the implied warranty of merchantability. In conclusion, the Court **dismisses** Plaintiffs' UCL claim; however, the Court also grants Plaintiffs leave to amend.

      D.     Other States' Laws (Claims 15, 16, 17, and 18)

Younique argues that Plaintiffs lack Article III standing to assert claims under laws other than those of California, Florida, Ohio, and Tennessee. (Mot., Docket No. 45 at 13–14.)

Pursuant to Article III of the Constitution, the Court's jurisdiction over the case "depends on the existence of a 'case or controversy.'" GTE Cal., Inc. v. FCC, 39 F.3d 940, 945 (9th Cir. 1994). A "case or controversy" exists only if a plaintiff has standing to bring the claim. Nelson v. NASA, 530 F.3d 865, 873 (9th Cir. 2008), rev'd on other grounds, 562 U.S. 134 (2011). A plaintiff "must demonstrate standing separately for each form of relief sought." Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc., 528 U.S. 167, 185 (2000). Article III standing may be raised at any time, and even if neither side raises the issue, the Court has an independent obligation to consider standing sua sponte. RK Ventures, Inc. v. City of Seattle, 307 F.3d 1045, 1056 (9th Cir. 2002); Doe v. Match.com, 789 F. Supp. 2d 1197, 1200 n.5 (C.D. Cal. 2011). A court may "address[] the issue of standing before it addresse[s] the issue of class certification." Easter v. Am. W. Fin., 381 F.3d 948, 962 (9th Cir. 2004)

In order to satisfy the constitutional requirement of Article III standing for each claim asserted, Plaintiffs must allege that they made a purchase or were injured in a particular state in order to bring a claim under that state's laws. United Food & Commercial Workers Local 1776 & Participating Employers Health & Welfare Fund v. Teikoku Pharma USA, Inc., 74 F. Supp. 3d 1052, 1078 (N.D. Cal. 2014) (collecting cases). Plaintiffs fail to allege such a purchase or injury for all states other than California, Florida, Ohio and Tennessee. Therefore, they lack standing to bring claims under those other states' laws.

Misapprehending Younique's point, Plaintiffs make arguments concerning the propriety of a choice of law analysis on a motion to dismiss. (Opp'n, Docket No. 47 at 16–18.) Younique does not urge the Court to strike allegations under other states' laws based on Rule 23; instead, it correctly argues that the named Plaintiffs do not have standing to bring claims under the laws of states where they do not allege they made

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 17-1397 JVS(JDEx)                    Date  December 4, 2017

Title    **Megan Schmitt v. Younique LLC**

purchases or were injured.  When no named plaintiff has standing to bring a claim on behalf of class members, the claim must be dismissed.  See In re Flash Memory Antitrust Litig., 643 F. Supp. 2d 1133, 1164 (N.D. Cal. 2009) ("Where, as here, a representative plaintiff is lacking for a particular state, all claims based on that state's laws are subject to dismissal.").

In conclusion, the Court **grants** Younique's motion to dismiss Plaintiffs' claims based on the laws of states other than California, Florida, Ohio, and Tennessee.  The Court grants Plaintiffs leave to amend to join representative plaintiffs with standing to bring the dismissed claims.  See id. at 1164 (granting leave to amend to join representative class members).

     E.    Notice Requirements (Claims 6, 8, and 18)

         1.    Florida Notice Requirements for Breach of Warranty Claims

To properly plead claims for breach of express or implied warranties under Florida law, "[t]he *buyer* must within a reasonable time after he or she discovers or should have discovered any breach notify the seller of breach or be barred from any remedy."  Fla. Stat. § 672.607 (emphasis added).  Plaintiffs concede that Plaintiff Riley did not give notice.  (Opp'n, Docket No. 47 at 11.)  But they maintain that the notice provided by Plaintiff Schmidt pursuant to California's Consumers Legal Remedies Act satisfied the Florida notice requirement.  (Id.)  This cannot be the case where Florida's notice requirement clearly mandates that the *buyer* supply notice.  See Willard v. Home Depot, U.S.A., Inc., No. 509CV110/RS-MD, 2009 WL 4730644, at *3 (N.D. Fla. Dec. 7, 2009) ("There is no provision in the law for constructive notice of an alleged breach."); Cohen v. Implant Innovations, Inc., 259 F.R.D. 617, 625 (S.D. Fla. 2008) (concluding that individual questions of fact predominated over those common to the class because each putative class member was required to demonstrate that he or she gave timely notice).

In conclusion, the Court **grants** Younique's motion to dismiss with prejudice Plaintiffs' claims for breach of express and implied warranties under Florida law.

         2.    Notice Requirements for Class Actions under Ohio's Consumer Sales Practices Act

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-1397 JVS(JDEx) | Date | December 4, 2017 |
| Title | Megan Schmitt v. Younique LLC | | |

  Plaintiffs concede that their pleadings do not comply with the notice requirements of Ohio's Consumer Sales Practice Act. (Opp'n, Docket No. 47 at 13.) Under § 1345.09(B), Plaintiffs must plead a court decision or a rule from Ohio's Attorney General which shows that the alleged wrongful practice was unlawful at the time it occurred. In re Porsche Cars N. Am., Inc., 880 F. Supp. 2d 801, 868 (S.D. Ohio 2012). Plaintiffs request leave to amend to add three Ohio Attorney General actions[2] that they argue put Younique on notice that its conduct was unlawful. (Opp'n, Docket No. 47 at 13.) Younique argues that amendment would be futile because the actions were merely a "variation of a settlement agreement" and, regardless, they are too general to have provided adequate notice in this case. (Reply, Docket No. 48 at 16–17.) Though the actions cited by Plaintiffs may be insufficient to satisfy the requirements of § 1345.09(b), the Court does not agree that any amendment would be futile. Therefore, though the Court **grants** Younique's motion to dismiss this claim, the Court also grants Plaintiffs leave to amend to add allegations that a court decision or rule shows that the alleged wrongful practice was unlawful at the time it occurred.

### IV. CONCLUSION

  For the foregoing reasons, the Court **grants in part** and **denies in part** Younique's motion to dismiss.

  **IT IS SO ORDERED.**

| | : | 00 |
|---|---|---|
| Initials of Preparer | kjt | |

---

  [2] The actions are: In the matter of Gateway Distributors, Ltd., June 14, 2006, Attorney General Public Inspection File Number 10002461; Ohio v. The Dannon Co., Inc., December 22, 2010, Franklin County Case Number 10-CVH-12-18225, Attorney General Public Inspection File number 10002917; Ohio v. GlaxoSmithKline, LLC, June 23, 2011, Lucas County Case Number CI-2011-3928, Attorney General Public Inspection File Number 10002956.