**NYE, PEABODY, STIRLING, HALE & MILLER, LLP**
Jonathan D. Miller (CA 220848)
Alison M. Bernal (CA 264629)
jonathan@nps-law.com
alison@nps-law.com
33 West Mission St., Suite 201
Telephone: (805) 963-2345
Facsimile: (805) 563-5385

**CARLSON LYNCH SWEET KILPELA & CARPENTER, LLP**
Todd D. Carpenter (CA 234464)
tcarpenter@carlsonlynch.com
1350 Columbia Street, Ste. 603
Telephone: (619) 762-1900
Facsimile: (619) 756-6991

*Attorneys for Plaintiffs and the Class*
*[Additional Counsel Listed on Signature Page]*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEGAN SCHMITT, DEANA REILLY, CAROL ORLOWSKY, and STEPHANIE MILLER BRUN, individually and on behalf of themselves and all others similarly situated,<br>          Plaintiffs,<br>     v.<br>YOUNIQUE, LLC,<br>          Defendant. | Case No. 8:17-cv-01397-JVS-JDE<br><br>**JOINT RULE 26(f) REPORT**<br><br>Complaint Filed: 8/17/17<br>Trial Date: None Set |

## JOINT RULE 26(f) REPORT

In accordance with Federal Rule of Civil Procedure 26(f) and the Order of the Honorable James V. Selna of September 11, 2017, counsel for the parties submit this Report for the Court's review. The parties conferred telephonically on November 16, 2017, initially and continued initial 26(f) discussions through November 29, 2017, and the parties

have continued to correspond through email following the formal 26(f) conference.

    **a.**    **Synopsis**

    (1)    Plaintiffs' Statement

Plaintiffs are residents of the States of California, Florida, Ohio, and Tennessee, and made purchases from 2012 to 2015 of products that Younique represented as containing "100% Natural Green Tea Fibers" and being made of "Natural Fibers." The Product at issue was marketed as Younique Moodstruck 3d Fiber Lashes, and the Plaintiffs all made purchases for personal use. Plaintiffs allege the products were not "100% Natural Green Tea Fibers" but instead contained synthetic ingredients believed to be ground-up nylon and were not "Natural Fibers." Plaintiffs have brought suit on behalf of a nationwide class and four state subclasses.

As noted below, the parties litigated a motion to dismiss that narrowed the claims in the case. On December 1, 2017, the Court issued a tentative ruling which the parties agreed to submit. In accordance with the Court's tentative decision which granted Plaintiffs leave to amend their complaint, Plaintiffs will file an amended complaint addressing the issues discussed in the Court's tentative ruling.

    (2)    Defendant's Statement

By their First Amended Class Action Complaint ("FAC"), Plaintiffs attack a mascara product for failing to be "natural," even though the mascara's packaging makes plain that the product contains synthetic ingredients. Plaintiffs do not allege that the product cannot be used as a mascara.

The product in question, Younique Moodstruck 3D Fiber Lashes ("the Mascara") consists of two components. (FAC, ¶¶ 3, 8 (images).) The first is a transplanting gel, which is not described as natural. In fact, the ingredients list states that the gel contains what Plaintiffs know to be a synthetic – nylon. (FAC, ¶ 8, second image; ¶¶ 26, 30, 34, 38.) The second component is a tube of fibers. In order to use the Mascara, the transplanting gel is applied first, giving the fiber lashes a base to adhere to when they are secondarily applied.

Used together in this manner, the two components enhance the appearance of eyelashes.

From 2012 to 2015, the fibers alone (not the gel) were described on the Mascara label as "natural." Seizing on the "natural" language, (and ignoring the rest of the packaging) Plaintiffs assert that Defendant misled consumers because a "reasonable consumer … would not accept the Defendant's [Mascara] if they knew that they [sic] actually contained synthetic ingredients." (FAC, ¶ 187.)

The four Plaintiffs are residents of California, Florida, Ohio, and Tennessee. In Plaintiffs' FAC, they brought 18 claims for relief, arising under the laws of their home states, federal law, and the laws of the other 46 states and the District of Columbia. These claims mostly arise from alleged breaches of warranty (express and implied) and from alleged violations of state consumer protection statutes.

Defendant filed a motion to dismiss certain of Plaintiffs' claims. Pursuant to the Court's tentative ruling (made available to the parties on December 1, 2017 and on which the parties have agreed to submit), the Court granted in part and denied in part Defendant's motion.[1]

| Plaintiff Bringing Claim | Claim Number | Claim Theory | Law Under Which Claim Arises | Defendant Seeking Dismissal? | Granted? |
|---|---|---|---|---|---|
| All | 1 | Magnuson Moss Warranty Act | Federal | Yes | Granted as to express warranty; leave to amend to plead implied warranty claim |
| Schmitt | 2 | UCL | California | Yes | Granted, with leave to amend |

---

[1] This chart is for references only, and does not purport to set forth the Court's order or opinion in full.

