SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
SASCHA HENRY, Cal. Bar No. 191914
JONATHAN D. MOSS, Cal. Bar No. 252376
shenry@sheppardmullin.com
jmoss@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071-1422
Telephone: 213.620.1780
Facsimile: 213.620.1398

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
ABBY H. MEYER, Cal. Bar No. 294947
ameyer@sheppardmullin.com
650 Town Center Drive, Fourth Floor
Costa Mesa, CA 92626-1993
Telephone: 714.513.5100
Facsimile: 714.513.5130

Attorneys for Defendant Younique, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| MEGAN SCHMITT, DEANA REILLY, CAROL ORLOWSKY, and STEPHANIE MILLER BRUN, individually and on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>      v.<br><br>YOUNIQUE, LLC<br><br>         Defendant. | Case No. 8:17-cv-01397-JVS-JDE<br><br>**DEFENDANT YOUNIQUE, LLC'S ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>The Hon. James V. Selna<br>Santa Ana, Courtroom 10C<br><br>SACC filed: January 4, 2018<br>Trial Date: February 19, 2019 |

1   Defendant Younique, LLC ("Younique"), by and through its attorneys, states

2   as follows in answer to Plaintiffs' Second Amended Class Action Complaint

3   ("SAC"):

4   1.   Answering paragraph 1 of Plaintiffs' SAC, Younique denies the

5   allegations.

6   2.   Answering paragraph 2 of Plaintiffs' SAC, Younique admits that, from

7   approximately late 2012 to mid-2015, the product packaging for Younique

8   Moodstruck 3D Fiber Lashes (the "Mascara") included the language "Natural

9   Fibers" and "100% Natural Green Tea Fibers."  Except as so admitted, Younique

10  denies the allegations.

11  3.   Answering paragraph 3 of Plaintiffs' SAC, Younique admits that the

12  Mascara is designed to enhance the appearance of eyelashes.  Younique admits that

13  the Mascara consisted of two components, a tube of transplanting gel and a tube of

14  fibers.  Except as so admitted, Younique denies the allegations.

15  4.   Answering paragraph 4 of Plaintiffs' SAC, Younique denies the

16  allegations.

17  5.   Answering paragraph 5 of Plaintiffs' SAC, Younique lacks knowledge

18  or information sufficient to form a belief about the truth of the allegations and,

19  therefore, denies the allegations.

20  6.   Answering paragraph 6 of Plaintiffs' SAC, Younique admits that

21  Plaintiffs purport to bring this action on behalf of certain purchasers of the Mascara.

22  Except as so admitted, Younique denies the allegations.

23  7.   Answering paragraph 7 of Plaintiffs' SAC, Younique lacks knowledge

24  or information sufficient to form a belief about the truth of the allegations and,

25  therefore, denies the allegations.

26  8.   Answering paragraph 8 of Plaintiffs' SAC, Younique admits that the

27  Mascara consisted of two components, a tube of transplanting gel and a tube of

28

-1-

fibers.  Younique admits that from approximately late 2012 to mid-2015, the Mascara's packaging included the language "Natural Fibers" and "100% Natural Green Tea Fibers."  Except as so admitted, Younique denies the allegations.

9.      Answering paragraph 9 of Plaintiffs' SAC, Younique denies the allegations.

10.     Answering paragraph 10 of Plaintiffs' SAC, Younique lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

11.     Answering paragraph 11 of Plaintiffs' SAC, Younique denies the allegations on the ground that they call for a legal conclusion.

12.     Answering paragraph 12 of Plaintiffs' SAC, Younique lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

13.     Answering paragraph 13 of Plaintiffs' SAC, Younique lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

14.     Answering paragraph 14 of Plaintiffs' SAC, Younique denies the allegations on the ground that they call for a legal conclusion.

15.     Answering paragraph 15 of Plaintiffs' SAC, Younique denies the allegations on the ground that they call for a legal conclusion.

16.     Answering paragraph 16 of Plaintiffs' SAC, Younique lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

17.     Answering paragraph 17 of Plaintiffs' SAC, Younique admits that any "Draft Guidance Decision Tree for Classification of Materials as Synthetic or Nonsynthetic (Natural)," issued by the United States Department of Agriculture in

DEFENDANT YOUNIQUE, LLC'S ANSWER
TO SECOND AMENDED CLASS ACTION COMPLAINT

2013, would speak for itself.  Except as so admitted, Younique denies the allegations.

18.     Answering paragraph 18 of Plaintiffs' SAC, Younique admits that 7 U.S.C. § 6502 (21) speaks for itself.  Except as so admitted, Younique denies the allegations.

