1  **NYE, PEABODY, STIRLING, HALE & MILLER, LLP**
2  Jonathan D. Miller (CA 220848)
   Alison M. Bernal (CA 264629)
3  Jonathan@nps-law.com
4  33 West Mission St., Suite 201
   Telephone: (805) 963-2345
5  Facsimile: (805) 563-5385

6  **CARLSON LYNCH SWEET KILPELA & CARPENTER, LLP**
7  Todd D. Carpenter (CA 234464)
8  tcarpenter@carlsonlynch.com
   1350 Columbia Street, Ste. 603
9  Telephone: (619) 762-1900
10 Facsimile: (619) 756-6991

11 *Attorneys for Plaintiffs and the Class*
12 *[Additional Counsel Listed on Signature Page]*

13              **UNITED STATES DISTRICT COURT**
14              **CENTRAL DISTRICT OF CALIFORNIA**

15

16 | MEGAN SCHMITT, DEANA | Case No. 8:17-cv-01397-JVS-JDE
17 | REILLY, CAROL ORLOWSKY, and |
   | STEPHANIE MILLER BRUN, | **PLAINTIFFS' *EX PARTE***
   | individually and on behalf of | **APPLICATION TO MODIFY**
18 | themselves and all others similarly | **SCHEDULING ORDER**
   | situated, |
19 |  | *Filed Concurrently With*
   |                Plaintiffs, | *[Proposed] Order and*
20 |  | *Declaration of Adam Gonnelli*
   |         v. |
21 |  |
   | YOUNIQUE, LLC, |
22 |  |
   |                Defendant. |
23 |  | Complaint Filed: 8/17/17
   |  | Trial Date: 2/19/19
24

25

26

27

28
                                    -1-

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiffs in the above-captioned action request that this Court grant a second extension of the scheduling order.

There are several outstanding discovery disputes which Plaintiffs are raising with Magistrate Judge Early for resolution. Plaintiffs only learned about a major discovery issue on July 11, 2018, which forced Plaintiffs to bring this motion expeditiously since discovery is scheduled to close on July 30. These discovery issues first need to be resolved, and should they be resolved in Plaintiffs' favor, Plaintiffs would need additional time to analyze the discovery and/or conduct depositions.

The discovery issues are Younique's refusal to proffer witnesses for deposition except for 30(b)(6) designees (which Plaintiffs only learned about on July 11) and its refusal to provide unredacted copies of documents and other material necessary for Plaintiffs to conduct an appropriate damages analysis pursuant to *Comcast Corp. v. Behrand*, 569 U.S. 27 (2013). A copy of the proposed email to Judge Early describing the discovery disputes, which was sent to the defendant on July 17, 2018 for its input, is attached as Exhibit 1 to the Declaration of Adam Gonnelli. (Defendant has not yet inserted its positions on the discovery issues.)

On May 29, 2018, this Court granted a two-month extension of the schedule. The parties have made good use of the time. After a meet and confer process, Younique produced 5600 pages of documents; Plaintiffs reviewed the production and consulted an expert; Plaintiffs served their Rule 30(b)(6) notice of deposition; and three Plaintiffs sat for depositions. The parties have also exchanged and responded to written discovery. Plaintiffs' remaining discovery consists of depositions of Younique witnesses (identified in the 5600 pages produced after the

1  May 29th extension), and production of certain sales, costs, and profit data.

2  Five weeks into the extension, on July 11, 2018, Younique's counsel

3  informed Plaintiffs' counsel that it was Younique's position that the Court's Order

4  granting the extension also precluded Plaintiffs from taking any other deposition and

5  that Younique would not be producing any other witnesses for deposition besides

6  Younique's Rule 30(b)(6) representatives. Younique also stated that it would not

7  provide unredacted copies of the documents requested by Plaintiffs. The parties

8  exchanged correspondence over the next week, but were unable to resolve the

9  issues, necessitating this *ex parte* motion to continue the scheduling order to permit

10  presentation of these issues to Magistrate Judge Early and to conduct any discovery

11  that is authorized.

