**NYE, PEABODY, STIRLING, HALE & MILLER, LLP**
Jonathan D. Miller (CA 220848)
Alison M. Bernal (CA 264629)
Jonathan@nps-law.com
33 West Mission St., Suite 201
Telephone: (805) 963-2345
Facsimile: (805) 563-5385

**CARLSON LYNCH SWEET KILPELA & CARPENTER, LLP**
Todd D. Carpenter (CA 234464)
tcarpenter@carlsonlynch.com
1350 Columbia Street, Ste. 603
Telephone: (619) 762-1900
Facsimile: (619) 756-6991

*Attorneys for Plaintiffs and the Class*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEGAN SCHMITT, DEANA REILLY, CAROL ORLOWSKY, and STEPHANIE MILLER BRUN, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>YOUNIQUE, LLC,<br><br>Defendant. | Case No. 8:17-cv-01397-JVS-JDE<br><br>**DECLARATION OF ADAM GONNELLI RE: PLAINTIFFS' *EX PARTE* APPLICATION FOR EXTENSION OF SCHEDULING ORDER**<br><br><br><br>Complaint Filed: 8/17/17<br>Trial Date: 2/19/19 |

-1-

## DECLARATION OF ADAM GONNELLI

My name is Adam Gonnelli, and I am counsel for Plaintiffs in the above-captioned action. This declaration is made in support of Plaintiffs' *Ex Parte* Application to Modify the Scheduling Order.

1.      On July 17, 2018, I sent a copy of the proposed email to Judge Early describing the discovery disputes to counsel for Defendant.(Exhibit 1)

2.      On July 17, 2018 I emailed counsel for defendant and asked if they would consent to the proposed extension. (Exhibit 2)

3.      On July 18, 2018 counsel for Defendant stated that they would review my email and respond either today, July 18, 2018, or tomorrow, July 19, 2018. (Exhibit 3.)

4.      I responded asking if they could respond by close of business given the time frame.

5.      At 5:01 p.m. on July 18, 2018, Defendant notified Plaintiffs that they would not stipulate to the extension of time requested in this *ex parte* application.

6.      Plaintiffs notified Defendant with the filing of this application that Defendant has 24 hours to respond to the application.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.


Dated: July 18, 2018

                                    */s/*
                                    Adam Gonnelli, Declarant

# EXHIBIT 1

**From:** Adam Gonnelli [mailto:Gonnellia@thesultzerlawgroup.com]
**Sent:** Tuesday, July 17, 2018 3:21 PM
**To:** Sascha Henry <SHenry@sheppardmullin.com>
**Cc:** Jonathan Moss <JMoss@sheppardmullin.com>; Abby Meyer <AMeyer@sheppardmullin.com>; Bonner Walsh <bonner@walshpllc.com>; Alison Bernal <alison@nps-law.com>
**Subject:** RE: discovery in Younique case

Sascha,

In anticipation of bringing the discovery issues before Judge Early, I have drafted the attached email with blanks for you to insert Younique's position.

Please return the draft with your additions by close of business tomorrow, July 18.

Best,

Adam Gonnelli

Best Regards,
Adam Gonnelli, Partner
Gonnellia@TheSultzerLawGroup.com  |  www.TheSultzerLawGroup.com
280 Highway 35, Suite 304 |  Red Bank, NJ 07701
Phone: (845) 483-7100  |  Fax: (888) 749-7747



NEW YORK  |  PENNSYLVANIA  |  NEW JERSEY  |  CALIFORNIA

**From:** Adam Gonnelli
**Sent:** Tuesday, July 17, 2018 5:08 PM
**To:** 'Sascha Henry' <SHenry@sheppardmullin.com>
**Cc:** Jonathan Moss <JMoss@sheppardmullin.com>; Abby Meyer <AMeyer@sheppardmullin.com>; Bonner Walsh <bonner@walshpllc.com>; 'Alison Bernal' <alison@nps-law.com>
**Subject:** discovery in Younique case

