SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
SASCHA HENRY, Cal. Bar No. 191914
JONATHAN D. MOSS, Cal. Bar No. 252376
shenry@sheppardmullin.com
jmoss@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071-1422
Telephone: 213.620.1780
Facsimile: 213.620.1398

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
ABBY H. MEYER, Cal. Bar No. 294947
ameyer@sheppardmullin.com
650 Town Center Drive, Fourth Floor
Costa Mesa, CA 92626-1993
Telephone: 714.513.5100
Facsimile: 714.513.5130

Attorneys for Defendant Younique, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

MEGAN SCHMITT, DEANA REILLY, CAROL ORLOWSKY, and STEPHANIE MILLER BRUN, individually and on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

YOUNIQUE, LLC

Defendant.

Case No. 8:17-cv-01397-JVS-JDE

**DEFENDANT YOUNIQUE, LLC'S OPPOSITION TO PLAINTIFFS' *EX PARTE* APPLICATION TO MODIFY SCHEDULING ORDER**

[*Filed Concurrently with Declaration of Jonathan D. Moss in Support Thereof*]

The Hon. James V. Selna
Santa Ana, Courtroom 10C

SACC filed: January 4, 2018
Trial Date: February 19, 2019

## I. INTRODUCTION

Plaintiffs *ex parte* application should be denied. The application is procedurally improper as there is no "crisis" justifying extraordinary relief. Further, the application does not demonstrate "good cause" necessary to further modify the Court's Scheduling Order again.

The parties already stipulated to modify the Court's Scheduling Order in May 2018, which the Court granted. (Declaration of Jonathan D. Moss ("Moss Decl."), ¶¶ 5-6, Ex. A-B; Dkt Nos. 66, 67.) The impetus for defendant Younique, LLC ("Younique") agreeing to the stipulation was to permit Younique to commence the depositions of the four Plaintiffs. Although Younique had served deposition notices earlier in April, Plaintiffs' counsel had yet to provide dates for Plaintiffs' depositions. In order to permit those four depositions, a potential third-party deposition by Younique and Plaintiffs' Rule 30(b)(6) deposition of Younique to go forward after the Discovery Cut-Off, the parties stipulated to continue the last day to schedule to commence *those depositions only* beyond the June 1, 2018 Discovery Cut-Off. (Dkt. No. 66, the "Stipulation".) The parties further agreed to continue Plaintiffs' deadline to file their class certification motion from June 1, 2018 to August 1, 2018, continue the briefing schedule and hearing date on that motion, and also continue the mediation completion deadline to August 31, 2018. (*Id.*) The Court granted the Stipulation and entered the proposed order submitted by the parties. The Order made clear that: "Except as otherwise stated herein, the other dates and deadlines in the December 11, 2017 Minute Order (Dkt. 56 & 56-1) and Order re: Jury Trial (Dkt. 57) shall continue to apply." (Dkt. 67.) This includes the June 1, 2018 Discovery Cut-Off.

Plaintiffs' purported basis for the *ex parte* relief is that they did not learn until July 11 that it was Younique's position that Plaintiffs may not notice additional depositions or serve document subpoenas several weeks after the Discovery Cut-Off. As set forth below, that contention is contrary to the parties' discussions

leading up to the Stipulation, the Court's May 29 Order granting the Stipulation, and the parties' dealings after the Order, during which the parties proceeded to schedule the depositions of the four Plaintiffs and the Rule 30(b)(6) deposition of Younique, as contemplated by the Stipulation. Thus, there is no surprise or emergency justifying *ex parte* relief.

There is also no good cause to further modify the Scheduling Order at this time. Plaintiffs' request for relief is an attempt to retroactively modify case deadlines to accommodate discovery that Plaintiffs served well after the Discovery Cut-Off. Specifically, on July 12, 2018, Plaintiffs impermissibly noticed four individual depositions of various Younique employees to occur on July 24-July 26, served a notice of deposition for a second Rule 30(b)(6) deposition of Younique for July 27, and also served a notice of subpoena to a third-party. (Moss Decl. ¶ 13.) All of Plaintiffs' untimely notices were served nearly six weeks after the Discovery Cut-Off.

The purported "discovery issues" that Plaintiffs complain about relative to Younique's production of certain cost data and sales data beyond the four states at issue in the litigation, are positions that Plaintiffs have known of dating back to March 2018 when Younique served its responses to Plaintiffs' document requests. Two days ago, Plaintiffs informed Younique that they would like to pursue an informal discovery conference with Magistrate Judge John Early. Younique has agreed and provided its positions to Plaintiffs for submission to Judge Early despite the late notice from Plaintiffs. Accordingly, Plaintiffs will have an opportunity to raise their purported discovery issues with the Magistrate Judge, which is an additional reason why there is no good cause for Plaintiffs' application and why it should be denied.

