1  **NYE, PEABODY, STIRLING, HALE**
2  **& MILLER, LLP**
   Jonathan D. Miller (CA 220848)
3  Alison M. Bernal (CA 264629)
   Jonathan@nps-law.com
4  33 West Mission St., Suite 201
   Telephone: (805) 963-2345
5  Facsimile: (805) 563-5385

6  **CARLSON LYNCH SWEET**
7  **KILPELA & CARPENTER, LLP**
   Todd D. Carpenter (CA 234464)
8  tcarpenter@carlsonlynch.com
   1350 Columbia Street, Ste. 603
9  Telephone: (619) 762-1900
   Facsimile: (619) 756-6991
10

11 *Attorneys for Plaintiffs and the Class*
12 *[Additional Counsel Listed on Signature Page]*

13              **UNITED STATES DISTRICT COURT**
14              **CENTRAL DISTRICT OF CALIFORNIA**
15

| | |
|---|---|
| 16  MEGAN SCHMITT, DEANA REILLY, CAROL ORLOWSKY, and STEPHANIE MILLER BRUN, individually and on behalf of themselves and all others similarly situated, | Case No. 8:17-cv-01397-JVS-JDE |
| 17 | **PLAINTIFFS' *EX PARTE* APPLICATION TO STAY THE CASE AND MOTION FOR DISCOVERY SANCTIONS** |
| 18 | |
| 19              Plaintiffs, | *Filed Concurrently With [Proposed] Order and Declaration of Adam Gonnelli* |
| 20        v. | |
| 21  YOUNIQUE, LLC, | |
| 22              Defendant. | |
| 23 | Complaint Filed: 8/17/17 |
| 24 | Trial Date: 2/19/19 |

25
26
27
28
                              -1-

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiffs in the above-captioned action request that this Court grant a stay of the proceedings in this case and that the Court grant sanctions under Federal Rule of Civil Procedure 37 against Younique and/or their counsel of record, Sheppard Mullin Richter and Hampton LLP for its refusal to proffer 30(b)(6) witnesses who were prepared to testify regarding the topics for which they had been designated.

Defendant's failure to designate and make available for deposition appropriate 30(b)(6) witnesses is just the latest in a long line of discovery violations which have delayed the progress of this case and have given rise to discovery motions now pending before Your Honor and Magistrate Judge Early.

### II.    DEFENDANT HAS FAILED TO PRODUCE ADEQUATE 30(b)(6) WITNESSES

On June 4, 2018 Plaintiffs served a Rule 30(b)(6) Notice of Deposition.  The notice listed seven topics: 1) the existence and location of the documents requested in Plaintiffs' Request for Production of Documents; 2) the ingredients used in the product; 3) the labeling and packaging of the product; 4) the channels of distribution for the product;  5) the price of the product during the relevant time period; 6) sales of the product during the relevant time period; and 7) training of and materials provided to presenters.  (*See* Plaintiffs' Notice of 30(b)(6) Deposition annexed as Exhibit 1 to the Declaration of Adam Gonnelli ("Gonnelli Decl.").)

-2-

Defendant submitted their objections to the Rule 30(b)(6) Notice on July 13, 2018 (*See* Defendant's Objections to Plaintiff's Notice of 30(b)(6) Deposition, Gonnelli Decl. Ex. 2).  On July 26, 2018, the day before the depositions were held, Defendant identified the designated two witnesses for these topics: Robert Phillips for topics 1, 5, and 6, and Vrena Ranallo for topics 2, 3, 4, and 7. (*See* Gonnelli Decl. ¶ 7).

Plaintiffs have "the right to a 30(b)(6) witness prepared to speak to at least the vast majority of questions posed on noticed topics." *Avago Techs., Inc. v. IPtronics Inc.*, No. 5:10-cv-02863-EJD 2015 U.S. Dist. LEXIS 66177 * 14 (N.D. Cal. May 19, 2015).  Defendant's 30(b)(6) designees could not even respond to a small minority of the questions posed to them.

