SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
   Including Professional Corporations
SASCHA HENRY, Cal. Bar No. 191914
JONATHAN D. MOSS, Cal. Bar No. 252376
shenry@sheppardmullin.com
jmoss@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071-1422
Telephone: 213.620.1780
Facsimile: 213.620.1398

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
   Including Professional Corporations
ABBY H. MEYER, Cal. Bar No. 294947
ameyer@sheppardmullin.com
650 Town Center Drive, Fourth Floor
Costa Mesa, CA 92626-1993
Telephone: 714.513.5100
Facsimile: 714.513.5130

Attorneys for Defendant Younique, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| MEGAN SCHMITT, DEANA REILLY, CAROL ORLOWSKY, and STEPHANIE MILLER BRUN, individually and on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>YOUNIQUE, LLC<br><br>    Defendant. | Case No. 8:17-cv-01397-JVS-JDE<br><br>**DEFENDANT YOUNIQUE, LLC'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF SUMMARY JUDGMENT**<br><br>*Filed Concurrently with Notice of Motion and Motion for Summary Judgment; and Declaration of Sascha Henry in Support Thereof]*<br><br>Hearing Date: October 22, 2018<br>Hearing Time: 1:30 p.m.<br><br>The Hon. James V. Selna<br>Santa Ana, Courtroom 10C<br><br>SACC filed: January 4, 2018<br>Trial Date: February 19, 2019 |

**[PUBLIC REDACTED VERSION]**

-1-

SMRH:487757708.1     STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

In accordance with Local Rule 56-1, in support of its Motion for Summary Judgment, or in the Alternative, Partial Summary Judgment, defendant Younique, LLC ("Younique") offers the following statement of uncontroverted facts and conclusions of law.

## UNCONTROVERTED FACTS

<u>Issue One</u>:  Reilly Lacks Standing To Bring A Claim Under Florida's Deceptive And Unfair Trade Practices Act.

| No. | Uncontroverted Fact | Evidence |
|---|---|---|
| 1 | ██████████████████████ | Henry Decl., ¶ 5, Ex. A, Reilly Tr., 67:12-18 |

<u>Issue Two</u>:  Reilly Cannot Establish The Causation Required Under Florida's Deceptive And Unfair Trade Practices Act.

| No. | Uncontroverted Fact | Evidence |
|---|---|---|
| 1 | ██████████████████████ | Henry Decl., ¶ 5, Ex. A, Reilly Tr., 67:12-18 |
| 2 | ██████████████████████ | Henry Decl., ¶ 5, Ex. A, Reilly Tr., 149:2-11; *see also* 43:24-44:10 |
| 3 | ██████████████████████ | Henry Decl., ¶ 5, Ex. A, Reilly Tr., 134:21-135:9 |
| 4 | ██████████████████████ | Henry Decl., ¶ 5, Ex. A, Reilly Tr., 153:19-154:15 |

<u>Issue Three</u>:  Reilly Lacks Evidence of Damages Recoverable Under Florida's Deceptive And Unfair Trade Practices Act.

| No. | Uncontroverted Fact | Evidence |
|---|---|---|
| 3 | ██████████████████████ | Henry Decl., ¶ 5, Ex. A, Reilly Tr., 134:21-135:9 |
| 4 | ██████████████████████ | Henry Decl., ¶ 5, Ex. A, Reilly Tr., 153:19-154:15 |
| 5 | ██████████████████████ | Henry Decl., ¶ 5, Ex. A, Reilly Tr., 27:15-29:1; 58:22-25 |

SMRH:487757708.1                     STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| No. | Uncontroverted Fact | Evidence |
|---|---|---|
| 6 | In response to written discovery seeking documents that support her damages, Reilly objected, stating that she would "comply with [the rules and case management order] governing disclosure of expert information." | Henry Decl., ¶ 36, Ex. FF; Response Nos. 9, 16, 17, 20, 21, 24-27 |
| 7 | ▮ | Henry Decl., ¶ 41, Ex. KK, May Report |
| 8 | ▮ | Henry Decl., ¶ 41, Ex. KK, May Report |

