**NYE, PEABODY, STIRLING, HALE & MILLER, LLP**
Jonathan D. Miller (CA 220848)
Alison M. Bernal (CA 264629)
Jonathan@nps-law.com
33 West Mission St., Suite 201
Telephone: (805) 963-2345
Facsimile: (805) 563-5385

**CARLSON LYNCH SWEET KILPELA & CARPENTER, LLP**
Todd D. Carpenter (CA 234464)
tcarpenter@carlsonlynch.com
1350 Columbia Street, Ste. 603
Telephone: (619) 762-1900
Facsimile: (619) 756-6991

*Attorneys for Plaintiffs and the Class*
*[Additional Counsel Listed on Signature Page]*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEGAN SCHMITT, DEANA REILLY, CAROL ORLOWSKY, and STEPHANIE MILLER BRUN, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>YOUNIQUE, LLC,<br><br>Defendant. | Case No. 8:17-cv-01397-JVS-JDE<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT YOUNIQUE LLC'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>*Filed Concurrently with the Declaration of Adam Gonnelli, Plaintiffs' Statement of Disputed Facts, and Plaintiffs' Response to Defendant's Statement of Disputed Facts*<br><br>Date: November 19, 2018<br>Time: 1:30 p.m.<br><br>Complaint Filed: 8/17/17<br>Trial Date: 2/19/19 |

-1-

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

# TABLE OF CONTENTS

Page

I.  INTRODUCTION .................................................................................................. 4

II. FACTS .................................................................................................................... 4

III. STANDARD FOR SUMMARY JUDGMENT ...................................................... 6

IV. PLAINTIFFS WERE EXPOSED TO THE "100% NATURAL GREEN TEA FIBERS REPRESENTATION AND PAID MORE FOR THE PRODUCT AS A RESULT ................................................................................................................. 7

    A. Each of the Plaintiffs was Exposed to the Misrepresentation Prior to Purchasing the Product ................................................................................. 8

    B. Each of the Plaintiffs Purchased the Product as a Result of the False "100% Natural Green Tea Fibers" Representation ............................................... 11

    C. Each of the Plaintiffs was Injured by Paying More for the Product Than They Otherwise Would Have ........................................................................... 13

    D. The Expert Report of Doctor May Presents A Classwide Theory of Damages ....................................................................................................... 16

V. CONCLUSION .................................................................................................... 17

# TABLE OF AUTHORITIES

Cases

Anderson v. Liberty Lobby, Inc.,
   477 U.S. 242 .................................................................................................. 5

Brazil v. Dole Food Co.
   935 F. Supp. 2d 947, 962 (N.D. Cal. 2013) ................................................ 14

Celotex Corp. v. Catrett
   477 U.S. 317, 322 (1986) .............................................................................. 5

In re Tobacco II Cases
   46 Cal. 4th 298, 327 (Cal. 2009) ................................................................ 11

Kane v. Chobani, Inc.
   973 F. Supp. 2d 1120, 1128 (N.D. Cal. 2014) ............................................ 13

Lies v. Farrell Lines, Inc.
   641 F.2d 765 .................................................................................................. 5

Nat'l Ass'n of Optometrists & Opticians v. Harris
   682 F.3d 1144, 1147 (9th Cir. 2012) ............................................................ 5

Rosenow v. Shutrump Assoc
   163 Ohio App. 3d 500, 505 (Ohio Ct. App. 2005) ..................................... 15

T.W. Electric Service, Inc. v. Pacific Electric Contractors Ass'n
   809 F.2d 626, 630-31 (9th Cir. 1987) .......................................................... 6

Taylor v. List
   880 F. 2d 1040, 1045 (9th Cir. 1989) .......................................................... 5

Statutes

Fed. R. Civ. P. 56(a) ............................................................................................ 5

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Genuine issues of material fact preclude summary judgment in this case. Defendant Younique sold the "Moodstruck 3D Fiber Lashes" (the "Fiber Lashes" or the "Product") while representing that the Product was composed of "Natural Fibers" and "100% Natural Green Tea fibers." Independent testing, however, shows that these representations were false and that the product was actually comprised of synthetic nylon.

