UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 17-1397 JVS(JDEx)    Date  December 21, 2018

Title  **Megan Schmitt v. Younique LLC**

Present: The Honorable  James V. Selna

Karla J. Tunis — Deputy Clerk

Not Present — Court Reporter

Attorneys Present for Plaintiffs:
Not Present

Attorneys Present for Defendants:
Not Present

**Proceedings:**   **(IN CHAMBERS)**
**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Younique, LLC ("Younique") filed a motion for summary judgment on Plaintiffs Megan Schmitt ("Schmitt"), Deana Reilly ("Reilly"), Carol Orlowsky ("Orlowsky"), and Stephanie Miller Brun's ("Brun") (together—"Plaintiffs") Second Amended Complaint ("SAC"). (Docket No. 100.) Plaintiffs opposed. (Opp'n, Docket No. 109-1). Younique replied. (Reply, Docket No. 115).

For the following reasons, the Court **grants in part** Younique's motion for summary judgment.

## I. BACKGROUND

This case concerns the marketing and sales of Younique's mascara product, Moodstruck 3D Fiber Lashes (the "Lash Enhancer").[1] (SAC, Docket No. 58 ¶ 1) The Lash Enhancer consists of two components, a "Transplanting Gel" and "Natural Fibers." (Id. ¶ 3.) Younique represented that the Natural Fiber component was "natural" and consisted of "100% Natural Green Tea Fibers." (Id. ¶ 4.) However, Plaintiffs allege that the Natural Fiber component did not actually contain any green tea leaves and instead was composed of ground-up nylon. (Id.) Plaintiffs allege that a reasonable person would not consider nylon "natural." (Id. ¶ 7.)

---

[1] The Court recites the following facts based on the record before it. To the extent that either party has objected to the facts contained, those objections are overruled. The Court does not rule on objections related to facts or evidence upon which it has not relied.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-1397 JVS(JDEx) | Date | December 21, 2018 |
| Title | **Megan Schmitt v. Younique LLC** | | |

Plaintiffs are consumers who purchased the Lash Enhancer. (Id. ¶¶ 32, 36, 40, 44) At all times relevant to this action, Schmitt was a citizen of California, Reilly was a citizen of Florida, Brun was a citizen of Ohio, and Orlowsky was a citizen of Tennessee. (Id.) Plaintiffs filed a purported class action against Younique alleging thirteen causes of action, including violations of the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. 2301, et seq., the California Unfair Competition Law ("UCL"), California Bus.& Prof. Code § 17200, et seq., the California Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, et seq., the Florida Unfair and Deceptive Trade Practices Act ("FUDTPA"), Fla. Stat. § 501.201, et seq., the Ohio Consumer Sales Practices Act, Ohio Rev. Code § 1345.01, the Ohio Deceptive Trade Practices Act ("ODTPA"), Ohio Rev. Code § 4165.01, et seq., and the Tennessee Consumer Protection Act ("TCPA"), Tenn. Code Ann. § 47-18-101, et seq.; breaches of an express warranty under California, Ohio, and Tennessee laws and breaches of the implied warranties of merchantability under California, Ohio, and Tennessee laws. (See generally SAC, Docket No. 58.) Younique filed this motion for summary judgment on all claims (Mot., Docket No. 100.)

## II. LEGAL STANDARD

Summary judgment is appropriate where the record, read in the light most favorable to the nonmovant, indicates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986). Summary adjudication, or partial summary judgment "upon all or any part of [a] claim," is appropriate where there is no genuine dispute as to any material fact regarding that portion of the claim. Fed. R. Civ. P. 56(a); see also Lies v. Farrell Lines, Inc., 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . . .") (internal quotation marks omitted).

