UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-1397 JVS(JDEx) | Date | January 10, 2019 |
| Title | Megan Schmitt v. Younique LLC | | |

Present: The Honorable    James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:              Attorneys Present for Defendants:

Not Present                                                   Not Present

**Proceedings:    (IN CHAMBERS)
ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Plaintiffs Megan Schmitt ("Schmitt"), Deana Reilly ("Reilly"), Carol Orlowsky ("Orlowsky"), and Stephanie Miller Brun ("Brun") (together—"Plaintiffs") filed a motion for class certification. (Mot., Docket No. 80-1.) Defendant Younique, LLC ("Younique") opposed. (Opp'n, Docket No. 105-1.) Plaintiffs replied. (Reply, Docket No. 118-1.) Along with their Reply, Plaintiffs also filed a supplemental declaration of their expert, Donald May ("May"). (May Suppl. Decl., Docket No. 118-3.) Younique filed objections to May's supplemental declaration. (Obj., Docket No. 124-1.)[1]

For the following reasons, the Court **grants in part and denies in part** the motion for class certification.

### I. BACKGROUND

This case concerns the marketing and sales of Younique's mascara product, Moodstruck 3D Fiber Lashes (the "Lash Enhancer") from October 2012 until July 2015.[2]

---

[1] Younique objects that the supplemental report is untimely. (Obj., Docket No. 111-3). For purposes of this motion for class certification, the Court will consider the supplemental report; at this time, the Court does not decide whether this report will be considered for later use.

[2] The Court recites the following facts based on the record before it. To the extent that either party has objected to the facts contained, those objections are overruled. The Court does not rule on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-1397 JVS(JDEx) | Date | January 10, 2019 |
| Title | **Megan Schmitt v. Younique LLC** | | |

(SAC, Docket No. 58 ¶ 1.) The Lash Enhancer consists of two components, a "Transplanting Gel" and "Natural Fibers." (Id. ¶ 3.) Younique represented that the Natural Fiber component was "natural" and consisted of "100% Natural Green Tea Fibers" on the Lash Enhancer's label. (Id. ¶ 8.) However, Plaintiffs allege that the Natural Fiber component did not actually contain any green tea leaves and instead was composed of ground-up nylon. (Id.) Plaintiffs allege that a reasonable person would not consider nylon "natural." (Id. ¶ 7.)

Younique's products are not sold in retail stores. (Opp'n, Docket No. 105-1 at 1.) The Lash Enhancer was sold by individual independent contractors ("Presenters") who marketed the Lash Enhancer via online platforms including "virtual" parties. (Id. at 1–2.) Customers can purchase products from Younique's website or from a Presenter's individual webpage, which is also connected to Younique's website. (Docket No. 111-4, Ex. 25, 235:24-236:7; Docket No. 111-5, Ex. 26, 90:7-91:12; Docket No. 111-6, Ex. 27, 42:17-44:8, 102:4-104:2, 107:8-108:5)

The Lash Enhancer contained tubes that were packaged inside a hard, black case (akin to an eyeglass case). (Henry Decl., Docket No. 111-1, Images 3, 15.) The case was shrink-wrapped in plastic. (Id., Image 4.) The ingredients were listed on a label stuck to the shrink-wrap on the back of the case. (Id., Image 5.) The two labels used featured one of the following representations:

> TRANSPLANTING GEL
> & NATURAL FIBERS
>
> ...
> Natural Fibers
> Net Wt. .02 oz/ .5g
>
> ...
> NATURAL FIBERS INGREDIENTS:
> 100% Natural Fibers taken from the
> Campanulaceae of Green Tea

(Henry Decl., Docket No. 111-1, Image 6.) or

---

objections related to facts or evidence upon which it has not relied.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-1397 JVS(JDEx) | Date | January 10, 2019 |
| Title | **Megan Schmitt v. Younique LLC** | | |

> TRANSPLANTING GEL
> & NATURAL FIBERS
>
> ...
>
> Natural Fibers
> Net Wt. .02 oz/ .5g
>
> ...
>
> NATURAL FIBERS INGREDIENTS:
> 100% Natural Green Tea Fibers

(Id., Image 4.) Younique promotes itself as a company specializing in natural cosmetics. (Ranallo Depo., Docket No. 105-8, 67:13-24; August 2013 website capture, Docket No. 77-6, Ex. 2; August 2014 website capture, Docket No. 77-7, Ex. 3; Younique website capture, Docket No. 106-4, Ex. 16 "Nature. Love. Science.") Plaintiffs are consumers who purchased the Lash Enhancer. (Id. ¶¶ 32, 36, 40, 44.) When this action was filed, Schmitt was a citizen of California, Reilly was a citizen of Florida, Brun was a citizen of Ohio, and Orlowsky was a citizen of Tennessee. (Id.)

Plaintiffs filed a purported class action against Younique alleging eleven causes of action, including violations of the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. 2301, et seq., the California Unfair Competition Law ("UCL"), California Bus.& Prof. Code § 17200, et seq., the California Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, et seq., the Florida Unfair and Deceptive Trade Practices Act ("FUDTPA"), Fla. Stat. § 501.201, et seq., the Ohio Consumer Sales Practices Act, Ohio Rev. Code § 1345.01, the Ohio Deceptive Trade Practices Act ("ODTPA"), Ohio Rev. Code § 4165.01, et seq., and the Tennessee Consumer Protection Act ("TCPA"), Tenn. Code Ann. § 47-18-101, et seq.; breaches of an express warranty under California, Ohio, and Tennessee laws and breaches of the implied warranties of merchantability under California, Ohio, and Tennessee laws. (See generally SAC, Docket No. 58.)

