SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
SASCHA HENRY, Cal. Bar No. 191914
JONATHAN D. MOSS, Cal. Bar No. 252376
shenry@sheppardmullin.com
jmoss@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071-1422
Telephone: 213.620.1780
Facsimile: 213.620.1398

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
ABBY H. MEYER, Cal. Bar No. 294947
ameyer@sheppardmullin.com
650 Town Center Drive, Fourth Floor
Costa Mesa, CA 92626-1993
Telephone: 714.513.5100
Facsimile: 714.513.5130

Attorneys for Defendant Younique, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| MEGAN SCHMITT, DEANA REILLY, CAROL ORLOWSKY, and STEPHANIE MILLER BRUN, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>YOUNIQUE, LLC<br><br>Defendant. | Case No. 8:17-cv-01397-JVS-JDE<br><br>**DEFENDANT YOUNIQUE, LLC'S REPLY MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* NO. 2 TO EXCLUDE JEFF MCFADDEN UNDER F.R.E. 702 AND *DAUBERT*<br><br>Hearing Date: February 4, 2019<br>Hearing Time: 11:00 a.m.<br><br>The Hon. James V. Selna<br>Santa Ana, Courtroom 10C<br><br>SAC filed: January 4, 2018<br>Trial Date: February 19, 2019 |

**[PUBLIC REDACTED VERSION]**

SMRH:489201589.1    DEFENDANT'S REPLY ISO MOTION IN LIMINE #2 TO EXCLUDE JEFF MCFADDEN

**REPLY MEMORANDUM**

**I.   INTRODUCTION**

McFadden is not qualified to opine about the results of the chemical test conducted and analyzed by Impact Analytical. He earned a chemistry minor 34 years ago and apparently has not used this portion of his education since. He is not a chemist, ███████████████████████████████████████ ███████, he does not teach chemistry, █████████████████████████ ███████████████████████████████████████, which do not qualify him to give expert testimony in this case. McFadden strayed too far from the confines of his subject matter expertise (mechanical engineering) in rendering opinions here.

████████████████████████████████████████████████████████ ████████████████████████████████████████████ ███████████████. Instead, McFadden █████████████████████ ████████████████████. The Federal Rules of Evidence disallow this, as explained by Plaintiffs' own cited case. Plaintiffs ask the Court to ignore these and more shortcomings by stating the general proposition that inadmissible evidence can be relied upon if experts in a field would rely on it. Stated differently, Plaintiffs argue that an otherwise unqualified expert can delegate the fundamental work to formulate the expert opinion to an unknown expert, and then wholly adopt the results of that work as his own, under the hearsay exception. That is not the law of evidence. ███████████████'s findings are inadmissible hearsay, and Younique would be prejudiced by the admission of the hearsay ███████████ findings and McFadden simply restating them.

It is Plaintiffs' burden to establish that McFadden is qualified and his opinions admissible. *In re Live Concert Antitrust Litigation*, 863 F.Supp.2d 966, 971 (C.D. Cal. 2012). Plaintiffs have not carried their burden and McFadden's opinions, testimony, and Report should be excluded.

II. **JEFF MCFADDEN'S OPINIONS AND TESTIMONY SHOULD BE EXCLUDED UNDER FED. R. EVID. 702 AND *DAUBERT***

A. **Jeff McFadden Is Not Qualified To Give His Expert Opinions**

Plaintiffs' contention that McFadden's education and training is sufficient to qualify him as a chemistry expert does not withstand scrutiny. It has been 34 years since McFadden earned his *minor* in chemistry, and there is no evidence that he applied this education in the intervening decades. The record does not show that McFadden "█████████████████████████████████." (Opp., 3:5-10.) At deposition, McFadden admitted:



(Dkt. 147-2, Ex. C, 90:3-4; 90:23-25.)

McFadden's follow-on testimony about his experience at Laird Technologies is ████████████████████████████████████████. When McFadden talks about Laird, ████████████████████████████████. (Gonnelli Decl., Ex. A, 91:10-92:3.) And, McFadden left Laird Technologies in 2004 (Dkt. 142-2, p. 13), so even if he gained some experience, it is 15 years stale.

