**NYE, STIRLING, HALE & MILLER, LLP**
Jonathan D. Miller (CA 220848)
Alison M. Bernal (CA 264629)
jonathan@nshmlaw.com
alison@nshmlaw.com
33 West Mission St., Suite 201
Telephone: (805) 963-2345
Facsimile: (805) 364-4508

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
SASCHA HENRY (CA 191914)
shenry@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071-1422
Telephone: 213.620.1780
Facsimile: 213.620.1398

**CARLSON LYNCH SWEET KILPELA & CARPENTER, LLP**
Todd D. Carpenter (CA 234464)
tcarpenter@carlsonlynch.com
1350 Columbia Street, Ste. 603
Telephone: (619) 762-1900
Facsimile: (619) 756-6991

*Attorneys for Plaintiffs and the Class [Additional Counsel Listed on Signature Page]*

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
ABBY H. MEYER (CA 294947)
ameyer@sheppardmullin.com
650 Town Center Drive, Fourth Floor
Costa Mesa, CA 92626-1993
Telephone: 714.513.5100
Facsimile: 714.513.5130

*Attorneys for Defendant Younique, LLC*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEGAN SCHMITT, DEANA REILLY, CAROL ORLOWSKY, and STEPHANIE MILLER BRUN, individually and on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>YOUNIQUE, LLC,<br><br>        Defendant. | Case No. 8:17-cv-01397-JVS-JDE<br><br>**[PROPOSED] [AGREED] JOINT JURY INSTRUCTIONS**<br><br>Pretrial Conference: February 4, 2019<br>Trial Date: February 19, 2019 |

## DRAFT JURY INSTRUCTIONS

The parties hereby provide the Court with a set of draft jury instructions.  Consistent with Dkt. 57 (6:18-21) and the form pretrial conference

order appended to the Local Rules as Appendix A, Plaintiffs will file the final set of jury instructions at least 7 days prior to the start of trial.

| NO. | DESCRIPTION | SOURCE | PG. |
|---|---|---|---|
| 1. | Duty of Jury | Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit No. 1.2 | 7 |
| 2. | Duty of Jury (Court reads and provides written instructions at end of case) | Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit No. 1.4 | 8 |
| 3.a | Claims and Defenses | Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit No. 1.5 | 9 |
| 3.b | Claims and Defenses | Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit No. 1.5 | 10 |
| 4. | Burden of Proof – Preponderance of the Evidence | Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit No. 1.6 | 12 |
| 5. | Burden of Proof – Clear and Convincing Evidence | Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit No. 1.7 | 12 |
| 6. | Class Action Defined | Judicial Council of California Civil Jury Instructions No. 338 | 13 |
| 7. | Materiality Defined | *Mazza v. Am. Honda Motor Co. Inc.*, 666 F.3d 581, 596 (9th Cir. 2012) | 15 |
| 8. | Class-Wide Materiality | *Massachusetts Mut. Life Ins. Co. v. Superior Court*, 97 Cal.App.4th 1282 (2002) | 16 |
| 9. | Class-Wide Exposure | *Mazza v. Am. Honda Motor Co. Inc.*, 666 F.3d 581, 596 (9th Cir. 2012) | 16 |
| 10. | What is Evidence | Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit No. 1.9 | 17 |
| 11. | What is Not Evidence | Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit No. 1.10 | 18 |
| 12. | Evidence for a Limited Purpose | Manual of Model Civil Jury Instructions for the District Courts | 19 |

| | | | of the Ninth Circuit No. 1.11 | |
| 13. | Direct and Circumstantial Evidence | Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit No. 1.12 | 20 |
| 14. | Ruling on Objections | Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit No. 1.13 | 21 |
| 15. | Credibility of Witnesses | Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit No. 1.14 | 22 |
| 16. | Conduct of the Jury | Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit No. 1.15 | 23 |
| 17. | Publicity During Trial | Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit No. 1.16 | 25 |
| 18. | Taking Notes | Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit No. 1.18 | 26 |
| 19. | Bench Conferences and Recesses | Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit No. 1.20 | 27 |
| 20. | Outline of Trial | Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit No. 1.21 | 28 |
| 21. | Stipulated Testimony | Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit No. 2.1 | 29 |
| 22. | Stipulations of Fact | Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit No. 2.2 | 30 |
| 23. | Judicial Notice | Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit No. 2.3 | 31 |
| 24. | Deposition in Lieu of Live Testimony | Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit No. 2.4 | 31 |
| 25. | Impeachment Evidence - Witness | Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit No. 2.9 | 33 |
| 26. | Use of Interrogatories of a Party | Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit No. 2.11 | 33 |

| 27. | Expert Opinion | Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit No. 2.13 | 34 |
|-----|----------------|------------------------------------------------------------------------------------------------|----|
| 28. | Charts and Summaries Not Received in Evidence | Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit No. 2.14 | 35 |
| 29. | Charts and Summaries in Evidence | Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit No. 2.15 | 36 |
| 30. | Evidence in Electronic Format | Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit No. 2.16 | 36 |
| 31. | Duty to Deliberate | Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit No. 3.1 | 38 |
| 32. | Communication with Court | Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit No. 3.3 | 39 |
| 33. | Return of Verdict Form | Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit No. 3.5 | 40 |
| 34. | Corporations – Fair Treatment | Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit No. 4.1 | 41 |
| 35. | Liability of Corporations – Scope of Authority Not In Issue | Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit No. 4.2 | 42 |
| 36. | Scope of Authority Defined | Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit No. 4.5, without change. | 42 |
| 37. | Independent Contractor – Definition | Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit No. 4.14, without change. | 43 |
| 38. | Agent and Principal -- Definition | Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit No. 4.4 | 44 |
| 39. | Principal Sued but not Agent—Agency or Authority Denied | Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit No. 4.12. | 45 |
| 40. | Ratification | Manual of Model Civil Jury Instructions for the District Courts | 46 |

| | | | of the Ninth Circuit No. 4.7 | |
|---|---|---|---|---|
| 41. | Act of Agent is Act of Principal | Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit No. 4.8 | 47 |
| 42.a | Damages – Proof | Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit No. 5.1 | 48 |
| 42.b | Damages – Proof | Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit No. 5.1 | 49 |
| 43.a | Punitive Damages | Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit No. 5.5. | 51 |
| 43.b | Punitive Damages | Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit No. 5.5; Cal. Civ. Code § 3294; and *Hardt v. Chrysler Group LLC*, 2015 U.S. Dist. LEXIS 187386, *28-29 (C.D. Cal. June 15, 2015). | 52 |
| XX | Plaintiffs' Placement of Clear and Convincing Instruction | | 55 |
| 44. | Arguments of Counsel not Evidence of Damages | Judicial Council of California Civil Jury Instructions No. 3925, without change. | 56 |
| 45. | Experts – Questions Containing Assumed Facts | Judicial Council of California Civil Jury Instructions No. 220 | 56 |
| 46.a | Consumers Legal Remedies Act-Essential Factual Elements | Judicial Council of California Civil Jury Instructions No. 4700 | 57 |
| 46.b | Consumers Legal Remedies Act-Essential Factual Elements | Judicial Council of California Civil Jury Instructions No. 4700 | 58 |
| 47. | Consumers Legal Remedies Act: Damages – For Plaintiff Schmitt | *Chowning v. Kohl's Dep't Stores, Inc.*, 735 Fed. Appx. 924, 924-25, n. 1 (2018) (citing *Colgan v. Leatherman Tool Grp., Inc.*, 135 Cal.App.4th 663 (2006)) | 61 |
| 48. | Consumers Legal Remedies Act: Damages – For California Class | *Chowning v. Kohl's Dep't Stores, Inc.*, 735 Fed. Appx. 924, 924-25, n. 1 (2018) (citing *Colgan v. Leatherman Tool Grp., Inc.*, 135 Cal.App.4th 663 (2006)). | 62 |

| 49.a | Ohio Implied Warranty | Ohio Civil Jury Instructions, 1 505 OJI CV 505.13 | 63 |
|------|------------------------|---------------------------------------------------|----|
| 49.b | Ohio Implied Warranty | Ohio Civil Jury Instructions, 1 505 OJI CV 505.13 | 63 |
| 50.a | Ohio Express Warranty | Ohio Civil Jury Instructions, 1 505 OJI CV 505.11 | 64 |
| 50.b | Ohio Express Warranty | Ohio Civil Jury Instructions, 1 505 OJI CV 505.11 | 65 |
| 51.a | Ohio Buyer's Damages for Breach of Warranty of Accepted Goods | Ohio Civil Jury Instructions, 1 505 OJI CV 505.45 | 68 |
| 51.b | Ohio Buyer's Damages for Breach of Warranty of Accepted Goods | Ohio Civil Jury Instructions, 1 505 OJI CV 505.45 | 68 |
| 52.a | Magnuson-Moss Warranty Claims | *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) | 70 |
| 52.b | Magnuson-Moss Warranty Claims | *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008); Doc. 136 Order on Summary Judgment at page 14. | 70 |
| 53.a | Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") Elements | 3 Florida Forms of Jury Instruction § 65.80; *Urling v. Helms Exterminators, Inc.*, 468 So. 2d 451, 453 (Fla. Dist. Ct. App. 1985); *Trans World Accounts, Inc. v FTC*, 594 F.2d 212 (9th Cir. 1979) | 71 |
| 53.b | Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") Elements | 3 Florida Forms of Jury Instruction § 65.80; *Urling v. Helms Exterminators, Inc.*, 468 So. 2d 451, 453 (Fla. Dist. Ct. App. 1985); *Trans World Accounts, Inc. v FTC*, 594 F.2d 212 (9th Cir. 1979) | 72 |
| 54.a | Florida Deceptive and Unfair Trade Practices Act: Damages | *Rollins, Inc. v. Butland*, 951 So. 2d 860, 869 (Fla. Dist. Ct. App. 2006) | 75 |
| 54.b | Florida Deceptive and Unfair Trade Practices Act: Damages | *Rollins, Inc. v. Butland*, 951 So. 2d 860, 869 (Fla. Dist. Ct. App. 2006) | 75 |
| 55. | Affirmative Defense—Statute of Limitations | Judicial Council of California Civil Jury Instructions No. 338 | 76 |
| 56. | Affirmative Defense - Standing | *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 and n.1 (1992) | 77 |
| 57. | Affirmative Defense – | Judicial Council of California | 78 |

| | | Compliance | Civil Jury Instructions No. 4207 (for good faith); *Troyk v. Farmers Group, Inc*., 171 Cal.App.4th 1305, 1332-3 (2009) (for compliance). | |
|---|---|---|---|---|
| | 58. | Affirmative Defense – Laches | *Jarrow Formulas, Inc. v. Nutrition Now, Inc*., 304 F.3d 829, 835 (9th Cir. 2002). | 79 |
| | 59. | Affirmative Defense - Unjust Enrichment | *Lectrodryer v. Seoulbank*, 77 Cal.App.4th 723, 726 (2000); *accord, Media Services Group, Inc. v. Bay Cities Comm., Inc*., 237 F.3d 1326, 1330-31 (11th Cir. 2001) | 80 |
| | 60. | Affirmative Defense - Offset | *Garg v. People ex rel. State Bd. of Equalization*, 53 Cal.App.4th 199, 211-12 (1997);citing *Jess v. Herrmann*, 26 Cal.3d 131, 142 (1979) | 81 |

## INSTRUCTION NO. 1
### Duty of Jury

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set of instructions to refer to throughout the trial. These instructions are not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, these instructions will be collected and I will give you a final set of instructions. It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it

to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

**Source:** Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit No. 1.2, without change.

PROPOSED BY: BOTH PLAINTIFFS AND

DEFENDANT

GIVEN AS PROPOSED          _____

GIVEN AS MODIFIED          _____

GIVEN ON COURT'S OWN          _____

MOTION

REFUSED          _____

WITHDRAWN          _____

## INSTRUCTION NO. 2

### Duty of Jury

**(Court reads and provides written instructions at end of case)**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those

facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

**Source:** Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit No. 1.4, without substantive change.

PROPOSED BY: BOTH PLAINTIFFS AND
DEFENDANT
GIVEN AS PROPOSED          _____
GIVEN AS MODIFIED          _____
GIVEN ON COURT'S OWN          _____
MOTION
REFUSED          _____
WITHDRAWN          _____

**INSTRUCTION NO. 3**

**Claims And Defenses**

**3.a Plaintiffs' Proposed Modified Instruction.**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiffs assert that **Younique sold Moodstruck 3d Fiber Lashes for $29 and claimed that the lashes were made of "Natural Fibers" and "100% Natural Green Tea Fibers" but the fibers were neither.  Plaintiffs have asserted this claim under the laws of California as well as Ohio and Florida.  Later instructions will address the exact claims**.  The plaintiffs have the burden of proving these claims.