3

| Plaintiff Bringing Claim | Claim Number | Claim Theory | Law Under Which Claim Arises | Defendant Seeking Dismissal? | Granted? |
|---|---|---|---|---|---|
| Schmitt | 3 | CLRA | California | No | n/a |
| Schmitt | 4 | Express Warranty | California | No | n/a |
| Reilly | 5 | Unfair And Deceptive Trade Practices Act | Florida | No | n/a |
| Reilly | 6 | Express Warranty | Florida | Yes | Granted, with prejudice |
| Reilly | 7 | Implied Warranty of Merchantability | Florida | Yes | Granted, with prejudice |
| Brun | 8 | Consumer Sales Practices Act | Ohio | Yes | Granted, with leave to amend |
| Brun | 9 | Deceptive Trade Practices Act | Ohio | No | n/a |
| Brun | 10 | Express Warranty | Ohio | No | n/a |
| Brun | 11 | Implied Warranty | Ohio | Yes | Denied |
| Orlowsky | 12 | Consumer Protection Act | Tennessee | No | n/a |
| Orlowsky | 13 | Express Warranty | Tennessee | No | n/a |
| Orlowsky | 14 | Implied Warranty | Tennessee | Yes | Denied |
| All | 15 | Consumer Protection Statutes | All other states | Yes | Granted, with leave to amend to add named plaintiffs |
| All | 16 | Express Warranty | All other states | Yes | Granted, with leave to amend to add named plaintiffs |
| All | 17 | Implied Warranty Merchantability | All other states | Yes | Granted, with leave to amend to add |

| Plaintiff Bringing Claim | Claim Number | Claim Theory | Law Under Which Claim Arises | Defendant Seeking Dismissal? | Granted? |
|---|---|---|---|---|---|
| | | | | | named plaintiffs |
| All | 18 | Implied Warranty Fitness Particular Purpose | All other states | Yes | Granted with Prejudice |

Defendant contends that Plaintiffs cannot prevail on any of their claims because a reasonable consumer understood that he or she was not purchasing a purely natural mascara product. Moreover, what is important to a consumer of the Mascara is obtaining the enhanced eyelash "look", not the Mascara's labeling.

**b.      Legal Issues**

(1)     Plaintiffs' Statement

In accordance with the Court's tentative ruling of December 1, 2017, Plaintiffs will file an amended complaint. Motion practice on this pleading, if any, should be limited. Plaintiffs cannot assert claims under the laws of states in which the Parties do not reside, but Plaintiffs will seek to represent a national class of consumers, with appropriate subclasses, under Rule 23. Whether Plaintiffs can adequately represent those consumers and whether class treatment is appropriate will be the next major legal issue in the case. Once the scope of the class is determined, Plaintiffs will seek to prove their claims on the merits. Legal issues relevant to this determination are whether a reasonable consumer would find Younique's statements misleading; whether a reasonable consumer would find Younique's statements material; whether Younique's conduct breached its express or implied warranties; and the proper measurement of damages, if any.

(2)     Defendant's Statement

In addition to the arguments set forth in Defendant's motion to dismiss, Defendant contends that Plaintiffs cannot prevail on any of their claims because a reasonable consumer understood that he or she was not purchasing a purely natural mascara product.

Moreover, what is important to a consumer of the Mascara is obtaining the enhanced eyelash "look", not the Mascara's labeling. Defendant further contends that Plaintiffs will be unable to satisfy their burden of demonstrating the class action treatment is appropriate. For example, Defendant expects that Plaintiffs will be unable to demonstrate class-wide exposure to the Mascara, that the accused statement was uniformly material or false, or that damages are capable of being calculated on a class-wide basis.

**c.     Damages**

Plaintiffs are unable to provide a realistic class-wide damages estimate until they have taken discovery on the composition of the class.

Defendant anticipates Plaintiffs' damages will be the subject of discovery and potentially a subject of expert discovery.

**d.     Insurance**

At this time, there is no expectation of insurance coverage.

**e.     Motions**

In addition to the motion to dismiss, and following appropriate discovery, Plaintiffs intend to move for certification of a national class and state subclasses under FRCP 23. Plaintiffs believe that causation and materiality can be litigated on a class-wide basis and that common issues will predominate over individual ones.