19.     Answering paragraph 19 of Plaintiffs' SAC, Younique denies the allegations.

20.     Answering paragraph 20 of Plaintiffs' SAC, Younique lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

21.     Answering paragraph 21 of Plaintiffs' SAC, Younique lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

22.     Answering paragraph 22 of Plaintiffs' SAC, Younique denies the allegations.

23.     Answering paragraph 23 of Plaintiffs' SAC, Younique denies the allegations.

24.     Answering paragraph 24 of Plaintiffs' SAC, Younique denies the allegations.

25.     Answering paragraph 25 of Plaintiffs' SAC, Younique denies the allegations.

26.     Answering paragraph 26 of Plaintiffs' SAC, Younique denies the allegations.

27.     Answering paragraph 27 of Plaintiffs' SAC, Younique denies the allegations.

28.     Answering paragraph 28 of Plaintiffs' SAC, Younique denies the allegations.

-3-

29.     Answering paragraph 29 of Plaintiffs' SAC, Younique admits that jurisdiction in this Court is proper, that Younique's principal place of business is in Lehi, Utah, and that Plaintiffs seek more than $5,000,000 on behalf of the putative class.  Except as so admitted, Younique denies the allegations.

30.     Answering paragraph 30 of Plaintiffs' SAC, Younique admits that jurisdiction in this Court is proper and that Younique conducts business and sells products within the State of California.  Except as so admitted, Younique lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

31.     Answering paragraph 31 of Plaintiffs' SAC, Younique admits that venue in this district is proper.  Except as so admitted, Younique denies the allegations.

32.     Answering paragraph 32 of Plaintiffs' SAC, Younique admits that its records show that plaintiff Schmitt purchased one order of the Mascara for $29 (before tax and shipping) and it was delivered to California.  Except as so admitted, Younique lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

33.     Answering paragraph 33 of Plaintiffs' SAC, Younique lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

34.     Answering paragraph 34 of Plaintiffs' SAC, Younique lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

35.     Answering paragraph 35 of Plaintiffs' SAC, Younique denies the allegations.

36.     Answering paragraph 36 of Plaintiffs' SAC, Younique admits that its records show that plaintiff Reilly purchased one order of the Mascara and it was

delivered to Florida.  Except as so admitted, Younique lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

37.     Answering paragraph 37 of Plaintiffs' SAC, Younique lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

38.     Answering paragraph 38 of Plaintiffs' SAC, Younique lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

39.     Answering paragraph 39 of Plaintiffs' SAC, Younique denies the allegations.

40.     Answering paragraph 40 of Plaintiffs' SAC, Younique admits that its records show that the Mascara was delivered to plaintiff Brun at an Ohio address. Except as so admitted, Younique lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

41.     Answering paragraph 41 of Plaintiffs' SAC, Younique lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

42.     Answering paragraph 42 of Plaintiffs' SAC, Younique lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

43.     Answering paragraph 43 of Plaintiffs' SAC, Younique denies the allegations.

44.     Answering paragraph 44 of Plaintiffs' SAC, Younique lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

45.     Answering paragraph 45 of Plaintiffs' SAC, Younique lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

46.     Answering paragraph 46 of Plaintiffs' SAC, Younique lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

47.     Answering paragraph 47 of Plaintiffs' SAC, Younique denies the allegations.

48.     Answering paragraph 48 of Plaintiffs' SAC, Younique admits that it is a Utah limited liability company with its principal place of business in Lehi, Utah. Younique admits that in 2017 Coty Inc. acquired a 60% stake in Younique for approximately $600 million.  Younique admits that it currently operates as a separate business within Coty's Consumer Beauty division.  Except as so admitted, Younique denies the allegations.

49.     Answering paragraph 49 of Plaintiffs' SAC, Younique admits that Plaintiffs purport to bring a putative class action lawsuit.  Except as so admitted, Younique denies the allegations.

50.     Answering paragraph 50 of Plaintiffs' SAC, Younique admits that Plaintiffs purport to bring this action on behalf of the putative class described in the paragraph.  Except as so admitted, Younique denies the allegations.

51.     Answering paragraph 51 of Plaintiffs' SAC, Younique admits that Plaintiffs purport to bring this action on behalf of the putative subclasses described in the paragraph.  Except as so admitted, Younique denies the allegations.

52.     Answering paragraph 52 of Plaintiffs' SAC, Younique denies the allegations.

53.     Answering paragraph 53 of Plaintiffs' SAC, Younique denies the allegations.

1    54.    Answering paragraph 54 of Plaintiffs' SAC, Younique denies the

2    allegations.

3    55.    Answering paragraph 55 of Plaintiffs' SAC, Younique denies the

4    allegations.

5    56.    Answering paragraph 56 of Plaintiffs' SAC, Younique denies the

6    allegations.