12  The current schedule has a fact discovery deadline of July 30, 2018 and a date

13  for Plaintiffs to submit their class certification motion of August 1, 2018.[1]

14  Plaintiffs request an extension of thirty days until Friday, August 31, 2018, to

15  permit the resolution of the discovery disputes and Friday September 28, 2018, for

16  Plaintiffs to file their class certification motion.

17  There is good cause to grant this extension because the discovery at issue is

18  important to Plaintiffs' case, pertinent to class certification and will likely be the

19  subject of expert testimony; the major issue of future depositions only came to the

20  attention of Plaintiffs on July 11; Plaintiffs have used the time granted in the first

21  extension productively and have accomplished a great deal; and the parties have

22  thoroughly met and conferred on these issues but have not been able to resolve

23

24  [1] The date of August 1, 2018 was apparently a typographical error in both the May 18,
25  2018 stipulation and the proposed order (Dkt. 66-67) endorsed by the Court.  The date should have
been Friday, August 31.  The existing schedule has Plaintiffs submitting their class certification
26  motion the day after the close of fact discovery and gives Younique seven weeks to respond.  The
stipulation and proposed order should have permitted Plaintiffs thirty days after discovery to file
27  its motion and given Younique three weeks to respond.  The proposed revised schedule corrects
this.  Plaintiffs' counsel takes responsibility for the error.

28

-3-

them.

## II.   REQUESTED RELIEF

Plaintiffs request the scheduling order be modified to the following dates:

| Case Management Event: | Prior Operative Deadline | NEW Deadline: |
|---|---|---|
| Last date to commence fact witness and party depositions | July 30, 2018 | August 31, 2018 |
| Last date for Plaintiffs to file motion for class certification | August 1, 2018 | September 28, 2018 |
| Last date to complete private mediation | September 28, 2018 | October 26, 2018 |
| Last date for Defendant to file opposition to motion for class certification | September 21, 2018 | October 19, 2018 |
| Last date for Plaintiffs to file reply in support of motion for class certification | October 5, 2018 | November 2, 2018 |
| Hearing on Plaintiffs' motion for class certification | October 15, 2018, at 1:30 p.m. | November 12, 2018, at 1:30 p.m. |

## III.   THE CASE AND EARLY DISCOVERY

This case is a national consumer class action which alleges that Defendant Younique, LLC, sold mascara which it represented contained "natural green tea leaves" but in reality contained only nylon flakes. Plaintiffs alleged that Younique sold the mascara through 2015, but investigation during discovery has revealed the mascara with the "natural green tea leaves" representation is still being sold today.

At a scheduling conference before this Court on December 11, 2017, the Court set a date for Plaintiffs to file an amended complaint of January 4, 2018 and fact discovery cut-off of June 1, 2018.

On February 14, 2018, Plaintiffs served document requests on Younique and

-4-

Younique served document requests and interrogatories on Plaintiffs.

On March 16, 2018 Younique served its responses and objections to the document requests but did not produce any documents.

On April 27, 2018 Younique produced 345 pages of documents to Plaintiffs.

On May 14, 2018, counsel for Plaintiffs wrote to Younique's counsel about the deficiencies in the document production.

On May 18, 2018 the parties submitted a stipulation requesting an extension of the case schedule by two months to complete discovery.

## IV.    PLAINTIFFS HAVE USED THE FIRST EXTENSION EFFICIENTLY

The Court granted the first extension on May 29, 2018. Plaintiffs have made good use of the extra time.

On June 4, 2018, after meeting and conferring with defense counsel, Plaintiffs served a notice of a Rule 30(b)(6) deposition of Younique.

On June 6, 2018, after further meet and confer efforts, Younique produced an additional 5600 pages of documents and on June 7, 2018 Younique sent a detailed response letter to the May 14 letter to Plaintiffs' counsel.

In the ensuing weeks, Plaintiffs analyzed the production, prepared for depositions, conducted independent investigation, proffered three Plaintiffs for deposition in Los Angeles, and consulted with an expert.

Five weeks into the extension, on July 11, 2018, during additional discussions with defense counsel about the scope and scheduling of the 30(b)(6) deposition, Plaintiffs' counsel for the first time learned that it was the position of Younique that it would not be producing any other witnesses for deposition besides Younique's Rule 30(b)(6) representatives.