Sascha,

 To follow up on our correspondence of July 12, 13 and today, I'm writing to confirm that we are at an impasse on the following discovery issues:

1. Younique's position that Plaintiffs cannot conduct any depositions besides the initial 30(b)(6) and cannot serve subpoenas (like the Coyne subpoena).
2. The redactions of the cost information in Younique's document production.
3. The temporal (2015) and geographical limitations Younique has placed on its responses, including in its objections of July 13, 2018 to Plaintiffs' 30(b)(6) notice.
4. The existence of profit, loss and cost data.
5. Additional correspondence between Ms. Memmott and Ms. Huscroft as discussed in my letter of July 12.
6. The identities of class members.

 Please let us know if Younique is willing to produce any of the above material.

Also, since the discovery cutoff is July 30, please advise whether Younique will consent to another extension of the schedule of thirty days for discovery and another thirty days for plaintiffs to file their class certification motion.  I do not think we can get these issues resolved by the Court, let alone review any additional documents before then.  The new schedule would be:

| *Case Management Event:* | *Prior-Operative Date-Deadline:* | *NEW Date-Deadline:* |
|---|---|---|
| Fact Discovery Cut-Off | July 30, 2018 | **August 31, 2018** |
| Last date to disclose experts | August 1, 2018 | **September 14, 2018** |
| Last date for Plaintiffs to file motion for class certification | August 1, 2018 | **September 28, 2018** |

| Case Management Event: | Prior-Operative Date-Deadline: | NEW Date-Deadline: |
|---|---|---|
| Last date for Defendant to file opposition to motion for class certification | September 21, 2018 | **October 19, 2018** |
| Last date for Plaintiffs to file reply in support of motion for clast certification | October 5, 2018 | **November 2, 2018** |
| Hearing on Plaintiffs' motion for class certification | October 15, 2018, at 1:30 p.m. | **November 12, 2018**, at 1:30 p.m. |

--

Best,

Adam Gonnelli


Best Regards,
Adam Gonnelli, Partner
Gonnellia@TheSultzerLawGroup.com  |  www.TheSultzerLawGroup.com
280 Highway 35, Suite 304 | Red Bank, NJ 07701
Phone: (845) 483-7100  |  Fax: (888) 749-7747



**NEW YORK | PENNSYLVANIA | NEW JERSEY | CALIFORNIA**

Dear Judge Early,

Pursuant to Your Honor's discovery rules, Plaintiffs in <u>Schmitt v. Younique, LLC</u>, No. 8-17-cv-01397 (JVS)(JDE), request a discovery conference.  The parties have reached an impasse on several important matters.

## I.      Brief Description of Essential Nature of Dispute

On July 11, 2018, Defendant informed Plaintiffs' counsel that it is Younique's position that Judge Selna's grant of a schedule extension on May 29, 2018 precludes Plaintiffs from conducting depositions other than a single 30(b)(6) deposition.  Plaintiffs disagree.  Plaintiffs argue that the Court's order says no such thing, the parties never contemplated any such limitation, and the fact that Younique only produced responsive documents in June supports Plaintiffs' position.

Next, Defendant has refused to produce profit and loss, cost of goods, price, and sales information concerning the time period after 2015 and beyond the four states in which plaintiffs reside, and have redacted cost and price date from its document production.   Plaintiffs require this material to conduct a proper damages analysis in this class action pursuant to <u>Comcast Corp. v. Behrand</u>, 569 U.S. 27 (2013).

## II.      The Positions of the Parties On The Issues In Dispute

<u>Plaintiffs' position</u>:

1. Plaintiffs do not believe the discovery extension cut off their ability to conduct depositions for three reasons.  First, nothing in the Court's order or the parties' stipulation contemplates anything of the sort. Neither the parties' stipulation and proposed Order submitted on May 18 nor the Court's endorsement of the proposed Order suggests that discovery has been limited to the depositions listed.  The language refers to the depositions of the Plaintiffs, defendants' subpoena of a third-party witness and Plaintiffs' 30(b)(6), which were the depositions the parties had discussed at the time.  It does not limit later depositions.