## II. LEGAL STANDARD

"*Ex parte* applications are solely for extraordinary relief and should be used with discretion." Selna Initial Order, Dkt. 37, citing *Mission Power Engineering*

*Co. v. Continental Casualty Co.*, 883 F. Supp. 488 (C.D. Cal. 1995). *Ex parte* relief is "disfavored when relief may be had through a regularly noticed motion. Such relief will be granted only upon an adequate showing of good cause or irreparable injury to the party seeking relief." *Schneidereit v. Trust of the Scott & Brian, Inc.*, 2012 U.S. Dist. LEXIS 194026, n. 3 (C.D. Cal. Dec. 19, 2012) (J. Selna) (noting that court would have denied *ex parte* relief). It is not enough for the moving party to show that there is a "crisis" at hand; rather, that party must establish how the crisis came to be. *Mission Power*, 883 F. Supp. at 493. For instance, when discovery-related issues are raised by the application, the moving party must show that it "used the entire discovery period efficiently and could not have, with due diligence, sought to obtain the discovery earlier in the discovery period." *Id.* In short, "*[e]x parte* applications are not intended to save the day for parties who have failed to present requests when they should have." *Id.*

In addition to the showing required to obtain *ex parte* relief, a party seeking to modify a scheduling order must establish "good cause" for the modification. Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992); *see Herman v. Lowe's Home Improvement*, 2015 U.S. Dist. LEXIS 187220, *4 (C.D. Cal. Oct. 15, 2015) (denying *ex parte* to modify scheduling order; even though plaintiff had demonstrated some diligence, it was insufficient to meet the Rule 16 "good cause" standard). In evaluating diligence, the key factors are whether the moving party has both diligently prosecuted the case and been diligent in seeking to amend the Rule 16 order, once it became clear that compliance was not possible. *York v. Starbucks Corp.*, 2012 U.S. Dist. LEXIS 190086, *24 (C.D. Cal. Sept. 12, 2012) (citing *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999)). For instance, in *York* (a class action case), the court denied the motion to modify the scheduling order because, among other things, the plaintiff waited three months to serve discovery and delayed in beginning her survey

of class members. *York*, 2012 U.S. Dist. LEXIS at *30-31. The court found that "had plaintiff acted promptly and diligently," she would have obtained the discovery she needed to prosecute her case. *Id.*

## III. PLAINTIFFS HAVE FAILED TO ACT DILIGENTLY AND THE REQUESTED *EX PARTE* RELIEF IS NOT JUSTIFIED

### A. The Parties Already Stipulated To Modify the Court's Scheduling Order Once Due To Delays in Plaintiffs Appearing for Deposition

On December 11, 2017, the Court entered its Scheduling Order (Dkt. 56 & 56-1) and Order re: Jury Trial (Dkt. 57). The Court set the Discovery Cut-Off as June 1, 2018. (Dkt. 56; 56-1.)

On February 14, 2018, Younique served document requests and special interrogatories on the four Plaintiffs. On March 14, 2018, Plaintiffs served their written responses and objections to Younique's document requests and special interrogatories. In total, Plaintiffs only produced *eight pages* of documents collectively among the four Plaintiffs (PL00001-PL00008), which consisted of two receipts, a chart and a letter. (Moss Decl., ¶ 2.)

On April 18, 2018, Younique served notices for the depositions of plaintiffs Megan Schmitt, Deana Reilly, Carol Orlowsky and Stephanie Miller Brun for May 1 and May 7-9, 2018, respectively. (Moss Decl., ¶ 3.) In doing so, Younique was mindful that the Court's Order re: Jury Trial required that "[a]ll depositions shall be scheduled to commence at least five (5) working days prior to the discovery cut-off date," which was June 1, 2018. (Dkt. 57, p. 2, ¶4(a).)

On April 27, 2018, Plaintiffs served objections to each of the deposition notices "on the ground that the deposition cannot go forward on the date set due to the unavailability of Plaintiffs and their counsel." (Moss Decl., ¶ 4.)

On or about May 4, 2018, Plaintiffs' counsel proposed that the parties enter into a stipulation to continue certain deadlines in the Scheduling Order. Younique's counsel indicated that it would consider the request and asked that Plaintiffs'

counsel prepare a draft stipulation for review. Younique's counsel also followed-up regarding dates for the depositions of the four Plaintiffs. (Moss Decl., ¶ 5.)