With respect to Topic 1, the existence and location of the documents that Plaintiffs had requested in their document requests, Mr. Phillips was unable to testify on any documents with the exception of ███████████████ ███████████████ ((*See* Rough Draft of the July 27, 2018 Transcript of Robert Philips ("Phillips Tr."), Gonneli Decl. Ex. 3 at 13:10-14)).

_____

[1] Plaintiffs believe that the limitations on the spreadsheets themselves are improper and submitted this issue to Magistrate Judge Early.

-3-

1

2

3

4

5

6

7  Id. at p. 7:2-10.  *See also* Tr. at 10:4-9

8

9

10      With respect to Topic 2, the ingredients of the product, Ms. Ranallo did not

11  know

12

13                                   ((*See* Rough Draft of the July 27, 2018 Transcript

14  of Vrena Ranallo ("Ranallo Tr.") Gonnelli Decl. Ex. 4 at p. 38:16—39:7, 44:16-

15  19)).   Ms. Ranallo had no basis for her assertion that

16

17

18

19              Id.  She had not

20

21

22          Id.  Ms. Ranallo was unaware of                              (Id.

23  at 41:16-22),                                            (Id. at

24  52:23-53:1),                                            (Id.

25  at 54:2-11),                                            (Id.

26

27  at 55:25-56:2).  Following a review of some of the documents in her binder:

28



-4-



Id. at 45:11-12.

Regarding Topic 3, the labeling and packaging of the Product, Ms. Ranallo was unable to provide responses to questions regarding

(Ranallo Tr. at 18:12-14, 24:3-26:22, 41:12-15):

PLAINTIFFS' EX PARTE APPLICATION TO STAY THE CASE AND MOTION FOR DISCOVERY SANCTIONS

1

2

3

4

5

6  Id. 9:3-22.

7      With respect to Topic 4, the channels of distribution for the Product, Ms.

8

9  Ranallo was unable to identify ███████████████ (Ranallo Tr. at 17:22-23).

10  She was also unable to testify, ████████████████████████████

11  ██████████████████ (Id. at 21:11-18).

12

13      Regarding Topic 5, pricing of the product, Mr. Phillips could not answer

14  questions regarding ████████████████████████████ (Phillips

15  Tr. p.22:14-15), ██████████████ (Id. at 22:21-23), ████████████

16

17  ████████ (Id at. 26:14-16), ████████████████████ (Id at 30).

18      With respect to Topic 6, the sales of the product, Mr. Phillips was unable to

19

20  testify about ████████████████████ (Phillips Tr. p. 23, 25:25-26:3) and

21  ██████████████████████ (Id. at 31:2-7).

22      Plaintiffs request a stay of the case until such time as Defendant produces

23

24  witnesses who are knowledgeable and prepared to testify regarding these topics.

25      There is good cause to grant a stay of the proceedings in this case because the

26  questions which Younique's 30(b)(6) witnesses would not or could not answer are

27

28  important to Plaintiffs' case, pertinent to class certification and will likely be the

-6-

subject of expert testimony.  Moreover, Younique's refusal to produce knowledgeable and prepared 30(b)(6) witnesses for deposition (part of a persistent and ongoing refusal to provide requested discovery to which Plaintiffs are entitled) warrants sanctions under Rule 37.

## II.   DEFENDANT'S CONDUCT REQUIRES SANCTIONS UNDER FRCP 37

A court may impose sanctions for discovery violations through Rule 37. *Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). Rule 37 sanctions are mandatory and must be applied diligently both to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent." *Wingnut Films, Ltd. v. Katja Motion Pictures Corp.*, No. 05-cv-1516-RSWL, 2007 U.S. Dist. LEXIS 72953, at *54 (C.D. Cal. Sept. 18, 2007. "The burden is on the disclosing party to show that the failure to disclose information or witnesses was justified or harmless." *FormFactor, Inc. v. Micro-Probe, Inc.*, Case No. 4:10-cv-3095-PJH, 2012 U.S. Dist. LEXIS 62233, at *26 (N.D. Cal. May 3, 2012) (citing *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001)). Willfulness, bad faith, or fault of the party including disobedient conduct not shown to be outside the litigant's control also prevent findings of substantial justification. T*acori Enters., Inc. v. Beverlly Jewellry Co.*, Ltd., 253 F.R.D. 577, 582 (C.D. Cal. 2008)

-7-

(citations omitted).