<u>Issue Four</u>:  Plaintiff Orlowsky Lacks Standing To Bring Claims Under Tennessee Law.

| No. | Uncontroverted Fact | Evidence |
|---|---|---|
| 9 | ▮ | Henry Decl., ¶ 6, Ex. B, Orlowsky Tr., 122:11-123:11. |

<u>Issue Five</u>:  Plaintiff Orlowsky Was Required To, But Did Not, Give Pre-Suit Notice Of Her Warranty Claims.

| No. | Uncontroverted Fact | Evidence |
|---|---|---|
| 10 | ▮ | Henry Decl., ¶ 6, Ex. B, Orlowsky Tr., 37:23-38:1; Ex. E, PL0006-0008 |
| 11 | Plaintiff Schmitt gave pre-suit notice only as to her California state law claims. | Henry Decl., ¶ 9, Ex. E, PL0006-0008 |

<u>Issue Six</u>:  Orlowsky Does Not Have Standing To Bring The Claims Alleged In The Operative Complaint.

| No. | Uncontroverted Fact | Evidence |
|---|---|---|
| 12 | ▮ | Henry Decl., ¶ 6, Ex. B, Orlowsky Tr., 131:9-25 |
| 13 | ▮ | Henry Decl., ¶ 6, Ex. B, Orlowsky Tr., 92:18-93:5 |
| 14 | ▮ | Henry Decl., ¶ 6, Ex. B, |

| No. | Uncontroverted Fact | Evidence |
|---|---|---|
| 15 | [redacted] | Orlowsky Tr., 131:9-25<br>Henry Decl., ¶ 6, Ex. B, 31:12-32:7; 79:16-80:4; 112:7-14; 195:3-7 |

Issue Seven: Orlowsky Lacks Evidence That The Label Caused Her Damage.

| No. | Uncontroverted Fact | Evidence |
|---|---|---|
| 12 | [redacted] | Henry Decl., ¶ 6, Ex. B, Orlowsky Tr., 131:9-25 |
| 13 | [redacted] | Henry Decl., ¶ 6, Ex. B, Orlowsky Tr., 92:18-93:5 |
| 14 | [redacted] | Henry Decl., ¶ 6, Ex. B, Orlowsky Tr., 131:9-25 |
| 15 | [redacted] | Henry Decl., ¶ 6, Ex. B, Orlowsky Tr., 31:12-32:7; 79:16-80:4; 112:7-14; 195:3-7 |
| 16 | [redacted] | Henry Decl., ¶ 6, Ex. B, Orlowsky Tr., 31:12-32:7 |
| 17 | [redacted] | Henry Decl., ¶ 6, Ex. B, Orlowsky Tr., 195:3-7 |

Issue Eight: Orlowsky Lacks Evidence Of Damages Recoverable Under Her Claims.

| No. | Uncontroverted Fact | Evidence |
|---|---|---|
| 18 | [redacted] | Henry Decl., ¶ 6, Ex. B, Orlowsky Tr., 81:18-20 |
| 19 | In response to written discovery seeking documents that support her damages, she objected, stating that she would "comply with [the rules and case management order] governing disclosure of expert information." | Henry Decl., ¶ 37, Ex. GG, Responses 9, 16, 17, 20, 21, 24-27 |
| 20 | [redacted] | Henry Decl., ¶ 41, Ex. KK, |

| No. | Uncontroverted Fact | Evidence |
|---|---|---|
| 8 | ■■■ | May Report<br>Henry Decl., ¶ 41, Ex. KK, May Report |

Issue Nine: Plaintiff Schmitt Lacks Standing To Bring Her Claims Based On Alleged Mislabeling.