Defendant contends that Plaintiffs cannot demonstrate Article III standing or prove the elements of their warranty or state consumer protection law claims because they cannot demonstrate that: 1) they saw the "natural" representation before buying the Product; 2) they relied on the "natural" representation in deciding to purchase the Product; 3) that they paid more for the Product based on the "natural" representation. Each of these arguments, however, presents issues of fact that need to be resolved, and are thus inappropriate for summary judgment. As such, Defendant's motion should be denied in its entirety.

## II. FACTS

Younique marketed and sold the product at issue in this case, the "Moodstruck 3D Fiber Lashes" (the "Fiber Lashes" or the "Product") between October of 2012 and July of 2015. The Lashes have two components: an applying gel and the fiber lashes themselves. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *See* Declaration of Adam Gonnelli In Support Of Plaintiffs' Opposition to Defendant's Summary Judgment Motion ("Gonnelli Decl.") ▓▓▓▓▓▓▓▓▓▓



///

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT



### III. STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). The moving party bears the initial burden of establishing there is no genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Summary adjudication, or partial summary judgment "upon all or any part of [a] claim," is appropriate where there is no genuine dispute as to any material fact regarding that portion of the claim. Fed. R. Civ. P. 56(a); *see also Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981). Material facts are those that may affect the outcome of the case. *Nat'l Ass'n of Optometrists & Opticians v. Harris*, 682 F.3d

1144, 1147 (9th Cir. 2012) (citing. *Liberty Lobby*, 477 U.S. at 248). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248.

To defeat the motion for summary judgment, the responding party must present admissible evidence sufficient to establish any of the elements that are essential to the moving party's case and for which that party will bear the burden of proof at trial. *See id.; Taylor v. List*, 880 F. 2d 1040, 1045 (9th Cir. 1989). The Court may grant summary judgment only if the motion and supporting materials, including the facts considered undisputed, show the movant is entitled to summary judgment and if the responding party fails to properly address the moving party's assertion of fact as required by Rule 56(c). *See* Fed. R. Civ. P. 56(e).

In judging the evidence presented in support of or opposition to summary judgment, the Court does not make credibility determinations or weigh conflicting evidence. Rather, it draws all inferences in the light most favorable to the nonmoving party. *See T.W. Electric Service, Inc. v. Pacific Electric Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987).

## IV. PLAINTIFFS WERE EXPOSED TO THE "100% NATURAL GREEN TEA FIBERS" REPRESENTATION AND PAID MORE FOR THE PRODUCT AS A RESULT

Younique makes the same three arguments for each of the Plaintiffs: 1) the Plaintiffs were not exposed to the "100% Natural Green Tea Fibers" representation before purchasing the Product; 2) the Plaintiffs did not rely on the "100% Natural Green Tea Fibers" representation in purchasing the Product; and 3) the Plaintiffs did not pay more for the Product based on the "100% Natural Green Tea Fibers" representation.

These three "undisputed facts" are the basis for Defendant's motion for summary judgment regarding Plaintiff Reilly's claims under Florida's Deceptive

and Unfair Trade Practices Act ("FDUTPA") (Def. Mot. 13-14), Plaintiff Orlowsky's claims under the Tennessee Consumer Protection Act ("TCPA") and Tennessee express and implied warranty claims (Def. Mot. 16-18); Plaintiff Schmitt's claims under the UCL and California implied and express warranty laws (Def. Mot. 18-21) and; Plaintiff Brun's claims under Ohio implied and express warranty laws (Def. Mot. 22-24). Defendant contends that because the Plaintiffs allegedly were not exposed to the misrepresentation prior to purchasing the product, purchased the product for reasons other than the fact that it was advertised as "natural," and did not pay more for the Product based on the misrepresentation, that they lack standing and cannot show the necessary elements of the above claims. (Def Mot. 16-21, 22-24).