Material facts are those necessary to the proof or defense of a claim, and are determined by referring to substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In deciding a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255.[2]

---

[2] "In determining any motion for summary judgment or partial summary judgment, the Court may assume that the material facts as claimed and adequately supported by the moving party are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. SACV 17-1397 JVS(JDEx)     Date December 21, 2018

Title    **Megan Schmitt v. Younique LLC**

The moving party has the initial burden of establishing the absence of a material fact for trial. Anderson, 477 U.S. at 256. "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . . , the court may . . . consider the fact undisputed." Fed. R. Civ. P. 56(e)(2). Furthermore, "Rule 56[(a)]³ mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322. Therefore, if the nonmovant does not make a sufficient showing to establish the elements of its claims, the Court must grant the motion.

### III. DISCUSSION

**A. Standing**

Pursuant to Article III of the Constitution, the Court's jurisdiction over the case "depends on the existence of a 'case or controversy.'" GTE Cal., Inc. v. FCC, 39 F.3d 940, 945 (9th Cir. 1994). A "case or controversy" exists only if a plaintiff has standing to bring the claim. Nelson v. NASA, 530 F.3d 865, 873 (9th Cir. 2008), rev'd on other grounds, 562 U.S. 134 (2011). To have standing, "a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc., 528 U.S. 167, 180–81 (2000); see also Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992); Nelson, 530 F.3d at 873. "[E]ach element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." Lujan, 504 U.S. at 561.

---

admitted to exist without controversy except to the extent that such material facts are (a) included in the 'Statement of Genuine Disputes' and (b) controverted by declaration or other written evidence filed in opposition to the motion." L.R. 56-3.

³ Rule 56 was amended in 2010. Subdivision (a), as amended, "carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word — genuine 'issue' becomes genuine 'dispute.'" Fed. R. Civ. P. 56, Notes of Advisory Committee on 2010 amendments.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-1397 JVS(JDEx) | Date | December 21, 2018 |
| Title | Megan Schmitt v. Younique LLC | | |

Younique argues that all of Plaintiffs' claims fail as a matter of law because each of the Plaintiffs lacks standing. (Mot., Docket No. 100 at 1.) Plaintiffs instead argue that there are issues of fact that preclude summary judgment. (Opp'n, Docket No. 109-1 at 1.) The Court examines each Plaintiff's claims below.

**1. Reilly**

Reilly brings her claim under the FUDTPA, which requires that there be "(1) a deceptive act of unfair practice; (2) causation; and (3) actual damages." Rollins, Inc. v. Butland, 951 So. 2d 860, 869 (Fla. Dist. Ct. App. 2006). "[T]he measure of actual damages is the difference in the market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should have been delivered according to the contract of the parties." Rollins, Inc. v. Heller, 454 So. 2d 580, 585 (Fla. Dist. Ct. App. 1984).

    a.    Causation

Younique argues that Reilly lacks standing because she was not exposed to the Lash Enhancer's labeling prior to purchasing and thus did not suffer an injury caused by the mislabeling. (Mot., Docket No. 100 at 13.) Younique points to Reilly's deposition testimony indicating that the language regarding the natural fibers was not important to her and that she spent $29 on the Lash Enhancer because her cousin was selling it—not because she was induced to by it because of alleged false labeling. (Id. at 14; Reilly Depo., 149:2-11, 43:24-44:10.; 153:19-154:15.)

Plaintiffs instead argue that since each of the Plaintiffs, including Reilly, was exposed to the misrepresentation that the Lash Enhancer was "natural" before their first purchase, there is a genuine issue of material fact as to whether there is a causal link between the alleged misrepresentation and Reilly's purchase. (Opp'n, Docket No. 109-1 at 11.) Since Reilly purchased the Lash Enhancer "under the context that it had all these benefits" and presenters advertised that the product had natural ingredients in it, including on the party page, Plaintiffs indicate that there are sufficient facts to establish causation. (Id. at 8–9; Reilly Transcript, 24:17-21, 44:20-21, 45:3-14.)