Plaintiffs seek certification of four state classes: California, Tennessee, Ohio, and Florida. The proposed class definitions are:

> California Class: All California consumers who purchased stand-alone Moodstruck 3D Fiber Lashes between October 2012 and July 2015 for personal, family or household use.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-1397 JVS(JDEx) | Date | January 10, 2019 |
| Title | **Megan Schmitt v. Younique LLC** | | |

>    Tennessee Class: All Tennessee consumers who purchased stand-alone Moodstruck 3D Fiber Lashes between October 2012 and July 2015 for personal, family or household use.
>
>    Ohio Class: All Ohio consumers who purchased stand-alone Moodstruck 3D Fiber Lashes between October 2012 and July 2015 for personal, family or household use.
>
>    Florida Class: All Florida consumers who purchased stand-alone Moodstruck 3D Fiber Lashes between October 2012 and July 2015 for personal, family or household use.

(Mot., Docket No. 80-1. at 11.)

Younique has also moved for summary judgment on all of Plaintiffs' claims. (Mot., Docket No. 100.) The Court's tentative order explains that Plaintiffs' remaining claims that survive summary judgment are Claim 1 (MMWA) for Brun, Claim 2 (UCL), Claim 3 (CLRA), Claim 6 (FUDTPA), Claims 9-10 (breach of Ohio express and implied warranty law). The Court analyzes this motion for class certification in light of the remaining claims.

## II. LEGAL STANDARD

A motion for class certification involves a two-part analysis. First, the plaintiffs must demonstrate that the proposed class satisfies Rule 23(a)'s requirements: (1) the members of the proposed class must be so numerous that joinder of all claims would be impracticable; (2) there must be questions of law and fact common to the class; (3) the claims or defenses of the representative parties must be typical of the claims or defenses of absent class members; and (4) the representative parties must fairly and adequately protect the class interest. Fed. R. Civ. P. 23(a). The plaintiffs may not rest on mere allegations, but must provide facts to satisfy these requirements. Doninger v. Pac. Nw. Bell, Inc., 564 F.2d 1304, 1309 (9th Cir. 1977) (citing Gillibeau v. Richmond, 417 F.2d 426, 432 (9th Cir. 1969)).

Second, the plaintiffs must meet the requirements for at least one of Rule 23(b)'s subsections. Under Rule 23(b)(1), plaintiffs may certify a class if there is either (1) a risk

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-1397 JVS(JDEx) | Date | January 10, 2019 |
| Title | Megan Schmitt v. Younique LLC | | |

of prejudice from separate actions establishing incompatible standards of conduct or (2) judgments in individual lawsuits would adversely affect the rights of other members of the class. Under Rule 23(b)(2), a plaintiff may maintain a class where the defendant has acted in a manner applicable to the entire class, making injunctive or declaratory relief appropriate. Finally, under Rule 23(b)(3), a plaintiff may certify a class only if "questions of law or fact common to class members *predominate* over any questions affecting only individual members," and if "a class action is *superior* to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3) (emphasis added).

The plaintiffs must show that the class satisfies Rule 23. See Zinser v. Accufix Research Inst., Inc., 253 F.3d 1180, 1186 (9th Cir. 2001), amended by 273 F.3d 1266 (2001). A district court must rigorously analyze whether the plaintiffs have met Rule 23's prerequisites. Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 350 (2011). Rule 23 confers "broad discretion to determine whether a class should be certified, and to revisit that certification throughout the legal proceedings before the court." Armstrong v. Davis, 275 F.3d 849, 871 n.28 (9th Cir. 2001), cert. denied, 537 U.S. 812 (2002), abrogated on other grounds by Johnson v. California, 543 U.S. 499 (2005). The district court need only form a "reasonable judgment" on each certification requirement "[b]ecause the early resolution of the class certification question requires some degree of speculation." Gable v. Land Rover N. Am., Inc., No. SACV 07-0376 AG (RNBx), 2011 WL 3563097, at *3 (C.D. Cal. July 25, 2011) (internal quotation marks omitted); see also Blackie v. Barrack, 524 F.2d 891, 901 n.17 (9th Cir. 1975). This may require the court to "'probe behind the pleadings before coming to rest on the certification question,'" and the court "'*must* consider the merits' if they overlap with Rule 23(a)'s requirements." Wang v. Chinese Daily News, Inc., 709 F.3d 829, 834 (9th Cir. 2013) (emphasis in original) (quoting Dukes, 564 U.S. at 350; Ellis v. Costco Wholesale Corp., 657 F.3d 970, 981 (9th Cir. 2011)).