Plaintiffs' argument that McFadden has chemical testing experience through his company, i3, is belied by his testimony. (Opp., 3:8-10.) McFadden confirmed that ████████████████████████████████████████████████████████████████. (Dkt. 147-2, Ex. C, 11:21-12:21 (████████████████████); 14:19-15:10 (████████████████ ████████████████████████████); 17:7-18:1 (████ ); 18:2-13 (████████████████████████████).)

McFadden's resume does not reflect or support Plaintiffs' contention that he

1 has "decades" of experience teaching "testing methods". (*C.f.* Opp., 3:11-13, *with*
2 Dkt. 142-2, Ex. B (resume).) McFadden admitted ███████████████████████
3 ████████████████. (Dkt. 147-2, Ex. C, 21:22-23; Gonnelli Decl., Ex. A, 91:1-3.)

4 McFadden's resume does not show that his experience as a mechanical
5 engineer and instructor "entails significant overlap with chemistry." (Dkt. 142-2,
6 Ex. B.) Instead, his resume shows that he teaches courses about mechanical
7 engineering, such as "manufacturing processes" and "electro-mechanical design."
8 (*Id.*, p. 12.) Other than his college minor, his resume does not establish any
9 connection with chemistry. (*Id.*, generally.)

10 Plaintiffs do not cite evidence, testimony, or case law to support their
11 contention that scientists generally might use an FT-IR. They do not attempt to
12 explain how a mechanical engineering background renders McFadden qualified to
13 opine on the results of a chemical test, which is the providence of chemists. It is
14 Plaintiffs' burden to establish the admissibility of McFadden's expert testimony, and
15 they have not carried it.

16 The cases cited by Plaintiffs are distinguishable because in each, the expert's
17 subject matter expertise was closely tied to the topic on which he or she would be
18 rendering an opinion. In *D.F. v. Sikorsky Aircraft Corp.*, 2017 U.S. Dist. LEXIS
19 179651, *47 (S.D. Cal. Oct. 30, 2017), the court did not exclude the expert because
20 the expert had "actual experience with the subject of his inquiry." In *United States*
21 *v. Garcia*, 7 F.3d 885, 889-90 (9th Cir. 1993), the expert also had actual experience
22 with the subject matter because the expert was a child mental health specialist who
23 had counseled approximately 40 sexually abused children and was permitted to
24 opine on whether the child-victim of aggravated sexual assault would be
25 traumatized by having to confront her abuser in court. In *Doe v. Rose*, 2016 U.S.
26 Dist. LEXIS 188650, *7-9 (C.D. Cal. Aug. 31, 2016), the expert was qualified to
27 testify on the effects of Rohypnol because he had master's degrees in both
28 pharmaceutical science and forensic toxicology. Finally, *Audionics Sys. v. AAMP of*

*Fla., Inc.*, 2015 U.S. Dist. LEXIS 180218, *7-8 (C.D. Cal. July 10, 2015), involved two patents that enabled local vehicle stereo controls to interface with aftermarket devices. The court found that the expert was qualified to testify as such because, among other things, he had years of experience working with devices that permitted end users to interface between a vehicle and a computer, including writing code for a software program that permitted an application to interface with devices inside a vehicle, and providing technical assistance to consumers experiencing interfacing problems. *Id.*, *65-67. In each of Plaintiffs' cited cases, the expert's proponent demonstrated a close fit between the area of expertise and the area of expert testimony. This is lacking here.

In issuing the Report, McFadden did not stay within the confines of his subject area. *Avila v. Willits Environmental Remediation Trust*, 633 F.3d 828, 839 (9th Cir. 2011) (excluding expert; expert's expertise in biology, immunology, toxicology, and chemistry did not qualify him to give opinions on whether burning activities created toxicologically significant amounts of dioxins). McFadden has no subject matter expertise in chemistry and he is therefore not qualified to offer any opinion about the results of the FT-IR spectroscopy test – a chemical test interpreted by chemists – conducted by third-party ▮▮▮▮▮▮▮▮. *See* Fed. R. Evid. 702; *accord*, *United States v. Hankey*, 203 F.3d 1160, 1168 (9th Cir. 2000) (admissibility turns on whether "the expert has appropriate qualifications … *on that subject matter*." (emphasis added)).