The defendant denies those claims and also contends that **Plaintiffs' and the Class claims are barred by (1) the statute of limitations, (2) lack of standing, (3) Younique's compliance with law, (4) the doctrine of laches, (5) Plaintiffs' failure to mitigate damages, (6) the doctrine of unjust enrichment, and/or (6) the defense of offset.** [*defendant's counterclaims and/or affirmative defenses*]]. [The defendant **Younique** has the burden of proof on these [*counterclaims and/or* affirmative defenses.]]

[The plaintiff **Plaintiffs deny Younique's** [*defendant's counterclaims and/or* affirmative defenses].]

### 3.b Defendant's Proposed Modified Instruction.

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiffs assert that **Younique sold Moodstruck 3d Fiber Lashes for $29 and claimed that the lashes were made of "Natural Fibers" and "100% Natural Green Tea Fibers" but the fibers were really ground up nylon. Plaintiffs have asserted this claim under the laws of California as well as Ohio and Florida.  Later instructions will address the exact claims**.  The plaintiffs have the burden of proving these claims.

The defendant denies those claims and also contends that **Plaintiffs' and the Class claims are barred by (1) the statute of limitations, (2) lack of standing, (3)**

-10-

**Younique's compliance with law, (4) the doctrine of laches, (5) Plaintiffs' failure to mitigate damages, (6) the doctrine of unjust enrichment, and/or (6) the defense of offset.** [*defendant's counterclaims and/or affirmative defenses*]]. [The defendant **Younique** has the burden of proof on these [*counterclaims and/or* affirmative defenses.]] [The plaintiff **Plaintiffs deny Younique's** [*defendant's counterclaims and/or* affirmative defenses].]

**Original**:

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff asserts that [plaintiff's claims]. The plaintiff has the burden of proving these claims.

The defendant denies those claims [and also contends that [defendant's counterclaims and/or affirmative defenses]]. [The defendant has the burden of proof on these [counterclaims and/or affirmative defenses.]]

[The plaintiff denies [defendant's counterclaims and/or affirmative defenses].]

**Source:** Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit No. 1.5.

PROPOSED BY:                              .

GIVEN AS PROPOSED           _____

GIVEN AS MODIFIED             _____

GIVEN ON COURT'S OWN        _____

MOTION

-11-

1 REFUSED                          _____

2 WITHDRAWN                        _____

3

4                    **INSTRUCTION NO. 4**

5              **Burden of Proof—Preponderance of the Evidence**

6          When a party has the burden of proving any claim **or affirmative defense** by

7 a preponderance of the evidence, it means you must be persuaded by the evidence

8 that the claim or affirmative defense is more probably true than not true.

9          You should base your decision on all of the evidence, regardless of which

10 party presented it.

11

12 **Source:** Manual of Model Civil Jury Instructions for the District Courts of the Ninth

13 Circuit No. 1.6, without substantive change.

14

15 PROPOSED BY: BOTH PLAINTIFFS AND

16 DEFENDANT

17 GIVEN AS PROPOSED                _____

18 GIVEN AS MODIFIED                _____

19 GIVEN ON COURT'S OWN             _____

20 MOTION

21 REFUSED                          _____

22 WITHDRAWN                        _____

23

24                    **INSTRUCTION NO. 5**

25              **Burden of Proof—Clear and Convincing Evidence**

26          When a party has the burden of proving any claim or defense by clear and

27 convincing evidence, it means that the party must present evidence that leaves you

28

-12-

with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

**Source:** Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit No. 1.7, without change.

PROPOSED BY: BOTH PLAINTIFFS AND DEFENDANT

**(Plaintiffs disagree on order of this instruction and believe it should follow punitive damages)**

GIVEN AS PROPOSED              _____

GIVEN AS MODIFIED              _____

GIVEN ON COURT'S OWN           _____

MOTION

REFUSED                        _____

WITHDRAWN                      _____


### INSTRUCTION NO. 6
### Class Action Defined

<u>**Modified:**</u>

A class action is a lawsuit that has been brought by one or more plaintiffs on behalf of a larger group of people who have similar legal claims. All of these people together are called a "class." **Plaintiffs Schmitt, Brun, and Reilly** bring this action as the class representative**s**.

In a class action, the claims of many individuals can be resolved at the same time instead of requiring each member to sue separately. Because of the large number of claims that are at issue in this case, not everyone in the class will testify.

1   You may assume that the evidence at this [stage of the] trial applies to all class

2   members [except as I specifically tell you otherwise]. All members of the class will

3   be bound by the result of this trial.

4       In this case, the class(es) consist(s) of the following:

5       **(1) California Class.  All California consumers who purchased stand-**

6   **alone Moodstruck 3D Fiber Lashes between October 2012 and July 2015 for**

7   **personal, family, or household use.**

8       **(2) Ohio Class.  All Ohio consumers who purchased stand-alone**

9   **Moodstruck 3D Fiber Lashes between October 2012 and July 2015 for**

10  **personal, family, or household use.**

11      **(3) Florida Class.  All Florida consumers who purchased stand-alone**

12  **Moodstruck 3D Fiber Lashes between October 2012 and July 2015 for**

13  **personal, family, or household use.**

14

15      **<u>Original</u>**:

16      A class action is a lawsuit that has been brought by one or more plaintiffs on

17  behalf of a larger group of people who have similar legal claims. All of these people

18  together are called a "class." [Name of plaintiff] brings this action as the class

19  representative.

20      In a class action, the claims of many individuals can be resolved at the same

21  time instead of requiring each member to sue separately. Because of the large

22  number of claims that are at issue in this case, not everyone in the class will testify.

23  You may assume that the evidence at this [stage of the] trial applies to all class

24  members [except as I specifically tell you otherwise]. All members of the class will

25  be bound by the result of this trial.

26      In this case, the class(es) consist(s) of the following:

27  [Describe each class]

28

**Source**:  Judicial Council of California Civil Jury Instructions No. 338

PROPOSED    BY:    BOTH    PLAINTIFFS    AND    DEFENDANT

GIVEN AS PROPOSED             _____

GIVEN AS MODIFIED             _____

GIVEN   ON   COURT'S   OWN             _____
MOTION

REFUSED             _____

WITHDRAWN             _____

## INSTRUCTION NO. 7

### Materiality Defined

It is Plaintiffs' burden to show that there was uniform, Class-wide exposure to the Moodstruck 3D Fiber Lashes label.  A consumer who was not exposed to the label cannot recover.

**Source**:  *Mazza v. Am. Honda Motor Co. Inc.*, 666 F.3d 581, 596 (9th Cir. 2012)

PROPOSED BY: **DEFENDANT ONLY**

GIVEN AS PROPOSED             _____

GIVEN AS MODIFIED             _____

GIVEN   ON   COURT'S   OWN             _____
MOTION

REFUSED             _____

WITHDRAWN             _____

# INSTRUCTION NO. 8

## Class-wide Materiality

It is Plaintiffs' burden to show that a material misrepresentation was made to the entire Class.

**Source**: *Massachusetts Mut. Life Ins. Co. v. Superior Court*, 97 Cal.App.4th 1282 (2002)

PROPOSED BY: **DEFENDANT ONLY**

GIVEN AS PROPOSED _____

GIVEN AS MODIFIED _____

GIVEN ON COURT'S OWN _____
MOTION

REFUSED _____

WITHDRAWN _____

# INSTRUCTION NO. 9

## Class-wide Exposure

It is Plaintiffs' burden to show that there was uniform, Class-wide exposure to the Moodstruck 3D Fiber Lashes label.  A consumer who was not exposed to the label cannot recover.

**Source**: *Mazza v. Am. Honda Motor Co. Inc.*, 666 F.3d 581, 596 (9th Cir. 2012)

PROPOSED BY: **DEFENDANT ONLY**

GIVEN AS PROPOSED _____

GIVEN AS MODIFIED _____

GIVEN   ON   COURT'S   OWN   _____

MOTION

REFUSED                              _____

WITHDRAWN                        _____

## INSTRUCTION NO. 10

### What is evidence

The evidence you are to consider in deciding what the facts are consists of:

      1. the sworn testimony of any witness;

      2. the exhibits that are admitted into evidence;

      3. any facts to which the lawyers have agreed; and

      4. any facts that I [may instruct] [have instructed] you to accept as proved.

**Source:** Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit No. 1.9, without change.

PROPOSED BY: BOTH PLAINTIFFS AND DEFENDANT

GIVEN AS PROPOSED          _____

GIVEN AS MODIFIED          _____

GIVEN ON COURT'S OWN      _____

MOTION

REFUSED                              _____

WITHDRAWN                        _____

# INSTRUCTION NO. 11

## What is not evidence.

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they **may say** in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that is excluded or stricken, or that you **are** instructed to disregard, is not evidence and must not be considered. In addition some evidence **may be** received only for a limited purpose; when I **instruct** you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4. Anything you may **see or hear** when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Source:** Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit No. 1.10, without change.

PROPOSED BY: BOTH PLAINTIFFS AND DEFENDANT

-18-

1  GIVEN AS PROPOSED         _____
2  GIVEN AS MODIFIED         _____
3  GIVEN ON COURT'S OWN      _____
4  MOTION
5  REFUSED                   _____
6  WITHDRAWN                 _____

7

8                    **INSTRUCTION NO. 12**

9                  **Evidence for a limited purpose.**

10         Some evidence may be admitted only for a limited purpose.

11         When I instruct you that an item of evidence has been admitted only for a

12  limited purpose, you must consider it only for that limited purpose and not for any

13  other purpose.

14

15  [The testimony [you are about to hear] [you have just heard] may be considered only

16  for the limited purpose of [*describe purpose*] and not for any other purpose.][1]

17

18  **Source:** Manual of Model Civil Jury Instructions for the District Courts of the Ninth

19  Circuit No. 1.11, without change.

20

21  PROPOSED BY: BOTH PLAINTIFFS AND

22  DEFENDANT

23  GIVEN AS PROPOSED         _____

24  GIVEN AS MODIFIED         _____

25  GIVEN ON COURT'S OWN      _____

26  MOTION

27  _____

28         [1] Instruction to be given when applicable.

                              -19-

1  REFUSED                          _____

2  WITHDRAWN                    _____

3

4  **INSTRUCTION NO. 13**

5  **Direct and Circumstantial Evidence**

6       Evidence may be direct or circumstantial. Direct evidence is direct proof of a

7  fact, such as testimony by a witness about what that witness personally saw or heard

8  or did. Circumstantial evidence is proof of one or more facts from which you could

9  find another fact. You should consider both kinds of evidence. The law makes no

10  distinction between the weight to be given to either direct or circumstantial

11  evidence. It is for you to decide how much weight to give to any evidence.

12       **By way of example, if you wake up in the morning and see that the**

13  **sidewalk is wet, you may find from that fact that it rained during the night.**

14  **However, other evidence, such as a turned on garden hose, may provide a**

15  **different explanation for the presence of water on the sidewalk. Therefore,**

16  **before you decide that a fact has been proved by circumstantial evidence, you**

17  **must consider all the evidence in the light of reason, experience and common**

18  **sense.[2]**

19

20  **Source:** Manual of Model Civil Jury Instructions for the District Courts of the Ninth

21  Circuit No. 1.12.

22

23  PROPOSED BY: BOTH PLAINTIFFS AND

24  DEFENDANT

25  GIVEN AS PROPOSED              _____

26  GIVEN AS MODIFIED              _____

27  _____

28      [2] Hypothetical given in model civil jury instructions.