The parties tentatively agree to the following briefing schedule:

Plaintiffs' Motion for Class Certification will be filed within 30 days of the fact discovery deadline. Defendant's Response will be filed within 8 weeks of the motion, and any reply will be filed within 6 weeks of the response. Plaintiffs will disclose their experts and expert reports at the time they file their motion for class certification. Defendant will conduct discovery regarding, and depose, Plaintiffs' class certification experts during the 8-week response period. The parties will attempt to conduct merits expert discovery at the same time.

In addition, Defendant may file a motion for summary judgment.

### f. Discovery and Experts

The parties should exchange their Rule 26(a) disclosures within 30 days of the filing of this report. Plaintiffs believe that both class and merits discovery should proceed simultaneously and that there is no need for bifurcation.

(1) Plaintiffs' Position

Plaintiffs anticipate conducting discovery on: the composition and ingredients in the mascara; the representations made to consumers; and the sales volume of the mascara. Plaintiffs further anticipate two types of experts in this case: those needed for class certification purposes and those needed for trial. To that end, all class certification expert(s) should be disclosed as set forth in section (e), above. Any trial experts should be disclosed in keeping with Exhibit A below. An expert tendered for both certification and trial purposes may have to be presented for deposition a second time in regards to their role as a trial expert, although the parties will work cooperatively to narrow duplication.

(2) Defendant's Position

Defendant anticipates conducting at least the following discovery:

• Depose the Plaintiffs to address the allegations of the operative complaint, and possibly others.

• Conduct written discovery to address the allegations of the operative complaint.

• Conduct written discovery regarding the grounds for class certification.

• Depose any experts whose declarations Plaintiffs offer to support their motion for class certification.

• Depose any experts whose declarations or reports Plaintiffs offer to support their claims at trial, or to rebut Defendant's expert(s).

With two caveats (noted immediately below) Defendant does not object to Plaintiffs' position regarding the need for two types of experts, nor does Defendant object to Plaintiffs' general plan for the timing of disclosure of experts. Defendant's right to take

the above-noted second deposition for trial purposes does not preclude or waive Defendant from arguing at class certification regarding the sufficiency of the expert's theory, etc. Moreover, Defendant has the following concerns:

- First, it is unclear to Defendant whether Defendant will have to disclose all rebuttal and/or merits experts prior to filing the opposition to the motion for class certification (or contemporaneous with the filing of the opposition), or if there will be an opportunity after filing the opposition to designate other/additional experts.

- Second, Defendant is concerned that the current schedule (set forth in full at Ex. A) leaves insufficient time for the Court to rule on Plaintiffs' class certification motion before trial preparation begins. As proposed, Plaintiffs' class certification reply is due December 15, 2018, which, with the winter holidays, places the likely hearing in early January. Under the proposed schedule, motions in limine would also be due around this time (January 8, 2019) and the final pretrial conference is proposed for January 29, 2019.

### g.     Dispositive Motions

Defendant may file a motion for summary judgment or for partial summary judgment depending on the results of discovery.

### h.     Settlement and Settlement Mechanism

Settlement discussions have not yet occurred. Discovery on the scope of the class and potential damages is necessary to allow an estimation of damages by Plaintiffs before meaningful settlement discussions can occur. Plaintiffs envision that the best possible time to discuss settlement would be either at the time of the end of fact discovery or after a determination regarding class certification. Plaintiffs believe that either ADR Procedure No. 2 or ADR Procedure No. 3 would be most beneficial for this case.

Defendant believes that ADR Procedure No. 1 or No. 3 would be useful here.

### i.     Trial Estimate

The parties believe that a trial time cannot be estimated until it is determined whether this case can proceed as a class action, and if so, the scope of any certified class.

With the current information available and the anticipation of this case becoming potentially expert-intensive regarding the composition of the product, it is Plaintiffs' position that trial could exceed 3 weeks and involve more than 10 witnesses per side. At the present time, Defendant's trial estimate is 4 days if the case proceeds as to the four plaintiffs' individual claims, and 10 days if the case proceeds as a class action.

**j.      Timetable**

See Exhibit A, attached.

**k.      Other Issues**

Besides the issues regarding expert discovery and class certification, there are no other known issues perceived by Plaintiffs.

Defendant will be seeking a stipulated protective order to govern the production and use of documents and information in this litigation, and will submit a draft to Plaintiffs' counsel for their consideration.