7    57.    Answering paragraph 57 of Plaintiffs' SAC, Younique denies the

8    allegations.

9    58.    Answering paragraph 58 of Plaintiffs' SAC, Younique denies the

10    allegations.

11    59.    Answering paragraph 59 of Plaintiffs' SAC, Younique denies the

12    allegations.

13    60.    Answering paragraph 60 of Plaintiffs' SAC, Younique incorporates by

14    reference its responses to paragraphs 1-59 above.

15    61.    Answering paragraph 61 of Plaintiffs' SAC, Younique admits that

16    plaintiffs Schmitt, Brun and Orlowsky purport to bring this action on behalf of

17    themselves and members of a putative class.  Except as so admitted, Younique

18    denies the allegations.

19    62.    Answering paragraph 62 of Plaintiffs' SAC, Younique admits that the

20    Magnum-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.,* speaks for itself.  Except as

21    so admitted, Younique denies the allegations.

22    63.    Answering paragraph 63 of Plaintiffs' SAC, Younique denies the

23    allegations on the ground that they call for a legal conclusion.

24    64.    Answering paragraph 64 of Plaintiffs' SAC, Younique denies the

25    allegations on the ground that they call for a legal conclusion.

26    65.    Answering paragraph 65 of Plaintiffs' SAC, Younique denies the

27    allegations on the ground that they call for a legal conclusion.

28

-7-

66.     Answering paragraph 66 of Plaintiffs' SAC, Younique denies the allegations on the ground that they call for a legal conclusion.

67.     Answering paragraph 67 of Plaintiffs' SAC, Younique admits that from approximately late 2012 to mid-2015, the Mascara's packaging included the language "Natural Fibers" and "100% Natural Green Tea Fibers."  Except as so admitted, Younique denies the allegations.

68.     Answering paragraph 68 of Plaintiffs' SAC, Younique denies the allegations.

69.     Answering paragraph 69 of Plaintiffs' SAC, Younique denies the allegations.

70.     Answering paragraph 70 of Plaintiffs' SAC, Younique denies the allegations.

71.     Answering paragraph 71 of Plaintiffs' SAC, Younique incorporates by reference its responses to paragraphs 1-70 above.

72.     Answering paragraph 72 of Plaintiffs' SAC, Younique denies the allegations.

73.     Answering paragraph 73 of Plaintiffs' SAC, Younique denies the allegations.

74.     Answering paragraph 74 of Plaintiffs' SAC, Younique denies the allegations.

75.     Answering paragraph 75 of Plaintiffs' SAC, Younique denies the allegations.

76.     Answering paragraph 76 of Plaintiffs' SAC, Younique denies the allegations.

77.     Answering paragraph 77 of Plaintiffs' SAC, Younique denies the allegations.

-8-

DEFENDANT YOUNIQUE, LLC'S ANSWER
TO SECOND AMENDED CLASS ACTION COMPLAINT

78.     Answering paragraph 78 of Plaintiffs' SAC, Younique denies the allegations.

79.     Answering paragraph 79 of Plaintiffs' SAC, Younique incorporates by reference its responses to paragraphs 1-78 above.

80.     Answering paragraph 80 of Plaintiffs' SAC, Younique admits that the Consumers Legal Remedies Act ("CLRA"), Cal. Civil Code §§ 1750 *et seq*., speaks for itself.  Except as so admitted, Younique denies the allegations.

81.     Answering paragraph 81 of Plaintiffs' SAC, Younique denies the allegations on the ground that they call for a legal conclusion.

82.     Answering paragraph 82 of Plaintiffs' SAC, Younique denies the allegations on the ground that they call for a legal conclusion.

83.     Answering paragraph 83 of Plaintiffs' SAC, Younique denies the allegations on the ground that they call for a legal conclusion.

84.     Answering paragraph 84 of Plaintiffs' SAC, Younique denies the allegations.

85.     Answering paragraph 85 of Plaintiffs' SAC, Younique denies the allegations.

86.     Answering paragraph 86 of Plaintiffs' SAC, Younique denies the allegations.

87.     Answering paragraph 87 of Plaintiffs' SAC, Younique denies the allegations.

88.     Answering paragraph 88 of Plaintiffs' SAC, Younique denies the allegations.

89.     Answering paragraph 89 of Plaintiffs' SAC, Younique lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

1    90.    Answering paragraph 90 of Plaintiffs' SAC, Younique denies the
2    allegations.

3    91.    Answering paragraph 91 of Plaintiffs' SAC, Younique admits that a
4    letter dated August 11, 2017 was sent to Younique on behalf of plaintiff Schmitt.
5    Except as so admitted, Younique denies the allegations.