On July 12, 2018 Plaintiffs' counsel sent a letter explaining that the Court's Order of May 29 did not impose any such limitation, that Plaintiffs had never intended to waive additional depositions, and that such a position would have made

-5-

little sense because at the time the stipulation was submitted to the Court on May 18, Younique had not made a significant document production (which it did on June 6), and thus Plaintiff would not have known the identities of the additional deponents at that time.

Also on July 12, 2018, Plaintiffs' counsel served deposition notices of four Younique employees, a further 30(b)(6) deposition concerning "cost of goods" issues (the subject of the redaction dispute) and notice of a subpoena on Younique's public relations firm, all for the week of July 17-21.

On July 13, Younique's counsel responded by letter confirming that it was indeed Younique's position that the Court's May 29, 2018 Order granting the first extension precluded additional depositions and objected to the notices. Younique also served its objection to the June 4, 2018 Rule 30(b)(6) notice and sought to impose inappropriate temporal and geographical limitations.

The parties exchanged additional correspondence on July 16 and 17, but were unable to reach agreement.

Also on July 17, 2018, Plaintiffs' counsel sent Defendant a draft email that Plaintiffs proposed to send to Magistrate Judge Early pursuant to Judge Early's practices allowing for informal resolution of discovery disputes. Defendant has not indicated whether it will participate in this process.

Defendant has now also stated that it will produce 30(b)(6) witnesses only on the eve of the current discovery deadline, July 27, 2018. This does not allow for any time to resolve any discovery disputes which may arise at the July 27th deposition, let alone the production of material that is uncovered at the deposition but has not yet been produced.

## V.    PLAINTIFFS PROVIDED NOTICE OF THE SUBJECT *EX PARTE* APPLICATION

On July 17, 2018, Plaintiffs' counsel asked Defendant's counsel if they would

consent to the proposed extension at issue in this *ex parte* application. Plaintiffs'
counsel explained that in light of the ongoing discovery issues, it was implausible to
complete discovery by the currently-set deadline, and requested they stipulate to a
continuance. (Exhibit 2 to Gonnelli Declaration.)

On July 18, 2018 counsel for defendants stated that they would review my
email and respond either today, July 18, 2018, or tomorrow, July 19, 2018. (Exhibit
3 to Gonnelli Declaration.) Plaintiffs' counsel responded asking if Defendant could
respond by close of business given the time frame.

At 5:01 p.m. on July 18, 2018, Defendant notified Plaintiffs that they would
not stipulate to the extension of time requested in this *ex parte* application. Plaintiffs
notified Defendant with the filing of this application that Defendant has 24 hours to
respond to the application.

## VI.    THE RESOLUTION OF THE DISCOVERY ISSUES REQUIRES ADDITIONAL TIME

Plaintiffs' counsel is waiting for Defendant's input on the discovery letter to
Judge Early requesting an informal discovery conference. In the alternative,
Plaintiffs will formally move to compel the discovery. Once Judge Early resolves
the discovery issues, if he does so in Plaintiffs' favor, the parties will have to
schedule and conduct depositions. In addition, Plaintiffs and their expert will need
additional time to analyze hundreds, if not thousands, of data points. Accordingly, it
is unlikely these tasks can be completed by July 30, 2018.

For the reasons above, Plaintiffs request that the proposed extension be
granted, as set forth in the corresponding Proposed Order.

Dated: July 18, 2018                     NYE, PEABODY, STIRLING, HALE & MILLER, LLP

By:  */s/*
Jonathan D. Miller, Esq.
Alison M. Bernal, Esq.

*[Signatures continued on following page.]*

-7-

1

Dated: July 18, 2018               CARLSON LYNCH SWEET
2                                   KILPELA & CARPENTER, LLP

3                                   By: _/s/_____
                                        Ed Kilpela, Esq.
4

5

Dated: July 18, 2018               THE SULTZER LAW GROUP P.C.
6
                                   By: _/s/_____
7                                       Adam Gonnelli, Esq.

8

9

Dated: July 18, 2018               WALSH, LLC
10

11                                  By: _/s/_____
                                        Bonner Walsh, Esq.
12

13                                  *Attorneys for Plaintiffs and the Class*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28