Second, Plaintiffs have had no notice of this issue.  If the limitation of depositions has in fact been Younique's position since the extension was granted, they kept it a secret.  The first time Plaintiffs' counsel became aware of defendant's position on this issue was during a phone call on July 11, 2018.  Had Younique disclosed its position earlier, Plaintiffs would have promptly raised the issue with the Court at the time of the request for a schedule extension, not now.

Third, Younique's position is inconsistent with how discovery has progressed.  When the court granted the extension on May 29, 2018, Plaintiff had served document requests but only received 345 pages in response, mostly pictures of products, models, and limited sales figures. It was only after an exchange of correspondence and several discussions that defendant made a substantive production of 5600 pages on June 6, after the extension had been granted.  Accordingly, it would have been impossible for Plaintiffs to identify proper witnesses before the production let alone identify the documents on which to base examination.

2. Defendant has limited its pricing, sales and cost of goods information to 2015, arguing that Plaintiffs have alleged the misconduct concerning the mascara's labeling ended in 2015.  However, Plaintiffs need the post-2015 information to conduct a proper damages analysis.  See Brazil v. Dole Packaged Foods, LLC, No. 12-CV-01831-LHK, 2014 U.S. Dist. LEXIS 74234, at *60 (N.D. Cal. May 30, 2014) (data before and after misrepresentation used for regression analysis).

3. Defendant has redacted all "costs of goods" data from its production. However, like the post-2015 data, Plaintiffs need the information to conduct a proper damages analysis.  See In re ConAgra Foods, Inc., 90 F. Supp. 3d 919, 945 (C.D. Cal. 2015) (using "price, cost and attribute data" to conduct regression analysis).

4. Plaintiffs seek to represent a nationwide class but Younique has only produced sales data for the four states in which Plaintiffs reside: California, Tennessee, Ohio and Michigan.  In order to perform a proper damage calculation, Plaintiffs require national data.

5. Plaintiffs have repeatedly asked for profit and loss data on the mascara product and have been told that it does not exist.  This is not credible.  Every business keeps track of its cost of goods and profits on its products.  This material should be produced.

[Insert Defendant's Position]

### III.    Statement of Relief Sought By Plaintiffs

Plaintiffs request the Court grant the following relief:

1. Overrule Younique's objections to depositions based on its argument that Judge Selna's May 29, 2018 Order prohibits additional depositions, and permit additional depositions and service of subpoenas to proceed.

2. Order Younique to produce unredacted copies of all documents where it redacted "cost of goods" information.

3. Order Younique to produce "profit and loss" statements.

4. Order Younique to produce post-2015 profit and loss, cost of goods, and sales information.

5. Order Younique to produce profit and loss, cost of goods, and sales information for all states for which it has not already produced data.

### IV.    Good Faith Efforts to Resolve the Dispute

The parties have exchanged numerous letters and emails and have had detailed conversations about discovery.  Indeed, Younique's production of 5600 pages of documents on June 6, 2018 was the result of extensive correspondence and discussion.  The parties also exchanged correspondence on July 12, 13 and 17

concerning the deposition issue.  Plaintiffs also shared a draft of this submission with defendant's counsel on July 17, 2018, but are now at an impasse.

## V.      Dates and Times Agreeable To the Parties For a Conference.

Plaintiffs' Counsel is available at any time and date.

[Defendant insert times]

## VI.     In Person or Telephonic Conference

Plaintiffs' counsel prefer an in-person conference.