On May 15, 2018, Plaintiffs' counsel sent the draft stipulation for review. Between May 15 and May 17, 2018, the parties negotiated the terms of the stipulation and Plaintiffs filed the agreed-upon "Stipulation to Modify Scheduling Order and Order on Jury Trial" on May 18, 2018 (the "Stipulation"). (Moss Decl., ¶ 6, Ex. A, Stipulation (Dkt. No. 66).)

### B. The Stipulation and Resulting Order Addressed Specific Deadlines Relating to the Scheduling of Certain Depositions Only and Did Not Otherwise Modify the June 1, 2018 Discovery Cut-Off

The impetus for Younique agreeing to the Stipulation was to permit Younique to commence the depositions of the four Plaintiffs and a potential third-party deposition after the June 1, 2018 Discovery Cut-Off because Plaintiffs had not yet provided dates for Plaintiffs' depositions. To that end, the Stipulation included the following Recitals:

> 6. Whereas, on April 18, 2018, Defendant Younique, LLC served deposition notices to take the depositions of Plaintiffs Megan Schmitt, Deana Reilly, Carol Orlowsky and Stephanie Miller Brun on May 1, 2018 and May 7, 2018, May 8, 2018 and May 9, 2018, respectively;
>
> 7. Whereas, on April 27, 2018, Plaintiffs' counsel served objections to the deposition notices asserting that the Plaintiffs' depositions could not go forward due to unavailability of Plaintiffs and their counsel;
>
> 8. Whereas the parties are currently working with each other on a deposition schedule for Plaintiffs' depositions and a third-party deposition (Lori DeBell) that takes into account all counsels' travel and trial calendars, given that several Plaintiffs and the third-party deponent reside out of state;

(Dkt. 66, p. 3, ¶¶ 6-8.)

In order to permit those four depositions and a potential third-party deposition by Younique to go forward and to permit Plaintiffs to take a Rule 30(b)(6) deposition of Younique, the parties stipulated to continue the last day to schedule to commence *those depositions only* beyond the June 1, 2018 Discovery Cut-Off. The relevant portion of the Stipulation reads as follows:

| ***Case Management Event:*** | ***Prior-Operative Date-Deadline:*** | ***NEW Date-Deadline:*** |
|---|---|---|
| Last day to schedule to commence the depositions of Plaintiffs Megan Schmitt, Deana Reilly, Carol Orlowsky and Stephanie Miller Brun and third-party Lori DeBell, and Rule 30(b)(6) deposition of Defendant Younique, LLC | May 24, 2018 | **July 30, 2018** |

(Dkt. 66, p. 3.) Nowhere did the parties stipulate to continue the Discovery Cut-Off date.

The Court's resulting order entering the Stipulation is clear that the Court extended to July 30, 2018 the "last day to schedule and commence" just these specified depositions. (Dkt. 67.) The Order further reads that: "Except as otherwise stated herein, the other dates and deadlines in the December 11, 2017 Minute Order (Dkt. 56 & 56-1) and Order re: Jury Trial (Dkt. 57) shall continue to apply." This includes the June 1, 2018 Discovery Cut-Off. *Notably, the Court's Order is consistent with the Proposed Order submitted by the parties and filed by Plaintiffs* (compare Dkt. 66-1 to Dkt. 67, which are the same.)

In other words, Plaintiffs' contention in their *ex parte* application that the "fact discovery deadline" is July 30, 2018, rather than June 1, 2018, is contrary to the parties' agreement and this Court's Order. (*See e.g.* Application at 2:7-8; 3:12-13; 4:5-6.) Correspondence between the parties' counsel confirms that the parties always understood and agreed that the extension was limited to these specified depositions:

- Sascha Henry's (Younique's counsel) email to Alison Bernal (Plaintiffs' counsel) on 5-16-18: "We are also willing to extend the discovery cutoff to give plaintiffs more time to appear for their depositions which we noticed in April. We haven't heard from you about any other discovery that plaintiffs need to complete other than appearing for their depositions. The time to propound written discovery has already passed, and the last day to commence depositions is May 24."

- Jonathan Moss (Younique's counsel) email to Bernal on 5-16-18: "Sascha is traveling at the moment, so I wanted to respond with a point of clarification. Your additional edit to the stipulation revises the first row of the table in Paragraph 8 to add 'and depositions of Defendants.' But there is only one Defendant (Younique LLC). When you say Defendants, do you mean to refer to a Rule 30(b)(6) deposition of Younique, LLC?"

- Bernal email to Moss 5-16-18: "Thank you for that clarification. Yes, I intended it to mean the 30(b)(6) deposition(s)."