Further, under Rule 37(d)(1)(A)(i), sanctions are available when the failure to produce an adequately prepared witness pursuant to Rule 30(b)(6) is tantamount to a failure to appear. *See JSR Micro, Inc. v. QBE Ins. Corp*, 2010 U.S. Dist. LEXIS 56000 (awarding sanctions under Rule 37(a)(5)(A) for unprepared 30(b)(6) witness); *Black Horse Lane Assocs., L.P. v. Dow Chem. Corp.*, 228 F.3d 275, 304 (3d Cir. 2000) (affirming monetary sanctions because "if a Rule 30(b)(6) witness is unable to give useful information, he is no more present for the deposition than would be a deponent who physically appears for the deposition but sleeps through it"); *Resolution Trust Corp. v. S. Union Co.*, 985 F.2d 196, 197,198 (5th Cir. 1993) (same); *Great Am. Ins. Co. of N. Y. v. Vegas Constr. Co., Inc.*, 251 F.R.D. 534, 543 (D. Nev. 2008) (same).

Here, this is little doubt that an award of reasonable expenses is warranted. Plaintiff's counsel spent dozens of hours preparing for the depositions of Defendant's 30(b)(6) witnesses and incurred expenses flying from New York to Utah in order to conduct said depositions.  As demonstrated above, Defendant's witnesses were utterly unprepared to answer basic questions on topics for which they were designated, especially Ms. Ranallo, who relied entirely on a binder of documents provided by Younique's counsel, and still could not testify regarding ███. ███████████████████████. Defendant cannot offer any justification, let alone substantial one, for its failure to produce knowledgeable and prepared 30(b)(6)

witnesses for deposition, and thus Rule 37 sanctions are warranted.  *See Avago Techs., Inc. v. IPtronics Inc.*, No. 5:10-cv-02863-EJD 2015 U.S. Dist. LEXIS 66177 * 10-16 (N.D. Cal. May 19, 2015) (sanctioning company for costs and fees for producing a 30(b)(6) witness who could not speak about 9 of 24 designated topics).

## III.   PLAINTIFFS PROVIDED NOTICE OF THE SUBJECT *EX PARTE* APPLICATION

On July 27, 2018, as a result of Ms. Ranallo's unpreparedness, Plaintiffs' suspended the deposition pending Younique producing a witness who could answer the questions posed to Ms. Ranallo.   (Ranallo Tr. at 57).  Younique's counsel took the position that Ms. Ranallo was not unprepared and that Younique would not produce any additional 30(b)(6) witnesses.

For the reasons above, Plaintiffs request that the proposed stay be granted, well as the requested sanction against Younique and/or its counsel.

Dated: July 30, 2018              NYE, PEABODY, STIRLING, HALE & MILLER, LLP

                                  By:  */s/*
                                       Jonathan D. Miller, Esq.
                                       Alison M. Bernal, Esq.

*[Signatures continued on following page.]*

Dated: July 30, 2018              CARLSON LYNCH SWEET KILPELA & CARPENTER, LLP

                                  By:  */s/*
                                       Ed Kilpela, Esq.

Dated: July 30, 2018              THE SULTZER LAW GROUP P.C.

-9-

By:   */s/*
      Adam Gonnelli, Esq.

Dated: July 30, 2018           WALSH, PLLC

By:   */s/*
      Bonner Walsh, Esq.

*Attorneys for Plaintiffs and the Class*

-10-