| No. | Uncontroverted Fact | Evidence |
|---|---|---|
| 21 | ■■■ | Henry Decl., ¶ 7, Ex. C, (Schmitt Tr.) 32:19-33:13; 41:2-44:8 |
| 22 | ■■■ | Henry Decl., ¶ 7, Ex. C, Schmitt Tr., 32:19-33:13; 41:2-42:6 |
| 23 | ■■■ | Henry Decl., ¶ 7, Ex. C, Schmitt Tr., 47:2-48:1; *see also* 39:19-40:6; 102:18-104:2 |

Issue Ten: Schmitt Has No Evidence Of Causation.

| No. | Uncontroverted Fact | Evidence |
|---|---|---|
| 21 | ■■■ | Henry Decl., ¶ 7, Ex. C, Schmitt Tr., 32:19-33:13; 41:2-44:8 |
| 22 | ■■■ | Henry Decl., ¶ 7, Ex. C, Schmitt Tr., 32:19-33:13; 41:2-42:6 |
| 23 | ■■■ | Henry Decl., ¶ 7, Ex. C, Schmitt Tr., 47:2-48:1; *see also* 39:19-40:6; 102:18-104:2 |

Issue Eleven: Schmitt Has No Evidence Of Her Damages.

| No. | Uncontroverted Fact | Evidence |
|---|---|---|
| 24 | ■■■ | Henry Decl., ¶ 7, Ex. C, Schmitt Tr., 129:5-130:1 |
| 25 | ■■■ | Henry Decl., ¶ 7, Ex. C, Schmitt Tr., 128:10-17 |
| 26 | ■■■ | Henry Decl., ¶ 7, Ex. C, |

| No. | Uncontroverted Fact | Evidence |
|---|---|---|
| 27 | [redacted] | Schmitt Tr., 52:10-22; 55:5-8<br>Henry Decl., ¶ 7, Ex. C, Schmitt Tr., 52:10-22; 55:5-8 |
| 28 | In response to written discovery seeking documents that support her damages, Schmitt objected, stating that she would "comply with [the rules and case management order] governing disclosure of expert information." | Henry Decl., ¶ 39, Ex. II |
| 29 | [redacted] | Henry Decl., ¶ 41, Ex. KK, May Report |
| 8 | [redacted] | Henry Decl., ¶ 41, Ex. KK, May Report |

<u>Issue Twelve</u>:  Brun's Ohio Consumer Sales Practices Act Claim Is Time-Barred.

| No. | Uncontroverted Fact | Evidence |
|---|---|---|
| 30 | The Lash Enhancer was last sold in June 2015. | Dkt. 80-1 (Mot. Class Cert.), 8:25-9:3 (acknowledging same); Dkt. 58, SAC, ¶ 4 |
| 31 | The original complaint was filed on August 14, 2017. | Dkt. 1 (original complaint). |
| 32 | Brun's evidence of purchases show they all occurred more than 2 years before the original complaint was filed. | Henry Decl., ¶ 9, Ex. E (PL00002) and Henry Decl., ¶¶ 10, 14-20, Exs. F, J-P |

<u>Issue Thirteen</u>:  Brun Lacks Evidence That The Alleged Breach of Warranty And Alleged Breach of the OCSPA Caused Her Harm.

| No. | Uncontroverted Fact | Evidence |
|---|---|---|
| 33 | [redacted] | Henry Decl., ¶ 8, Ex. D, (Brun Tr.) 91:5-18; 166:24-167:6 |
| 34 | [redacted] | Henry Decl., ¶ 8, Ex. D, Brun Tr., 158:15-161:3; 234:4-20; 279:21-280:8 |
| 35 | [redacted] | Henry Decl., ¶ 8, Ex. D, Brun Tr., 308:13-309:1 |

Issue Fourteen: Brun Lacks Evidence Of Damages Recoverable Under Her Claims.