But there is evidence to the contrary for each argument. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

### A. Each of the Plaintiffs was Exposed to the Misrepresentation Prior to Purchasing the Product

Defendant contends that none of the Plaintiffs saw the product labeling prior to their first purchase of the Product, and therefore they cannot have standing and cannot demonstrate the causation and injury elements of their warranty and state consumer protection claims. Def Mot. 16-21, 22-24.

Contrary to Defendant's argument, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

1 ██████████████████████████████████████████████
2 ██████████████████████████████████████████████
3 ██████████████████████████████████████████████
4 ████████████████████████████████████
5 ██████████████████████████████ Thus, Defendant's
6 argument that the Plaintiffs lack standing and cannot prove their injuries under their
7 warranty and state consumer protection statute claims fails.
8 ████████████████████████████████████████████
9 ██████████████████████████████████████████
10 ██████████████████████████████████████████
11 ██████████████████████████████████████████████
12 ██████████████████████████████████████████████
13 ██████████████████████████████████████████████
14 ████████████████████████████████████████
15 ██████████████████████████████████████████████
16 ██████████████████████████████████████████████
17 █████████████████████████████████████████████
18 █████████████████████████████████████████████
19 ████████████████████
20 ██████████████████████████████████████████
21 █████████████████████████████████████████████
22 █████████████████████████████ As with Plaintiff Reilly,
23 Defendant alleges that Ms. Orlofsky "did not see the Lash Enhancer's label before
24 her first purchase of it," and therefore she does not have standing and cannot
25 demonstrate the causation and injury elements of her Tennessee warranty and TCPA
26 claims. (Def. Mot. 16). ████████████████████████████
27 █████████████████████████████████████████████
28

-9-

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

[Page content redacted]

-10-

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

1. █████████████████████████████
2. █████████████████████████████
3. █████████████████████████████
4. █████████████████████████████
5. █████████████████████████████
6. █████████████████████████████
7. █████████████████████████████
8. █████████████████████████████

9. Thus, each of the Plaintiffs was exposed to the content of Defendant's "natural" misrepresentations prior to their first purchase of the Product. That alone is sufficient to raise a genuine issue of fact as to whether the Plaintiffs suffered injury and whether that injury was caused by Defendant's misrepresentation.

13. █████████████████████████████
14. ███████████████████████████Consequently, their standing to pursue claims under Tennessee and Ohio law cannot be disputed. Defendant's further arguments in regard to Orlowsky's Tennessee claims are misplaced: a choice of law analysis is appropriate at a later time as standing has clearly been demonstrated.

### B. Each of the Plaintiffs Purchased the Product as a Result of the False "100% Natural Green Tea Fibers" Representation

Defendant's second premise is that the Plaintiffs did not rely on the "natural fibers" representations in purchasing the Product, but instead bought it for a variety of other reasons. However, Plaintiffs' deposition testimony demonstrates █████ ███████████████████████████████ █████ at the very least, creates a genuine issue of material fact.

█████████████████████████████
█████████████████████████████

-11-

1 ████████████████████████████████████████
2 ████████████████████████████████████████
3 ████████████████████████████████████████
4 ███████████
5 ░░░██████████████████████████████████████
6 ████████████████████████████████████████
7 ██████████████████████████████████
8 ██████████████████████████████████
9 ████████████████████████████████████████
10 ████████████████████████████████
11 ████████████████████████████████████████
12 ████████████████████████
13 ░░░█████████████████████████████
14 ████████████████████████████████████
15 ████████████████████████████████████
16 ████████████████████████████████████████
17 ██████████████████████████████████
18 ██
19 ░░░█████████████████████████████████
20 ████████████████████████████████████
21 ████████████████████████████████████████
22 ████████████████████████████████████████
23 ██████████████████████████████████
24 ████████████████████████████████████████
25 ████████████████████████████████████████
26 ██
27 ░░█████████████████████████████████████
28