While Younique emphasizes the importance of having viewed the label prior to purchase, the operative complaint indicates that the FUDTPA claim extends beyond just

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-1397 JVS(JDEx) | Date | December 21, 2018 |
| Title | **Megan Schmitt v. Younique LLC** | | |

the representations on the label. The SAC alleges "Younique engaged in misleading, false, unfair, and/or deceptive acts and practices by misrepresenting to consumers that the Natural Fibers component of the Product was "natural" and contained only green tea leaves," but the claim does not arise exclusively from reading the label of the product.[4] (SAC, Docket No. 58 ¶ 115.) Thus, Reilly can still show an injury. In addition, the evidence could lead a reasonable jury to find that the alleged misrepresentation caused Reilly's injury because she would have been unlikely to purchase a product without the added benefits such as natural ingredients. (Reilly Transcript, 149:12-22.) While the natural aspects of the Lash Enhancer may not have been the *only* reason that Reilly purchased the product, Plaintiffs have still shown that it was a consideration in her decision such that there is a dispute of material fact precluding summary judgment as to causation.

        b.    Damages

Younique also states that Reilly lacks evidence of recoverable damages since she was willing to pay the $29 purchase price because her cousin was selling it, and she does not feel as though she lost out on the purchase. (Mot., Docket No. 100 at 13; Reilly Depo. 153:19-154:15, 27:15-29:1, 58:22-25, 134:21-135:9.) Since Plaintiff's expert, Dr. May, did not opine on Reilly's individual damages or classwide damages, Younique contends that Reilly cannot show damages, especially since the only damages that she could possibly be entitled to under the FUDTPA is the difference between the value of the Lash Enhancer as represented and the value as received. (Mot., Docket No. 100 at 14.)

Plaintiffs instead point to Reilly's deposition testimony to support their contention that she has a claim for recoverable damages:

> Q. It says, "The product Ms. Reilly received was worth less than product for which she paid." Do you see that?
> A. Yes.
> Q. Why do you believe that?

---

[4] Younique's objection to testimony of what Reilly's cousin posted on Facebook as hearsay is overruled, as it need not be offered for the purpose of proving the truth of the matter asserted. (Reply, Docket No. 114-1 at 8.) See Fed. Rule Evid. 802.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-1397 JVS(JDEx) | Date | December 21, 2018 |
| Title | **Megan Schmitt v. Younique LLC** | | |

> A. Because normal -- I am willing to pay more money if it has added benefits to me, like the natural fibers. That's an added benefit. It leaves me with the impression that when I put this on my eye, I'm not going to get an eye irritation, which I did. So that's why I wouldn't pay $29 for a product if it didn't have those added benefits.

(Reilly Transcript, 152:3-14.) Because Reilly indicated that she is willing to pay more for a product that has added benefits and the natural fibers representation indicated that the Lash Enhancer had added benefits, a reasonable jury could find that Reilly paid more for the Lash Enhancer based on the alleged misrepresentations than she otherwise would have.

Plaintiffs also indicate that they have shown damages as to Reilly's claim for two reasons: (1) Reilly estimated that the Lash Enhancer would only be worth $15 or $20 since it was actually comprised of nylon, and (2) although Dr. May has not opined on individual damages, he has presented three appropriate models for calculating class-wide damages. (Opp'n, Docket No. 109-1 at 14, 17.)

Younique instead contends that the Court cannot consider Reilly's estimation of the worth of the Lash Enhancer since Reilly objected in response to written discovery seeking documents supporting her damages stating that she would "comply with [the rules and case management order] governing disclosure of expert information." (Henry Decl., ¶ 36, Ex. FF; Response Nos. 9, 16, 17, 20, 21, 24-27; Reply, Docket No. 114-1 at 4–6.) Thus, Younique would hold Reilly to that response and bar evidence relating to her estimation of individual damages. Even if Reilly's testimony were considered, Younique states that Plaintiffs still cannot rely on it because she cannot isolate a price premium attributable to the representations that the product was natural because she was willing to pay more for the Lash Enhancer since her cousin was selling it. (Reply, Docket No. 114-1 at 6.) In addition, Younique argues that Reilly's subjective estimate of what she would be willing to pay is irrelevant because it fails to consider other marketplace factors. (Id.)