### III. DISCUSSION

**A.     Standing**

Younique's first argument in opposition to the motion for class certification is that Plaintiffs' motion must be denied because they lack standing. (Opp'n, Docket No. 105-1 at 11.) See O'Shea v. Littleton, 414 U.S. 488, 494 (1974) ("[I]f none of the named

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-1397 JVS(JDEx) | Date | January 10, 2019 |
| Title | **Megan Schmitt v. Younique LLC** | | |

plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class.") As discussed in the tentative order regarding Younique's motion for summary judgment, Orlowsky does not have standing to sue under Tennessee law because she did not purchase the Lash Enhancer while living in Tennessee; however, the Court has determined that Reilly, Schmitt, and Brun all have standing. (Orlowsky Transcript, 122:11-123:11, 37:23-38:1.) Since none of the Plaintiffs purporting to represent the Tennessee class has standing to sue Younique, the Tennessee class cannot be certified. Thus, the Court denies Plaintiffs' motion to certify as to the Tennessee class. Since at least one of the Plaintiffs (Reilly, Schmitt, and Brun—together "Remaining Plaintiffs") has standing to sue in Florida, California, and Ohio, the Court will examine the Rule 23 prerequisites as to each of those classes.

**B.     Rule 23(a) Prerequisites**

   1.     Numerosity

Rule 23(a)(1) requires that "the class [be] so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "The numerosity requirement is not tied to any fixed numerical threshold – it 'requires examination of the specific facts of each case and imposes no absolute limitations.'" Rannis v. Recchia, 380 Fed. App'x 646, 651 (9th Cir. 2010) (quoting Gen. Tel. Co. of the Nw., Inc. v. EEOC, 446 U.S. 318, 330 (1980)). "In general, courts find the numerosity requirement satisfied when a class includes at least 40 members." Id. Courts do not require plaintiffs "to fix a precise number." Schwartz v. Upper Deck Co., 183 F.R.D. 672, 680 (S.D. Cal. 1999.) Instead, "[t]he central question is whether [p]laintiffs have sufficiently identified and demonstrated the existence of the numbers of persons for whom they speak." Id. at 680–81.

Here, Younique sold 459,441 stand-alone units in California, 154,146 in Ohio, 100,158 in Tennessee and 180,404 in Florida. (Mot., Docket No. 80-1 at 12.) Furthermore, Younique does not argue in opposition that any of the proposed classes fails to satisfy the numerosity requirement. Thus, Plaintiffs have shown numerosity.

   2.     Commonality

Rule 23(a)(2) requires that the class share common questions of law or fact. Fed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-1397 JVS(JDEx) | Date | January 10, 2019 |
| Title | **Megan Schmitt v. Younique LLC** | | |

R. Civ. P. 23(a)(2). "Rule 23(a)(2) has been construed permissively." Hanlon v. Chrysler Corp., 150 F.3d 1011, 1019 (9th Cir. 1998). "All questions of fact and law need not be common to satisfy the rule. The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." Id. "[C]ommonality only requires a single significant question of law or fact." Mazza v. Am. Honda Motor Co., 666 F.3d 581, 589 (9th Cir. 2012). Here, all of the proposed classes satisfy commonality.

The proposed Classes' theory of liability is that "class members were subjected to the same labeling that contained the same misrepresentations, that the fibers were "Natural" and made of 100% green tea fibers." (Mot., Docket No. 80-1 at 12.) Plaintiffs indicate that the common issues include: (1) whether the label misrepresented the ingredients; (2) the ingredients of the fibers; (3) whether the representations on the label were material to a reasonable consumer; and (4) the proper measure of class damages (Id.)

Younique asserts that commonality is not satisfied because none of the Plaintiffs saw the label prior to receiving the Lash Enhancer. (Opp'n, Docket No. 105-1 at 12.) Younique states that since the importance of the "natural" and "green tea" language varied among the Plaintiffs, there is no common evidence that it was material. (Id. at 12–13.) In addition, Younique contends that Plaintiffs have not established evidence of falsity as to the entire class period because Younique had multiple vendors from whom it purchased the Lash Enhancer.[3] (Id. at 13.) Finally, Younique argues that there is a lack of commonality with respect to damages because Plaintiffs have not proffered a viable damages model, particularly given that each of the Plaintiffs paid different prices for the Lash Enhancer and several of the Plaintiffs' receipts contain orders for both themselves and their customers. (Id. at 13–14.)

While not all of the Remaining Plaintiffs indicate that they reviewed the label of the Lash Enhancer, they have still demonstrated that commonality exists because there is at least one "single significant question of law or fact." Mazza, 666 F.3d 589. The

---

[3] Younique suggests that an email containing an ingredient list from one of Younique's vendors located in China, which mentions "polyvinyl alcohol fibers" is inadmissible (Opp'n, Docket No. 105-1 at 13.) The Court overrules any objection regarding admissibility for purposes of this motion for class certification.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-1397 JVS(JDEx) | Date | January 10, 2019 |
| Title | Megan Schmitt v. Younique LLC | | |

Remaining Plaintiffs have each indicated that they were exposed to an alleged misrepresentation, as they either (1) accessed Younique's website, which contained the natural representation,[4] or (2) read the product label indicating that the Lash Enhancer was natural.[5] In addition, the question of whether the "natural" and "green tea" representations are false is a significant question of fact that can be determined in this case. Moreover, Plaintiffs indicate that since "materiality, like the reasonable consumer test, concerns objective features of allegedly fraudulent representations and omissions, not subjective questions of how those representations and omissions were perceived by each individual consumer, materiality presents common questions of fact suitable for class litigation." Martin v. Monsanto Co., No. EDCV162168JFWSPX, 2017 WL 1115167, at *6 (C.D. Cal. Mar. 24, 2017) (quoting Miller v. Fuhu Inc., 2015 WL 7776794, at *16 (C.D. Cal. Dec. 1, 2015). Thus, although Remaining Plaintiffs may have indicated that certain aspects of the "natural" representation were more or less important to them individually, the Court can still examine the materiality of the alleged misrepresentations from an objective standpoint such that there are common questions of fact. Finally, while Remaining Plaintiffs may have paid various prices for the Lash Enhancer based on the availability of coupons or Y cash, the Ninth Circuit has indicated that "the presence of individualized damages cannot, by itself, defeat class certification under Rule 23(b)(3). Leyva v. Medline Indus. Inc., 716 F.3d 510, 514 (9th Cir. 2013). Thus, the Court finds that sufficient commonality has been established.