### B. Jeff McFadden's Opinions Are Based Entirely On Hearsay And Not On Any Specialized Education Or Training

The record is unambiguous: McFadden based his entire expert opinion on the ▮▮▮▮▮▮▮▮. McFadden testifies without qualification:

Q. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

A. ████████████████
████████████████████████████████
████████

(Dkt. 147-2, Ex. C, 146:22-147:4). He reiterates this fact on multiple occasions. (*Id.,* 42:4-10 ███████████████████"); 58:16-25 ("█████
████████████████████"); 122:24-123:10 (█████
██████████████████); 120:10-18 (same).)

The Report likewise confirms █████████████████
████████████████████████████████
██████████████████████ (Dkt. 147-1, Ex. A, p. 7.) ████████████████████████
████████████████████████████████

McFadden did not ███████████ these results using specialized knowledge or training, contrary to Plaintiffs' arguments. (Opp., 5:19-20.) █
████████████████████████████████
██████████. (Gonnelli Decl., Ex. A, 191:21-192:3.) █████
████████████████████████████████
████████. (*Id.,* 37:1-38:24.) █████████████
████████████████. (*Id.*) ██████████
████████████████████████████████
██████████████████. (*Id.*)

McFadden did not use his expertise to select the FT-IR testing methodology. He selected FT-IR after, "█████████████████████████
████████████████ (Dkt. 147-2, Ex. C, 92:13-24.) He conceded that he selected FT-IR because it "██████████████████████
████████████" (Gonnelli Decl., Ex. A, 92:25-93:5.)

McFadden did not use his expertise to select █████████ to conduct the

-5-

1 FT-IR testing. He believes that he selected ▬▬▬▬▬
2 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
3 ▬▬▬▬. (*Id.*, 170:22-173:3.)
4 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
5 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
6 ▬▬▬▬▬▬▬▬▬ (*Id.*, 143:21-144:9.)
7 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
8 ▬▬▬▬▬▬▬▬▬▬. (*Id.*, 144:23-145:23.) ▬▬▬▬▬▬▬
9 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
10 ▬▬▬▬. (*Id.*, 103:14-105:2.) ▬▬▬▬▬▬▬▬▬▬▬
11 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. (*Id.*, 105:3-14.)

12      Plaintiffs do not deny that the ▬▬▬▬▬▬ findings are hearsay; instead,
13 they argue that this is "data upon which an expert in his field would reasonably rely
14 in forming an opinion." (Opp., 6:11-13.) However, *Plaintiffs do not offer any*
15 *evidence, testimony or case law* supporting or establishing that chemistry experts in
16 fact would rely on findings such as ▬▬▬▬▬▬▬▬.[1] Having failed to make any
17 showing (which is their burden), under Plaintiff's formulation of the legal rule, the
18 question of whether the probative value of the data outweighs its prejudice should
19 not even be reached. (Opp., 6:7-10.)

20      Even if chemistry experts would rely on findings such as ▬▬▬▬▬▬,
21 the probative value of this hearsay evidence does not outweigh the prejudice.
22 Plaintiffs argue that "nothing prevented Defendant from seeking discovery from
23 ▬▬▬ upon learning of its test results on August 1, 2018 when Defendant was

---

[1] Plaintiffs' chain of custody counter is nonsensical. The Lash Enhancer was encased in an eyeglass case-type container. Brand new, the container was shrink-wrapped in plastic. The Lash Enhancer unit that McFadden received ▬▬▬▬▬▬▬▬▬▬▬▬▬. (Dkt. 147-2, Ex. C, 52:5-8; *c.f.* Dkt. 106-4, Images 4, 5.) The unit must have been opened before McFadden received it. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. (Dkt. 147-2, Ex. C, 46:11-47:21; 48:2-52:16.)