-20-

1  GIVEN ON COURT'S OWN          _____

2  MOTION

3  REFUSED                       _____

4  WITHDRAWN                     _____

5

6  **INSTRUCTION NO. 14**

7  **Ruling on Objections.**

8       There are rules of evidence that control what can be received into evidence.

9  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the

10 other side thinks that it is not permitted by the rules of evidence, that lawyer may

11 object. If I overrule the objection, the question may be answered or the exhibit

12 received. If I sustain the objection, the question cannot be answered, and the exhibit

13 cannot be received. Whenever I sustain an objection to a question, you must ignore

14 the question and must not guess what the answer might have been.

15      Sometimes I may order that evidence be stricken from the record and that you

16 disregard or ignore that evidence. That means when you are deciding the case, you

17 must not consider the stricken evidence for any purpose.

18

19 **Source:** Manual of Model Civil Jury Instructions for the District Courts of the Ninth

20 Circuit No. 1.13, without change.

21

22 PROPOSED BY: BOTH PLAINTIFFS AND

23 DEFENDANT

24 GIVEN AS PROPOSED              _____

25 GIVEN AS MODIFIED              _____

26 GIVEN ON COURT'S OWN           _____

27 MOTION

28

1  REFUSED                              _____

2  WITHDRAWN                       _____

3

4                          **INSTRUCTION NO. 15**

5                          **Credibility of Witnesses**

6         In deciding the facts in this case, you may have to decide which testimony to

7  believe and which testimony not to believe. You may believe everything a witness

8  says, or part of it, or none of it.

9         In considering the testimony of any witness, you may take into account:

10         1. the opportunity and ability of the witness to see or hear or know the things

11  testified to;

12         2. the witness's memory;

13         3. the witness's manner while testifying;

14         4. the witness's interest in the outcome of the case, if any;

15         5. the witness's bias or prejudice, if any;

16         6. whether other evidence contradicted the witness's testimony;

17         7. the reasonableness of the witness's testimony in light of all the evidence;

18  and

19         8. any other factors that bear on believability.

20         Sometimes a witness may say something that is not consistent with something

21  else he or she said. Sometimes different witnesses will give different versions of

22  what happened. People often forget things or make mistakes in what they remember.

23  Also, two people may see the same event but remember it differently. You may

24  consider these differences, but do not decide that testimony is untrue just because it

25  differs from other testimony.

26         However, if you decide that a witness has deliberately testified untruthfully

27  about something important, you may choose not to believe anything that witness

28

-22-

said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**Source:** Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit No. 1.14, without change.

PROPOSED BY: BOTH PLAINTIFFS AND
DEFENDANT

GIVEN AS PROPOSED          _____

GIVEN AS MODIFIED          _____

GIVEN ON COURT'S OWN          _____
MOTION

REFUSED          _____

WITHDRAWN          _____

## INSTRUCTION NO. 16

### Conduct of the Jury

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not

1  be exposed to any other information about the case or to the issues it involves during

2  the course of your jury duty. Thus, until the end of the case or unless I tell you

3  otherwise:

4         Do not communicate with anyone in any way and do not let anyone else

5  communicate with you in any way about the merits of the case or anything to do

6  with it. This includes discussing the case in person, in writing, by phone or

7  electronic means, via email, text messaging, or any internet chat room, blog, website

8  or application, including but not limited to Facebook, YouTube, Twitter, Instagram,

9  LinkedIn, Snapchat, or any other forms of social media. This applies to

10 communicating with your fellow jurors until I give you the case for deliberation, and

11 it applies to communicating with everyone else including your family members,

12 your employer, the media or press, and the people involved in the trial, although you

13 may notify your family and your employer that you have been seated as a juror in

14 the case, and how long you expect the trial to last. But, if you are asked or

15 approached in any way about your jury service or anything about this case, you must

16 respond that you have been ordered not to discuss the matter and report the contact

17 to the court.

18        Because you will receive all the evidence and legal instruction you properly

19 may consider to return a verdict: do not read, watch or listen to any news or media

20 accounts or commentary about the case or anything to do with it [although I have no

21 information that there will be news reports about this case]; do not do any research,

22 such as consulting dictionaries, searching the Internet, or using other reference

23 materials; and do not make any investigation or in any other way try to learn about

24 the case on your own. Do not visit or view any place discussed in this case, and do

25 not use Internet programs or other devices to search for or view any place discussed

26 during the trial. Also, do not do any research about this case, the law, or the people

27 involved—including the parties, the witnesses or the lawyers—until you have been

28

-24-

excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, **and a mistrial could result that would require the entire trial process to start over**. If any juror is exposed to any outside information, please notify the court immediately.

**Source:** Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit No. 1.15.

PROPOSED BY: BOTH PLAINTIFFS AND
DEFENDANT
GIVEN AS PROPOSED             _____
GIVEN AS MODIFIED             _____
GIVEN ON COURT'S OWN          _____
MOTION
REFUSED                       _____

1  WITHDRAWN                                    _____

2

3                        **INSTRUCTION NO. 17**

4                        **Publicity During Trial**

5  If there is any news media account or commentary about the case or anything to do

6  with it, you must ignore it. You must not read, watch or listen to any news media

7  account or commentary about the case or anything to do with it. The case must be

8  decided by you solely and exclusively on the evidence that will be received in the

9  case and on my instructions as to the law that applies. If any juror is exposed to any

10 outside information, please notify me immediately.

11

12 **Source:** Manual of Model Civil Jury Instructions for the District Courts of the Ninth

13 Circuit No. 1.16, without change.

14

15 PROPOSED BY: BOTH PLAINTIFFS AND

16 DEFENDANT

17 GIVEN AS PROPOSED                        _____

18 GIVEN AS MODIFIED                        _____

19 GIVEN ON COURT'S OWN                     _____

20 MOTION

21 REFUSED                                  _____

22 WITHDRAWN                                _____

23

24                        **INSTRUCTION NO. 18**

25                        **Taking Notes**

26          If you wish, you may take notes to help you remember the evidence. If you do

27 take notes, please keep them to yourself until you go to the jury room to decide the

28
                                       -26-

case. Do not let notetaking distract you. When you leave, your notes should be left in the **envelope in the jury room**. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

**Source:** Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit No. 1.18.

PROPOSED BY: BOTH PLAINTIFFS AND

DEFENDANT

GIVEN AS PROPOSED            _____

GIVEN AS MODIFIED            _____

GIVEN ON COURT'S OWN         _____

MOTION

REFUSED                      _____

WITHDRAWN                    _____

## INSTRUCTION NO. 19

### Bench Conferences and Recesses

From time to time during the trial, it **may become** necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury **is** present in the courtroom, or by calling a recess. Please understand that while you **are** waiting, we **are** working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we **will do** what we **can** to keep the number and length of these conferences to a minimum. **I may** not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**Source:** Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit No. 1.20.

PROPOSED BY: BOTH PLAINTIFFS AND

DEFENDANT

GIVEN AS PROPOSED           _____

GIVEN AS MODIFIED           _____

GIVEN ON COURT'S OWN           _____

MOTION

REFUSED           _____

WITHDRAWN           _____

### INSTRUCTION NO. 20

### Outline of Trial

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiffs will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiffs may cross-examine.

After the evidence has been presented, I will instruct you on the law that

applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**Source:** Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit No. 1.21.

PROPOSED BY: BOTH PLAINTIFFS AND

DEFENDANT

GIVEN AS PROPOSED             _____

GIVEN AS MODIFIED             _____

GIVEN ON COURT'S OWN          _____

MOTION

REFUSED                       _____

WITHDRAWN                     _____

## INSTRUCTION NO. 21

### Stipulated Testimony

The parties have agreed what [*witness*]'s testimony would be if called as a witness.  You should consider that testimony in the same way as if it had been given here in court.

**Source:** Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit No. 2.1, without change.

PROPOSED BY: BOTH PLAINTIFFS AND

DEFENDANT

GIVEN AS PROPOSED             _____

GIVEN AS MODIFIED      _____

GIVEN ON COURT'S OWN      _____

MOTION

REFUSED      _____

WITHDRAWN      _____

## INSTRUCTION NO. 22

### Stipulations of Fact

The parties have agreed to certain facts [to be placed in evidence as Exhibit __] [that will be read to you].  You must therefore treat these facts as having been proved.

**Source:** Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit No. 2.2, without change.

PROPOSED BY: BOTH PLAINTIFFS AND

DEFENDANT

GIVEN AS PROPOSED      _____

GIVEN AS MODIFIED      _____

GIVEN ON COURT'S OWN      _____

MOTION

REFUSED      _____

WITHDRAWN      _____

## INSTRUCTION NO. 23

### Judicial Notice

The court has decided to accept as proved the fact that [*state fact*].  You must accept this fact as true.

**Source:** Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit No. 2.3, without change.

PROPOSED BY: BOTH PLAINTIFFS AND

DEFENDANT

GIVEN AS PROPOSED              _____

GIVEN AS MODIFIED             _____

GIVEN ON COURT'S OWN          _____

MOTION

REFUSED                       _____

WITHDRAWN                      _____

## INSTRUCTION NO. 24

### Deposition In Lieu of Live Testimony

**Modified:**

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

~~The deposition of [*name of witness*] was taken on [*date*].~~  Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

**Original:**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The deposition of [*name of witness*] was taken on [*date*]. Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

**Source:** Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit No. 2.4.

PROPOSED BY: BOTH PLAINTIFFS AND DEFENDANT

GIVEN AS PROPOSED          _____

GIVEN AS MODIFIED          _____

GIVEN ON COURT'S OWN          _____

MOTION

REFUSED          _____

WITHDRAWN          _____

# INSTRUCTION NO. 25

## Impeachment Evidence - Witness

The evidence that a witness has lied under oath on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give the testimony of the witness and for no other purpose.

**Source:** Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit No. 2.9.

PROPOSED BY: BOTH PLAINTIFFS AND DEFENDANT

GIVEN AS PROPOSED          _____

GIVEN AS MODIFIED          _____

GIVEN ON COURT'S OWN       _____
MOTION

REFUSED                    _____

WITHDRAWN                  _____

# INSTRUCTION NO. 26

## Use of Interrogatories of a Party

Evidence [will now be] [was] presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

-33-

**Source:** Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit No. 2.11, without change.

PROPOSED BY: BOTH PLAINTIFFS AND

DEFENDANT

GIVEN AS PROPOSED          _____

GIVEN AS MODIFIED          _____

GIVEN ON COURT'S OWN          _____

MOTION

REFUSED          _____

WITHDRAWN          _____

## INSTRUCTION NO. 27

### Expert Opinion

You [have heard] [are about to hear] testimony from [*name*] who [testified] [will testify] to opinions and the reasons for his opinions. This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**Source:** Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit No. 2.13, without change.

1  PROPOSED BY: BOTH PLAINTIFFS AND

2  DEFENDANT

3  GIVEN AS PROPOSED          _____

4  GIVEN AS MODIFIED          _____

5  GIVEN ON COURT'S OWN       _____

6  MOTION

7  REFUSED                    _____

8  WITHDRAWN                  _____

9

10              **INSTRUCTION NO. 28**

11        **Charts and Summaries Not Received in Evidence**

12        Certain charts and summaries not admitted into evidence [may be] [have

13  been] shown to you in order to help explain the contents of books, records,

14  documents, or other evidence in the case.  Charts and summaries are only as good as

15  the underlying evidence that supports them.  You should, therefore, give them only

16  such weight as you think the underlying evidence deserves.