**l.      Conflicts**

The parents, subsidiaries, and affiliates of Defendant are:

- Coty, Inc.
- Coty US Holdings, Inc.
- Foundation, LLC
- UEV Holdings, LLC
- Aspen Cove Holdings, Inc.
- Younique DISC Corporation
- Younique Corporation (Belize)
- Younique International Holdings LLC
- Younique Products Cooperatief U.A. (NL)
- Younique Products B.V. (NL)
- Younique Spain S.L.U.
- Younique Products Italy, S.r.l.

- Younique Australia Pty Limited
- Younique Hong Kong, Limited
- YQ Products MX (Mexico)

**m. Patent Cases**

This section is not applicable as this is not a patent case.

**n. Magistrates**

Plaintiffs do not consent to a Magistrate Judge to preside over all proceedings.

Dated: December 4, 2017     NYE, PEABODY, STIRLING, HALE & MILLER, LLP

By:  /s/
    Jonathan D. Miller, Esq.
    Alison M. Bernal, Esq.

Dated: December 4, 2017     CARLSON LYNCH SWEET KILPELA & CARPENTER, LLP

By:  /s/
    Todd D. Carpenter, Esq.

Dated: December 4, 2017     THE SULTZER LAW GROUP P.C.

By:  /s/
    Jason P. Sultzer, Esq.
    Joseph Lipari, Esq.
    Adam Gonnelli, Esq.
    Jeremy Francis, Esq.

Dated: December 4, 2017     WALSH, LLC

By:  /s/
    Bonner Walsh, Esq.

*Attorneys for Plaintiffs and the Class*

Dated: December 4, 2017     SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP

By:  /s/ Sascha Henry
    Sascha Henry, Esq.
    Abby H. Meyer, Esq.

*Attorneys for Defendant, Younique, LLC*

10

Local Rule 5-4.3.4 Certification: I hereby attest that all other signatories listed, on whose behalf this filing is submitted, concur in the filing's content and have authorized this filing.

*/S/*

Alison M. Bernal

# EXHIBIT A

## JUDGE JAMES V. SELNA
## PRESUMPTIVE SCHEDULE OF PRETRIAL DATES

| Matter | Time | Weeks before trial | Plaintiff's Request (Insert specific date) | Defendant's Request (Insert specific date)[2] | Court Order |
|---|---|---|---|---|---|
| Trial date (jury) (court) Estimated length: _____ days | 8:30 a.m. Tuesdays | | 02.19.19 | 02.19.19 | |
| [Court trial:] File Findings of Fact and Conclusions of Law and Summaries of Direct Testimony | | −1 | 02.12.19 | 02.12.19 | |
| Final Pretrial Conference; Hearing on Motions in Limine; File Agreed Upon Set of Jury Instructions and Verdict Forms and Joint Statement re Disputed Instructions and Verdict Forms; File Proposed *Voir Dire* Qs and Agreed−to Statement of Case | 11:00 a.m. Mondays | −2 | 02.05.19 | 02.05.19 | |
| Lodge Pretrial Conf. Order; File Memo of Contentions of Fact and Law; Exhibit List; Witness List; Status Report re Settlement | | −3 | 01.29.19 | 01.29.19 | |
| Last day for hand−serving Motions in Limine | | −6 | 01.08.19 | 01.08.19 | |
| Last day for hearing motions | 1:30 p.m. Mondays | −7 | 01.07.19 | 01.07.19 | |
| Last day for hand−serving motions and filing (other than Motions in Limine). | | −11 | 12.04.18 | 12.04.18 | |
| Non−expert Discovery cut−off | | | 06.01.18 | 06.01.18 | |

///

///

///

---

[2] Defendant does not object to Plaintiffs' proposed trial date, but believes that there should be more time to allow for the class certification briefing, and between the class certification briefing schedule and the first day of trial, so that the Court has time to rule on class certification before trial preparation begins.

12

Case No. 8:17-cv-01397-JVS-JDE
JOINT RULE 26(f) REPORT

# ADDITIONAL MATTERS TO BE DETERMINED AT SCHEDULING CONFERENCE

L. R. 16−14 Settlement Choice: (1) CT/USMJ (2) Court Mediation Panel (3) Private ADR

| | | | | |
|---|---|---|---|---|
| Expert discovery cut−off | | | 12.15.18 | 12.15.18 | |
| Rebuttal Expert Witness Disclosure | | | 10.01.18 | 10.01.18 | |
| Opening Expert Witness Disclosure [See F.R.Civ.P. 26(a)(2)] | | | 08.01.18 | 08.01.18 | |
| Last day to conduct Settlement Conference | | | 01.04.19 | 1/4/19 | |
| Last day to amend pleadings or add parties | | | 08.31.18 | 1/12/18 | |