6    92.    Answering paragraph 92 of Plaintiffs' SAC, Younique admits that a
7    letter dated August 11, 2017 was sent to Younique on behalf of plaintiff Schmitt.
8    Except as so admitted, Younique denies the allegations.

9    93.    Answering paragraph 93 of Plaintiffs' SAC, the allegations require no
10   response from Younique.  To the extent a response is required, Younique admits
11   that plaintiff Schmitt purports to bring a cause of action for relief under the CLRA.
12   Except as so admitted, Younique denies the allegations.

13   94.    Answering paragraph 94 of Plaintiffs' SAC, the allegations require no
14   response from Younique.  To the extent a response is required, Younique admits
15   that plaintiff Schmitt purports to bring a cause of action for relief under the CLRA.
16   Except as so admitted, Younique denies the allegations.

17   95.    Answering paragraph 95 of Plaintiffs' SAC, the allegations require no
18   response from Younique.  To the extent a response is required, Younique admits
19   that plaintiff Schmitt purports to bring a cause of action for relief under the CLRA.
20   Except as so admitted, Younique denies the allegations.

21   96.    Answering paragraph 96 of Plaintiffs' SAC, Younique incorporates by
22   reference its responses to paragraphs 1-95 above.

23   97.    Answering paragraph 97 of Plaintiffs' SAC, Younique denies the
24   allegations on the ground that they call for a legal conclusion.

25   98.    Answering paragraph 98 of Plaintiffs' SAC, Younique denies the
26   allegations on the ground that they call for a legal conclusion.

27
28

-10-

99.   Answering paragraph 99 of Plaintiffs' SAC, Younique admits that from approximately late 2012 to mid-2015, the Mascara's packaging included the language "Natural Fibers" and "100% Natural Green Tea Fibers."  Except as so admitted, Younique denies the allegations.

100.   Answering paragraph 100 of Plaintiffs' SAC, Younique denies the allegations.

101.   Answering paragraph 101 of Plaintiffs' SAC, Younique denies the allegations.

102.   Answering paragraph 102 of Plaintiffs' SAC, Younique incorporates by reference its responses to paragraphs 1-101 above.

103.   Answering paragraph 103 of Plaintiffs' SAC, Younique denies the allegations on the ground that they call for a legal conclusion.

104.   Answering paragraph 104 of Plaintiffs' SAC, Younique denies the allegations on the ground that they call for a legal conclusion.

105.   Answering paragraph 105 of Plaintiffs' SAC, Younique denies the allegations on the ground that they call for a legal conclusion.

106.   Answering paragraph 106 of Plaintiffs' SAC, Younique admits that California Commercial Code § 2314(2)(f) speaks for itself.  Except as so admitted, Younique denies the allegations.

107.   Answering paragraph 107 of Plaintiffs' SAC, Younique admits that from approximately late 2012 to mid-2015, the Mascara's packaging included the language "Natural Fibers" and "100% Natural Green Tea Fibers."  Except as so admitted, Younique denies the allegations.

108.   Answering paragraph 108 of Plaintiffs' SAC, Younique denies the allegations.

-11-

109.   Answering paragraph 109 of Plaintiffs' SAC, Younique admits that a letter dated August 11, 2017 was sent to Younique on behalf of plaintiff Schmitt. Except as so admitted, Younique denies the allegations.

110.   Answering paragraph 110 of Plaintiffs' SAC, Younique denies the allegations.

111.   Answering paragraph 111 of Plaintiffs' SAC, Younique incorporates by reference its responses to paragraphs 1-110 above.

112.   Answering paragraph 112 of Plaintiffs' SAC, Younique denies the allegations on the ground that they call for a legal conclusion.

113.   Answering paragraph 113 of Plaintiffs' SAC, Younique denies the allegations on the ground that they call for a legal conclusion.

114.   Answering paragraph 114 of Plaintiffs' SAC, Younique admits that the Florida Unfair and Deceptive Trade Practices Act at Fla. Stat. § 501.204(1) speaks for itself.  Except as so admitted, Younique denies the allegations.

115.   Answering paragraph 115 of Plaintiffs' SAC, Younique denies the allegations.

116.   Answering paragraph 116 of Plaintiffs' SAC, Younique denies the allegations.

117.   Answering paragraph 117 of Plaintiffs' SAC, the allegations require no response from Younique.  To the extent a response is required, Younique admits that plaintiff Reilly purports to bring a cause of action for relief under the Florida Deceptive Trade Practices Act on behalf of herself and the putative subclass described in the paragraph.  Except as so admitted, Younique denies the allegations.

118.   Answering paragraph 118 of Plaintiffs' SAC, Younique incorporates by reference its responses to paragraphs 1-117 above.