[Defendant insert preference]

# EXHIBIT 2

**From:** Adam Gonnelli
**Sent:** Tuesday, July 17, 2018 5:08 PM
**To:** Sascha Henry <SHenry@sheppardmullin.com>
**Cc:** Jonathan Moss <JMoss@sheppardmullin.com>; Abby Meyer <AMeyer@sheppardmullin.com>; Bonner Walsh <bonner@walshpllc.com>; Alison Bernal <alison@nps-law.com>
**Subject:** discovery in Younique case

Sascha,

 To follow up on our correspondence of July 12, 13 and today, I'm writing to confirm that we are at an impasse on the following discovery issues:

1. Younique's position that Plaintiffs cannot conduct any depositions besides the initial 30(b)(6) and cannot serve subpoenas (like the Coyne subpoena).
2. The redactions of the cost information in Younique's document production.
3. The temporal (2015) and geographical limitations Younique has placed on its responses, including in its objections of July 13, 2018 to Plaintiffs' 30(b)(6) notice.
4. The existence of profit, loss and cost data.
5. Additional correspondence between Ms. Memmott and Ms. Huscroft as discussed in my letter of July 12.
6. The identities of class members.

Please let us know if Younique is willing to produce any of the above material.

1

Also, since the discovery cutoff is July 30, please advise whether Younique will consent to another extension of the schedule of thirty days for discovery and another thirty days for plaintiffs to file their class certification motion.  I do not think we can get these issues resolved by the Court, let alone review any additional documents before then.  The new schedule would be:

| Case Management Event: | Prior-Operative Date-Deadline: | NEW Date-Deadline: |
|---|---|---|
| Fact Discovery Cut-Off | July 30, 2018 | **August 31, 2018** |
| Last date to disclose experts | August 1, 2018 | **September 14, 2018** |
| Last date for Plaintiffs to file motion for class certification | August 1, 2018 | **September 28, 2018** |
| Last date for Defendant to file opposition to motion for class certification | September 21, 2018 | **October 19, 2018** |
| Last date for Plaintiffs to file reply in support of motion for clast certification | October 5, 2018 | **November 2, 2018** |
| Hearing on Plaintiffs' motion for class certification | October  15, 2018, at 1:30 p.m. | **November 12, 2018**, at 1:30 p.m. |

--

Best,

Adam Gonnelli

Best Regards,
Adam Gonnelli, Partner
Gonnellia@TheSultzerLawGroup.com  |  www.TheSultzerLawGroup.com
280 Highway 35, Suite 304 |  Red Bank, NJ 07701
Phone: (845) 483-7100  |  Fax: (888) 749-7747



NEW YORK  |  PENNSYLVANIA  |  NEW JERSEY  |  CALIFORNIA

# EXHIBIT 3

**From:** Adam Gonnelli
**Sent:** Wednesday, July 18, 2018 4:35 PM
**To:** Jonathan Moss <JMoss@sheppardmullin.com>
**Cc:** Abby Meyer <AMeyer@sheppardmullin.com>; Bonner Walsh <bonner@walshpllc.com>; Alison Bernal <alison@nps-law.com>; Sascha Henry <SHenry@sheppardmullin.com>
**Subject:** RE: discovery in Younique case

Jonathan,
Thank you for your follow up, and as you are aware time is short for this discovery dispute to be aired before the Court. Could you please let us know by close of business today whether or not you oppose the extensions we proposed yesterday.

Thanks.


Best Regards,
Adam Gonnelli, Partner
Gonnellia@TheSultzerLawGroup.com | www.TheSultzerLawGroup.com
280 Highway 35, Suite 304 | Red Bank, NJ 07701
Phone: (845) 483-7100 | Fax: (888) 749-7747



NEW YORK  |  PENNSYLVANIA  |  NEW JERSEY  |  CALIFORNIA

---

**From:** Jonathan Moss [mailto:JMoss@sheppardmullin.com]
**Sent:** Wednesday, July 18, 2018 4:25 PM
**To:** Adam Gonnelli <Gonnellia@thesultzerlawgroup.com>
**Cc:** Abby Meyer <AMeyer@sheppardmullin.com>; Bonner Walsh <bonner@walshpllc.com>; Alison Bernal <alison@nps-law.com>; Sascha Henry <SHenry@sheppardmullin.com>
**Subject:** RE: discovery in Younique case

Adam,

We will try to get you Younique's position with respect to your email by close of business today.  But due to short notice and scheduling issues, we may not be able to provide until tomorrow morning.