- Bernal email to Moss 5-29-18: "Separately, we will be noticing a 30(b)(6) deposition. We are currently working on the topics, and can get those to you shortly. In the meantime, we want to get the ball rolling on agreeing to a date for that deposition(s). Rather than unilaterally setting a date, are there specific dates that work for you and your client? Also, will that deposition take place in Utah?"

- Moss email to Bernal 5-30-18: "With respect to the 30(b)(6) deposition of Younique, the deposition will take place in Utah. We believe it is too early to provide specific available dates for the 30(b)(6) deposition at this point without the deposition notice as the topics will impact the particular deponent(s) who would appear. But, we will work with you on scheduling a convenient time for that deposition when we have more information."

(Moss Decl., ¶¶ 8-9, Exs. C-D.)

### C. <u>There Is No "Crisis" or "Irreparable Harm" Justifying Further Modification of the Court's Scheduling Order</u>

As a result of the stipulation, on June 4, 2018, Plaintiffs served a Rule 30(b)(6) deposition notice of Younique. Plaintiffs noticed the deposition for July 17, 2018 in Utah. That deposition (the only deposition noticed by Plaintiffs that

Younique and the Court agreed to extend beyond the Discovery Cut-Off) is set to go forward on July 27, 2018. (Moss Decl, ¶ 10.)

With respect to the depositions of Plaintiffs, Plaintiffs' counsel produced plaintiffs Brun, Orlowsky and Reilly for deposition on June 25-27, 2018, respectively. Notably, during their depositions in late June, certain plaintiffs identified additional documents responsive to Younique's document requests served in February 2018 that were not included in Plaintiffs' eight-page document production (some of which, according to deposition testimony, were apparently provided to Plaintiffs' counsel, but not produced to Younique). (Moss Decl., ¶ 11.) Despite repeated requests from Younique dating back to April 2018 to schedule a date for the deposition of plaintiff Megan Schmitt, Plaintiffs have still yet to confirm a date for Younique to take Ms. Schmitt's deposition. (Moss Decl., ¶ 12.)

Plaintiffs' contention that they "first learned" on July 11, 2018 that it was Younique's position that Plaintiffs may not notice additional depositions or serve document subpoenas several weeks after the Discovery Cut-Off is dubious. (*See e.g.* Application at 2:6-2:8; 3:2-6; 5:20-24.) That contention is contrary to the parties' dealings and motivation for the Stipulation, which concerned extending the deadline for specific depositions only. (*See* Section III(a)-(b), *supra*). It is also contrary to the plain language of the Stipulation and Order dated May 29, 2018. (Dkt. Nos. 66-67.) It is also contrary to the parties' dealings between May 29-July 11, 2018, during which the discussions between the parties' counsel concerned only the depositions of the four Plaintiffs and a Rule 30(b)(6) deposition of Younique.

Plaintiffs noticed the Rule 30(b)(6) deposition of Younique for July 17, 2018. On July 5, 2018, Younique's counsel contacted Plaintiffs' counsel to meet and confer regarding certain categories in the deposition notice. (Moss Decl., ¶ 10.) The parties' counsel continued to meet and confer between July 5 and July 17 regarding the topics and date of the deposition. (*Id.*) The deposition is set to go

forward on July 27, 2018 in Utah. (*Id.*) In sum, there is no surprise or emergency justifying a change in the Scheduling Order or *ex parte* relief.

## IV. THERE IS ALSO NO GOOD CAUSE TO MODIFY THE SCHEDULING ORDER

Plaintiffs' request that the Court modify the Scheduling Order is a belated attempt to retroactively modify case deadlines to accommodate late-served discovery. On July 12, 2018, Plaintiffs impermissibly noticed four individual depositions of various Younique employees (Dixie Memmott, Whitney Goff, Melanie Huscroft, Reggie Rappleye) to occur on July 24-July 26, served a notice of deposition for a second Rule 30(b)(6) deposition of Younique for July 27, and also served a notice of subpoena to third-party Coyne Public Relations. (Moss Decl. ¶ 13.) All of Plaintiffs' untimely notices were served nearly six weeks after the June 1, 2018 Discovery Cut-Off.

Thus, Plaintiffs have served deposition notices and third-party discovery after the operative discovery cut-off of June 1. Importantly, a motion to extend a deadline must be made "before the original time or its extension expires," and may be granted if filed after the time has expired only "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Plaintiffs' delay and lack of diligence in pursuing discovery is not excusable.