| No. | Uncontroverted Fact | Evidence |
|---|---|---|
| 36 | ███ | Henry Decl., ¶ 8, Ex. D, Brun Tr., 50:7-16. |
| 37 | In response to written discovery seeking documents that support her damages, she objected, stating that she would "comply with [the rules and case management order] governing disclosure of expert information." | Henry Decl., ¶ 40, Ex. JJ, Responses 9, 16, 17, 20, 21, 24-27. |
| 38 | ███ | Henry Decl., ¶ 41, Ex. KK, May Report |
| 8 | ███ | Henry Decl., ¶ 41, Ex. KK, May Report |

Issue Fifteen: Orlowsky's Magnuson-Moss Warranty Act Claim Fails For The Same Reasons Her Implied Warranty Claim Fails.

| No. | Uncontroverted Fact | Evidence |
|---|---|---|
| 8 | ███ | Henry Decl., ¶ 41, Ex. KK, May Report |
| 10 | ███ | Henry Decl., ¶ 6, Ex. B, Orlowsky Tr., 37:23-38:1; Ex. E, PL0006-0008 |
| 11 | Plaintiff Schmitt gave pre-suit notice only as to her California state law claims. | Henry Decl., ¶ 9, Ex. E, PL0006-0008 |
| 12 | ███ | Henry Decl., ¶ 6, Orlowsky Tr., Ex. B, 131:9-25 |
| 13 | ███ | Henry Decl., ¶ 6, Ex. B, Orlowsky Tr., 92:18-93:5 |
| 14 | ███ | Henry Decl., ¶ 6, Ex. B, Orlowsky Tr., 131:9-25 |
| 15 | ███ | Henry Decl., ¶ 6, Ex. B, |

-7-

| No. | Uncontroverted Fact | Evidence |
|---|---|---|
|  | [redacted] | Orlowsky Tr., 31:12-32:7; 79:16-80:4; 112:7-14; 195:3-7 |
| 16 | [redacted] | Henry Decl., ¶ 6, Ex. B, Orlowsky Tr., 31:12-32:7 |
| 17 | [redacted] | Henry Decl., ¶ 6, Ex. B, Orlowsky Tr., 195:3-7 |
| 18 | [redacted] | Henry Decl., ¶ 6, Ex. B, Orlowsky Tr., 81:18-20 |
| 19 | In response to written discovery seeking documents that support her damages, she objected, stating that she would "comply with [the rules and case management order] governing disclosure of expert information." | Henry Decl., ¶ 37, Ex. GG, Responses 9, 16, 17, 20, 21, 24-27 |
| 20 | [redacted] | Henry Decl., ¶ 41, Ex. KK, May Report |

**Issue Sixteen**: Schmitt's Magnuson-Moss Warranty Act Claim Fails For The Same Reasons As Her Implied Warranty Claims.

| No. | Uncontroverted Fact | Evidence |
|---|---|---|
| 8 | [redacted] | Henry Decl., ¶ 41, Ex. KK, May Report |
| 21 | [redacted] | Henry Decl., ¶ 7, Ex. C, Schmitt Tr., 32:19-33:13; 41:2-44:8 |
| 22 | [redacted] | Henry Decl., ¶ 7, Ex. C, Schmitt Tr., 32:19-33:13; 41:2-42:6 |
| 23 | [redacted] | Henry Decl., ¶ 7, Ex. C, Schmitt Tr., 47:2-48:1; *see also* 39:19-40:6; 102:18-104:2 |
| 24 | [redacted] | Henry Decl., ¶ 7, Ex. C, Schmitt Tr., 129:5-130:1 |
| 25 | [redacted] | Henry Decl., ¶ 7, Ex. C, Schmitt Tr., 128:10-17 |
| 26 | [redacted] | Henry Decl., ¶ 7, Ex. C, Schmitt Tr., 52:10-22; 55:5-8 |

| No. | Uncontroverted Fact | Evidence |
|---|---|---|
| 27 | [REDACTED] | Henry Decl., ¶ 7, Ex. C, Schmitt Tr., 52:10-22; 55:5-8 |
| 28 | In response to written discovery seeking documents that support her damages, Schmitt objected, stating that she would "comply with [the rules and case management order] governing disclosure of expert information." | Henry Decl., ¶ 39, Ex. II |
| 29 | [REDACTED] | Henry Decl., ¶ 41, Ex. KK, May Report |