-12-

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

1 ▓▓▓
2 ▓▓▓
3 ▓▓▓
4 ▓▓▓
5 ▓▓▓ Def Mot. 4-8, 17, 20-
6 21, 23. But, Plaintiffs "need not demonstrate that the defendant's misrepresentations
7 were 'the sole or even the predominant or decisive factor influencing his conduct,'
8 the misrepresentations must have 'played a substantial part' in the plaintiff[s']
9 decision making." *Ogden v. Bumble Bee Foods, LLC*, No. 5:12-CV-01828-LHK,
10 2014 U.S. Dist. LEXIS 565, *25, (N.D. Cal. Jan 2, 2014) ((quoting *In re Tobacco II*
11 *Cases*, 46 Cal. 4th 298, 327 (Cal. 2009)). ▓▓▓
12 ▓▓▓
13 ▓▓▓

### C. Each of the Plaintiffs was Injured by Paying More for the Product Than They Otherwise Would Have

Defendant next contends that the Plaintiffs have not produced evidence of injury or damages. Def Mot. 14, 17, 21, 23. But, the injury in this case is straightforward: the Plaintiffs paid more for the product than they otherwise would have based on Defendant's false representation that the Product was "natural." Indeed, each of the Defendants testified ▓▓▓ ▓▓▓ ▓▓▓ Consequently, the Court should reject Defendant's arguments regarding injury and damages.

▓▓▓
▓▓▓
▓▓▓
▓▓▓
▓▓▓

-13-

[Page content redacted]

-14-

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

1
2
3
4
5
6
7
8
9
10
11 ▮▮▮ This is all that is required to establish Article III
12 standing. *See Kane v. Chobani, Inc.*, 973 F. Supp. 2d 1120, 1128 (N.D. Cal. 2014)
13 ("Article III's standing requirements may be satisfied by allegations that a plaintiff
14 purchased a product he otherwise would not have purchased, or spent more on such
15 product, in reliance on the defendant's misrepresentations."); *see also Brazil v. Dole*
16 *Food Co.*, 935 F. Supp. 2d 947, 962 (N.D. Cal. 2013) (holding that "Brazil suffered
17 a concrete and particularized injury . . . [because] he allegedly was deceived, and
18 then paid money that he would not otherwise have paid had he known about the true
19 nature of Defendants' products").
20      Defendant presents a number of other arguments to demonstrate that Plaintiffs
21 did not suffer an injury. First, Defendant notes that Plaintiffs Brun and Orlowsky
22 were paid commissions for selling the Product. Def. Mot. 17, 23. ▮▮▮
23
24
25
26
27
28



-15-

1
2
3
4
5
6    Nor does Defendant's contention that Plaintiffs Brun and Schmitt
7
8
9
10
11
12
13
14
15
16
17
18    With respect to Younique's argument on the Ohio statute of limitations, Ms.
19    Brun retains her claim for rescission. *Rosenow v. Shutrump Assoc*, 163 Ohio App.
20    3d 500, 505 (Ohio Ct. App. 2005).
21        **D.    The Expert Report of Doctor May Presents A Classwide Theory of**
22             **Damages**
23    Defendant takes a half-hearted swipe at the report of Plaintiffs' Damages
24    Expert, Dr. Donald May. First, Younique argues that
25    2
26
27
28

-16-

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

[redacted] In any case, this is an issue that should be addressed as part of the *Comcast* analysis in the pending class certification motion.

## V. CONCLUSION

For the reasons stated above, Defendant's motion for summary judgment should be denied in its entirety.

Dated: October 22, 2018

NYE, PEABODY, STIRLING, HALE & MILLER, LLP

By: /s/
Jonathan D. Miller, Esq.
Alison M. Bernal, Esq.

Dated: October 22, 2018

CARLSON LYNCH SWEET KILPELA & CARPENTER, LLP

By: /s/
Ed Kilpela, Esq.

Dated: October 22, 2018

THE SULTZER LAW GROUP P.C.

By: /s/
Adam Gonnelli, Esq.

Dated: October 22, 2018

WALSH, PLLC

By: /s/
Bonner Walsh, Esq.

*Attorneys for Plaintiffs and the Class*