Younique, however, does not indicate why Reilly's deposition testimony regarding her estimated value would have required turning over any documents in discovery, nor have they presented evidence that she withheld *documents* regarding her individual damages that Plaintiffs now rely on. Because Plaintiffs have pointed to deposition

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-1397 JVS(JDEx) | Date | December 21, 2018 |
| Title | Megan Schmitt v. Younique LLC | | |

testimony that Reilly spent more than she otherwise would have spent on the Lash Enhancer, there is a genuine dispute of fact that precludes summary judgment as to standing based on a lack of damages. See Brazil v. Dole Food Co., 935 F. Supp. 2d 947, 962 (N.D. Cal. 2013) ("Brazil suffered a concrete and particularized injury based on the fact that he allegedly was deceived, and then paid money that he would not otherwise have paid had he known about the true nature of Defendants' products."). Younique's arguments regarding the inadequacy of Dr. May's expert report as to class-wide damages models is not relevant to the question of whether Reilly has standing to proceed on her claim.[5] (Opp'n, Docket No. 109-1 at 17.) Accordingly, the Court **denies** summary judgment as to Plaintiffs Claim 6 under the FUDTPA.

### 2. Orlowsky

Younique argues that Orlowsky lacks standing to bring claims under Tennessee law because she did not live in Tennessee when she purchased the Lash Enhancer. (Mot., Docket No. 100 at 14.)

Plaintiffs contend that "Defendant's . . . arguments in regard to Orlowsky's Tennessee claims are misplaced: a choice of law analysis is appropriate at a later time as standing has clearly been demonstrated." (Opp'n, Docket No. 58 at 11.) While Plaintiffs state that Orlowsky was a resident of Tennessee at the time this suit was filed, they cite no case law indicating why Orlowksy would have standing without having made her purchases of the Lash Enhancer while in Tennessee. (Reply, Docket No. 114-1 at 9; Response, Docket No. 114-3 ¶ 5.)

The purpose of the Tennessee Consumer Protection Act is "[t]o protect consumers and legitimate business enterprises from those who engage in unfair or deceptive acts or practices in the conduct of any trade or commerce in part or wholly within this state." Tenn. Code Ann. § 47-18-102. Since Orlowsky indicated that she did not purchase the Lash Enhancer within the state of Tennessee, her claim fails under the TCPA. See In re Capacitors Antitrust Litig., 154 F. Supp. 3d 918, 926 (N.D. Cal. 2015) ("[T]he strong trend in [the Northern District of California] and in other courts is to require an in-state

---

[5] The Court addresses Dr. May's class-wide damages models in the separate Order on Class Certification. Once the class is certified, Younique may challenge the merits of Plaintiffs' claims on a class-wide basis.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-1397 JVS(JDEx) | Date | December 21, 2018 |
| Title | Megan Schmitt v. Younique LLC | | |

purchase to establish Article III standing for state antitrust and related consumer protection claims like the ones alleged in this case."); see also (Order, Docket No. 53 at 7.) ("Younique does not urge the Court to strike allegations under other states' laws based on Rule 23; instead, it correctly argues that the named Plaintiffs do not have standing to bring claims under the laws of states where they do not allege they made purchases or were injured."). As such, the Court does not find that Plaintiffs have established standing for Orlowsky to bring claims under Tennessee law. Thus, the Court **grants** summary judgment as to Plaintiffs' claims 11-13 and claim 1 insofar as it relates to Orlowsky. See United Food & Commercial Workers Local 1776 & Participating Employers Health & Welfare Fund v. Teikoku Pharma USA, Inc., 74 F. Supp. 3d 1052, 1079 (N.D. Cal. 2014) (citing Easter v. Am. W. Fin., 381 F.3d 948, 962 (9th Cir. 2004)) ("The Ninth Circuit has confirmed that district courts can address "the issue of standing before it addresse[s] the issue of class certification.").[6]