---

[4] Plaintiffs have presented evidence that the presenter websites are connected to Younique's website. (Brun Depo., Docket No. 111-4, Ex. 25 235:24-236:7; Orlowsky Depo., Docket No. 111-5, Ex. 26, 90:21-91:12.) The record contains evidence that Younique's website stated the alleged misrepresentation. (August 2013 website capture, Docket No. 77-6, Ex. 2; August 2014 website capture, Docket No. 77-7, Ex. 3; Schmitt Depo., Docket No. 111-7, Ex. 27, 42:17-43:11; Orlowsky Transcript, Docket No. 89-8, Ex.11, 132:1-7) The record also indicates that Younique advertised itself as a brand with natural products. (Ranallo Depo., Docket No. 105-8, 67:13-24; Younique website capture, Docket No. 106-4, Ex. 16 "Nature. Love. Science."). Schmitt and Reilly both accessed Younique's website prior to purchasing the product. Schmitt recollects seeing the representation regarding the natural fibers. (Schmitt Depo., Docket No. 111-7, Ex. 27, 42:17-43:11.) Reilly went to Younique's website specifically to see how Younique advertised. (Reilly Depo., Docket No. 89-7, Ex. 10, 106:24-107:14.)

[5] Plaintiff Brun stated that upon receiving the Lash Enhancer for the first time, she observed that the label stated the product contained 100% natural green tea fibers. (Brun Depo., Docket No. 111-4, 91:19-92:1.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-1397 JVS(JDEx) | Date | January 10, 2019 |
| Title | Megan Schmitt v. Younique LLC | | |

3. <u>Typicality</u>

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." To meet the typicality requirement, the plaintiffs must show that: (1) "other members have the same or similar injury"; (2) "the action is based on conduct which is not unique to the named plaintiffs"; and (3) "other class members have been injured by the same course of conduct." <u>Ellis</u>, 657 F.3d at 984. Claims must be "reasonably co-extensive with those of absent class members" but do not need to "be substantially identical." <u>Hanlon</u>, 150 F.3d at 1020. Plaintiffs may satisfy their burden through pleadings, affidavits, or other evidence. <u>See Lewis</u> v. <u>First Am. Title Ins. Co.</u>, 265 F.R.D. 536, 556 (D. Idaho 2010).

Plaintiffs state that the claims of the class arise from the same misconduct that Plaintiffs seek to remedy—the misrepresentations concerning the ingredients of the fibers. (Mot., Docket No. 80-1 at 13.) Since the same alleged misrepresentations were made on the packaging of all the Lash Enhancers (including the ones purchased by Plaintiffs) and each of the Plaintiffs purchased the Lash Enhancers in reliance on the representation that they were "natural," Plaintiffs indicate that their claims are typical of the class. (<u>Id.</u>)

Younique instead points out that not all of the Plaintiffs have claims that are coextensive with those of the classes that they seek to represent. The motion for class certification focuses on the language from the Lash Enhancer's label; however, not all of the Plaintiffs indicate that they were exposed to the label prior to making a purchase. (Mot., Docket No. 80-1 at 12–13; Opp'n, Docket No. 105-1 at 11.)

While Reilly alleges that she was exposed to misrepresentations that the Lash Enhancer was "natural," those misrepresentations involved advertisements from a presenter's party page, not the product label. (Reilly Transcript, 24:17-21, 44:20-21, 45:3-14.) Thus, if "commonality is satisfied here because class members were subjected to the same labeling that contained the same representations," and Reilly did not read the labeling, there is a disconnect between her claim and the proposed common issues of the proposed class. (Mot., Docket No. 80-1 at 12.)

Schmitt similarly did not view the label prior to purchasing, but rather heard representations that the Lash Enhancer was natural and visited Younique's website,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-1397 JVS(JDEx) | Date | January 10, 2019 |
|---|---|---|---|
| Title | **Megan Schmitt v. Younique LLC** | | |

where she encountered the representation that the fibers were natural. (Schmitt Transcript, 46:5-15.) As such, her experiences with the alleged misrepresentations were not with regard to the label itself.

Brun, however, observed the label after purchasing the Lash Enhancer, and continued to make additional purchases of it. (Brun Transcript, 91:19-92:22, 94:13-21.) Her claims thus involve the same issues of commonality as the ones of the proposed Ohio class, and the Court finds that Brun satisfies the typicality requirements of Rule 23(a)(3).