provided with McFadden's report by email." (Opp., 7:16-18.) Plaintiffs are wrong: Younique could not conduct discovery because fact discovery had closed two months prior, on June 1, 2018. If Plaintiffs are contending that ▇▇▇▇▇▇▇▇▇▇ falls within the ambit of fact discovery, then Plaintiffs prejudiced Younique by failing to identify ▇▇▇▇▇▇▇ in their initial disclosures served on January 10, 2018. (Dkt. 142-2, Henry Decl., ¶ 3.) Plaintiffs also prejudiced Younique by failing to produce the lab results during fact discovery, instead objecting to Younique's request that Plaintiffs' produce, "All documents relating to any testing performed regarding the [Lash Enhancer]." (Meyer Decl., Ex. A, no. 34 (Plaintiffs objected that this information would be produced during expert discovery).) If Plaintiffs are instead contending that ▇▇▇▇▇▇▇ falls within the scope of expert discovery, then Plaintiffs prejudiced Younique by failing to disclose ▇▇▇▇▇▇▇ as an expert. (Dkt. 142-2, Henry Decl., ¶ 4.) At this stage in the proceedings, there is no witness who can lay a foundation for the ▇▇▇▇▇▇ results. The inability to confront any witness is significant, and is exactly the reason why there is a rule against hearsay. Fed. R. Evid. Art. VIII (Hearsay), Adv. Comm. Introductory Note ("The Hearsay Problem").

Plaintiffs' cases are distinguishable on their facts. First, the language on which Plaintiffs rely in *Moreno v. Ross Island Sand & Gravel Co.*, 2015 U.S. Dist. LEXIS 127887, *19-20 (E.D. Cal. Sept. 23, 2015), is dicta because the party seeking to exclude the expert did not challenge the admissibility of the facts and data that the expert relied on.

Plaintiffs' second cited case, *Jerpe v. Aerospatiale*, 2007 U.S. Dist. LEXIS 37666, *16-17 (E.D. Cal. May 10, 2007), is also distinguishable on its facts. There, the court noted that, while Fed. R. Evid. 703 permits an expert to rely on inadmissible "facts or data" when experts in the field would reasonably rely on them, the court found, "[n]evertheless, experts may not solely rely on the opinions of other experts." *Id.*, *16. At issue was whether the proffered expert, Dr. Kar, had

-7-

1  adopted an opinion derived by Mr. Wilson.  The court noted that, "Dr. Kar's
2  deposition testimony was somewhat ambiguous on the issue of whether he was
3  merely relying on the same underlying data set produced at the direction of
4  Mr. Wilson, or if he was relying on both that data set and the conclusions that
5  Mr. Wilson drew therefrom. Nevertheless, Dr. Kar's declaration clearly states that
6  he independently arrived at his opinions by, for example, reviewing x-ray
7  radiographs and ultrasonic data." *Id.*, *17.  Here, however, on no less than 5
8  occasions, ████████████████████████████████████████████████████████
9  ████████████████████████████████████████████████. (*See* Dkt. 147-
10 2, Ex. C, 146:22-147:4; 42:4-10; 58:16-25; 122:24-123:10; 120:10-18.)  Under the
11 teachings of *Jerpe*, McFadden's opinions, testimony, and Report are not admissible.
12        Plaintiffs also cite *Jerpe* for the proposition that an expert may, at times, rely
13 on another expert's work.  (Opp., 6:18-7:1.)  The facts here are also distinguishable.
14 In *Jerpe,* Dr. Kar knew Wilson's reputation and his qualifications, knew the
15 reputation of Wilson's team, and the team's experience and qualifications; and Dr.
16 Kar was confident that Wilson's team knew what it was doing. (*Id.*, citing *Jerpe*.)
17 McFadden, however, ████████████████████████████████████████████
18 ████████████████████████████. (Dkt. 147-2, Ex. C, 131:14-132: 20;
19 145:14-23.) ████████████████████████████████████████████████████
20 ████████████████████████████████████████████████████████████████
21 ████████████████████████████████████████████████████████████████.
22 (*Id.*, 131:14-132:7.) ████████████████████████████████████████████
23 ████████████████████████████████. (*Id.*, 132:8-20.) ██████████████
24 ████████████████████████████████████████████████████████████████
25 ████████████████████████████████████████████████████████████████
26 ██████████. (*Id.*, 145:14-23.) ███████████████████████████████████
27 ████████████████████████████████. (*Id.*, 108:6-9.)
28        McFadden did not apply any subject matter expertise here. ████████

███████████████████████████████████████████████████

███████████████████████████████████. This is impermissible, justifying exclusion of McFadden.

## III. CONCLUSION

For the further reasons stated herein, Jeff McFadden's testimony, opinions, and Report should be excluded.

Dated: January 18, 2019

                            SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

                            By         */s/ Abby Meyer*
                                   SASCHA HENRY
                                 JONATHAN D. MOSS
                                 ABBY H. MEYER
                         Attorneys for Defendant Younique, LLC