17

18  **Source:** Manual of Model Civil Jury Instructions for the District Courts of the Ninth

19  Circuit No. 2.14, without change.

20

21  PROPOSED BY: BOTH PLAINTIFFS AND

22  DEFENDANT

23  GIVEN AS PROPOSED          _____

24  GIVEN AS MODIFIED          _____

25  GIVEN ON COURT'S OWN       _____

26  MOTION

27  REFUSED                    _____

28

1  WITHDRAWN                           _____

2

3                        **INSTRUCTION NO. 29**

4                      **Charts and Summaries in Evidence**

5          Certain charts and summaries [may be] [have been] admitted into evidence to

6  illustrate information brought out in the trial.  Charts and summaries are only as

7  good as the testimony or other admitted evidence that supports them.  You should,

8  therefore, give them only such weight as you think the underlying evidence

9  deserves.

10

11 **Source:** Manual of Model Civil Jury Instructions for the District Courts of the Ninth

12 Circuit No. 2.15, without change.

13

14 PROPOSED BY: BOTH PLAINTIFFS AND

15 DEFENDANT

16 GIVEN AS PROPOSED                _____

17 GIVEN AS MODIFIED                _____

18 GIVEN ON COURT'S OWN             _____

19 MOTION

20 REFUSED                          _____

21 WITHDRAWN                        _____

22

23                        **INSTRUCTION NO. 30**

24                      **Evidence in Electronic Format**

25          Those exhibits received in evidence that are capable of being displayed

26 electronically will be provided to you in that form, and you will be able to view

27 them in the jury room.  A computer, projector, printer and accessory equipment will

28

be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits.  You will also be provided with a paper list of all exhibits received in evidence.  You may request a paper copy of any exhibit received in evidence by sending a note through the [clerk] [bailiff].)  If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the [clerk] [bailiff], signed by your foreperson or by one or more members of the jury.  Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with [the clerk] [the bailiff] present for the sole purpose of assuring that the only matter that is discussed is the technical problem.  When the court technician or any nonjuror is in the jury room, the jury shall not deliberate.  No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment.  Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case.  You may not use the computer for any other purpose.  At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material.  Do not attempt to alter the computer to obtain access to such materials.  If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials.  Do not remove the computer or any electronic data from the jury room, and do not copy any such data.

**Source:** Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit No. 2.16, without change.

PROPOSED BY: BOTH PLAINTIFFS AND

DEFENDANT

GIVEN AS PROPOSED            _____

GIVEN AS MODIFIED            _____

GIVEN ON COURT'S OWN         _____

MOTION

REFUSED                      _____

WITHDRAWN                    _____

## INSTRUCTION NO. 31

### Duty to Deliberate

Before you begin your deliberations, elect one member of the jury as your presiding juror.  The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right,

or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Source:** Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit No. 3.1, without change.

PROPOSED BY: BOTH PLAINTIFFS AND DEFENDANT

GIVEN AS PROPOSED             _____

GIVEN AS MODIFIED             _____

GIVEN ON COURT'S OWN          _____

MOTION

REFUSED                       _____

WITHDRAWN                     _____

## INSTRUCTION NO. 32

## Communication with Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [clerk] [bailiff], signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing.  I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have

1  reached a unanimous verdict or have been discharged.

2

3  **Source:** Manual of Model Civil Jury Instructions for the District Courts of the Ninth

4  Circuit No. 3.3, without change.

5

6  PROPOSED BY: BOTH PLAINTIFFS AND

7  DEFENDANT

8  GIVEN AS PROPOSED            _____

9  GIVEN AS MODIFIED            _____

10  GIVEN ON COURT'S OWN         _____

11  MOTION

12  REFUSED                      _____

13  WITHDRAWN                    _____

14

15  **INSTRUCTION NO. 33**

16  **Return of Verdict Form**

17      A verdict form has been prepared for you.  ==*[Explain verdict form as needed.*]==

18  After you have reached unanimous agreement on a verdict, your presiding juror

19  should complete the verdict form according to your deliberations, sign and date it,

20  and advise the [clerk] [bailiff] that you are ready to return to the courtroom.

21

22  **Source:** Manual of Model Civil Jury Instructions for the District Courts of the Ninth

23  Circuit No. 3.5.

24

25  PROPOSED BY: BOTH PLAINTIFFS AND

26  DEFENDANT

27  GIVEN AS PROPOSED            _____

28

GIVEN AS MODIFIED          _____

GIVEN ON COURT'S OWN       _____

MOTION

REFUSED                    _____

WITHDRAWN                  _____


## INSTRUCTION NO. 34

### Corporations – Fair Treatment

**Modified:**

All parties are equal before the law and a corporation ~~[partnership]~~ is entitled to the same fair and conscientious consideration by you as any party.


**Original**:

All parties are equal before the law and a [corporation] [partnership] is entitled to the same fair and conscientious consideration by you as any party.


**Source:** Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit No. 4.1.


PROPOSED BY: BOTH PLAINTIFFS AND DEFENDANT

GIVEN AS PROPOSED          _____

GIVEN AS MODIFIED          _____

GIVEN ON COURT'S OWN       _____

MOTION

REFUSED                    _____

WITHDRAWN                  _____

-41-

## INSTRUCTION NO. 35

### Liability of Corporations – Scope of Authority Not In Issue

Under the law, a corporation is considered to be a person.  It can only act through its employees, agents, directors, or officers.  Therefore, a corporation is responsible for the acts of its employees, agents, and directors performed within the scope of authority.

**Source:** Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit No. 4.2, without change.

PROPOSED BY: BOTH PLAINTIFFS AND

DEFENDANT

GIVEN AS PROPOSED           _____

GIVEN AS MODIFIED           _____

GIVEN ON COURT'S OWN           _____

MOTION

REFUSED           _____

WITHDRAWN           _____

## INSTRUCTION NO. 36

### Scope of Authority Defined

An agent is acting within the scope of authority if the agent is engaged in the performance of duties which were expressly or impliedly assigned to the agent by the principal.

**Source:** Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit No. 4.5, without change.

PROPOSED BY: **PLAINTIFFS ONLY**

GIVEN AS PROPOSED     \_\_\_\_\_

GIVEN AS MODIFIED     \_\_\_\_\_

GIVEN ON COURT'S OWN     \_\_\_\_\_ MOTION

REFUSED     \_\_\_\_\_

WITHDRAWN     \_\_\_\_\_

## INSTRUCTION NO. 37

### Independent Contractor – Definition

An independent contractor is a person who performs services for another person under an express or implied agreement and who is not subject to the other's control or, or right to control, the manner and means of performing the services.

One who engages an independent contractor is not liable to others for the acts of omissions of the independent contractor.

**Source:** Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit No. 4.14, without change.

PROPOSED BY: **DEFENDANT ONLY**

GIVEN AS PROPOSED     \_\_\_\_\_

GIVEN AS MODIFIED     \_\_\_\_\_

GIVEN ON COURT'S OWN     \_\_\_\_\_ MOTION

1  REFUSED                          _____

2  WITHDRAWN                        _____

3

4                      **INSTRUCTION NO. 38**

5                   **Agent and Principal--Definition**

6          An agent is a person who performs services for another person under an

7  express or implied agreement and who is subject to the other's control or right to

8  control the manner and means of performing the services.  The other person is called

9  a principal.  **One may be an agent without receiving compensation for services.**

10 **The agency agreement may be oral or written.**

11

12 **Source:** Manual of Model Civil Jury Instructions for the District Courts of the Ninth

13 Circuit No. 4.4.

14

15 PROPOSED BY: **PLAINTIFFS**

16 **ONLY**

17 GIVEN AS PROPOSED                _____

18 GIVEN AS MODIFIED                _____

19 GIVEN ON COURT'S OWN             _____

20 MOTION

21 REFUSED                          _____

22 WITHDRAWN                        _____

23

24

25

26

27

28
                                    -44-

# INSTRUCTION NO. 39

## PRINCIPAL SUED BUT NOT AGENT—

## AGENCY OR AUTHORITY DENIED

**Modified:**

The defendant **Younique** is sued as a principal.  The plaintiff claims that **Senos Marketing Limited and/or Six Plus Trade Company** was acting as **Younique**'s agent.  **Younique** [denies that **Senos Marketing Limited and/or Six Plus Trade Company** was acting as **Younique**'s agent] [admits that **Senos Marketing Limited and/or Six Plus Trade Company** was acting as **Younique**'s agent] [and] [denies that **Senos Marketing Limited and/or Six Plus Trade Company** was acting within the scope of authority.]

If you find that **Senos Marketing Limited and/or Six Plus Trade Company** [was the agent of **Younique** and] was acting within the scope of authority, then any act or omission of **Senos Marketing Limited and/or Six Plus Trade Company** was the act or omission of **Younique**.

If you find that **Senos Marketing Limited and/or Six Plus Trade Company** was not acting within the scope of authority as **Younique**'s agent, then you must find for **Younique**.

**Original:**

The defendant [*name of alleged principal*] is sued as a principal.  The plaintiff claims that [*name of alleged agent*] was acting as [*name of alleged principal*]'s agent.  [*Name of alleged principal*] [denies that [*name of alleged agent*] was acting as [*name of alleged principal*]'s agent] [admits that [*name of alleged agent*] was acting as [*name of alleged principal*]'s agent] [and] [denies that [*name of alleged*

*agent*] was acting within the scope of authority.]

If you find that [*name of alleged agent*] [was the agent of [*name of alleged principal*] and] was acting within the scope of authority, then any act or omission of [*name of alleged agent*] was the act or omission of [*name of alleged principal*].

If you find that [*name of alleged agent*] was not acting within the scope of authority as [*name of alleged principal*]'s agent, then you must find for [*name of alleged principal*].

**Source:** Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit No. 4.12.

PROPOSED BY: **PLAINTIFFS ONLY**

GIVEN AS PROPOSED          _____

GIVEN AS MODIFIED          _____

GIVEN ON COURT'S OWN          _____

MOTION

REFUSED          _____

WITHDRAWN          _____

## INSTRUCTION NO. 40

### Ratification

A purported principal who ratifies the acts of someone who was purporting to act as the principal's agent will be liable for the acts of that purported agent, provided that the principal made a conscious and affirmative decision to approve the relevant acts of the purported agent while in possession of full and complete

-46-

1  knowledge of all relevant events.

2

3  **Source:** Manual of Model Civil Jury Instructions for the District Courts of the Ninth

4  Circuit No. 4.7.

5

6  PROPOSED BY: **PLAINTIFFS**      .

7  **ONLY**

8  GIVEN AS PROPOSED                    _____

9  GIVEN AS MODIFIED                    _____

10  GIVEN ON COURT'S OWN               _____

11  MOTION

12  REFUSED                              _____

13  WITHDRAWN                           _____

14

15  **INSTRUCTION NO. 41**

16  **Act of Agent is Act of Principal**

17  Any act or omission of an agent within the scope of authority is the act or

18  omission of the principal.

19

20  **Source:** Manual of Model Civil Jury Instructions for the District Courts of the Ninth

21  Circuit No. 4.8.

22

23  PROPOSED BY: **PLAINTIFFS**

24  **ONLY**

25  GIVEN AS PROPOSED                    _____

26  GIVEN AS MODIFIED                    _____

27

28

1  GIVEN ON COURT'S OWN          _____

2  MOTION

3  REFUSED          _____

4  WITHDRAWN          _____

5

6

7                    **INSTRUCTION NO. 42**

8                    **Damages—Proof**

9    **42.a Plaintiffs' Proposed Modified Instruction.**

10        It is the duty of the Court to instruct you about the measure of damages.  By

11  instructing you on damages, the Court does not mean to suggest for which party

12  your verdict should be rendered.

13        If you find for the plaintiff **on their claims** you must determine the plaintiffs'

14  damages.  The plaintiff has the burden of proving damages by a preponderance of

15  the evidence.  Damages means the amount of money that will reasonably and fairly

16  compensate the plaintiff for any injury you find was caused by the defendant.  You

17  should consider the following:

18        **The testimony of the Plaintiffs**

19        **The testimony of the Defendant**

20        **The expert reports**

21        **The evidence presented at trial**

22        **Plaintiffs are seeking actual damages for themselves and the members of**

23  **the Classes.  Unless you conclude that the Moodstruck 3D Fiber Lashes are**

24  **worthless, the measurement of damages is the difference between the $29**

25  **purchase price and what the value of the lashes actually is if the lashes are not**

26  **"Natural Fibers" or "100% Natural Green Tea Fibers."**

27        **It is for you to determine what** damages, if any, have been proved.