-12-

119.   Answering paragraph 119 of Plaintiffs' SAC, Younique admits that the Ohio Consumer Sales Practice Act speaks for itself.  Except as so admitted, Younique denies the allegations.

120.   Answering paragraph 120 of Plaintiffs' SAC, Younique denies the allegations on the ground that they call for a legal conclusion.

121.   Answering paragraph 121 of Plaintiffs' SAC, Younique denies the allegations on the ground that they call for a legal conclusion.

122.   Answering paragraph 122 of Plaintiffs' SAC, Younique denies the allegations.

123.   Answering paragraph 123 of Plaintiffs' SAC, Younique denies the allegations.

124.   Answering paragraph 124 of Plaintiffs' SAC, Younique denies the allegations on the ground that they call for a legal conclusion.

125.   Answering paragraph 125 of Plaintiffs' SAC, Younique admits that Ohio Administrative Code section 109:4-3-10 speaks for itself.  Except as so admitted, Younique denies the allegations.

126.   Answering paragraph 126 of Plaintiffs' SAC, Younique denies the allegations on the ground that they call for a legal conclusion.

127.   Answering paragraph 127 of Plaintiffs' SAC, the allegations require no response from Younique.  To the extent a response is required, Younique admits that plaintiff Brun purports to bring a cause of action for relief under the Ohio Consumer Sales Practices Act.  Except as so admitted, Younique denies the allegations.

128.   Answering paragraph 128 of Plaintiffs' SAC, Younique incorporates by reference its responses to paragraphs 1-127 above.

-13-

129.   Answering paragraph 129 of Plaintiffs' SAC, Younique admits that the Ohio Deceptive Trade Practices Act speaks for itself.  Except as so admitted, Younique denies the allegations.

130.   Answering paragraph 130 of Plaintiffs' SAC, Younique denies the allegations on the ground that they call for a legal conclusion.

131.   Answering paragraph 131 of Plaintiffs' SAC, Younique denies the allegations.

132.   Answering paragraph 132 of Plaintiffs' SAC, Younique denies the allegations.

133.   Answering paragraph 133 of Plaintiffs' SAC, the allegations require no response from Younique.  To the extent a response is required, Younique admits that plaintiff Brun purports to bring a cause of action for relief under the Ohio Deceptive Trade Practices Act on behalf of herself and the putative subclass described in the paragraph.  Except as so admitted, Younique denies the allegations.

134.   Answering paragraph 134 of Plaintiffs' SAC, Younique incorporates by reference its responses to paragraphs 1-133 above.

135.   Answering paragraph 135 of Plaintiffs' SAC, Younique denies the allegations on the ground that they call for a legal conclusion.

136.   Answering paragraph 136 of Plaintiffs' SAC, Younique denies the allegations on the ground that they call for a legal conclusion.

137.   Answering paragraph 137 of Plaintiffs' SAC, Younique admits that from approximately late 2012 to mid-2015, the Mascara's packaging included the language "Natural Fibers" and "100% Natural Green Tea Fibers."  Except as so admitted, Younique denies the allegations.

138.   Answering paragraph 138 of Plaintiffs' SAC, Younique denies the allegations.

-14-

DEFENDANT YOUNIQUE, LLC'S ANSWER
TO SECOND AMENDED CLASS ACTION COMPLAINT

139.   Answering paragraph 139 of Plaintiffs' SAC, Younique denies the allegations.

140.   Answering paragraph 140 of Plaintiffs' SAC, Younique admits that a letter dated August 11, 2017 was sent to Younique on behalf of plaintiff Schmitt. Except as so admitted, Younique denies the allegations.

141.   Answering paragraph 141 of Plaintiffs' SAC, Younique denies the allegations.

142.   Answering paragraph 142 of Plaintiffs' SAC, Younique incorporates by reference its responses to paragraphs 1-141 above.

143.   Answering paragraph 143 of Plaintiffs' SAC, Younique denies the allegations on the ground that they call for a legal conclusion.

144.   Answering paragraph 144 of Plaintiffs' SAC, Younique denies the allegations on the ground that they call for a legal conclusion.

145.   Answering paragraph 145 of Plaintiffs' SAC, Younique denies the allegations on the ground that they call for a legal conclusion.

146.   Answering paragraph 146 of Plaintiffs' SAC, Younique admits that from approximately late 2012 to mid-2015, the Mascara's packaging included the language "Natural Fibers" and "100% Natural Green Tea Fibers."  Except as so admitted, Younique denies the allegations.

147.   Answering paragraph 147 of Plaintiffs' SAC, Younique denies the allegations.

148.   Answering paragraph 148 of Plaintiffs' SAC, Younique denies the allegations.

149.   Answering paragraph 149 of Plaintiffs' SAC, Younique admits that a letter dated August 11, 2017 was sent to Younique on behalf of plaintiff Schmitt. Except as so admitted, Younique denies the allegations.