Jonathan Moss
213.617.5504 | direct
213.443.2769 | direct fax
JMoss@sheppardmullin.com | Bio

**Sheppard**Mullin
Sheppard Mullin Richter & Hampton LLP
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071-1422
213.620.1780 | main
www.sheppardmullin.com

---

**From:** Adam Gonnelli [mailto:Gonnellia@thesultzerlawgroup.com]
**Sent:** Tuesday, July 17, 2018 3:21 PM
**To:** Sascha Henry <SHenry@sheppardmullin.com>
**Cc:** Jonathan Moss <JMoss@sheppardmullin.com>; Abby Meyer <AMeyer@sheppardmullin.com>; Bonner Walsh <bonner@walshpllc.com>; Alison Bernal <alison@nps-law.com>
**Subject:** RE: discovery in Younique case

Sascha,

In anticipation of bringing the discovery issues before Judge Early, I have drafted the attached email with blanks for you to insert Younique's position.

Please return the draft with your additions by close of business tomorrow, July 18.

Best,

Adam Gonnelli

Best Regards,
Adam Gonnelli, Partner
Gonnellia@TheSultzerLawGroup.com  |  www.TheSultzerLawGroup.com
280 Highway 35, Suite 304 | Red Bank, NJ 07701

Phone: (845) 483-7100  |  Fax: (888) 749-7747



**NEW YORK  |  PENNSYLVANIA  |  NEW JERSEY  |  CALIFORNIA**

---

**From:** Adam Gonnelli
**Sent:** Tuesday, July 17, 2018 5:08 PM
**To:** 'Sascha Henry' <SHenry@sheppardmullin.com>
**Cc:** Jonathan Moss <JMoss@sheppardmullin.com>; Abby Meyer <AMeyer@sheppardmullin.com>; Bonner Walsh <bonner@walshpllc.com>; 'Alison Bernal' <alison@nps-law.com>
**Subject:** discovery in Younique case


Sascha,

 To follow up on our correspondence of July 12, 13 and today, I'm writing to confirm that we are at an impasse on the following discovery issues:

1. Younique's position that Plaintiffs cannot conduct any depositions besides the initial 30(b)(6) and cannot serve subpoenas (like the Coyne subpoena).
2. The redactions of the cost information in Younique's document production.
3. The temporal (2015) and geographical limitations Younique has placed on its responses, including in its objections of July 13, 2018 to Plaintiffs' 30(b)(6) notice.
4. The existence of profit, loss and cost data.
5. Additional correspondence between Ms. Memmott and Ms. Huscroft as discussed in my letter of July 12.
6. The identities of class members.

 Please let us know if Younique is willing to produce any of the above material.

Also, since the discovery cutoff is July 30, please advise whether Younique will consent to another extension of the schedule of thirty days for discovery and another thirty days for plaintiffs to file their class certification motion.  I do not think we can get these issues resolved by the Court, let alone review any additional documents before then.  The new schedule would be:

| Case Management Event: | Prior-Operative Date-Deadline: | NEW Date-Deadline: |
|---|---|---|
| Fact Discovery Cut-Off | July 30, 2018 | **August 31, 2018** |
| Last date to disclose experts | August 1, 2018 | **September 14, 2018** |
| Last date for Plaintiffs to file motion for class certification | August 1, 2018 | **September 28, 2018** |
| Last date for Defendant to file opposition to motion for class certification | September 21, 2018 | **October 19, 2018** |
| Last date for Plaintiffs to file reply in support of motion for clast certification | October 5, 2018 | **November 2, 2018** |
| Hearing on Plaintiffs' motion for class certification | October 15, 2018, at 1:30 p.m. | **November 12, 2018**, at 1:30 p.m. |

--

Best,

Adam Gonnelli


Best Regards,
Adam Gonnelli, Partner
Gonnellia@TheSultzerLawGroup.com | www.TheSultzerLawGroup.com
280 Highway 35, Suite 304 | Red Bank, NJ 07701
Phone: (845) 483-7100 | Fax: (888) 749-7747



NEW YORK | PENNSYLVANIA | NEW JERSEY | CALIFORNIA


Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.