The timing of Younique's production of documents in this litigation is reasonable given the scope of documents requested and does not justify the relief sought. On March 16, 2018, Younique served its written responses to Plaintiffs' requests for production of documents. On April 27, 2018, Younique produced 345 pages of documents to Plaintiffs, which included: (a) marketing assets; (b) catalogues; (c) monthly sales data relating to the product at issue in the litigation for the four states at issue (consistent with a discussion that the parties' counsel had on March 5 regarding the format that Younique would produce the requested data); and (d) independent presenter agreements.

Nearly two months after Younique served its written responses to the document requests, on May 14, 2018, Plaintiffs sent a meet and confer letter concerning Younique's responses. On June 6, 2018, Younique produced the remaining documents it agreed to produce in response to Plaintiffs' requests (YNQE0000346-5946). On June 7, 2018, Younique sent a letter responding to Plaintiffs' meet and confer letter dated May 14, 2018. (*See* Application at 5:14-16.) The timing for Younique to complete the document production was the result of Younique's substantive response to Plaintiffs' requests, as contrasted with Plaintiffs' eight-page document production, which Younique has since learned was incomplete.

Younique's positions with respect to document production were made clear in its written responses served on March 16 and further explained in its meet and confer letter response. Notably, Younique's second document production and response to Plaintiffs' meet and confer letter were made prior to Plaintiffs' deadline to bring a discovery motion under the Court's Scheduling Order. (Dkt. 57, which specified that discovery motions may be served by June 11, 2018, *i.e.* 10 days after the Discovery Cut-Off). Younique's document production was consistent with its written responses served in March. Plaintiffs could have brought a motion to compel within the time permitted by the Scheduling Order, but chose not do so.

Younique's document production was also well in advance of Plaintiffs' forthcoming Rule 30(b)(6) deposition of Younique. Further, Plaintiffs did not issue the individual deposition notices and subpoena in question until July 12, 2018, several weeks after Younique's second document production and the June 1 Discovery Cut-Off.

To the extent that the "Requested Relief" section of Plaintiffs' application states that the current last date to commence fact witness and party depositions is July 30, 2018 (*see* Application at 4:5-4:6), that is inaccurate for the reasons discussed above. The agreed-upon August 1, 2018 deadline for Plaintiffs to file

their class certification motion is entirely reasonable, as it is approximately eight weeks after the Discovery Cut-Off. Plaintiffs refer to the August 1, 2018 deadline to file a class certification motion as a "typographical error," (*see* Application at p. 3, fn. 1) but this was the date agreed-to by the parties and ordered by the Court. The parties stipulated to continue Plaintiffs' deadline to file a class certification motion from June 1, 2018 to August 1, 2018. (Dkt. 66.) In other words, the current deadline already amounts to a 60-day extension from the original deadline for Plaintiffs to file a class certification motion. (Dkt. 56.)

Plaintiffs have created an artificial "emergency," and have demanded that Younique respond in an unreasonably short time frame. On July 17, 2018 at 3:21 p.m., Plaintiffs' counsel sent a draft email that Plaintiffs proposed to send to Magistrate Judge Early requesting a pre-discovery motion conference regarding various purported issues. (Gonnelli Decl., Ex. 1.) Plaintiffs requested that Younique send its positions to insert in the email by close of business the next day. (*Id.*) The next day, July 18, 2018 at 4:25 p.m., Younique's counsel responded: "We will try to get you Younique's position with respect to your email by close of business today. But due to short notice and scheduling issues, we may not be able to provide until tomorrow morning." (Gonnelli Decl., Ex. 1.) The scheduling issues included that Younique's lead counsel was in meetings all day on July 17-18 and would be in a deposition on July 19, which Younique's counsel conveyed to Plaintiffs' counsel. (Moss Decl., ¶ 15.)

At 5:36 p.m. in the evening on July 18, Plaintiffs filed their *ex parte* application and notified Younique that it must file any opposition within 24 hours. (Moss Decl. ¶ 16.) Later that evening, Younique's counsel provided its position statement for inclusion in the joint email to Magistrate Judge Early. (Moss Decl., ¶ 17.) The parties' joint email requests a conference with Judge Early. (*Id.*)

Accordingly, Plaintiffs will have an opportunity to raise their purported discovery issues with the Magistrate Judge. The Magistrate Judge may consider the

timeliness and merit of Plaintiffs' purported discovery issues. This is an additional reason why there is no good cause for Plaintiffs' relief requested of the Court.

**V. <u>CONCLUSION</u>**

For the reasons stated above, Plaintiffs' *ex parte* application should be denied and the Court should not further modify the Scheduling Order at this time.

Dated: July 19, 2018

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By *\/s/ Jonathan D. Moss*

SASCHA HENRY
JONATHAN D. MOSS
ABBY H. MEYER
Attorneys for Defendant Younique, LLC