Issue Seventeen: Brun's Magnuson-Moss Warranty Act Claim Fails For The Same Reasons As Her Implied Warranty Claims.

| No. | Uncontroverted Fact | Evidence |
|---|---|---|
| 8 | [REDACTED] | Henry Decl., ¶ 41, Ex. KK, May Report |
| 33 | [REDACTED] | Henry Decl., ¶ 8, Brun Tr., Ex. D, 91:5-18; 166:24-167:6 |
| 34 | [REDACTED] | Henry Decl., ¶ 8, Ex. D, Brun Tr., 158:15-161:3; 234:4-20; 279:21-280:8 |
| 35 | [REDACTED] | Henry Decl., ¶ 8, Ex. D, Brun Tr., 308:13-309:1 |
| 36 | [REDACTED] | Henry Decl., ¶ 8, Ex. D, Brun Tr., 50:7-16. |
| 37 | In response to written discovery seeking documents that support her damages, she objected, stating that she would "comply with [the rules and case management order] governing disclosure of expert information." | Henry Decl., ¶ 40, Ex. JJ, Responses 9, 16, 17, 20, 21, 24-27. |
| 38 | [REDACTED] | Henry Decl., ¶ 41, Ex. KK, May Report |

Issue Eighteen: Plaintiffs Are Not Entitled To Equitable Relief.

| No. | Uncontroverted Fact | Evidence |
|---|---|---|
| 39 | Plaintiffs seek money damages and have not articulated any reason why their remedies at law would not be adequate were they to prevail. | Dkt. 58, SAC; Dkt. 80-1, Mot. Class Cert, 26:16-29:11 |

### CONCLUSIONS OF LAW

1. Reilly lacks standing to bring her FDUTPA claim because ███████████████████████████████████████████████████ Ex. A, Reilly Tr., 67:12-18; *Rollins, Inc. v. Butland*, 951 So.2d 860, 869 (Fla. Dist. Ct. App. 2006); *Zlotnick v. Premier Sales Group, Inc.*, 480 F.3d 1281, 1284 (11th Cir. 2007).

2. Reilly cannot prove the causation element of her FDUTPA claim. Ex. A, Reilly Tr., 43:24-44:10; 67:12-18; 134:21-135:9; 149:2-11; 153:19-154:15; *Rollins, Inc. v. Butland*, 951 So.2d 860, 869 (Fla. Dist. Ct. App. 2006); *Zlotnick v. Premier Sales Group, Inc.*, 480 F.3d 1281, 1284 (11th Cir. 2007).

3. Reilly has no recoverable damages. Ex. A, Reilly Tr., 27:15-29:1; 58:22-25; 134:21-135:9; 153:19-154:15; Ex. FF; Ex. KK; *Baptist Hosp., Inc. v. Baker*, 84 So.3d 1200, 1204-05 (Fla. 1st DCA 2012).

4. Younique is entitled to summary judgment on Reilly's FDUTPA claim. Ex. A, Reilly Tr., 27:15-29:1; 43:24-44:10; 58:22-25; 67:12-18; 134:21-135:9; 149:2-11; 153:19-154:15; Ex. FF; Ex. KK; *Rollins, Inc. v. Butland*, 951 So.2d 860, 869 (Fla. Dist. Ct. App. 2006); *Zlotnick v. Premier Sales Group, Inc.*, 480 F.3d 1281, 1284 (11th Cir. 2007); *Baptist Hosp., Inc. v. Baker*, 84 So.3d 1200, 1204-05 (Fla. 1st DCA 2012).

5. Younique is entitled to summary judgment on Orlowsky's Tennessee law claims because ███████████████████████████████████ Ex. B, (Orlowsky Tr.) 122:11-123:11; *United Food & Commer. Workers Local 1776 & Participating Employers Health & Welfare Fund v. Teikoku Pharma*

*USA, Inc.*, 74 F.Supp.3d 1052, 1078-79 (N.D. Cal. 2014).