### 3. Schmitt

#### a. California's Consumer Protection Laws

The UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. To establish standing under the UCL, the plaintiff must allege (1) "economic injury" ( i.e. , a loss or deprivation of money or property sufficient to qualify as an injury-in-fact), and (2) the defendant's unfair business practices caused plaintiff's economic injury. Pulaski v. Middleman, LLC v. Google, Inc. , 802 F.3d 979, 985 n.6 (9th Cir. 2015); Cal. Bus. & Prof. Code § 17204 ("Actions for relief pursuant to this chapter shall be prosecuted exclusively . . . by a person who has suffered injury in fact and has lost money or property as a result of the unfair competition."). "Courts have found an injury in fact sufficient to confer standing under the UCL where a party has expended money, lost money or property, or been denied money to which it has a cognizable claim as a result of unfair conduct." Thomas v. Dun & Bradstreet Credibility Corp. , 100 F. Supp. 3d 937, 947 (C.D. Cal. 2015) (citing Martinez v. Welk Grp., Inc. , 907 F. Supp. 2d 1123, 1137-38 (S.D. Cal. 2012)). The "difference between what the plaintiff paid and the

---

[6] Because the Court grants summary judgment on the basis of a lack of standing, the Court does not address Younique's arguments in the alternative reading the lack of pre-suit notice for warranty claims. (Mot., Docket No. 100 at 15.)

Case 8:17-cv-01397-JVS-JDE   Document 136   Filed 12/21/18   Page 9 of 15   Page ID #:4946

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 17-1397 JVS(JDEx)                               Date  December 21, 2018

Title    **Megan Schmitt v. Younique LLC**

value of what the plaintiff received is a proper measure of restitution." In re Vioxx Class Cases, 180 Cal App. 4th 116, 130–31 (2009).

The CLRA forbids "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or that results in the sale or lease of goods or services to any consumer." Cal. Civ. Code § 1770(a).

To state a claim for breach of express warranty under California law, a plaintiff must allege "(1) the exact terms of the warranty; (2) reasonable reliance thereon; and (3) a breach of warranty which proximately caused plaintiff's injury." T&M Solar and Air Conditioning, Inc. v. Lennox Int'l Inc., 83 F. Supp. 3d 855, 875 (N.D. Cal. 2015). An express warranty can be "[a]ny affirmation of fact or promise made by the seller to the buyer which . . . the goods shall conform to . . . ." Cal. Com. Code § 2313(1)(a). Under California law, a plaintiff can allege that a product breaches implied warranty of merchantability in multiple ways. See Cal. Com. Code § 2314. For instance, a product is not merchantable if it does not "conform to the promises or affirmations of fact made on the container or label if any." Cal. Com. Code § 2314(2)(f). Therefore, if a product does not conform to any promises or affirmations made by the seller on the container or label, a plaintiff can state claims for breach of both express and implied warranties.

   b. Analysis

Younique states that Schmitt lacks standing to bring her claims under the UCL, under the CLRA, and based on breach of express and implied warranty claims because she did not review the label before purchasing the Lash Enhancer. (Mot., Docket No. 100 at 20.) Although Younique acknowledges that Schmitt heard people describe the Lash Enhancer as "natural" and saw "natural" on the website, Younique contends that she only bought the product because she wanted to achieve the look of fuller lashes. (Id. at 20–21.) Since Schmitt did not read the label prior to purchasing, Younique states that Schmitt has no evidence of causation. (Id. at 21.) Finally, Younique argues that Schmitt has no evidence of her damages because she did not indicate a value for the Lash Enhancer as received and Plaintiffs' expert, Dr. May did not opine on her individual damages.