The issue then is whether the Reilly and Schmitt have claims that are "reasonably coextensive with those of the absent class members" because their claims "need not be substantially identical." Hanlon v. Chrysler Corp., 150 F.3d 1011, 1020 (9th Cir. 1998). The Court finds that both Reilly and Schmitt have reasonably coextensive claims. While they did not see the label prior to purchasing, Plaintiffs have produced evidence that the alleged misrepresentations that the Lash Enhancer's fibers were natural, which they were exposed to via social media or Younique's website, were material to their decision to make the purchase. The proposed California and Florida class members allegedly experienced the same injury: receipt of a product that was not "natural." The action is based on conduct that is not unique to Reilly and Schmitt because the alleged misrepresentations were distributed widely and other class members have been injured by the same course of alleged conduct—distributing a Lash Enhancer that does not actually contain natural fibers, as indicated. See Ellis, 657 F.3d at 984.

   4. <u>Adequacy</u>

Rule 23(a)(4) requires that the class representative "fairly and adequately protect the interest of the class." Fed. R. Civ. P. 23(a)(4). Representation is fair and adequate when the class representative and counsel (1) have no conflicts of interest with absent class members and (2) will prosecute the action vigorously on behalf of the class. Staton v. Boeing Co., 327 F.3d 938, 957 (9th Cir. 2003).

Here, Younique argues based on Fifth Circuit case law that there may be a conflict of interest due to claim-splitting. (Opp'n, Docket No. 105-1 at 23.) See Slade v. Progressive Sec. Ins. Co., 856 F.3d 408, 412 (5th Cir. 2017) ("When the class representative proposes waiving some of the class's claims, the decision risks creating an irreconcilable conflict of interest with the class."). Younique believes that Plaintiffs will

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-1397 JVS(JDEx) | Date | January 10, 2019 |
| Title | **Megan Schmitt v. Younique LLC** | | |

waive recovery for class members who purchased the Lash Enhancer as part of a collection, rather than as a stand-alone purchase. (Opp'n, Docket No. 105-1 at 24.) In addition, Younique suggests that Plaintiffs' counsel engaged in unethical conduct by soliciting Plaintiffs via social media and that both Plaintiffs and their counsel abused the discovery process when they failed to provide requested information to which they have access and served false discovery responses. (Id. at 24.) Further, Younique asserts that Plaintiffs have not participated in efforts to resolve the case because they did not attend mediation and have not settled after receiving Younique's offers. (Id. at 25.)

The Court finds that Plaintiffs and their counsel have demonstrated adequacy. While these claims do exclude the Lash Enhancer purchased as part of a collection, it is unclear why that would waive future claims for recovery for the collection purchases. (Reply, Docket No. 118-1 at 28.) Even if they did, the Court is not prepared to adopt the Fifth Circuit's interpretation in the absence of guidance from the Ninth Circuit. As to the discovery responses (or lack thereof) and participation of Plaintiffs, the Court finds that the complained-of behaviors do not rise to a level that suggests that the Plaintiffs or their counsel are not adequate. The Plaintiffs have participated in depositions and reviewed filings and each has demonstrated an understanding of what it means to be a class representative. (Mot., Docket No. 80-1 at 14.) See In re Silver Wheaton Corp. Sec. Litig., No. 215CV05146CASJEMX, 2017 WL 2039171, at *8 (C.D. Cal. May 11, 2017) ("[R]udimentary knowledge of the claims asserted suffices to satisfy adequacy."). While Younique points to certain discovery violations, they are not so significant that Plaintiffs' counsel should be deemed inadequate given that counsel has experience and no conflicts with the class. (Decl., Docket Nos. 77-3, 77-4.)

**B.     Rule 23(b)(3) Requirements**

Because the proposed class satisfies the Rule 23(a) prerequisites, the Court must consider whether the proposed class satisfies at least one of the Rule 23(b) requirements. Plaintiffs seek class certification under Rule 23(b)(3). (Mot., Docket No. 80-1 at 12.) Rule 23(b)(3) allows for class actions when necessary to "achieve economies of time, effort, and expenses, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." Kamm v. Cal. City Dev. Co., 509 F.2d 205, 211 (9th Cir. 1975). To certify a class under Rule 23(b)(3), the plaintiff must show that (1) common questions of law and fact predominate over individual questions and (2) a class action is superior to other available

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-1397 JVS(JDEx) | Date | January 10, 2019 |
| Title | **Megan Schmitt v. Younique LLC** | | |

methods to adjudicate the plaintiff's claims. Fed. R. Civ. P. 23(b)(3).

    1.    <u>Predominance</u>

The predominance requirement requires the plaintiff to show that "the questions of law or fact common to class members predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). "Rule 23(b)'s requirement that common issues of law or fact predominate over individual issues is similar to, but more stringent than, Rule 23(a)'s commonality requirement." <u>Rai v. CVS Caremark Corp.</u>, No. CV 12-08717-JGB(VBKx), 2013 WL 10178675, at *8 (C.D. Cal. Oct. 11, 2013) (citing <u>In re Countrywide Fin. Corp. Sec. Litig.</u>, 273 F.R.D. 586, 596 (C.D. Cal. 2009)). "To determine whether common issues predominate, this Court must first examine the substantive issues raised by [the plaintiff] and second inquire into the proof relevant to each issue." <u>Jimenez v. Domino's Pizza, Inc.</u>, 238 F.R.D. 241, 251 (C.D. Cal. 2006) (citing <u>Simer v. Rios</u>, 661 F.2d 655, 672 (7th Cir. 1981)). Courts will find predominance when the "proposed classes are sufficiently cohesive to warrant adjudication by representation." <u>Amchem Prods., Inc. v. Windsor</u>, 521 U.S. 591, 623 (1997). "This calls upon courts to give careful scrutiny to the relation between common and individual questions in a case." <u>Tyson Foods, Inc. v. Bouaphakeo</u>, 136 S. Ct. 1036, 1045 (2016). "An individual question is one where 'members of a proposed class will need to present evidence that varies from member to member,' while a common question is one where 'the same evidence will suffice for each member to make a prima facie showing [or] the issue is susceptible to generalized, class-wide proof.'" <u>Id.</u> (quoting 2 W. Rubenstein, Newberg on Class Actions § 4.50 at 196-97 (5th ed. 2012)).