28

                              -48-

1  Your award must be based upon evidence and not upon speculation,
2  guesswork or conjecture.

3

4  **42.b Defendant's Proposed Modified Instruction.**

5  It is the duty of the Court to instruct you about the measure of damages.  By
6  instructing you on damages, the Court does not mean to suggest for which party
7  your verdict should be rendered.

8  If you find for the plaintiff**s on their claims** you must determine the
9  plaintiffs' damages.  The plaintiff**s have** the burden of proving damages by a
10  preponderance of the evidence.  Damages means the amount of money that will
11  reasonably and fairly compensate the plaintiff**s** for any injury you find was caused
12  by the defendant.  You should consider the following:

13  **Plaintiff Schmitt seeks actual damages for herself.  The measure of**
14  **damages is the difference between what she paid for the Younique Moodstruck**
15  **3D Fiber Lashes and the value of the Younique Moodstruck 3D Fiber Lashes as**
16  **received if the lash component does not consist of "Natural Fibers" or "100%**
17  **Natural Green Tea Fibers."**

18  **Plaintiff Schmitt also brings this case on behalf of the California Class,**
19  **and seeks actual damages on its behalf.  The measure of damages is the**
20  **difference between what the California Class paid for the Younique**
21  **Moodstruck 3D Fiber Lashes and the value of the Younique Moodstruck 3D**
22  **Fiber Lashes as received if the lash component does not consist of "Natural**
23  **Fibers" or "100% Natural Green Tea Fibers."**

24  **Plaintiff Brun seeks actual damages for herself.  The measure of damages**
25  **is the difference between what she paid for the Younique Moodstruck 3D Fiber**
26  **Lashes and the value of the Younique Moodstruck 3D Fiber Lashes as received**
27  **if the lash component does not consist of "Natural Fibers" or "100% Natural**

28

-49-

Green Tea Fibers."

**Plaintiff Brun also brings this case on behalf of the Ohio Class, and seeks actual damages on its behalf.  The measure of damages is the difference between what the Ohio Class paid for the Younique Moodstruck 3D Fiber Lashes and the value of the Younique Moodstruck 3D Fiber Lashes as received if the lash component does not consist of "Natural Fibers" or "100% Natural Green Tea Fibers."**

**Plaintiff Reilly seeks actual damages for herself.  The measure of damages is the difference between what she paid for the Younique Moodstruck 3D Fiber Lashes and the value of the Younique Moodstruck 3D Fiber Lashes as received if the lash component does not consist of "Natural Fibers" or "100% Natural Green Tea Fibers."**

**Plaintiff Reilly also brings this case on behalf of the Florida Class, and seeks actual damages on its behalf.  The measure of damages is the difference between what the Florida Class paid for the Younique Moodstruck 3D Fiber Lashes and the value of the Younique Moodstruck 3D Fiber Lashes as received if the lash component does not consist of "Natural Fibers" or "100% Natural Green Tea Fibers."**

**It is for you to determine what damages**, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**Original**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff [on the plaintiff's [specify type of claim] claim],

-50-

you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

[Insert types of damages. See Instruction 5.2 (Measures of Types of Damages)]

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**Source:** Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit No. 5.1.

PROPOSED BY:                  .

GIVEN AS PROPOSED       _____

GIVEN AS MODIFIED       _____

GIVEN ON COURT'S OWN       _____

MOTION

REFUSED       _____

WITHDRAWN       _____

## INSTRUCTION NO. 43

### Punitive Damages

### 43.a Plaintiffs' Proposed Modified Instruction.

If you find for the plaintiff**s**, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future.  Punitive damages may not be awarded to compensate a plaintiff.

1       The plaintiff**s have** the burden of proving by **clear and convincing evidence**

2   that punitive damages should be awarded and, if so, the amount of any such

3   damages.

4       You may award punitive damages only if you find that the defendant's

5   conduct that harmed the plaintiff**s** was malicious, oppressive or in reckless disregard

6   of the plaintiff**s'** rights.  Conduct is malicious if it is accompanied by ill will, or

7   spite, or if it is for the purpose of injuring the plaintiff**s**.  Conduct is in reckless

8   disregard of the plaintiff**s'** rights if, under the circumstances, it reflects complete

9   indifference to the plaintiff**s'** safety or rights, or if the defendant acts in the face of a

10   perceived risk that its actions will violate the plaintiff**s'** rights under federal law.  An

11   act or omission is oppressive if the defendant injures or damages or otherwise

12   violates the rights of the plaintiff**s** with unnecessary harshness or severity, such as

13   by misusing or abusing authority or power or by taking advantage of some weakness

14   or disability or misfortune of the plaintiff**s**.

15       If you find that punitive damages are appropriate, you must use reason in

16   setting the amount.  Punitive damages, if any, should be in an amount sufficient to

17   fulfill their purposes but should not reflect bias, prejudice or sympathy toward any

18   party.  In considering the amount of any punitive damages, consider the degree of

19   reprehensibility of the defendant's conduct including whether the conduct that

20   harmed the plaintiff**s** was particularly reprehensible because it also caused actual

21   harm or posed a substantial risk of harm to people who are not parties to this case.

22   You may not, however, set the amount of any punitive damages in order to punish

23   the defendant for harm to anyone other than the plaintiff**s** in this case.

24

25       **43.b Defendant's Proposed Modified Instruction.**

26       If you find for the plaintiff**s**, you may, but are not required to, award punitive

27   damages. The purposes of punitive damages are to punish a defendant and to deter

28

similar acts in the future.  Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff**s have** the burden of proving by **clear and convincing evidence** that punitive damages should be awarded and, if so, the amount of any such damages.  **In order to recover punitive damages from a corporation, the wrongful conduct must have been committed, authorized or ratified by an officer, director, or managing agent of the corporation.**

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff**s** was malicious, oppressive or in reckless disregard of the plaintiff**s'** rights.  Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff**s**.  Conduct is in reckless disregard of the plaintiff**s'** rights if, under the circumstances, it reflects complete indifference to the plaintiff**s'** safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff**s'** rights under federal law.  An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff**s** with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff**s**.

If you find that punitive damages are appropriate, you must use reason in setting the amount.  Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party.  In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct including whether the conduct that harmed the plaintiff**s** was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case. You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff**s** in this case.

**Original**:

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by [a preponderance of the evidence] [clear and convincing evidence] that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct [, including whether the conduct that harmed the plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case. You may not, however, set the amount of any punitive damages in order to punish

the defendant for harm to anyone other than the plaintiff in this case].

[In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.]

[Punitive damages may not be awarded against [specify defendant.] [You may impose punitive damages against one or more of the defendants and not others, and may award different amounts against different defendants.] [Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.]

**Source:** Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit No. 5.5; Cal. Civ. Code § 3294; and *Hardt v. Chrysler Group LLC*, 2015 U.S. Dist. LEXIS 187386, *28-29 (C.D. Cal. June 15, 2015).


PROPOSED BY:                              .
GIVEN AS PROPOSED          _____
GIVEN AS MODIFIED          _____
GIVEN ON COURT'S OWN          _____
MOTION
REFUSED                    _____
WITHDRAWN                  _____


### INSTRUCTION NO. [XX]

### Burden of Proof—Clear and Convincing Evidence

Plaintiffs believe that since the trial is bifurcated as to damages that this instruction should appear in this order as opposed to its current position at instruction number 5.

# INSTRUCTION NO. 44

## Arguments of Counsel not Evidence of Damages

The arguments of the attorneys are not evidence of damages. Your award must be based on your reasoned judgment applied to the testimony of the witnesses and the other evidence that has been admitted during trial.

**Source:** Judicial Council of California Civil Jury Instructions No. 3925, without change.

PROPOSED BY: BOTH PLAINTIFFS AND

DEFENDANT

GIVEN AS PROPOSED          _____

GIVEN AS MODIFIED          _____

GIVEN ON COURT'S OWN          _____

MOTION

REFUSED          _____

WITHDRAWN          _____

# INSTRUCTION NO. 45

## Experts - Questions Containing Assumed Facts

The law allows expert witnesses to be asked questions that are based on assumed facts. These are sometimes called "hypothetical questions."

In determining the weight to give to the expert's opinion that is based on the assumed facts, you should consider whether the assumed facts are true.

**Source:** Judicial Council of California Civil Jury Instructions No. 220, without change.

-56-

PROPOSED BY: BOTH PLAINTIFFS AND

DEFENDANT

GIVEN AS PROPOSED          _____

GIVEN AS MODIFIED          _____

GIVEN ON COURT'S OWN       _____

MOTION

REFUSED                    _____

WITHDRAWN                  _____

**INSTRUCTION NO. 46**

**Consumers Legal Remedies Act- Essential Factual Elements (Civ. Code,
§ 1770)**

**46.a <u>Plaintiffs' Proposed Modified Instruction.</u>**

**Megan Schmitt** claims that **Younique** engaged in unfair methods of
competition and unfair or deceptive acts or practices in a transaction that resulted, ~~or
was intended to result,~~ in the sale ~~or lease of goods or services~~ to a consumer, and
that **she was** harmed by **Younique**'s violation. To establish this claim, **Megan
Schmitt** must prove all of the following:

1. That **Schmitt** acquired, ~~or sought to acquire, by purchase or lease,~~
**Younique Moodstruck 3D Fiber Lashes** for personal, family, or household
purposes;

2. That **Younique represented that Younique Moodstruck 3D Fiber Lashes
contained "Natural Fibers" or "100% Natural Green Tea Fibers" when they
did not, or that Younique advertised the Younique Moodstruck 3D Fiber
Lashes as containing "Natural Fibers" or "100% Natural Green Tea Fibers"
with the intent not to sell them as advertised;**

3. That **Megan Schmitt and the members of the California Class** were harmed; and

4. That the harm to **Megan Schmitt and the members of the California Class** resulted from **Younique's** conduct.

The harm to **Megan Schmitt and the members of the California Class** resulted from **Younique's** conduct if **Megan Schmitt** relied on **Younique's** representation that **the lashes were made of "Natural Fibers" or "100% Natural Green Tea Fibers."**

To prove reliance, **Megan Schmitt** need only prove that the representation was a substantial factor in **her** decision.  **She** does not need to prove that it was the primary factor or the only factor in the decision.

If **Younique's** representation of fact was material, reliance may be inferred. A fact is material if a reasonable consumer would consider it important in deciding whether to buy or lease **the Younique Moodstruck 3D Fiber Lashes.**

**46.b** <u>**Defendant's Proposed Modified Instruction.**</u>
<u>**For Plaintiff Schmitt**</u>

**Plaintiff Schmitt** claims that **Younique** engaged in unfair methods of competition and unfair or deceptive acts or practices in a transaction that resulted~~, or was intended to result,~~ in the sale ~~or lease~~ of goods ~~or services~~ to a consumer, and that **she was** harmed by **Younique'**s violation. To establish this claim, **Plaintiff Schmitt** must prove all of the following:

1. That **Schmitt** acquired, ~~or sought to acquire,~~ by purchase ~~or lease~~, **Younique Moodstruck 3D Fiber Lashes** for personal, family, or household purposes;

2. That **Younique** represented that **Younique Moodstruck 3D Fiber Lashes**

-58-

**contained "Natural Fibers" or "100% Natural Green Tea Fibers" when they did not, or that Younique advertised the Younique Moodstruck 3D Fiber Lashes as containing "Natural Fibers" or "100% Natural Green Tea Fibers" with the intent not to sell them as advertised;**

3. That **Schmitt** was harmed; and

4. That the harm to **Schmitt** resulted from **Younique's** conduct.

**Schmitt's** harm resulted from **Younique's** conduct if **Schmitt** relied on **Younique's** representation that **the lashes were made of "Natural Fibers" or "100% Natural Green Tea Fibers."**  To prove reliance, **Schmitt** need only prove that the representation was a substantial factor in **her** decision.  **She** does not need to prove that it was the primary factor or the only factor in the decision.