-15-

1    150.   Answering paragraph 150 of Plaintiffs' SAC, Younique denies the

2    allegations.

3    151.   Answering paragraph 151 of Plaintiffs' SAC, Younique incorporates by

4    reference its responses to paragraphs 1-150 above.

5    152.   Answering paragraph 152 of Plaintiffs' SAC, Younique denies the

6    allegations on the ground that they call for a legal conclusion.

7    153.   Answering paragraph 153 of Plaintiffs' SAC, Younique denies the

8    allegations on the ground that they call for a legal conclusion.

9    154.   Answering paragraph 154 of Plaintiffs' SAC, Younique denies the

10   allegations on the ground that they call for a legal conclusion.

11   155.   Answering paragraph 155 of Plaintiffs' SAC, Younique admits that the

12   Tennessee Consumer Protection Act speaks for itself.  Except as so admitted,

13   Younique denies the allegations.

14   156.   Answering paragraph 156 of Plaintiffs' SAC, Younique denies the

15   allegations.

16   157.   Answering paragraph 157 of Plaintiffs' SAC, Younique denies the

17   allegations.

18   158.   Answering paragraph 158 of Plaintiffs' SAC, the allegations require no

19   response from Younique.  To the extent a response is required, Younique admits

20   that plaintiff Orlowsky purports to bring a cause of action for relief under the

21   Tennessee Consumer Protection Act on behalf of herself and the putative subclass

22   described in the paragraph.  Except as so admitted, Younique denies the allegations.

23   159.   Answering paragraph 159 of Plaintiffs' SAC, Younique incorporates by

24   reference its responses to paragraphs 1-158 above.

25   160.   Answering paragraph 160 of Plaintiffs' SAC, Younique denies the

26   allegations on the ground that they call for a legal conclusion.

27

28

-16-

161.   Answering paragraph 161 of Plaintiffs' SAC, Younique denies the allegations on the ground that they call for a legal conclusion.

162.   Answering paragraph 162 of Plaintiffs' SAC, Younique admits that from approximately late 2012 to mid-2015, the Mascara's packaging included the language "Natural Fibers" and "100% Natural Green Tea Fibers."  Except as so admitted, Younique denies the allegations.

163.   Answering paragraph 163 of Plaintiffs' SAC, Younique denies the allegations.

164.   Answering paragraph 164 of Plaintiffs' SAC, Younique denies the allegations.

165.   Answering paragraph 165 of Plaintiffs' SAC, Younique admits that a letter dated August 11, 2017 was sent to Younique on behalf of plaintiff Schmitt. Except as so admitted, Younique denies the allegations.

166.   Answering paragraph 166 of Plaintiffs' SAC, Younique denies the allegations.

167.   Answering paragraph 167 of Plaintiffs' SAC, Younique incorporates by reference its responses to paragraphs 1-166 above.

168.   Answering paragraph 168 of Plaintiffs' SAC, Younique denies the allegations on the ground that they call for a legal conclusion.

169.   Answering paragraph 169 of Plaintiffs' SAC, Younique denies the allegations on the ground that they call for a legal conclusion.

170.   Answering paragraph 170 of Plaintiffs' SAC, Younique denies the allegations on the ground that they call for a legal conclusion.

171.   Answering paragraph 171 of Plaintiffs' SAC, Younique admits that from approximately late 2012 to mid-2015, the Mascara's packaging included the language "Natural Fibers" and "100% Natural Green Tea Fibers."  Except as so admitted, Younique denies the allegations.

172.   Answering paragraph 172 of Plaintiffs' SAC, Younique denies the allegations.

173.   Answering paragraph 173 of Plaintiffs' SAC, Younique denies the allegations.

174.   Answering paragraph 174 of Plaintiffs' SAC, Younique admits that a letter dated August 11, 2017 was sent to Younique on behalf of plaintiff Schmitt. Except as so admitted, Younique denies the allegations.

175.   Answering paragraph 175 of Plaintiffs' SAC, Younique denies the allegations.

## AFFIRMATIVE DEFENSES

BY WAY OF DEFENSES, and without conceding that it has the burden of proof as to any of these matters, Younique alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State Facts Sufficient to Constitute a Cause of Action)

1.   The SAC, and each of the purported causes of action asserted therein, against Younique fails to state facts sufficient to constitute a cause of action against Younique.

## SECOND AFFIRMATIVE DEFENSE

### (No Reasonable Consumer Deceived)

2.   The SAC, and each of the purported causes of action asserted therein, against Younique fails, in whole or in part, because the Mascara as delivered met the needs and expectations of consumers and no reasonable consumer would interpret the alleged communications and advertising in the manner Plaintiffs allege or rely on them to their detriment.