6. Younique is entitled to summary judgment on Orlowsky's warranty claims because ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. B, 37:23-38:1; Ex. E, PL0006-0008; Tenn. Code Ann. § 47-2-607(3)(a); *Siriano v. Goodman Mfg. Co., L.P.*, 2015 U.S. Dist. LEXIS 191458, *21-22 (S.D. Ohio Aug. 18, 2015); *Rysewyk v. Sears Holdings Corp.*, 2015 U.S. Dist. LEXIS 169124, *12-13 (N.D. Ill. Dec. 18, 2015); *Preston v. Manchester*, 1990 Tenn. App. LEXIS 625, *33 (Aug. 31. 1990).

7. Orlowsky does not have standing to bring the claims that are alleged in the complaint. Ex. B, 92:18-93:5; 112:7-14; 131:9-25; *Smith v. TimberPro Inc.*, 2017 Tenn. App. LEXIS 163, *11-12 (Mar. 9, 2017); *Bearden v. Honeywell Int'l, Inc.*, 2010 U.S. Dist. LEXIS 83996, *14 (M.D. Tenn. Aug. 16, 2010); *Preston v. Manchester*, 1990 Tenn. App. LEXIS 625, *33 (Aug. 31. 1990); *ProductiveMD, LLC v. 4UMD, LLC*, 821 F.Supp.2d 955, 967 (M.D. Tenn. 2011).

8. Orlowsky lacks evidence that the label caused her any damage.  Ex. B, 31:12-32:7; 112:7-14; 79:16-80:4; 195:3-7; *Smith v. TimberPro Inc.*, 2017 Tenn. App. LEXIS 163, *11-12 (Mar. 9, 2017); *Bearden v. Honeywell Int'l, Inc.*, 2010 U.S. Dist. LEXIS 83996, *14 (M.D. Tenn. Aug. 16, 2010); *Preston v. Manchester*, 1990 Tenn. App. LEXIS 625, *33 (Aug. 31. 1990); *ProductiveMD, LLC v. 4UMD, LLC*, 821 F.Supp.2d 955, 967 (M.D. Tenn. 2011).

9. Orlowsky lacks evidence of damages recoverable under her claims. Ex. B, 81:18-20; Ex. GG, Ex. KK; *Smith v. TimberPro Inc.*, 2017 Tenn. App. LEXIS 163, *11-12 (Mar. 9, 2017); *Bearden v. Honeywell Int'l, Inc.*, 2010 U.S. Dist. LEXIS 83996, *14 (M.D. Tenn. Aug. 16, 2010); *Preston v. Manchester*, 1990 Tenn. App. LEXIS 625, *33 (Aug. 31. 1990); *ProductiveMD, LLC v. 4UMD, LLC*, 821 F.Supp.2d 955, 967 (M.D. Tenn. 2011); *Audio Visual Artistry v. Tanzer*, 403 S.W.3d 789, 809 (2012).

10. Younique is entitled to summary judgment on Orlowsky's express and implied warranty claims, and TCPA claim.  Ex. B, 31:12-32:7; 79:16-80:4; 81:18-

20; 112:7-14; 131:9-25; 195:3-7; Ex. GG, Ex. KK; *Smith v. TimberPro Inc.*, 2017 Tenn. App. LEXIS 163, *11-12 (Mar. 9, 2017); *Bearden v. Honeywell Int'l, Inc.*, 2010 U.S. Dist. LEXIS 83996, *14 (M.D. Tenn. Aug. 16, 2010); *Preston v. Manchester*, 1990 Tenn. App. LEXIS 625, *33 (Aug. 31. 1990); *ProductiveMD, LLC v. 4UMD, LLC*, 821 F.Supp.2d 955, 967 (M.D. Tenn. 2011); *Audio Visual Artistry v. Tanzer*, 403 S.W.3d 789, 809 (2012).