Plaintiffs have still made a showing that Schmitt was exposed to Younique's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-1397 JVS(JDEx) | Date | December 21, 2018 |
|---|---|---|---|
| Title | **Megan Schmitt v. Younique LLC** | | |

alleged false representations because she visited Younique's website prior to purchasing the Lash Enhancer, which indicated that the product contained all natural fibers. (Opp'n, Docket No. 109-1 at 10–11.) Thus, the fact that she did not read the label prior to purchasing the Lash Enhancer is not fatal to her UCL and CLRA claims. (See SAC, Docket No. 58 ¶¶ 73, 86-88.) In addition, Schmitt's deposition testimony indicates that in addition to wanting full lashes, she also went to the Younique website because the lashes were natural. (Id. at 12; Schmitt Transcript, 39:19-40:3.) Under these circumstances, Schmitt has presented evidence such that a reasonable jury could find causation as to the UCL and CLRA claims

However, with respect to the breach of express and implied warranty claims, the SAC is limited to allegations regarding the warranties contained on the packaging. The SAC alleges as follows:

> 99. <u>On the Product's packaging</u>, Younique expressly warranted to all purchasers that the Natural Fibers component of the Product was "natural" and composed of green tea fibers.
>
> 106. Under Cal. Com. Code § 2314(2)(f) goods must "Conform to the promises or affirmations of fact made <u>on the container or label</u> if any.
>
> 107. <u>On the Product's packaging</u>, Younique promised and affirmed to all purchasers that the Natural Fibers component of the Product was "natural" and composed of green tea fibers.

(Docket No. 58) (emphasis added.) Because it is undisputed that Schmitt did not view the label prior to purchasing such that she would rely on it, her stated claims for breach of express and implied warranties fail as a matter of law. Accordingly, the Court **grants** Younique's motion for summary judgment as to the breach of express and implied warranty claims.[7]

---

[7] At oral argument, counsel for Plaintiffs suggested that they may attempt to amend their complaint to proceed on breach of warranty claims. The time to replead the California claims, however, has passed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-1397 JVS(JDEx) | Date | December 21, 2018 |
| Title | Megan Schmitt v. Younique LLC | | |

In addition, as the Court explained in response to Younique's argument that Reilly had not provided evidence of damages, Schmitt has demonstrated that she paid more for the product than she otherwise would have were it not for the alleged misrepresentations.[8] Schmitt stated, "I don't pay more for other – you know, for other mascaras. I've used the same one until seeing, you know, this, and it was kind of a new thing, so – and it being natural, then I was willing to pay more for it than my 5 to $7 mascara." (Schmitt Transcript, Docket No. 109-2, 130:2-12, 133:2-14.) Since Schmitt has established that she paid more for the Lash Enhancer because it was represented as "natural," summary judgment based on a lack of damages to show standing for the UCL and CLRA claims is **denied**.

  **4.**   **Brun**

    a.   ODTPA claim

Younique first states that Brun lacks standing to sue under the ODTPA because relief under the ODTPA is not available to consumers. See In re Sony Gaming Networks & Customer Data Sec. Breach Litig., 996 F. Supp. 2d 942, 1006 (S.D. Cal. 2014), order corrected, No. 11MD2258 AJB (MDD), 2014 WL 12603117 (S.D. Cal. Feb. 10, 2014) ("[B]ecause the Ohio Supreme Court has not addressed whether consumers have standing to bring suit under the ODTPA, and the 'vast majority of federal courts and all lower state courts to address the issue have concluded that relief under the [ODTPA] is not available to consumers,' the Court finds Plaintiffs lack standing under the ODTPA.") (citing Phillips v. Philip Morris Companies, 290 F.R.D. 476, 2013 WL 1182233, at *6 (N.D. Ohio 2013 Mar. 21, 2013). Younique cites Hamilton v. Ulta Beauty, Inc. for support, which explains:

> Courts finding no ODTPA consumer standing have collectively given three reasons for that holding. First, Ohio courts look to the federal Lanham Act when interpreting the ODTPA, and the Lanham Act does not give a consumer right of action. This is because the Lanham Act, like the ODTPA, "protects persons engaged in commerce, not individual consumers."