    a.    Reliance

Plaintiffs assert that common questions of fact and law predominate in this case because the claims arise from the same factual misrepresentations that the fibers were natural and from green tea fibers. (Mot., Docket No. 80-1 at 15.) Specifically, the question regarding the falsity of the representation that the Lash Enhancer was natural is common to the class and can allegedly be proven through common evidence such as the Lash Enhancer's label, its ingredient list, and Younique's website touting its natural products. (<u>Id.</u> at 16.) Plaintiffs contend that the materiality of the representations is based on an objective, reasonable customer standard and can therefore be determined based on common evidence such as the space used on the packaging that indicates that it

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-1397 JVS(JDEx) | Date | January 10, 2019 |
| Title | **Megan Schmitt v. Younique LLC** | | |

contains natural ingredients. (Id.) Finally, Plaintiffs argue that the "damages are capable of measurement on a class-wide basis" because the evidence required for analysis is not individual to class members. (Id. at 16–17) (citing Comcast Corp. v. Behrend, 569 U.S. 27, 30 (2013).

Younique instead argues that class-wide reliance cannot be presumed in this case because Plaintiffs cannot establish class-wide exposure to a material representation. (Opp'n, Docket No. 105-1 at 14.) See, e.g., Ehret v. Uber Techs., Inc., 148 F. Supp. 3d 884, 901 (N.D. Cal. 2015) ("Plaintiff presents no evidence of the likelihood that someone visiting the website or blog would stay long enough to read the information or posts related to uberTAXI and the 20% gratuity representation, instead requiring the Court to speculate on the likelihood of exposure."). Younique contends that Plaintiffs cannot prove class-wide exposure because the Lash Enhancer was sold online and through presenters, as opposed to in a store where consumers could pick up the product and view the label before purchasing. See Mazza v. Am. Honda Motor Co., 666 F.3d 581, 596 (9th Cir. 2012) (citing Pfizer Inc. v. Superior Court, 182 Cal. App.4th 622, 632 (Cal. Ct. App. 2010)) ("Tobacco II does not allow 'a consumer who was never exposed to an alleged false or misleading advertising . . . campaign' to recover damages under California's UCL."). In addition, Younique indicates that the website captures highlighting Younique's "natural beauty" products from 2013 and 2014 do not amount to class-wide exposure. (Opp'n, Docket No. 105-1 at 15.)

Younique also asserts that since the importance of the "natural" and "green tea" language varied from customer to customer, as evidenced by the Plaintiffs themselves, Plaintiffs cannot demonstrate class-wide reliance and the case should not be certified as a class action. See In re Vioxx Class Cases, 180 Cal. App. 4th 116, 129 (2009) ("[I]f the issue of materiality or reliance is a matter that would vary from consumer to consumer, the issue is not subject to common proof, and the action is properly not certified as a class action."). Younique emphasizes that many customers purchased the Lash Enhancer because they wanted to have full eyelashes, not because it was important that the product was natural. (Opp'n, Docket No. 105-1 at 8.)

In terms of exposure to the alleged misrepresentations, Plaintiffs have presented evidence that there was sufficient class-wide exposure to the alleged misrepresentations. Younique has not suggested that the statements regarding the "natural" and "green tea" ingredients in the Lash Enhancer were somehow unavailable to Plaintiffs; instead, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-1397 JVS(JDEx) | Date | January 10, 2019 |
| Title | **Megan Schmitt v. Younique LLC** | | |

evidence shows that it was visible on all packaging, and on the internet presentation. (Henry Decl., Docket No. 111-1, Images 4, 6; Docket No. 77-6.) See Brickman v. Fitbit, Inc., No. 3:15-CV-02077-JD, 2017 WL 5569827, at *5 (N.D. Cal. Nov. 20, 2017) ("Fitbit made the same representations about sleep-tracking functionality on every package for every device at issue, and has not demonstrated a significant exposure gap among consumers.").