If **Younique's** representation of fact was material, reliance may be inferred. A fact is material if a reasonable consumer would consider it important in deciding whether to buy ~~or lease~~ **the Younique Moodstruck 3D Fiber Lashes.**

**<u>For the California Class</u>**

**Plaintiff Schmitt** claims that **Younique** engaged in unfair methods of competition and unfair or deceptive acts or practices in a transaction that resulted~~, or was intended to result,~~ in the sale ~~or lease~~ of goods ~~or services~~ to a consumer, and that **the California Class was** harmed by **Younique'**s violation. To establish this claim, **Plaintiff Schmitt** must prove all of the following:

1. That **the California Class** acquired~~, or sought to acquire~~, by purchase ~~or lease~~, **Younique Moodstruck 3D Fiber Lashes** for personal, family, or household purposes;

2. That **Younique represented that Younique Moodstruck 3D Fiber Lashes contained "Natural Fibers" or "100% Natural Green Tea Fibers" when they did not, or that Younique advertised the Younique Moodstruck 3D Fiber**

**Lashes as containing "Natural Fibers" or "100% Natural Green Tea Fibers" with the intent not to sell them as advertised;**

3. That **the California Class** was harmed; and

4. That the harm to **the California Class** resulted from **Younique's** conduct.

**The California Class'** harm resulted from **Younique's** conduct if **the California Class** relied on **Younique's** representation that **the lashes were made of "Natural Fibers" or "100% Natural Green Tea Fibers."**  To prove reliance, **Schmitt on behalf of the California Class** need only prove that the representation was a substantial factor in **the purchasing** decision**s of the California Class**.  **She** does not need to prove that it was the primary factor or the only factor in the decision.

If **Younique's** representation of fact was material, reliance may be inferred. A fact is material if a reasonable consumer would consider it important in deciding whether to buy ~~or lease~~ **the Younique Moodstruck 3D Fiber Lashes.**

**Original**:

[Name of plaintiff] claims that [name of defendant] engaged in unfair methods of competition and unfair or deceptive acts or practices in a transaction that resulted, or was intended to result, in the sale or lease of goods or services to a consumer, and that [name of plaintiff] was harmed by [name of defendant]'s violation. To establish this claim, [name of plaintiff] must prove all of the following:

1. That [name of plaintiff] acquired, or sought to acquire, by purchase or lease, [specify product or service] for personal, family, or household purposes;

2. That [name of defendant] [specify one or more prohibited practices from Civ. Code, § 1770(a), e.g., represented that [product or service] had characteristics, uses, or benefits that it did not have];

3. That [name of plaintiff] was harmed; and

4. That [name of plaintiff]'s harm resulted from [name of defendant]'s

conduct.

[[Name of plaintiff]'s harm resulted from [name of defendant]'s conduct if [name of plaintiff] relied on [name of defendant]'s representation. To prove reliance, [name of plaintiff] need only prove that the representation was a substantial factor in [his/her] decision. [He/She] does not need to prove that it was the primary factor or the only factor in the decision.

If [name of defendant]'s representation of fact was material, reliance may be inferred. A fact is material if a reasonable consumer would consider it important in deciding whether to buy or lease the [goods/services].]

**Source:** Judicial Council of California Civil Jury Instructions No. 4700.


PROPOSED BY:

GIVEN AS PROPOSED          _____

GIVEN AS MODIFIED          _____

GIVEN   ON   COURT'S   OWN   _____

MOTION

REFUSED          _____

WITHDRAWN          _____


### INSTRUCTION NO. 47

### Consumers Legal Remedies Act:  Damages – For Plaintiff Schmitt

Under California's Consumers Remedies Act, the measure of actual damages is the difference between what Plaintiff Schmitt paid and the value of the Younique Moodstruck 3D Fiber Lashes that she received.


**Source:**  *Chowning v. Kohl's Dep't Stores, Inc*., 735 Fed. Appx. 924, 924-25, n. 1 (2018) (citing *Colgan v. Leatherman Tool Grp., Inc.*, 135 Cal.App.4th 663 (2006)).

PROPOSED BY: **DEFENDANT ONLY**

GIVEN AS PROPOSED          _____

GIVEN AS MODIFIED          _____

GIVEN ON COURT'S OWN     _____
MOTION

REFUSED                    _____

WITHDRAWN                  _____

**INSTRUCTION NO. 48**

**Consumers Legal Remedies Act:  Damages – For California Class**

Under California's Consumers Remedies Act, the measure of actual damages is the difference between what the California Class paid and the value of the Younique Moodstruck 3D Fiber Lashes that was received.

**Source:**  *Chowning v. Kohl's Dep't Stores, Inc*., 735 Fed. Appx. 924, 924-25, n. 1 (2018) (citing *Colgan v. Leatherman Tool Grp., Inc.*, 135 Cal.App.4th 663 (2006)).

PROPOSED BY: **DEFENDANT ONLY**

GIVEN AS PROPOSED          _____

GIVEN AS MODIFIED          _____

GIVEN ON COURT'S OWN     _____
MOTION

REFUSED                    _____

WITHDRAWN                  _____

**INSTRUCTION NO. 49**

**Ohio Implied Warranty**

**49.a Plaintiffs' Proposed Modified Instruction.**

MERCHANTABILITY WARRANTIES. When a merchant sells goods, a warranty is implied that the goods will be merchantable. You will decide whether the goods were merchantable. To be merchantable, the **Younique Moodstruck 3D Fiber Lashes** must conform to the promises or affirmations of fact made on the container or label, in this case, that **the fibers were "Natural Fibers" or "100% Natural Green Tea Fibers."**


**49.b Defendant's Proposed Modified Instruction.**

**For Plaintiff Brun**

MERCHANTABILITY WARRANTIES. When a merchant sells goods, a warranty is implied that the goods will be merchantable. You will decide whether the goods were merchantable. To be merchantable, the **Younique Moodstruck 3D Fiber Lashes** must conform to the promises or affirmations of fact made on the container or label, in this case, that **the fibers were "Natural Fibers" or "100% Natural Green Tea Fibers."**

**For the Ohio Class**

MERCHANTABILITY WARRANTIES. When a merchant sells goods, a warranty is implied that the goods will be merchantable. You will decide whether the goods were merchantable. To be merchantable, the **Younique Moodstruck 3D Fiber Lashes** must conform to the promises or affirmations of fact made on the container or label, in this case, that **the fibers were "Natural Fibers" or "100% Natural Green Tea Fibers."**


**Original**:

MERCHANTABILITY WARRANTIES. When a merchant sells goods, a warranty is implied that the goods will be merchantable. You will decide whether the goods were merchantable. To be merchantable, the goods must conform to the promises or affirmations of fact made on the container or label, if any.

Source: Ohio Civil Jury Instructions, 1 505 OJI CV 505.13.

PROPOSED BY:                          .

GIVEN AS PROPOSED            _____

GIVEN AS MODIFIED             _____

GIVEN   ON   COURT'S   OWN   _____

MOTION

REFUSED                             _____

WITHDRAWN                       _____

## INSTRUCTION NO. 50

## Ohio Express Warranty

### 50.a <u>Plaintiffs' Proposed Modified Instruction.</u>

1. INTRODUCTION. There are two types of warranties that may accompany a sale of goods: the first is the express warranty, arising from the agreed terms of the sale; the second is the implied warranty, arising only from the fact that a sale was made. Both may exist in the same sale. If the seller **[here, Younique]** defaults under either type of warranty, the buyer **[here, Plaintiff Brun]** has remedies which will be discussed later.

2. FORMATION OF EXPRESS WARRANTY. If you find that (a) **Younique made an affirmation of fact that the lashes were made of "Natural Fibers and/or "100% Natural Green Tea Fibers"** and (b) that **affirmation of fact** became a part

of the basis of the bargain between the parties, then the agreement contains an express warranty that the goods will conform to the **affirmation of fact**.

3. PROMISE OR AFFIRMATION OF FACT. **Younique** has made an **affirmation of fact that the lashes were made of "Natural Fibers and/or "100% Natural Green Tea Fibers** if, from the facts and circumstances in evidence, you find that a reasonable person in the position of the buyer would believe that the seller had made an affirmation of fact about the goods.

4. BASIS OF THE BARGAIN. It is not necessary that the promise or affirmation be the motivating factor of the sale or be relied upon by the buyer; it is sufficient if the **affirmation of fact** is one of the bases of the bargain. If you find, however, that the buyer did rely on the **affirmation of fact**, the **affirmation of fact** would then be part of the basis of the bargain.

**50.b Defendant's Proposed Modified Instruction.**

**For Plaintiff Brun**

INTRODUCTION. There are two types of warranties that may accompany a sale of goods: the first is the express warranty, arising from the agreed terms of the sale; the second is the implied warranty, arising only from the fact that a sale was made. Both may exist in the same sale. If the seller **[here, Younique]** defaults under either type of warranty, the buyer **[here, Plaintiff Brun]** has remedies which will be discussed later.

FORMATION OF EXPRESS WARRANTY. If you find that (a) **Younique made an affirmation of fact that the lashes were made of "Natural Fibers and/or "100% Natural Green Tea Fibers"** and (b) that **affirmation of fact** became a part of the basis of the bargain between the parties, then the agreement contains an express warranty that the goods will conform to the **affirmation of fact**.

PROMISE OR AFFIRMATION OF FACT. **Younique** has made an

-65-

affirmation of fact that the lashes were made of "Natural Fibers and/or "100% Natural Green Tea Fibers** if, from the facts and circumstances in evidence, you find that a reasonable person in the position of **Plaintiff Brun** would believe that **Younique** had made an affirmation of fact about the goods.

BASIS OF THE BARGAIN. It is not necessary that the promise or affirmation be the motivating factor of the sale or be relied upon by **Plaintiff Brun**; it is sufficient if the **affirmation of fact** is one of the bases of the bargain. If you find, however, that **Plaintiff Brun** did rely on the **affirmation of fact**, the **affirmation of fact** would then be part of the basis of the bargain.

**For Ohio Class**

INTRODUCTION. There are two types of warranties that may accompany a sale of goods: the first is the express warranty, arising from the agreed terms of the sale; the second is the implied warranty, arising only from the fact that a sale was made. Both may exist in the same sale. If the seller **[here, Younique]** defaults under either type of warranty, the buyer **[here, the Ohio Class]** has remedies which will be discussed later.

FORMATION OF EXPRESS WARRANTY. If you find that (a) **Younique** made an affirmation of fact that the lashes were made of "Natural Fibers and/or "100% Natural Green Tea Fibers"** and (b) that **affirmation of fact** became a part of the basis of the bargain between the parties, then the agreement contains an express warranty that the goods will conform to the **affirmation of fact**.

PROMISE OR AFFIRMATION OF FACT. **Younique** has made an **affirmation of fact that the lashes were made of "Natural Fibers and/or "100% Natural Green Tea Fibers** if, from the facts and circumstances in evidence, you find that a reasonable person in the position of the **Ohio Class** would believe that **Younique** had made an affirmation of fact about the goods.

BASIS OF THE BARGAIN. It is not necessary that the promise or affirmation be the motivating factor of the sale or be relied upon by the **Ohio Class**; it is sufficient if the **affirmation of fact** is one of the bases of the bargain. If you find, however, that the **Ohio Clas** did rely on the **affirmation of fact**, the **affirmation of fact** would then be part of the basis of the bargain.

**Original:**

1. INTRODUCTION. There are two types of warranties that may accompany a sale of goods: the first is the express warranty, arising from the agreed terms of the sale; the second is the implied warranty, arising only from the fact that a sale was made. Both may exist in the same sale. If the seller defaults under either type of warranty, the buyer has remedies which will be discussed later.