-18-

## THIRD AFFIRMATIVE DEFENSE

### (Statute of Limitations)

3.      Plaintiffs' purported claims are barred, in whole or in part, to the extent Plaintiffs seek relief for any purported claims, on their own behalf or on behalf of others, that were not brought before the expiration of the applicable statute of limitations, including but not limited to California Business and Professions Code section 17208; California Code of Civil Procedure sections 338(a) and 338(d); California Civil Code section 1783; California Commercial Code section 2725 (and other states' equivalents); Fla. Stat. section 501.207; Ohio Rev. Code sections 1302.98, 1345.10(C) and 2305.09; Tenn. Code sections 47-18-110 and 47-2-725 and/or any other applicable statute(s) of limitations from other states not specifically identified in the SAC.

## FOURTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

4.      The SAC, and each of the purported causes of action asserted therein, against Younique fails, in whole or in part, because Plaintiffs and the putative class and subclass members they purport to represent lack standing to pursue their asserted claims.  Among other things, Plaintiffs and the putative class and subclass members should be barred from pursuing claims based upon representations that they did not rely upon and therefore were not injured by.

## FIFTH AFFIRMATIVE DEFENSE

### (Compliance with Statutes, Regulations and/or Industry Standards)

5.      To the extent that Younique engaged in any of the activities alleged in the SAC, those activities were in compliance with, and pursuant to, statutes, government regulations and/or industry standards in existence at the time of the activities.

-19-

## SIXTH AFFIRMATIVE DEFENSE

### (Justification and Privilege)

6.      The SAC, and each of the purported causes of action asserted therein, against Younique is barred, in whole or in part, because Younique actions, if any, respecting the subject matters alleged therein were undertaken in good faith, with the absence of malicious intent, and constitute lawful, proper and justified means.

## SEVENTH AFFIRMATIVE DEFENSE

### (Lack of Proximate Cause)

7.      The SAC, and each of the purported causes of action asserted therein, against Younique fails, in whole or in part, because Younique conduct was not the proximate cause of the harm alleged therein.

## EIGHTH AFFIRMATIVE DEFENSE

### (Good Faith Belief)

8.      The SAC, and each of the purported causes of action asserted therein, against Younique is barred, in whole or in part, because, at all times and places mentioned, Younique acted without malice and with a good faith belief in the propriety of its conduct.

## NINTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

9.      The SAC, and each of the purported causes of action asserted therein, against Younique is barred, in whole or in part, by the doctrine of unclean hands.  Younique asserts this affirmative defense on information and belief and because, due to the sheer size and scope of the putative class and the lack of specificity in the SAC, it is possible that one or more members of the putative class, including Plaintiffs, have engaged in misconduct that would make it inequitable for them to obtain any relief from Younique.

## TENTH AFFIRMATIVE DEFENSE

### (Estoppel)

10.     The SAC, and each of the purported causes of action asserted therein, against Younique is barred, in whole or in part, by the doctrine of estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

11.     The SAC, and each of the purported causes of action asserted therein, against Younique is barred, in whole or in part, by the doctrine of waiver. Younique asserts this affirmative defense on information and belief and because, due to the sheer size and scope of the putative class and the lack of specificity in the SAC, it is possible that one or more members of the putative class, including Plaintiffs, have waived their right to obtain relief against Younique.

## TWELFTH AFFIRMATIVE DEFENSE

### (Laches)

12.     The SAC, and each of the purported causes of action asserted therein, against Younique is barred, in whole or in part, by the doctrine of laches. Younique asserts this affirmative defense on information and belief and because, due to the sheer size and scope of the putative class and the lack of specificity in the SAC, it is possible that one or more members of the putative class, including Plaintiffs, have, by virtue of their delay, waived any right to obtain relief against Younique.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

13.     If Plaintiffs and the putative class members have suffered any damages by reason of any acts, omissions, or courses of conduct on the part of Younique, all or part of the damages were caused by or attributable to the failure of Plaintiffs and the class to act reasonably or prudently to mitigate their damages.