11. Schmitt lacks standing to bring her claims. Ex. C, 39:19-40:6; 41:5-44:8; 47:2-48:1; 102:18-104:2; 129:5-130:1; *Lavie v. Procter & Gamble Co.*, 105 Cal.App.4th 496, 508 (2003); *Kwikset Corp. v. Super. Ct.*, 51 Cal.4th 310, 326 (2011); *In re Tobacco II Cases*, 46 Cal.4th 298, 326 (2009); *Sateriale v. R.J. Reynolds Tobacco Co.*, 697 F.3d 777, 793-94 (9th Cir. 2012); *Viggiano v. Hansen Natural Corp.*, 944 F.Supp.2d 877, 893 (C.D. Cal. 2013); *Sandoval v. Pharmacare US, Inc.*, 730 Fed.Appx. 417, 419 (9th Cir. 2018); *Hadley v. Kellogg Sales Co.*, 273 F.Supp.3d 1052, 1096 (N.D. Cal. Aug. 10, 2017).

12. Schmitt has no evidence of causation. Ex. C, 39:19-40:6; 41:5-44:8; 47:2-48:1; 102:18-104:2; 129:5-130:1; *Kwikset Corp. v. Super. Ct.*, 51 Cal.4th 310, 326 (2011); *In re Tobacco II Cases*, 46 Cal.4th 298, 326 (2009); *Sateriale v. R.J. Reynolds Tobacco Co.*, 697 F.3d 777, 793-94 (9th Cir. 2012); *Sandoval v. Pharmacare US, Inc.*, 730 Fed.Appx. 417, 419 (9th Cir. 2018); *In re ConAgra Foods, Inc.*, 90 F.Supp.3d 919, 1007 (C.D. Cal. 2015).

13. Schmitt has no evidence of her damages. Ex. C, 52:10-22; 55:5-8; 128:10-17; Ex. II; Ex. KK; *In re Vioxx Class Cases*, 180 Cal.App.4th 116, 130-31 (2009); ." *Chowning v. Kohl's Dep't Stores, Inc.*, 2018 U.S. App. LEXIS 16336, *2-3 and n.1 (9th Cir. June 18, 2018); Cal. Comm. Code § 2714.

14. Younique is entitled to summary judgment on Schmitt's claims. Ex. C, 39:19-40:6; 41:5-44:8; 47:2-48:1; 52:10-22; 55:5-8; 102:18-104:2; 129:5-130:1; 128:10-17; Ex. II; Ex. KK; *Lavie v. Procter & Gamble Co.*, 105 Cal.App.4th 496, 508 (2003); *Kwikset Corp. v. Super. Ct.*, 51 Cal.4th 310, 326 (2011); *In re Tobacco*

*II Cases*, 46 Cal.4th 298, 326 (2009); *Sateriale v. R.J. Reynolds Tobacco Co.*, 697 F.3d 777, 793-94 (9th Cir. 2012); *Viggiano v. Hansen Natural Corp.*, 944 F.Supp.2d 877, 893 (C.D. Cal. 2013); *Sandoval v. Pharmacare US, Inc.*, 730 Fed.Appx. 417, 419 (9th Cir. 2018); *Hadley v. Kellogg Sales Co.*, 273 F.Supp.3d 1052, 1096 (N.D. Cal. Aug. 10, 2017); *Sandoval v. Pharmacare US, Inc.*, 730 Fed.Appx. 417, 419 (9th Cir. 2018); *In re ConAgra Foods, Inc.*, 90 F.Supp.3d 919, 1007 (C.D. Cal. 2015); *In re Vioxx Class Cases*, 180 Cal.App.4th 116, 130-31 (2009); ." *Chowning v. Kohl's Dep't Stores, Inc.*, 2018 U.S. App. LEXIS 16336, *2-3 and n.1 (9th Cir. June 18, 2018); Cal. Comm. Code § 2714.