---

[8] See Part A.1.b. supra.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-1397 JVS(JDEx) | Date | December 21, 2018 |
| Title | **Megan Schmitt v. Younique LLC** | | |

> Second, the definition of "person" in the ODTPA qualifies the list of individuals and entities permitted to sue with the phrase "or any other legal or commercial entity." This phrase implies that an individual may bring suit under the ODTPA in his or her "capacity as a participant in commercial activity," but may not bring suit as a non-commercial consumer.
>
> Third, the Ohio Consumer Sales Practices Act ("OCSPA") provides consumer standing and prohibits virtually the same practices as the ODTPA. Courts finding no ODTPA consumer standing have found that statute would become superfluous if the ODTPA also provided consumer standing. Most relevant here, the OCSPA explicitly gives consumers a cause of action to sue when a business represents "[t]hat the subject of a consumer transaction is new, or unused, if it is not."

Hamilton v. Ulta Beauty, Inc., No. 5:18-CV-754, 2018 WL 3093527, at *3 (N.D. Ohio June 21, 2018) (citations omitted).

In contrast, Plaintiffs cite two cases indicating that consumers like Brun have standing under the ODTPA. See Schumacher v. State Auto. Mut. Ins. Co., 47 F. Supp. 3d 618, 630–32 (S.D. Ohio 2014) (determining that consumers have standing to sue under the ODTPA while acknowledging that most courts deciding the issue have interpreted the statute as providing standing only for commercial entities); Bower v. Int'l Bus. Machines, Inc., 495 F. Supp. 2d 837, 844 (S.D. Ohio 2007) (interpreting consumers to fall within the definition of "persons" under the ODTPA).

While Plaintiffs point to cases in which courts in the Southern District of Ohio have found consumer standing under the ODTPA, the Court sides with the majority of courts that have found that consumers do not have standing under ODTPA, as the OCSPA would be superfluous if consumers could sue under the ODTPA. See Hamilton, 2018 WL 3093527 at *3 ("[Schumacher and Bower] represent a minority view among the state and federal courts to consider this issue. Indeed, even within the Southern District of Ohio, these cases no longer represent the majority view."). Accordingly, the Court **grants** Younique's motion for summary judgment as to the ODTPA claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-1397 JVS(JDEx) | Date | December 21, 2018 |
| Title | Megan Schmitt v. Younique LLC | | |

        b.        OCSPA claim

      Next, Younique indicates that Brun's Ohio Consumer Sales Practices Act ("OCSPA") claim is barred because the statute of limitations for such claims is two years and Younique stopped selling the Lash Enhancer more than two years before the lawsuit was filed. (Mot., Docket No. 100 at 22.) Since Plaintiffs do not dispute that Brun had not purchased the Lash Enhancer for over two years before Plaintiffs brought suit, Younique argues that summary judgment is appropriate on this claim.

      Plaintiffs instead argue that summary judgment is not appropriate as to this claim because Brun still retains her claim for rescission. See Ohio Rev. Code Ann. § 1345.09(C)(1) ("Except as otherwise provided in division (C)(2) of this section, in any action for rescission, revocation of the consumer transaction must occur within a reasonable time after the consumer discovers or should have discovered the ground for it and before any substantial change in condition of the subject of the consumer transaction.") However, as Younique points out, the SAC does not allege a claim for rescission, and even if it did, there has been a substantial change in the condition of the Lash Enhancer purchased since it has been used and disposed of. (Reply, Docket No. 114-1 at 114.) Thus, the statute of limitations applies to bar Plaintiffs' claims under the OCSPA. The Court **grants** Younique's motion for summary judgment as to the OCSPA claim.

        c.        Breach of Warranty claims

      Younique also argues that Brun's warranty claims fail because she lacked damages caused by the alleged breach since she first received the Lash Enhancer for free without reading the label and ultimately used the product as a source of income through sales. (Mot., Docket No. 100 at 23.)