Plaintiffs also explain that reliance is only a required element of some, but not all, of their claims. (Reply, Docket No. 118-1 at 16.) They assert that reliance is not required for breach of express warranty claims,[6] the FDUTPA claim, or UCL claims under the "unlawful" or "unfair" tests (although it is required for the "fraudulent" UCL test). See Brickman, 2017 WL 5569827, at *6 (indicating "proof of reliance is unnecessary" for DUTPA claim) (citing Davis v. Powertel, Inc., 776 So. 2d 971, 974 (Fla. Dist. Ct. App. 2000); Galvan v. KDI Distribution Inc., No. SACV 08-0999-JVS ANX, 2011 WL 5116585, at *9 (C.D. Cal. Oct. 25, 2011) ("A UCL violation that is not based on a 'fraud theory involving false advertising and misrepresentations to consumers' does not require a showing of reliance or causation.") (citing Tobacco II, 46 Cal.4th 298, 326 n. 17). As to the CLRA, "[i]f the trial court finds that material misrepresentations have been made to the entire class, an inference of reliance arises as to the class." In re Vioxx Class Cases, 180 Cal. App. 4th at 129.

Since Plaintiffs have put forth evidence demonstrating that each of the Remaining Plaintiffs relied on the alleged misrepresentations regarding the natural or green tea ingredients when purchasing the Lash Enhancer, and that these misrepresentations were distributed to the entire proposed class through the packaging or through the internet presentations, the Court finds that this is sufficient to establish a presumption of class-wide reliance. (Reply, Docket No. 118-1 at 9–11; Docket No. 77-6.) Since Younique displayed the alleged misrepresentations prominently on the label and in the internet presentations, this case is not like Mazza, in which "it is likely that many class members

---

[6] There is a split of authority as to whether reliance is required for breach of express warranty claims under California law. Compare In re ConAgra Foods, Inc., 90 F. Supp. 3d 919, 984 & n.198 (C.D. Cal. 2015) (treating reliance as an element of a breach of warranty claim) with In re 5-hour ENERGY Mktg. & Sales Practices Litig., No. 13-2438 PSG (PLAX), 2017 WL 385042, at *10 (C.D. Cal. Jan. 24, 2017) ("[R]eliance is not required to state a breach of express warranty claim under California law.")

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-1397 JVS(JDEx) | Date | January 10, 2019 |
| Title | **Megan Schmitt v. Younique LLC** | | |

were never exposed to the allegedly misleading advertisements" in the context of "very limited" advertisements. 666 F.3d at 595. (Henry Decl., Docket No. 111-1, Image 6; Docket No. 77-6.) Thus, these common questions of fact and law predominate.

        b.     Damages

In order to satisfy the Rule 23(b)(3) predominance requirement, Comcast also dictates that Plaintiffs must present a damages model that demonstrates that damages can be reliably calculated on a class-wide basis. Comcast Corp. v. Behrend, 569 U.S. 27, 35 (2013). Comcast instructs:

> [A] model purporting to serve as evidence of damages in this class action must measure only those damages attributable to that theory. If the model does not even attempt to do that, it cannot possibly establish that damages are susceptible of measurement across the entire class for purposes of Rule 23(b)(3). Calculations need not be exact, but at the class-certification stage (as at trial), any model supporting a "plaintiff's damages case must be consistent with its liability case."

(Id.) (citations omitted). At the class certification stage, "Plaintiffs need only show that such damages can be determined without excessive difficulty and attributed to their theory of liability." Just Film, Inc. v. Buono, 847 F.3d 1108, 1121 (9th Cir. 2017). The parties dispute whether Plaintiffs' expert, Dr. May has successfully presented a damages model that satisfies this predominance requirement.

Dr. May's expert report sets forth three possible damages models: the full refund model, the profit disgorgement model, and the price premium model. Since the properly calculated restitution damages in false advertising cases is "the difference between what the plaintiff paid and the value of what the plaintiff received," the Court examines only the price premium model.[7] In re Vioxx Cass Cases, 180 Cal. App. 4th at 131.

---

    [7] Plaintiffs have not provided sufficient evidence indicating that the value they received for the Lash Enhancer was actually $0 such that the full refund model would be applicable. See Brazil v. Dole Packaged Foods, LLC, 660 Fed. App'x. 531, 534 (9th Cir. 2016) ("[A] plaintiff cannot be awarded a full refund unless the product she purchased was worthless.") The profit disgorgement model is also not tied

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-1397 JVS(JDEx) | Date | January 10, 2019 |
| Title | Megan Schmitt v. Younique LLC | | |

The price premium theory of damages attempts to isolate the value of the particular attribute that is the subject of the misrepresentation. (May Decl., Docket No. 80-2 ¶ 24.) In this case, the damages methodology would determine the premium for a product that includes natural rather than synthetic fibers. (Id. ¶ 20.) Once the price premium is established, it is then multiplied by the number of units of Lash Enhancer that were sold in each state during the class period to determine the class damages. Dr. May proposes a hedonic regression methodology using two different sets of data: (1) prices of the Lash Enhancer with and without the labeling claim, and (2) prices of comparable products. (Id. ¶¶ 21-22, 31-32.) Plaintiff argues that Dr. May's hedonic regression model is complete and robust, and can reasonably calculate price premium damages with data that is available from Younique and third parties. (Reply, Docket No. 118-1 at 23.) See Just Film, 847 F.3d 1121 ("That some individualized calculations may be necessary does not defeat finding predominance.").