2. FORMATION OF EXPRESS WARRANTY. If you find that (a) a (promise) (affirmation of fact) was made by the (seller) (the seller's representative) and (b) the (promise) (affirmation of fact) became a part of the basis of the bargain between the parties, then the agreement contains an express warranty that the goods will conform to the (promise) (affirmation of fact).

3. PROMISE OR AFFIRMATION OF FACT. The seller has made a (promise) (affirmation of fact) if, from the facts and circumstances in evidence, you find that a reasonable person in the position of the buyer would believe that the seller had made (a promise) (affirmation of fact) about the goods.

4. BASIS OF THE BARGAIN. It is not necessary that the promise or affirmation be the motivating factor of the sale or be relied upon by the buyer; it is sufficient if the (promise) (affirmation of fact) is one of the bases of the bargain. If you find, however, that the buyer did rely on the (promise) (affirmation of fact), the (promise) (affirmation of fact) would then be part of the basis of the bargain.

1  Source: Ohio Civil Jury Instructions, 1 505 OJI CV 505.11.

2

3  PROPOSED BY:                          .

4  GIVEN AS PROPOSED          _____

5  GIVEN AS MODIFIED          _____

6  GIVEN   ON   COURT'S   OWN   _____

7  MOTION

8  REFUSED                    _____

9  WITHDRAWN                  _____

10

11              **INSTRUCTION NO. 51**

12      **Ohio Buyer's Damages for Breach Of Warranty of Accepted Goods**

13      **51.a <u>Plaintiffs' Proposed Modified Instruction.</u>**

14      GENERAL. If you find that the seller breached a warranty and the buyer

15  accepted the goods, the buyer is entitled to the difference between the value of the

16  goods at the time and place the buyer accepted them and the value they would have

17  had if they had been as the seller warranted. To measure these damages you first must

18  determine the value of the goods as warranted. Then subtract the value of the goods

19  as accepted. The difference is the seller's damages.

20

21      **51.b <u>Defendant's Proposed Modified Instruction.</u>**

22      **For Plaintiff Brun**

23      GENERAL. If you find that **Younique** breached a warranty and **Plaintiff**

24  **Brun** accepted the goods, **Plaintiff Brun** is entitled to the difference between the

25  value of the goods at the time and place **she** accepted them and the value they would

26  have had if they had been as **Younique** warranted. To measure these damages you

27  first must determine the value of the goods as warranted. Then subtract the value of

28

-68-

the goods as accepted. The difference is **Plaintiff Brun's** damages.

### For Ohio Class

GENERAL. If you find that **Younique** breached a warranty and the **Ohio Class** accepted the goods, the **Ohio Class** is entitled to the difference between the value of the goods at the time and place **the Ohio Class** accepted them and the value they would have had if they had been as **Younique** warranted. To measure these damages you first must determine the value of the goods as warranted. Then subtract the value of the goods as accepted. The difference is **the Ohio Class'** damages.

**<u>Original</u>:**

GENERAL. If you find that the seller breached a warranty and the buyer accepted the goods, the buyer is entitled to the difference between the value of the goods at the time and place the buyer accepted them and the value they would have had if they had been as the seller warranted. To measure these damages you first must determine the value of the goods as warranted. Then subtract the value of the goods as accepted. The difference is the seller's damages.

Source: Ohio Civil Jury Instructions, 1 505 OJI CV 505.45.


PROPOSED BY: _____ .

GIVEN AS PROPOSED _____

GIVEN AS MODIFIED _____

GIVEN ON COURT'S OWN _____

MOTION

REFUSED _____

WITHDRAWN _____

-69-

# INSTRUCTION NO. 52

## Magnuson-Moss Warranty Claims

### 52.a <u>Plaintiffs' Proposed Modified Instruction.</u>

The Magnusson-Moss Act is a federal warranty law that adopts the law of the state in which the transaction occurred, in this case, Ohio.  If you find that **Younique** breached either its express or implied warranties to **Plaintiff Stephanie Miller Brun** and the Ohio Class, then you must find that **Younique** also breached the Magnusson-Moss Warranty Act.


### 52.b <u>Defendant's Proposed Modified Instruction.</u>

**For Plaintiff Brun**

The Magnusson-Moss Act is a federal warranty law that adopts the law of the state in which the transaction occurred, in this case, Ohio.  If you find that **Younique** breached either its express or implied warranties to **Plaintiff Brun**, then you must find that **Younique** also breached the Magnusson-Moss Warranty Act.

**For Ohio Class**

The Magnusson-Moss Act is a federal warranty law that adopts the law of the state in which the transaction occurred, in this case, Ohio.  If you find that **Younique** breached either its express or implied warranties to **the Ohio Class**, then you must find that **Younique** also breached the Magnusson-Moss Warranty Act.


Source: *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008); Doc. 136 Order on Summary Judgment at page 14.


PROPOSED BY:                              .

GIVEN AS PROPOSED          _____

GIVEN AS MODIFIED           _____

1  GIVEN   ON   COURT'S   OWN   _____

2  MOTION

3  REFUSED                       _____

4  WITHDRAWN                     _____

5

6  **INSTRUCTION NO. 53**

7  **Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") Elements**

8  **53.a <u>Plaintiffs' Proposed Modified Instruction.</u>**

9      Plaintiff Deana Reilly, on behalf of the Florida Class, claims that Younique is

10 liable to her and the Florida Class for money damages for unfair and deceptive trade

11 practices.  To recover damages, Plaintiff must show by the greater weight of the

12 evidence that:

13     (1)    Defendant stated that the Younique Moodstruck 3D Fiber Lashes were

14 "Natural Fibers" and "100% Natural Green Tea Fibers" when the lashes were

15 neither;

16     (2)    Defendant's conduct has violated the Florida Deceptive and Unfair

17 Trade Practices Act. The intent to deceive, or proof that anyone was actually

18 deceived, is not necessary.   The Florida Deceptive and Unfair Trade Practices Act

19 is a statute designed to protect the consuming public and legitimate business

20 enterprises from those who engage in unfair or deceptive acts or practices in the

21 course of trade or commerce.  Under that law it is enough that that Younique's

22 alleged misrepresentation had the capacity to deceive a reasonable consumer acting

23 reasonably under the circumstances[3].  A "reasonable person" does not refer to the

24 ─────────────────────

25     [3] *PNR, Inc. v. Beacon Prop. Mgmt., Inc.*, 842 So. 2d 773, 777 (Fla. 2003) (a deception occurs if there is a "representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment") (quoting *Millenium*

26 *Comm'ns & Fulfillment, Inc. v. Office of Attorney Gen.*, 761 So. 2d 1256, 1263 (Fla. 3d DCA 2000)); *Toback v. GNC Holdings, Inc.*, No. 13-80526-CIV, 2013 WL 5206103, at *3 (S.D. Fla.

27 Sept. 13, 2013) ("[T]he Eleventh Circuit has held that the element of causation is met when the

28 alleged misrepresentations would have deceived an objectively reasonable person.") (citing

Plaintiff or any particular member of the Class. It is a reasonable person in the same position as Plaintiff and the Class[4]. An act need not violate a specific rule or regulation to be considered deceptive[5].

(3)     Defendant's conduct offends established public policy, or was immoral, unethical, oppressive, or unscrupulous, or was substantially injurious to Plaintiff.

### 53.b <u>Defendant's Proposed Modified Instruction.</u>

**For Plaintiff Reilly**

Plaintiff **Reilly** claims that **Younique** is liable to **her** for money damages for unfair and deceptive trade practices.  To recover damages, Plaintiff **Reilly** must show by the greater weight of the evidence that:

(1)     Defendant stated that the **Younique Moodstruck 3D Fiber Lashes were "Natural Fibers" and "100% Natural Green Tea Fibers" when the lashes were actually just ground up nylon**;

(2)     Defendant's conduct has violated the **Florida Deceptive and Unfair Trade Practices Act.  The intent to deceive, or proof that anyone was actually deceived, is not necessary.  The Florida Deceptive and Unfair Trade Practices Act is a statute designed to protect the consuming public and legitimate business enterprises from those who engage in unfair or deceptive acts or practices in the course of trade or commerce.  Under that law it is enough that**

---

*Fitzpatrick.,* 635 F.3d at 1283).

[4] *Latman v. Costa Cruise Lines, N.V.*, 758 So. 2d 699, 703 (Fla. 3d DCA 2000) ("[M]embers of a class proceeding . . . need not individually prove reliance on the alleged misrepresentations. It is sufficient if the class can establish that a reasonable person would have relied on the representations."); *Jackson v. Inv. Corp. of Palm Beach*, 585 So. 2d 949, 950 (Fla. 4th DCA 1991) (citing 1 Williston on Contracts, § 94, 339-340, for an explanation of the reasonable-person standard).

[5] "[A]n act does not need to violate a specific rule or regulation in order to be considered deceptive." *Guerrero v. Target Corp.*, 889 F. Supp. 2d 1348, 1358 (S.D. Fla. 2012) (citing *Dep't of Legal Affairs v. Father & Son Moving & Storage, Inc.,* 643 So.2d 22, 24 (Fla. 4th DCA 1994)).

that **Younique's** alleged misrepresentation had the capacity to deceive a reasonable consumer acting reasonably under the circumstances[6]. A "reasonable person" does not refer to the Plaintiff. It is a reasonable person in the same position as Plaintiff[7]. An act need not violate a specific rule or regulation to be considered deceptive[8].

(3)     Defendant's conduct offends established public policy, or was immoral, unethical, oppressive, or unscrupulous, or was substantially injurious to Plaintiff **Reilly**.

**For Florida Class**

Plaintiff **Deana Reilly, on behalf of the Florida Class,** claims that **Younique** is liable to **the Florida Class** for money damages for unfair and deceptive trade practices.  To recover damages, Plaintiff **Reilly** must show **on behalf of the Florida Class** by the greater weight of the evidence that:

(1)     Defendant stated that the **Younique Moodstruck 3D Fiber Lashes were "Natural Fibers" and "100% Natural Green Tea Fibers"** when the lashes

---

[6] *PNR, Inc. v. Beacon Prop. Mgmt., Inc.*, 842 So. 2d 773, 777 (Fla. 2003) (a deception occurs if there is a "representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment") (quoting *Millenium Comm'ns & Fulfillment, Inc. v. Office of the Attorney Gen.*, 761 So. 2d 1256, 1263 (Fla. 3d DCA 2000)); *Toback v. GNC Holdings, Inc.,* No. 13-80526-CIV, 2013 WL 5206103, at *3 (S.D. Fla. Sept. 13, 2013) ("[T]he Eleventh Circuit has held that the element of causation is met when the alleged misrepresentations would have deceived an objectively reasonable person.") (citing *Fitzpatrick.,* 635 F.3d at 1283).

[7] *Latman v. Costa Cruise Lines, N.V.*, 758 So. 2d 699, 703 (Fla. 3d DCA 2000) ("[M]embers of a class proceeding . . . need not individually prove reliance on the alleged misrepresentations. It is sufficient if the class can establish that a reasonable person would have relied on the representations."); *Jackson v. Inv. Corp. of Palm Beach*, 585 So. 2d 949, 950 (Fla. 4th DCA 1991) (citing 1 Williston on Contracts, § 94, 339-340, for an explanation of the reasonable-person standard).

[8] "[A]n act does not need to violate a specific rule or regulation in order to be considered deceptive." *Guerrero v. Target Corp.*, 889 F. Supp. 2d 1348, 1358 (S.D. Fla. 2012) (citing *Dep't of Legal Affairs v. Father & Son Moving & Storage, Inc.,* 643 So.2d 22, 24 (Fla. 4th DCA 1994)).