-21-

Younique asserts this affirmative defense on information and belief and because, due to the sheer size and scope of the putative class and the lack of specificity in the SAC, it is possible that one or more members of the putative class, including Plaintiffs, have, by virtue of their delay, failed to mitigate any alleged damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Unjust Enrichment)

14.     The SAC, and each of the purported causes of action asserted therein, against Younique is barred, in whole or in part, on the ground that any award or relief against Younique would result in unjust enrichment to the Plaintiffs and the class.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Offset)

15.     If any award or relief is entered against Younique, the recovery must be offset by the value of the products furnished by Younique.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Class Action Requirements Not Met)

16.     Plaintiffs cannot properly bring this case as a class action under Federal Rule of Civil Procedure 23 because Plaintiffs cannot satisfy its requirements.  Individual questions of fact and law predominate over common questions, Plaintiffs are not adequate class representatives, their claims are not typical of those belonging to the alleged class members, many putative class members (including certain named plaintiffs) have an arbitration forum pursuant to which they can pursue alleged claims, and other class requirements cannot be satisfied.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Failure to Comply with CLRA)

17.     Plaintiff Schmitt failed to comply with the Consumer Legal Remedy Act, including but not limited to the provisions set forth in Section 1780 and 1782 thereof.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(No Entitlement to Punitive Damages)

18.     Plaintiffs are not entitled to recover punitive damages, in whole or in part, from Younique under applicable of law.

**NINETEENTH AFFIRMATIVE DEFENSE**

(Failure to Take Advantage of Preventative or Corrective Opportunities)

19.     Plaintiffs unreasonably failed to take advantage of preventative or corrective opportunities provided by Younique to avoid the alleged harm, if any, including, but not limited to availing themselves of Younique's refund policy.

**TWENTIETH AFFIRMATIVE DEFENSE**

(Lack of Knowledge)

20.     The SAC, and each of the purported causes of action asserted therein, against Younique fails, in whole or part, because even assuming the truth of Plaintiffs' claims, Younique did not know, nor should it have known, of the alleged facts and conduct asserted therein.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(Lack of Particularity)

21.     Plaintiffs have failed to allege their purported causes of action with sufficient particularity to enable Younique to raise all appropriate defenses, and, therefore, Younique reserves the right to assert additional defenses as the factual basis for each becomes known.  Further, the SAC, an each of the purported

-23-

1 causes of action therein, against Younique is barred, in whole or part, on the

2 grounds that the SAC fails to describe the alleged fraud with requisite particularity.

3 **TWENTY-SECOND AFFIRMATIVE DEFENSE**

4 (Entitlement to Attorneys' Fees)

5 22. The SAC, and each of the purported causes of action asserted

6 therein, against Younique is frivolous, vexatious and unreasonable, thereby entitling

7 Younique to an award of its reasonable attorneys' fees. *See, e.g.,* Fla. Stat. §

8 501.2105; Cal. Civ. Code 1780.

9 **TWENTY-THIRD AFFIRMATIVE DEFENSE**

10 (No Reliance)

11 23. The SAC, and each of the purported causes of action asserted

12 therein, against Younique fails, in whole or in part, because Plaintiffs do not allege

13 any misrepresentations upon which they relied.

14 **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

15 (No Materiality)

16 24. The SAC, and each of the purported causes of action asserted

17 therein, against Younique fails, in whole or in part, because the alleged

18 misrepresentations were not material to Plaintiffs and/or putative class members.

19 **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

20 (No Damage Caused By Defendant)

21 25. The SAC, and each of the purported causes of action asserted therein,

22 against Younique fails, in whole or in part, because Plaintiffs and/or the putative

23 class members have not suffered any damages as a legal result of any alleged

24 conduct or omissions by Younique.

25

26

27

28

-24-

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Additional Defenses Against Unnamed Class Members and Reservation)

26.     Younique may have additional defenses against the unnamed members of the class that Plaintiffs purport to represent.  Younique reserves the right to assert additional defenses against the unnamed members of the class or subclass that Plaintiffs purport to represent if a class or a subclass is certified against Younique and as the factual basis for each additional defense becomes known. Among other things, many putative class members have an arbitration forum pursuant to which they can pursue alleged claims.  Younique specifically reserves the right to amend this Answer by way of adding additional defenses.

## DEMAND FOR JURY TRIAL

Younique hereby makes its demand for jury trial.

## PRAYER FOR RELIEF

WHEREFORE,  having  answered  Plaintiffs'  SAC  and  having  asserted affirmative defenses, Younique prays for judgment as follows:

1.     For dismissal of all claims and causes of action against Younique alleged in Plaintiffs' SAC with prejudice;

2.     For denial of certification of this matter as a class action;

3.     For all costs and disbursements incurred in this litigation to the extent they are available;

-25-

1    4.    For legal fees incurred in this litigation to the extent they are available,

2    including under Fla. Stat. § 501.2105 (and other states' equivalents); and

3    5.    For such other and further relief as the Court deems just and proper.

4

5    Dated:  January 18, 2018

6                                SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

7

8                                By    _____
                                            /s/ Sascha Henry
9                                          SASCHA HENRY
                                          JONATHAN D. MOSS
10                                          ABBY H. MEYER
                                      Attorneys for Defendant Younique, LLC
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-26-