15. Brun lacks standing as a matter of law to pursue relief under the ODTPA. *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 996 F.Supp.2d 942, 1006 (S.D. Cal. 2014).

16. Brun's OSCPA claim is time-barred. Dkt. 1; Dkt. 80-1 (Mot. Class Cert.), 8:25-9:3 (acknowledging same); Dkt. 58, SAC, ¶ 4; Ex. E (PL00002) and Exs. F, J-P; Ohio Rev. Code § 1345.10(C); *Rosenow v. Shutrump & Assocs.*, 163 Ohio App. 3d 500, 504-05 (2005).

17. Brun lacks evidence that the alleged violations caused her harm. Ex. D, 91:5-18; 158:15-161:3; 166:24-167:6; 234:4-20; 279:21-280:8; 308:13-309:1; *Caterpillar Fin. Servs. Corp. v. Harold Tatman & Son's, Enters.*, 2015-Ohio-4884, 11 (Ct. App. 2015); O.R.C. Ann. § 1302.26; *Bobb Forest Prods. v. Morbark Indus.*, 151 Ohio App. 3d 63, 81 (Ct. App. 2002); *Taylor v. Boardman Twp. Local Sch. Dist. Bd. of Educ.*, 2009-Ohio-6528, *25 (Ct. App. 2009); *Farris v. ADT, LLC*, 2017 U.S. Dist. LEXIS 161003, *10-11 (N.D. Ohio Sept. 29, 2017); *Butler v. Sterling, Inc.*, 2000 U.S. App. LEXIS 6419, *13-14 (6th Cir. Mar. 31, 2000).

18. Brun lacks evidence of damages recoverable under her claims. Ex. D, 50:7-16; Ex. JJ; Ex. KK; O.R.C. Ann. § 1302.88; *Pickens v. Phillips*, 1998 Ohio App. LEXIS 974, *4 (Ct. App. 1998).

19. Younique is entitled to summary judgment on Brun's claims. Ex. D,

50:7-16; 91:5-18; 158:15-161:3; 166:24-167:6; 234:4-20; 279:21-280:8; 308:13-309:1; Ex. JJ; Ex. KK; *Caterpillar Fin. Servs. Corp. v. Harold Tatman & Son's, Enters.*, 2015-Ohio-4884, 11 (Ct. App. 2015); O.R.C. Ann. § 1302.26; *Bobb Forest Prods. v. Morbark Indus.*, 151 Ohio App. 3d 63, 81 (Ct. App. 2002); *Taylor v. Boardman Twp. Local Sch. Dist. Bd. of Educ.*, 2009-Ohio-6528, *25 (Ct. App. 2009); O.R.C. Ann. § 1302.88; *Pickens v. Phillips*, 1998 Ohio App. LEXIS 974, *4 (Ct. App. 1998) *Farris v. ADT, LLC*, 2017 U.S. Dist. LEXIS 161003, *10-11 (N.D. Ohio Sept. 29, 2017); *Butler v. Sterling, Inc.*, 2000 U.S. App. LEXIS 6419, *13-14 (6th Cir. Mar. 31, 2000).

20. Plaintiffs' MMWA claims fails for the same reasons as Plaintiffs' implied warranty claims fail. *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008); *Tuscany Invs. LLC v. Daimler Trucks North Am. LLC*, 2015 U.S. Dist. LEXIS 109842, *5 (N.D. Cal. Aug. 19, 2015).

21. Younique is entitled to summary judgment on Plaintiffs' equitable claims. *Franklin v. Gwinnett Cty. Pub. Sch.*, 503 U.S. 60, 75-76 (1992); *Mort v. United States*, 86 F.3d 890, 892 (9th Cir. 1996); *Munning v. Gap, Inc.*, 238 F.Supp.3d 1195, 1203 (N.D. Cal. 2017).

Dated: September 17, 2018

          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By     */s/ Abby Meyer*
      SASCHA HENRY
      JONATHAN D. MOSS
      ABBY H. MEYER
    Attorneys for Defendant Younique, LLC