      Plaintiffs indicate that Brun received a message from a friend who encouraged her to buy the Lash Enhancer because it contained natural fibers. (Opp'n, Docket No. 109-1 at 11.) When she received the Lash Enhancer, Brun observed that the label indicated that it contained "100% natural green tea fibers." (Id.; Brun Transcript, 91:19-92:22.) Since Brun later became a presenter and purchased the Lash Enhancer, her claim that she was exposed to alleged misrepresentations is not foreclosed merely because she received the Lash Enhancer for free prior to making additional purchases. (Opp'n, Docket No. 109-1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-1397 JVS(JDEx) | Date | December 21, 2018 |
| Title | **Megan Schmitt v. Younique LLC** | | |

at 9, 11.) This indicates a causal link between the alleged misrepresentation and her decision to purchase the Lash Enhancer. While Younique points to evidence indicating that Brun did not tout the all-natural aspect of the Lash Enhancer when she promoted the product, Plaintiffs have still presented a dispute of material fact regarding causation.

Younique also states that Brun lacks evidence of recoverable damages since Brun could not distinguish between purchases of the Lash Enhancer that she made for her own personal use and which were for resale, and Dr. May did not opine on Brun's individual damages. (Mot., Docket No. 100 at 23.)

Nonetheless, the record still reflects evidence that Brun has recoverable damages. Brun's deposition testimony indicates that the Lash Enhancer was only worth $29 to her because she believed that it contained the 100 percent natural green tea fibers. (Brun Transcript, 147:4-11.) In addition, she indicated that she would only have been willing to pay up to $5 for the Lash Enhancer without the alleged misrepresentations. (Id. 148:18-149:5.) While she may not be able to distinguish each of the purchases that were for her personal use rather than for resale, Plaintiffs have still put forth evidence that Brun made at least one additional purchase after seeing the alleged misrepresentation on the label. This presents a genuine dispute of material fact regarding damages such that the Court denies summary judgment as to Plaintiffs' claims for breach of express and implied warranty under Ohio law.

### 5. Plaintiffs' MMWA Claims

Younique argues that Plaintiffs' claims under the MMWA fail because their warranty claims lack merit and each of the Plaintiffs lacks standing. (Mot., Docket No. 100 at 24.) As previously explained, the Court grants summary judgment for the breach of express and implied warranty claims as to Orlowsky, and Schmitt; thus summary judgment as to the Plaintiffs Claim 1 under the MMWA is also **granted** as to Orlowsky and Schmitt, since those claims lack merit. Because the Court denies Younique's motion for summary judgment as to Brun's Ohio breach of warranty claims, the Court likewise denies summary judgment as to Plaintiffs' MMWA claim as to Brun. See Clemens v. DaimlerChrysler Corp., 534 F.3d 1017, 1022 (9th Cir. 2008) ("[T]he claims under the Magnuson–Moss Act stand or fall with his express and implied warranty claims under state law.")

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-1397 JVS(JDEx) | Date | December 21, 2018 |
| Title | Megan Schmitt v. Younique LLC | | |

## IV. CONCLUSION

For the foregoing reasons, the Court **grants in part** Younique's motion for summary judgment as to Claim 1 (MMWA) for Schmitt and Orlowsky, Claims 4 and 5 (breach of warranty under CA law), Claim 7 (OCSPA), Claim 8 (ODTPA), and Claims 11-13 (violations of Tennessee law). The Court **denies** Younique's motion for summary judgment as to Claim 1 (MMWA) for Brun, Claim 2 (UCL), Claim 3 (CLRA), Claim 6 (FUDTPA), Claims 9-10 (breach of Ohio express and implied warranty law).

**IT IS SO ORDERED.**

| | : | 00 |
|---|---|---|
| Initials of Preparer | kjt | |