Younique's expert, Dr. Tomlin, takes issue with Dr. May's proposed damages models for several reasons. First, Dr. Tomlin indicates that Dr. May "does not identify the variables he would use in [a hedonic regression] or specify the data he would use for this regression." (Tomlin Report, Docket No. 111-3 ¶ 44.) In essence, Dr. Tomlin does not dispute that a hedonic regression analysis can be applied in certain circumstances, but states that Dr. May has not established that those circumstances are present in this case. (Id. ¶¶ 20-22, 44.) Second, Dr. Tomlin points out that "[t]he inputs that Dr. May states he 'must' consider in order to apply his proposed hedonic regression to calculate classwide damages do not exist in this case." (Id. ¶ 44.) Dr. Tomlin asserts that this data is lacking because there is no pricing data for the Lash Enhancer without the alleged misrepresentations since the product was discontinued and it would be difficult to identify other comparable products because the Lash Enhancer is not like a typical store-bought mascara. (Id.) Third, Dr. May's report does not take into account Younique's specific marketing approach, which includes rewards, discounts, and commissions for its customers and presenters, which may offset any potential price premium. (Id.) Dr. Tomlin suggests that an individualized assessment of damages would be required given such a marketing framework. (Id.)

Younique has a multi-level marketing system, commissions, and offers coupons,

---

to their theory of liability under the CLRA and UCL. In re Tobacco II, 240 Cal. App. 4th 779, 800 (2015).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-1397 JVS(JDEx) | Date | January 10, 2019 |
| Title | Megan Schmitt v. Younique LLC | | |

but that does not preclude class-action adjudication. In his Supplemental Declaration, Dr. May asserts that "data on costs of goods per unit (including commissions and rewards) and other costs associated with unit sales can be obtained from [Younique]." (May Suppl. Decl., Docket No. 130-1 ¶ 10.)[8] Dr. May likewise sets forth the type of data he would use for the hedonic regression, including the IRI data on comparable products and the prices and attributes of other similar Younique products, including the Moodstruck 3D Fiber Lashes +. (Id. ¶¶ 12-14.) While mascaras may not be an exact match given the two-step process for application of the Lash Enhancer, an examination of the "natural" representations on such products can provide data for a reasonable price premium model. (Obj., Docket No. 124-1 at 4-5.) And while Younique fears that an examination of products labeled "natural" would necessarily confuse the Lash Enhancer with an "all natural" product when it was clear that the transplanting gel was not all natural, Dr. May's supplemental report does not indicate that he would only be examining "all natural" products, but rather products with "natural" on the label. (May Suppl. Report, Docket No. 130-1 ¶ 18.) Finally, while the new Moodstruck 3d Fiber Lashes + may not be an exact match for the Lash Enhancer with ingredients, Dr. May explains that its data can still be useful for isolating the price premium associated with the "natural" representation on the Lash Enhancer, especially since it involves the same brand. (Id. ¶¶ 36-38.) In short, disputed damage methodologies will not preclude certification when there is a methodologically plausible theory of classwide recovery.

  2. <u>Superiority</u>

  In addition to predominance, Rule 23(b)(3) also requires courts to consider whether a class action is a superior method of adjudicating the plaintiff's claims. <u>Amchem</u>, 521 U.S. at 615. In effect, the superiority requirement requires courts to consider whether "classwide litigation of common issues will reduce litigation costs and promote greater efficiency." <u>Valentino v. Carter-Wallace, Inc.</u>, 97 F.3d 1227, 1234 (9th Cir. 1996). In determining superiority, courts must consider several factors, including: (1) the class members' interest in prosecuting their actions individually; (2) the extent and nature of pre-existing litigation by class members concerning the controversy; (3) the desirability of concentrating the litigation in this particular forum; and (4) the difficulties

---

[8] Younique objects to the consideration of Dr. May's supplemental declaration given that it is untimely. (Obj., Docket No. 124-1 at 1-3.) For purposes of this motion for class certification, the Court will consider the supplemental declaration, along with Younique's responses in its objections.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-1397 JVS(JDEx) | Date | January 10, 2019 |
| Title | Megan Schmitt v. Younique LLC | | |

in managing the class action. Fed. R. Civ. P. 23(b)(3)(A)-(D).

Although Younique argues that the class definition is complicated because it includes only those Plaintiffs who have purchased a stand-alone Lash Enhancer (as opposed to the Lash Enhancer as part of a collection), and several of the Plaintiffs have receipts that include both their own purchased products along with those of other customers, the Court does not find that this makes the class unworkable. (Opp'n, Docket No. 105-1 at 22.) Even if some of the putative class members did have both their own and other products' customers in their receipts, they could still recover the amount they could prove was purchased for personal or family use. (Reply, Docket No. 118-1 at 25.) In addition, Younique suggests that class resolution is problematic because the putative class members who were presenters are subject to arbitration clauses with Younique. (Opp'n, Docket No. 105-1 at 23.) Nonetheless, it is unclear that those arbitration agreements would even apply in this case, nor whether the "vast majority" of putative class members would be subject to arbitration and class waiver provisions. (Reply, Docket No. 118-1 at 27.) Instead, the Court is satisfied that class adjudication is superior to other methods of resolution because the product costs under $30, making it unlikely that individuals would themselves be able to recover. See Tait v. BSH Home Appliances Corp., 289 F.R.D. 466, 486 (C.D. Cal. 2012).

### IV. CONCLUSION

For the foregoing reasons, the Court **grants in part** Plaintiffs' motion to certify the California, Florida and Ohio classes. The Court **denies** Plaintiff' motion to certify the Tennessee class.

**IT IS SO ORDERED.**

| | : | 00 |
|---|---|---|
| Initials of Preparer | kjt | |