1 **were actually just ground up nylon**;

2     (2)    Defendant's conduct has violated the **Florida Deceptive and Unfair**

3 **Trade Practices Act.  The intent to deceive, or proof that anyone was actually**

4 **deceived, is not necessary.  The Florida Deceptive and Unfair Trade Practices**

5 **Act is a statute designed to protect the consuming public and legitimate**

6 **business enterprises from those who engage in unfair or deceptive acts or**

7 **practices in the course of trade or commerce.  Under that law it is enough that**

8 **that Younique's alleged misrepresentation had the capacity to deceive a**

9 **reasonable consumer acting reasonably under the circumstances[9].  A**

10 **"reasonable person" does not refer to the any particular member of the Florida**

11 **Class.  It is a reasonable person in the same position as the Florida Class[10].  An**

12 **act need not violate a specific rule or regulation to be considered deceptive[11]**.

13     (3)    Defendant's conduct offends established public policy, or was immoral,

14 unethical, oppressive, or unscrupulous, or was substantially injurious to the **Florida**

15 **Class**.

16

17

---

18    [9] *PNR, Inc. v. Beacon Prop. Mgmt., Inc.*, 842 So. 773, 777 (Fla. 2003) (a deception occurs if there is a "representation, omission, or practice that is likely to mislead the consumer

19 acting reasonably in the circumstances, to the consumer's detriment") (quoting *Millenium Comm'ns & Fulfillment, Inc. v. Office of the Attorney Gen.*, 761 So. 2d 1256, 1263 (Fla. 3d DCA

20 2000)); *Toback v. GNC Holdings, Inc.,* No. 13-80526-CIV, 2013 WL 5206103, at *3 (S.D. Fla.

21 Sept. 13, 2013) ("[T]he Eleventh Circuit has held that the element of causation is met when the alleged misrepresentations would have deceived an objectively reasonable person.") (citing

22 *Fitzpatrick.,* 635 F.3d at 1283).

23    [10] *Latman v. Costa Cruise Lines, N.V.*, 758 So. 2d 699, 703 (Fla. 3d DCA 2000) ("[M]embers of a class proceeding . . . need not individually prove reliance on the alleged

24 misrepresentations. It is sufficient if the class can establish that a reasonable person would have relied on the representations."); *Jackson v. Inv. Corp. of Palm Beach*, 585 So. 2d 949, 950 (Fla.

25 4th DCA 1991) (citing 1 Williston on Contracts, § 94, 339-340, for an explanation of the reasonable-person standard).

26

27    [11] "[A]n act does not need to violate a specific rule or regulation in order to be considered deceptive." *Guerrero v. Target Corp.*, 889 F. Supp. 2d 1348, 1358 (S.D. Fla. 2012) (citing *Dep't of Legal Affairs v. Father & Son Moving & Storage, Inc.,* 643 So.2d 22, 24 (Fla. 4th DCA 1994)).

28

Source: 3 Florida Forms of Jury Instruction § 65.80; *Urling v. Helms Exterminators, Inc.*, 468 So. 2d 451, 453 (Fla. Dist. Ct. App. 1985); *Trans World Accounts, Inc. v FTC*, 594 F2d 212 (9th Cir. 1979)

PROPOSED BY: PLAINTIFFS      .

GIVEN AS PROPOSED          _____

GIVEN AS MODIFIED          _____

GIVEN   ON   COURT'S   OWN   _____
MOTION

REFUSED                    _____

WITHDRAWN                  _____

### INSTRUCTION NO. 54

**Florida Deceptive and Unfair Trade Practices Act: Damages**

**54.a <u>Plaintiffs' Proposed Modified Instruction.</u>**

Under the Florida Deceptive and Unfair Trade Practices Act the measure of actual damages is the difference in the market value of the **Younique Moodstruck 3D Fiber Lashes** in the condition in which it was delivered and its market value in the condition in which it should have been delivered according to the representations of **Younique**.

**54.b <u>Defendant's Proposed Modified Instruction.</u>**

**For Plaintiff Reilly**

Under the Florida Deceptive and Unfair Trade Practices Act the measure of actual damages is the difference in the market value of the **Younique Moodstruck 3D Fiber Lashes** in the condition in which it was delivered and its market value in the condition in which it should have been delivered according to the representations

of **Younique**.

**For Ohio Class**

Under the Florida Deceptive and Unfair Trade Practices Act the measure of actual damages is the difference in the market value of the **Younique Moodstruck 3D Fiber Lashes** in the condition in which it was delivered and its market value in the condition in which it should have been delivered according to the representations of **Younique**.

**Source:** *Rollins, Inc. v. Butland*, 951 So. 2d 860, 869 (Fla. Dist. Ct. App. 2006).

PROPOSED BY: PLAINTIFFS     .

GIVEN AS PROPOSED          _____

GIVEN AS MODIFIED          _____

GIVEN   ON   COURT'S   OWN   _____
MOTION

REFUSED                    _____

WITHDRAWN                  _____

## INSTRUCTION NO. 55

### Affirmative Defense – Statute of Limitations

**Modified:**

**Younique** contends that **Plaintiffs**' lawsuit was not filed within the time set by law. To succeed on this defense, **Younique** must prove that:

**(a) Schmitt's claimed harm occurred before August 14, 2013;**

**(b) Reilly's claimed harm occurred before August 14, 2013; and/or**

**(c) Brun's claimed harm occurred before August 14, 2013.**

**Original:**

[Name of defendant] contends that [name of plaintiff]'s lawsuit was not filed within the time set by law. To succeed on this defense, [name of defendant] must prove that [name of plaintiff]'s claimed harm occurred before [insert date two or four years before date of filing].

**Source**:  Judicial Council of California Civil Jury Instructions No. 338

PROPOSED BY: **DEFENDANT ONLY**

GIVEN AS PROPOSED          _____

GIVEN AS MODIFIED          _____

GIVEN   ON   COURT'S   OWN   _____ MOTION

REFUSED                              _____

WITHDRAWN                        _____

## INSTRUCTION NO. 56

### Affirmative Defense – Standing

In order to bring suit, each Plaintiff must have standing under the Federal constitution, or what is known as Article III standing.  Younique contends that each Plaintiff lacks standing to bring her claims.  To establish standing under Article III, each Plaintiff must show:

(1) injury in fact, meaning that they have suffered an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical.  By "particularized," it is meant that the injury must affect the plaintiffs in a personal and individual way.

(2) causation, meaning that here must be a causal connection between the

injury and the conduct complained of – the injury has to be fairly traceable to the

challenged action of Younique, and not the result of the independent action of some

third party not before the court; and

(3) redressability of injury, meaning that a remedy to the injury can be had.

**Source**:  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, n.1, 569 (1992)

PROPOSED BY: **DEFENDANT**

**ONLY**

GIVEN AS PROPOSED          _____

GIVEN AS MODIFIED          _____

GIVEN   ON   COURT'S   OWN   _____

MOTION

REFUSED                    _____

WITHDRAWN                  _____

### INSTRUCTION NO. 57

### Affirmative Defense – Compliance

If there is a finding that Younique harmed Plaintiffs, Younique contends its

actions were undertaken in good faith compliance with, and pursuant to, statutes,

government regulations and/or industry standards in existence at the time of the

activities.

"Good faith" means that Younique acted without actual fraudulent intent or

otherwise actively participate in any fraudulent scheme.

**Source**:  Judicial Council of California Civil Jury Instructions No. 4207 (for good

faith); *Troyk v. Farmers Group, Inc*., 171 Cal.App.4th 1305, 1332-3 (2009.

PROPOSED BY: **DEFENDANT**

**ONLY**

1  GIVEN AS PROPOSED            _____

2  GIVEN AS MODIFIED            _____

3  GIVEN   ON   COURT'S   OWN   _____

4  MOTION

5  REFUSED                      _____

6  WITHDRAWN                    _____

7

8  ## INSTRUCTION NO. 58

9  ### Affirmative Defense – Laches

10  Younique contends that Plaintiffs' unreasonably delayed in bringing this

11  lawsuit, and Younique was prejudiced as a result.  To succeed on this defense,

12  Younique must prove by the preponderance of the evidence that:

13  (a) Schmitt unreasonably delayed in bringing suit; or

14  (b) Reilly unreasonably delayed in bringing suit; or

15  (c) Brun unreasonably delayed in bringing suit;

16  and as a result of such delay, Younique was prejudiced.

17
18  **Source**:  *Jarrow Formulas, Inc. v. Nutrition Now, Inc*., 304 F.3d 829, 835 (9th Cir. 2002).

19
20  PROPOSED BY: **DEFENDANT**

21  **ONLY**

22  GIVEN AS PROPOSED            _____

23  GIVEN AS MODIFIED            _____

24  GIVEN   ON   COURT'S   OWN   _____

25  MOTION

26  REFUSED                      _____

27  WITHDRAWN                    _____

28

### INSTRUCTION NO. 59

### Affirmative Defense – Unjust Enrichment

Younique contends that Plaintiffs and Class Members would be unjustly enriched by an award of damages.  To succeed on this defense, Younique must show that:

(1) Plaintiffs and Class Members received a benefit from using Younique's Moodstruck 3D Fiber Lashes, because the product worked as promised to enhance the appearance of the eyelashes;

(2) Plaintiff Brun and presenter-Class Members received benefits from selling Younique's Moodstruck 3D Fiber Lashes, such as commissions and discounts on other Younique purchases; and/or

(3) Plaintiff Brun and Class Members who hosted parties received benefits such as Y cash and half-priced coupons.

Additionally, Younique must show that it would be unjust for Plaintiffs and Class Members to retain these benefits and receive any damages.

**Source**:  *Lectrodryer v. Seoulbank*, 77 Cal.App.4th 723, 726 (2000); *accord, Media Services Group, Inc. v. Bay Cities Comm., Inc*., 237 F.3d 1326, 1330-31 (11th Cir. 2001).

PROPOSED BY: **DEFENDANT ONLY**

GIVEN AS PROPOSED          _____

GIVEN AS MODIFIED          _____

GIVEN ON COURT'S OWN          _____
MOTION

REFUSED          _____

WITHDRAWN          _____

# INSTRUCTION NO. 60

## Affirmative Defense – Offset

Younique contends that if any award or relief is entered against Younique in favor of Plaintiffs and Class Members, then the recovery must be offset by the other value that Younique furnished to Plaintiffs and Class Members (the product worked as promised to enhance the appearance of the eyelashes; presenters' receipt of commissions and discounts for selling the Moodstruck 3D Fiber Lashes; party hosts' receipt of Y cash and/or half-priced coupons for hosting parties to sell the Moodstruck 3D Fiber Lashes).

**Source**:  *Garg v. People ex rel. State Bd. of Equalization*, 53 Cal.App.4th 199, 211-12 (1997); citing *Jess v. Herrmann*, 26 Cal.3d 131, 142 (1979).

PROPOSED BY: **DEFENDANT**   .

**ONLY**

GIVEN AS PROPOSED          _____

GIVEN AS MODIFIED          _____

GIVEN   ON   COURT'S   OWN          _____

MOTION

REFUSED          _____

WITHDRAWN          _____

Dated: January 29, 2019          NYE, STIRLING, HALE & MILLER, LLP

By:   _/s/_____
          Jonathan D. Miller, Esq.
          Alison M. Bernal, Esq.

Dated: January 29, 2019          CARLSON LYNCH SWEET
          KILPELA & CARPENTER, LLP

By:   _/s/_____
          Ed Kilpela, Esq.

Dated: January 29, 2019          THE SULTZER LAW GROUP P.C.

                                 By:  */s/*
                                      Adam Gonnelli, Esq.

Dated: January 29, 2019          WALSH, LLC

                                 By:  */s/*
                                      Bonner Walsh, Esq.

                                 *Attorneys for Plaintiffs and the Class*

Dated: January 29, 2019          SHEPPARD, MULLIN, RICHTER &
                                 HAMPTON, LLP

                                 By:  */s/* Sascha Henry
                                      Sascha Henry, Esq.
                                      Abby H. Meyer, Esq.

                                 *Attorneys for Defendant Younique, LLC*

       Local Rule 5-4.3.4 Certification: I hereby attest that all other signatories listed, on whose behalf this filing is submitted, concur in the filing's content and have authorized this filing.                     */s/*

                                      Alison M. Bernal

-82-