| | |
|---|---|
| **NYE, STIRLING, HALE & MILLER, LLP**<br>Jonathan D. Miller (CA 220848)<br>Alison M. Bernal (CA 264629)<br>jonathan@nshmlaw.com<br>alison@nshmlaw.com<br>33 West Mission St., Suite 201<br>Telephone: (805) 963-2345<br>Facsimile: (805) 364-4508 | **SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**<br>SASCHA HENRY (CA 191914)<br>shenry@sheppardmullin.com<br>333 South Hope Street, 43rd Floor<br>Los Angeles, CA 90071-1422<br>Telephone: 213.620.1780<br>Facsimile: 213.620.1398 |
| **CARLSON LYNCH SWEET KILPELA & CARPENTER, LLP**<br>Todd D. Carpenter (CA 234464)<br>tcarpenter@carlsonlynch.com<br>1350 Columbia Street, Ste. 603<br>Telephone: (619) 762-1900<br>Facsimile: (619) 756-6991<br><br>*Attorneys for Plaintiffs and the Class*<br>*[Additional Counsel Listed on*<br>*Signature Page]* | **SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**<br>ABBY H. MEYER (CA 294947)<br>ameyer@sheppardmullin.com<br>650 Town Center Drive, Fourth Floor<br>Costa Mesa, CA 92626-1993<br>Telephone: 714.513.5100<br>Facsimile: 714.513.5130<br><br>*Attorneys for Defendant Younique, LLC* |

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEGAN SCHMITT, DEANA REILLY, CAROL ORLOWSKY, and STEPHANIE MILLER BRUN, individually and on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>     v.<br><br>YOUNIQUE, LLC,<br><br>        Defendant. | Case No. 8:17-cv-01397-JVS-JDE<br><br>**JOINT [PROPOSED] FINAL PRETRIAL CONFERENCE ORDER**<br><br>Pretrial Conference: February 4, 2019<br>Trial Date: February 19, 2019 |

Following pretrial proceedings, pursuant to F.R.Civ.P. 16 and L.R. 16,

IT IS ORDERED:

**1.    The Parties Are:**

        A. Plaintiff Megan Schmitt

        B. Plaintiff Deana Reilly

        C. Plaintiff Stephanie Miller Brun

        D. Defendant Younique, LLC.

Each of these parties has been served and has appeared.  Summary Judgment was granted in Defendant's favor against the claims of Plaintiff Carol Orlowsky on December 21, 2018 (Dkt. 136).  All other parties named in the pleadings and not identified in the preceding paragraph are now dismissed.

The pleadings which raise the issues are:

        A. Plaintiffs' Second Amended Complaint dated January 4, 2018 (Dkt. 58);

        B. Defendant Younique, LLC's Answer to Second Amended Class Action Complaint dated January 18, 2018 (Dkt. 60).

**2.    Federal jurisdiction and venue are invoked upon these grounds:**

Plaintiffs bring class action claims for breach of California, Ohio, Florida and Tennessee state consumer protection and warranty laws and under the federal Magnusson-Moss Warranty Act, 15 U.S.C. § 2310 et seq.   Plaintiff Megan Schmitt is a resident of California and the events that gave rise to her claim occurred in this District.  The Court has jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d).  Venue is proper because Plaintiff Megan Schmitt is a resident of this District and the events that gave rise to her claim occurred in this District.

For purposes of jurisdiction and venue, there are no disputed facts.

**3.**     **The trial is estimated to take 7 days.**

**4.**     **The trial is to be a jury trial.**

Per the Scheduling Order, at least seven (7) days prior to the trial date the parties shall file and serve by e-mail, fax, or personal delivery: (a)  proposed jury instructions as required by L.R. 51-1 and (b) and special questions requested to be asked on voir dire (*i.e.*, by February 12, 2019).

**5.**     **The following facts are admitted and require no proof:**

    A. Megan Schmitt is a citizen of California.

    B. Megan Schmitt purchased Younique Moodstruck 3D Fiber Lashes for personal use in 2012.

    C. Megan Schmitt paid $29 for the Moodstruck 3D Fiber Lashes.

    D. Deana Reilly is a citizen of Florida.

    E. Deana Reilly purchased Younique Moodstruck 3D Fiber Lashes for personal use in early 2015.

    F. Deana Really paid $29 for the Moodstruck 3D Fiber Lashes.

    G. Stephanie Miller Brun is a citizen of Ohio.

    H. Stephanie Miller Brun purchased Younique Moodstruck 3D Fiber Lashes for personal use on November 18, 2014.

    I. Stephanie Miller Brun was a Younique presenter and from time to time purchased the Moodstruck 3D Fiber Lashes for resale to her customers.

    J. Younique, LLC is a company with its principle place of business in Lehi, Utah.

    K. Between October 2012 and July 2015 Younique, LLC sold a mascara called "Younique Moodstruck 3D Fiber Lashes."

    L. The Younique Moodstruck 3D Fiber Lashes consisted of two components, a "transplanting gel" and "natural fibers."

    M.    Dr. May did not opine on the Plaintiffs' individual damages.

6.     **The following facts, though stipulated, shall be without prejudice to any evidentiary objection:**

      (a)  Younique sold 459,411 stand-alone units of the Younique Moodstruck 3D Fiber Lashes in California between October 2012 and July 2015.

      (b)  Younique sold 154,146 stand-alone units of the Younique Moodstruck 3D Fiber Lashes in Ohio between October 2012 and July 2015.

      (c)  Younique sold 180, 404 stand-alone units of the Younique Moodstruck 3D Fiber Lashes in Florida between October 2012 and July 2015.

      (d)  Dixie Memmott was the Product Development and Supply Manager at Younique as of January 24, 2014.

      (e) The retail price for the Moodstruck 3D Fiber Lashes as a stand-alone product was $29.

      (f)  Presenters purchase a "presenter kit", use the products in the kit and then post about them across social media platforms such as Facebook and Instagram.

7.     **Elements of Claims:**

**<u>Plaintiffs' Claims and Evidence in Support</u>**

**CLAIM ONE: Younique violated the Florida Unfair and Deceptive Trade Practices Act (FUDTPA).  This claim is brought by Deana Reilly and the Florida Class Against Younique, LLC.**

      The elements to establish a claim under the FUDTPA are "(1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." <u>Rollins, Inc. v. Butland</u>, 951 So. 2d 860, 869 (Fla. Dist. Ct. App. 2006). *See* Jury Instruction No. 53.

### i. FUDTPA Element 1: Deceptive Act or Unfair Practice

**Evidence in Support**

   a. Exhibit 1 (YNQE0000994; Ranallo Ex. 4)

   b. Exhibit 2 (YNQE0000731)

   c. Exhibit 3 (YNQE 1291-1296; Ranallo Ex. 8)

   d. Exhibit 4 (8.11.14 Younique Website Capture)

   e. Exhibit 5 (McFadden Report)

   f. Exhibit 6 (YNQE0001014-1018; Ranallo Ex. 15)

   g. Exhibit 7 (YNQE0001239-1240; Ranallo Ex. 5)

   h. Exhibit 8 (YNQE0001211; Ranallo Ex. 9)

   i. Exhibit 9 (YNQE0001079-1081; Ranallo Ex. 14

   j. Exhibit 10 (YNQE 1872-1897; Ranallo Ex. 17)

   k. Exhibit 11 (Ranallo Ex. 7)

   l. Exhibit 12 (Five Fiberlash Products Produced by Plaintiff at Stephanie Miller-Brun's Deposition)

   m. Exhibit 13 (Fiberlash Product Produced by Plaintiff at Megan Schmitt's Deposition)

   n. Exhibit 14 (Product Ingredients List to Younique Employees)

   o. Exhibit 15 (Defendant Younique, LLC's Answer to Second Amended Complaint)

   p. Testimony of Deana Reilly

### ii. FUDTPA Element 2: Causation

**Evidence in Support**

   **a.** Testimony of Deana Reilly

### iii. FUDTPA Element 3: Actual Damages.

**Evidence in Support**

    a.  Testimony of Deana Reilly

    b.  Exhibit 16 (Expert Report and testimony of Don May)

    c.  Exhibit 17 (Receipt(s))

    d.  Exhibit 30 (YNQE0000345 (sales data))

**Plaintiffs will seek attorney fees to the extent they are available by statute.**

**CLAIM TWO: Younique violated the California Unfair Competition Law (UCL), California Business and Professions Code § 17200 et seq.  This claim is brought by Megan Schmitt and the California Class Against Younique, LLC.**

The elements to establish Plaintiff's claim under the UCL are: (1) "economic injury" ( i.e., a loss or deprivation of money or property sufficient to qualify as an injury-in-fact), and (2) the defendant's unfair business practices caused plaintiff's economic injury. *Pulaski v. Middleman, LLC v. Google, Inc.*, 802 F.3d 979, 985 n.6 (9th Cir. 2015).

    **i.  UCL Element 1: economic injury**

    **Evidence in Support**

        a.  Testimony of Megan Schmitt

        b.  Exhibit 16 (Expert Report and testimony of Don May)

        c.  Exhibit 30 (YNQE0000345 (sales data))

    **ii.  UCL Element 2: Unfair Business Practices Caused Injury**

    **Evidence in support of UCL "Unfair" prong:**

    a.  Exhibit 1 (YNQE0000994; Ranallo Ex. 4)

    b.  Exhibit 2 (YNQE0000731)

    c.  Exhibit 3 (YNQE 1291-1296; Ranallo Ex. 8)

    d.  Exhibit 4 (11.14 Younique Website Capture)

e.   Exhibit 5 (McFadden Report)

f.   Exhibit 6 (YNQE0001014-1018; Ranallo Ex. 15)

g.   Exhibit 7 (YNQE0001239-1240; Ranallo Ex. 5)

h.   Exhibit 8 (YNQE0001211; Ranallo Ex. 9)

i.   Exhibit 9 (YNQE0001079-1081; Ranallo Ex. 14

j.   Exhibit 10 (YNQE 1872-1897; Ranallo Ex. 17)

k.   Exhibit 11 (Ranallo Ex. 7)

l.   Exhibit 12 (Five Fiberlash Products Produced by Plaintiff at Stephanie Miller-Brun's Deposition)

m.  Exhibit 13 (Fiberlash Product Produced by Plaintiff at Megan Schmitt's Deposition)

n.   Exhibit 14 (Product Ingredients List to Younique Employees)

**Evidence in support of UCL "Unlawful" Prong:**

a.   Exhibit 1 (YNQE0000994; Ranallo Ex. 4)

b.   Exhibit 2 (YNQE0000731)

c.   Exhibit 3 (YNQE 1291-1296; Ranallo Ex. 8)

d.   Exhibit 4 (11.14 Younique Website Capture)

e.   Exhibit 5 (McFadden Report)

f.   Exhibit 6 (YNQE0001014-1018; Ranallo Ex. 15)

g.   Exhibit 7 (YNQE0001239-1240; Ranallo Ex. 5)

h.   Exhibit 8 (YNQE0001211; Ranallo Ex. 9)

i.   Exhibit 9 (YNQE0001079-1081; Ranallo Ex. 14

j.   Exhibit 10 (YNQE 1872-1897; Ranallo Ex. 17)

k.   Exhibit 11 (Ranallo Ex. 7)

l.   Exhibit 12 (Five Fiberlash Products Produced by Plaintiff at Stephanie Miller-Brun's Deposition)

m. Exhibit 13 (Fiberlash Product Produced by Plaintiff at Megan Schmitt's Deposition)

n. Exhibit 14 (Product Ingredients List to Younique Employees)

**Evidence in Support of UCL "Fraudulent" Prong:**

a. Exhibit 1 (YNQE0000994; Ranallo Ex. 4)

b. Exhibit 2 (YNQE0000731)

c. Exhibit 3 (YNQE 1291-1296; Ranallo Ex. 8)

d. Exhibit 4 (11.14 Younique Website Capture)

e. Exhibit 5 (McFadden Report)

f. Exhibit 6 (YNQE0001014-1018; Ranallo Ex. 15)

g. Exhibit 7 (YNQE0001239-1240; Ranallo Ex. 5)

h. Exhibit 8 (YNQE0001211; Ranallo Ex. 9)

i. Exhibit 9 (YNQE0001079-1081; Ranallo Ex. 14

j. Exhibit 10 (YNQE 1872-1897; Ranallo Ex. 17)

k. Exhibit 11 (Ranallo Ex. 7)

l. Exhibit 12 (Five Fiberlash Products Produced by Plaintiff at Stephanie Miller-Brun's Deposition)

m. Exhibit 13 (Fiberlash Product Produced by Plaintiff at Megan Schmitt's Deposition)

n. Exhibit 14 (Product Ingredients List to Younique Employees)

**Evidence in Support of UCL Causation Prong:**

a. Testimony of Megan Schmitt

**Plaintiffs will seek attorney fees to the extent they are available by statute.**

**CLAIM THREE: Younique violated the California Consumers Legal Remedies**

**Act (CLRA), California Civil Code § 1750 et seq.  This claim is brought by**
**Megan Schmitt and the California Class Against Younique, LLC.**

The elements to establish Plaintiff's claim under the CLRA are "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or that results in the sale or lease of goods or services to any consumer." Cal. Civ. Code § 1770(a).  <u>See</u> Jury Instruction No. 46.

**i.    CLRA Element 1: Unfair or deceptive acts or practices.**

Plaintiff alleges that Younique violated three prongs of the CLRA:

1. Representing that Products have characteristics, uses, or benefits that they do not have, in violation of section 1770(a)(5);

2. Representing that Products are of a particular standard, quality, or grade when they are not, in violation of section 1770(a)(7); and

3. Advertising Products with the intent not to sell them as advertised, in violation of section 1770(a)(9).

**Evidence in Support of CLRA 1770 (a)(5) and (a)(7):**

a.   Exhibit 1 (YNQE0000994; Ranallo Ex. 4)

b.   Exhibit 2 (YNQE0000731)

c.   Exhibit 3 (YNQE 1291-1296; Ranallo Ex. 8)

d.   Exhibit 4 (11.14 Younique Website Capture)

e.   Exhibit 5 (McFadden Report)

f.   Exhibit 6 (YNQE0001014-1018; Ranallo Ex. 15)

g.   Exhibit 7 (YNQE0001239-1240; Ranallo Ex. 5)

h.   Exhibit 8 (YNQE0001211; Ranallo Ex. 9)

i.   Exhibit 9 (YNQE0001079-1081; Ranallo Ex. 14

j.   Exhibit 10 (YNQE 1872-1897; Ranallo Ex. 17)

k.   Exhibit 11 (Ranallo Ex. 7)

l.   Exhibit 12 (Five Fiberlash Products Produced by Plaintiff at Stephanie Miller-Brun's Deposition)

m.   Exhibit 13 (Fiberlash Product Produced by Plaintiff at Megan Schmitt's Deposition)

n.   Exhibit 14 (Product Ingredients List to Younique Employees)

**Evidence in Support of (a)(9)**

a.   Exhibit 1 (YNQE0000994; Ranallo Ex. 4)

b.   Exhibit 2 (YNQE0000731)

c.   Exhibit 3 (YNQE 1291-1296; Ranallo Ex. 8)

d.   Exhibit 4 (11.14 Younique Website Capture)

e.   Exhibit 5 (McFadden Report)

f.   Exhibit 6 (YNQE0001014-1018; Ranallo Ex. 15)

g.   Exhibit 7 (YNQE0001239-1240; Ranallo Ex. 5)

h.   Exhibit 8 (YNQE0001211; Ranallo Ex. 9)

i.   Exhibit 9 (YNQE0001079-1081; Ranallo Ex. 14)

j.   Exhibit 10 (YNQE 1872-1897; Ranallo Ex. 17)

k.   Exhibit 11 (Ranallo Ex. 7)

l.   Exhibit 12 (Five Fiberlash Products Produced by Plaintiff at Stephanie Miller-Brun's Deposition)

m.   Exhibit 13 (Fiberlash Product Produced by Plaintiff at Megan Schmitt's Deposition)

n.   Exhibit 14 (Product Ingredients List to Younique Employees)

ii.    **CLRA Element 2: Causation**

**Evidence in support of CLRA Causation**

a.  Testimony of Megan Schmitt

b.  Exhibit 16 (Report of Don May)

c.  Exhibit 1 (YNQE0000994; Ranallo Ex. 4)

d.  Exhibit 2 (YNQE0000731)

e.  Exhibit 3 (YNQE 1291-1296; Ranallo Ex. 8)

f.  Exhibit 4 (11.14 Younique Website Capture)

g.  Exhibit 8 (YNQE0001211; Ranallo Ex. 9)

h.  Exhibit 12 (Five Fiberlash Products Produced by Plaintiff at Stephanie Miller-Brun's Deposition)

i.  Exhibit 13 (Fiberlash Product Produced by Plaintiff at Megan Schmitt's Deposition)

iii.   **CLRA Element 3: Damages**

**Evidence In support of CLRA Damages**

a.  Testimony of Megan Schmitt

b.  Exhibit 16 (Expert Report and testimony of Don May)

c.  Exhibit 30 (YNQE0000345 (sales data))

**Plaintiffs will seek attorney fees to the extent they are available by statute.**

**CLAIM FOUR: Younique breached its express warranty under Ohio Rev. Code § 1302.26.  This claim is brought by Stephanie Miller Brun and the Ohio Class Against Younique, LLC**

Elements of Ohio Express Warranty: 1. Existence of Warranty; 2. Goods did not comply with warranty; and 3. Failure to comply with warranty caused damage.

<u>See</u> Jury Instruction No. 50.

### i. Ohio Express Warranty Element 1: Existence of Express Warranty

**Evidence in Support**

     a.  Exhibit 1 (YNQE0000994; Ranallo Ex. 4)

     b.  Exhibit 2 (YNQE0000731)

     c.  Exhibit 3 (YNQE 1291-1296; Ranallo Ex. 8)

     d.  Exhibit 4 (11.14 Younique Website Capture)

     e.  Exhibit 8 (YNQE0001211; Ranallo Ex. 9)

     f.  Exhibit 12 (Five Fiberlash Products Produced by Plaintiff at Stephanie Miller-Brun's Deposition)

     g.  Exhibit 13 (Fiberlash Product Produced by Plaintiff at Megan Schmitt's Deposition)

### ii. Ohio Express Warranty Element 2: Goods did not comply with Warranty

**Evidence in Support**

     a.  Exhibit 5 (McFadden Report)

     b.  Exhibit 6 (YNQE0001014-1018; Ranallo Ex. 15)

     c.  Exhibit 7 (YNQE0001239-1240; Ranallo Ex. 5)

### iii. Ohio Express Warranty Element 3: Failure to comply caused injury

**Evidence in Support of Causation Prong:**

     a.  Testimony of Stephanie Miller Brun

**Evidence in Support of Injury Prong:**

   a.  Testimony of Stephanie Miller Brun

   b.  Exhibit 16 (Expert Report of Don May)

   c.  Exhibit 30 (YNQE0000345 (sales data))

   d.  Exhibits 18-34 (Receipt(s))

**CLAIM FIVE: Younique breached its implied warranty under Ohio Rev. Code § 1302.27(6).  This claim is brought by Stephanie Miller Brun and the Ohio Class Against Younique, LLC.**

     Elements of Ohio Breach of Implied Warranty: Existence of Promises or Affirmations of Fact, Falsity of Promises or Affirmations of Fact, and Damages. <u>See</u> Jury Instruction No. 49.

     **i.  Ohio Implied Warranty Element 1: Existence of Promises or Affirmations of Fact**

      **Evidence in Support**

   a.  Exhibit 1 (YNQE0000994; Ranallo Ex. 4)

   b.  Exhibit 2 (YNQE0000731)

   c.  Exhibit 3 (YNQE 1291-1296; Ranallo Ex. 8)

   d.  Exhibit 4 (11.14 Younique Website Capture)

   e.  Exhibit 8 (YNQE0001211; Ranallo Ex. 9)

   f.  Exhibit 12 (Five Fiberlash Products Produced by Plaintiff at Stephanie Miller-Brun's Deposition)

   g.  Exhibit 13 (Fiberlash Product Produced by Plaintiff at Megan Schmitt's Deposition)

     **ii.  Ohio Implied Warranty Element 2: Falsity of Promises or**

**Affirmations of Fact**

   **Evidence in Support**

   a.  Exhibit 5 (McFadden Report)

   b.  Exhibit 6 (YNQE0001014-1018; Ranallo Ex. 15)

   c.  Exhibit 7 (YNQE0001239-1240; Ranallo Ex. 5)

   d.  Exhibit 9 (YNQE0001079-1081; Ranallo Ex. 14)

   e.  Exhibit 12 (Five Fiberlash Products Produced by Plaintiff at Stephanie Miller-Brun's Deposition)

   f.  Exhibit 13 (Fiberlash Product Produced by Plaintiff at Megan Schmitt's Deposition)

      iii.   **Ohio Implied Warranty Element 3: Causation and Injury Evidence in Support of Ohio Implied Warranty Causation Prong**

   a.  Testimony of Stephanie Miller Brun

   **Evidence in Support of Ohio Implied Warranty Injury Prong**

   a.  Testimony of Stephanie Miller Brun

   b.  Exhibit 16 (Expert Report and testimony of Don May)

   c.  Exhibit 30 (YNQE0000345 (sales data))

   d.  Exhibits 18-34 (Receipt(s))

**CLAIM SIX: Younique breached the federal Magnusson-Moss Warranty Act, 15 U.S.C. § 2301 et seq. This claim is brought by Stephanie Miller Brun and the Ohio Class Against Younique, LLC.**

<u>See</u> Jury Instruction No. 52.; *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) ("[T]he claims under the Magnuson–Moss Act stand or fall

with his express and implied warranty claims under state law.").

<strong>Evidence in Support</strong>

      a.  Exhibit 1 (YNQE0000994; Ranallo Ex. 4)

      b.  Exhibit 2 (YNQE0000731)

      c.  Exhibit 3 (YNQE 1291-1296; Ranallo Ex. 8)

      d.  Exhibit 4 (11.14 Younique Website Capture)

      e.  Exhibit 8 (YNQE0001211; Ranallo Ex. 9)

      f.  Exhibit 5 (McFadden Report)

      g.  Exhibit 6 (YNQE0001014-1018; Ranallo Ex. 15)

      h.  Exhibit 7 (YNQE0001239-1240; Ranallo Ex. 5)

      i.  Testimony of Stephanie Miller Brun

      j.  Exhibit 16 (Expert Report and testimony of Don May)

      k.  Exhibits 18-34 ((Receipt(s))

      l.  Exhibit 9 (YNQE0001079-1081; Ranallo Ex. 14)

      m. Exhibit 12 (Five Fiberlash Products Produced by Plaintiff at
Stephanie Miller-Brun's Deposition)

      n.  Exhibit 13 (Fiberlash Product Produced by Plaintiff at Megan
Schmitt's Deposition)

      o.  Exhibit 30 (YNQE0000345 (sales data))

**Plaintiffs will seek attorney fees to the extent they are available by statute.**

<strong><u>Younique's Defenses and Evidence in Support</u></strong>

**<u>Third Affirmative Defense:  Statute of Limitations</u>**.  Plaintiffs' purported claims
are barred, in whole or in part, to the extent Plaintiffs seek relief for any purported
claims, on their own behalf or on behalf of others, that were not brought before the
expiration of the applicable statute of limitations, including but not limited to:

-15-

California Business and Professions Code section 17208 (4 years); California Civil Code section 1783 (3 years); Fla. Stat. section 501.207 (4 years); Ohio Rev. Code sections 1302.98 (4 years).  *See also* Jury Instruction No. 55.

    **Evidence in support**:

    (1)  Exhibit 30 (YNQE0000345 (sales data))

    (2)  Schmitt's testimony

    (3)  Exhibit 17 (Reilly's receipt)

    (4)  Exhibit 31 (Brun's receipt dated November 18, 2014)

**Fourth Affirmative Defense:  Lack of Standing**.

    **Article III Standing**.  To establish standing under Article III, the plaintiff must show: (1) injury in fact; (2) causation; and (3) redressability.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  To establish an injury in fact, a plaintiff must demonstrate the "invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical."  *Id*. at 560 (internal cites omitted).  "By particularized," it is meant "that the injury must affect the plaintiff in a personal and individual way."  *Id*. at 560 n.1.

    **Evidence in support**:

    (a) Schmitt's testimony

    (b) Brun's testimony

    (c) Reilly's testimony

    (d) Phillips' testimony

    (e) Exhibits 77, 79, 80, 82, 83 (Orlowsky Depo Exs. 70, 74, 75, 77, 78)

    (f) Exhibits 56-68 (Brun Depo Exs. 57-60)

    **California's Unfair Competition Law**.  Only a "person who has suffered

injury in fact and has lost money or property as a result of" a UCL violation may bring an action for violation.  Cal. Bus. & Prof. Code §§ 17204.  The phrase "as a result of" means "caused by" and "requires a showing of a causal connection or reliance on the alleged misrepresentation," as "reliance is the causal mechanism of fraud."  *Kwikset Corp. v. Super. Ct.*, 51 Cal.4th 310, 326 (2011) (internal cites omitted). Reliance is proved by showing that the defendant's misrepresentation or nondisclosure was "an immediate cause" of the plaintiff's injury-producing conduct. *In re Tobacco II Cases*, 46 Cal.4th 298, 326 (2009). A plaintiff may establish that the defendant's misrepresentation is an "immediate cause" of the plaintiff's conduct by showing that in its absence the plaintiff "in all reasonable probability" would not have engaged in the injury-producing conduct.  *Id*.

    **Evidence in support**:

    (a)  Schmitt's testimony


**California's Consumers Legal Remedies Act**.  Consumers "seeking to recover damages under the CLRA based on a fraud theory must prove actual reliance on the misrepresentation and harm." *Sateriale v. R.J. Reynolds Tobacco Co.*, 697 F.3d 777, 793-94 (9th Cir. 2012); accord, *Kwikset*, 51 Cal.4th at 326-27. "Actual reliance" means that the "misrepresentation was an immediate cause of the injury-producing conduct." *Kwikset*, 51 Cal.4th at 326-27.

    **Evidence in support**:

    (a)  Schmitt's testimony


**Florida's Deceptive And Unfair Trade Practices Act**.  To establish a claim under the FDUTPA, there must be "(1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." *Rollins, Inc. v. Butland*, 951 So.2d 860, 869 (Fla. Dist. Ct. App. 2006).  There must be "probable, not possible, deception" that is

"likely to cause injury to a reasonable relying consumer." *Zlotnick v. Premier Sales Group, Inc.*, 480 F.3d 1281, 1284 (11th Cir. 2007).

    **Evidence in support**:

    (a)  Reilly's testimony


    **Ohio Express Warranty Law**.  Ohio express warranty law requires "(1) a warranty existed; (2) the product failed to perform as warranted; (3) plaintiff provided the defendant with reasonable notice of the defect; and (4) plaintiff suffered injury as a result of the defect." *Caterpillar Fin. Servs. Corp. v. Harold Tatman & Son's, Enters.*, 2015-Ohio-4884, 11 (Ct. App. 2015).  Representations may become a warranty if they are "the basis for the bargain." O.R.C. Ann. § 1302.26; *Bobb Forest Prods. v. Morbark Indus.*, 151 Ohio App. 3d 63, 81 (Ct. App. 2002).

    **Evidence in support**:

    (a)  Brun's testimony


    **Ohio Implied Warranty Law**.  Ohio implied warranty law requires, "not only the existence of the warranty but the fact that the warranty was broken and that the breach of the warranty was the proximate cause of the loss sustained." *Taylor v. Boardman Twp. Local Sch. Dist. Bd. of Educ.*, 2009-Ohio-6528, *25 (Ct. App. 2009).

    **Evidence in support**:

    (a)  Brun's testimony


**Fifth Affirmative Defense:  Compliance with Statutes, Regulations, and/or Industry Standards**.  To the extent that Younique engaged in any of the activities alleged in this Pretrial Conference Order, those activities were in compliance with,

and pursuant to, statutes, government regulations and/or industry standards in existence at the time of the activities.

**Evidence in support**:

(a)  Exhibits 28, 91-99 (purchase orders and product reference libraries)

(b)  Exhibit 119 (Senos manufacturing agreement)

**Twelfth Affirmative Defense:  Laches**.  A party asserting a laches, "must show that it suffered prejudice as a result of the plaintiffs' unreasonable delay in filing suit." *Jarrow Formulas, Inc. v. Nutrition Now, Inc*., 304 F.3d 829, 835 (9th Cir. 2002).

**Evidence in support**:

(a) Schmitt's testimony

(b) Brun's testimony

(c) Reilly's testimony

(d) Orlowsky's testimony

(e) Ranallo's testimony

**Fourteenth Affirmative Defense:  Unjust Enrichment**.  The elements for a claim of unjust enrichment are (1) receipt of a benefit and (2) unjust retention of the benefit at the expense of another.  *Lectrodryer v. Seoulbank*, 77 Cal.App.4th 723, 726 (2000); *accord, Media Services Group, Inc. v. Bay Cities Comm., Inc*., 237 F.3d 1326, 1330-31 (11th Cir. 2001).

**Evidence in support**:

(a) Brun's testimony

(b) Reilly's testimony

(c) Orlowsky's testimony

(d) Phillips' testimony

1      (e) Exhibits 77, 79, 80, 82, 83 (Orlowsky Depo Exs. 70, 74, 75, 77, 78)

2      (f) Exhibits 65-68 (Brun Depo Exs. 57-60 (the presenter agreements))

3      (g) Exhibits 18-26, 31 (Brun's receipts)

4      (h) Exhibit 69 (Orlowsky's receipts)

5      (i) Exhibit 17 (Reilly's receipt)

6      (j) Schmitt's testimony

7

8      **Fifteenth Affirmative Defense:  Offset**.  "[E]ither party to a transaction involving

9      mutual debts and credits can strike a balance, holding himself owing or entitled only

10     to the net difference."  *Garg v. People ex rel. State Bd. of Equalization*, 53

11     Cal.App.4th 199, 211-12 (1997) (citing *Jess v. Herrmann*, 26 Cal.3d 131, 142

12     (1979)).

13          **Evidence in support**:

14     (a) Brun's testimony

15     (b) Reilly's testimony

16     (c) Orlowsky's testimony

17     (d) Phillips' testimony

18     (e) Exhibits 77, 79, 80, 82, 83 (Orlowsky Depo Exs. 70, 74, 75, 77, 78)

19     (f) Exhibits 65-68 (Brun Depo Exs. 57-60 (the presenter agreements))

20     (g) Exhibits 18-26, 31 (Brun's receipts)

21     (h) Exhibit 69 (Orlowsky's receipts)

22     (i) Exhibit 17 (Reilly's receipt)

23     (j) Schmitt's testimony

24

25     **Prayer For Attorneys' Fees**.  If Younique is the prevailing party, Younique

26     contends it is entitled to its attorney's fees and costs.  Fla. Stat. § 501.2105.

27     Younique further contends that the claims asserted by Plaintiffs are not brought in

28

-20-

good faith, thereby entitling Younique to an award of its reasonable attorneys' fees under the CLRA.  Cal. Civ. Code 1780(e).

**8.    In view of the admitted facts and the elements required to establish the claims and affirmative defenses, the following issues remain to be tried:**

**I.  The parties agree that the following issues remain to be tried:**

A. Whether Plaintiff Schmitt relied on the "Natural Fibers" and "100% Natural Green Tea Fibers" representations on the Moodstruck 3D Fiber Lash label or Younique's website in making her purchasing decision.

B. Whether Plaintiff Brun relied on the "Natural Fibers" and "100% Natural Green Tea Fibers" representations on the Moodstruck 3D Fiber Lash label or Younique's website in making her purchasing decision.

C. Whether Plaintiff Reilly relied on the "Natural Fibers" and "100% Natural Green Tea Fibers" representations on the Moodstruck 3D Fiber Lash label or Younique's website in making her purchasing decision.

D. Whether Class Members relied on the "Natural Fibers" and "100% Natural Green Tea Fibers" representations on the Moodstruck 3D Fiber Lash label or Younique's website in making their purchasing decisions.

E. If Plaintiff Schmitt was damaged, what is the difference between what she paid for the Younique Moodstruck 3D Fiber Lashes and the value of the Younique Moodstruck 3D Fiber Lashes as received.

F. If Plaintiff Brun was damaged, what is the difference between what she paid for the Younique Moodstruck 3D Fiber Lashes and the value of the Younique Moodstruck 3D Fiber Lashes as received.

G. If Plaintiff Reilly was damaged, what is the difference between what she paid for the Younique Moodstruck 3D Fiber Lashes and the value of the Younique Moodstruck 3D Fiber Lashes as received.

H. If Class Members were damaged, what is the difference between what the Class Members paid for the Younique Moodstruck 3D Fiber Lashes and the value of the Younique Moodstruck 3D Fiber Lashes as received.

I. Younique products are only sold online and/or through independent contractors (called "Presenters"), and not in stores.

J. Presenters receive commissions based on the volume of sales achieved. Commissions range between 20-30%. A presenter can also earn a commission of 3-6% based on the sales the presenter and her downline generate.

K. Presenters earn commissions on all of their purchases, including their personal purchases, except for when they use half-price coupons.

L. "Y cash" and half-price coupons are rewards that Younique offers to anyone who hosts an online "party." The host receives points based on the number of sales that are made at the party, and the points total translates to a dollar amount of Y cash. The host can use Y cash in conjunction with any future purchase to reduce the cost of the purchase. Hosts can also earn half-price coupons, which are applied to future product purchases to reduce the cost of those purchases. Half-price coupons are issued for future purchase of a single item.

M. When a customer applies a half-price coupon, the discount applies to a single product.

N. When a customer applies Y cash, the Y cash reduces the total cost of all items in the shopping cart. If a customer has enough Y cash, the customer can reduce the total cost of the purchase to $0.

**II.  Plaintiff contends that the following issues remain to be tried:**

O. Whether the "Natural Fibers" and "100% Natural Green Tea Fibers" representations on the label or website or social media of the Moodstruck 3D Fiber Lashes falsely represented the ingredients of the fiber lash component of the product.

P. Whether the "Natural Fibers" and "100% Natural Green Tea Fibers" representations on the Moodstruck 3D Fiber Lash label or website or social media was material to Plaintiff Schmitt when she made her purchasing decision.

Q. Whether the "Natural Fibers" and "100% Natural Green Tea Fibers" representations on the Moodstruck 3D Fiber Lash label or website or social media was material to Plaintiff Brun when she made her purchasing decision.

R. Whether the "Natural Fibers" and "100% Natural Green Tea Fibers" representations on the Moodstruck 3D Fiber Lash label or website or social media was material to Plaintiff Reilly when she made her purchasing decision.

S. Whether the "Natural Fibers" and "100% Natural Green Tea Fibers" representations on the Moodstruck 3D Fiber Lash label or website or social media was material to Class Members when they made their purchasing decision.

T. Whether a reasonable consumer would have been deceived by the "Natural Fibers" and "100% Natural Green Tea Fibers" representations on the Moodstruck 3D Fiber Lash label or website or social media.

U. Whether the "Natural Fibers" and "100% Natural Green Tea Fibers" representations on the Moodstruck 3D Fiber Lash label or website or social media caused Plaintiff Schmitt the asserted harm.

V. Whether the "Natural Fibers" and "100% Natural Green Tea Fibers" representations on the Moodstruck 3D Fiber Lash label or website or social media caused Plaintiff Brun the asserted harm.

W. Whether the "Natural Fibers" and "100% Natural Green Tea Fibers" representations on the Moodstruck 3D Fiber Lash label or website or social media caused Plaintiff Reilly the asserted harm.

X. Whether the "Natural Fibers" and "100% Natural Green Tea Fibers" representations on the Moodstruck 3D Fiber Lash label or website or social media caused the Class Members the asserted harm.

Y. Whether the "Natural Fibers" and "100% Natural Green Tea Fibers" representations on the Moodstruck 3D Fiber Lash label or website or social media became a basis for the bargain for Plaintiff Brun.

Z. Whether the "Natural Fibers" and "100% Natural Green Tea Fibers" representations on the Moodstruck 3D Fiber Lash label or website or social media became a basis for the bargain for the Ohio Class.

AA.    Whether the "Natural Fibers" and "100% Natural Green Tea Fibers" representations on the Moodstruck 3D Fiber Lash label or website or social media was the cause of damage Plaintiffs and the Class Members.

BB.    Deana Reilly saw the "Natural Fibers" and "100% Natural Green Tea Fibers" representations before she purchased the Younique Moodstruck 3D Fiber Lashes.

CC.    Megan Schmitt saw the "Natural Fibers" and "100% Natural Green Tea Fibers" representations before she purchased the Younique Moodstruck 3D Fiber Lashes.

DD.    Megan Schmitt saw the "Natural Fibers" and "100% Natural Green Tea Fibers" representations before she purchased the Younique Moodstruck 3D Fiber Lashes.

EE.	Stephanie Miller Brun saw the "Natural Fibers" and "100% Natural
Green Tea Fibers" representations before she purchased the Younique
Moodstruck 3D Fiber Lashes.

FF.	Stephanie Miller Brun purchased the Younique Moodstruck 3D Fiber
Lashes on November 14, 2014 for personal use.

GG.	Stephanie Miller Brun purchased other Younique Moodstruck 3D Fiber
Lashes on other dates for personal use.

HH.	The "Natural Fibers" and "100% Natural Green Tea Fibers" language
was an important factor in Deana Reilly's purchase decision.

II.	The "Natural Fibers" and "100% Natural … Fibers" language was an
important factor in Megan Schmitt's purchase decision.

JJ.	Deana Reilly believes the Younique Moodstruck 3D Fiber Lashes she
bought was worth less than what she paid for it.

KK.	Megan Schmitt believes the Younique Moodstruck 3D Fiber Lashes
she bought was worth less than what she paid for it.

LL.	Stephanie Miller Brun believes the Younique Moodstruck 3D Fiber
Lashes she bought was worth less than what she paid for it.

MM.	The Younique Moodstruck 3D Fiber Lashes made Megan Schmitt's
eyes water.

NN.	Stephanie Miller Brun purchased Younique Moodstruck 3D Fiber
Lashes for personal use on November 18, 2014 and on multiple other
occasions.

OO.	Whether Stephanie Miller Brun paid $29 for the Moodstruck 3D Fiber
Lashes.

PP.	Whether Younique represented on the label of the Younique
Moodstruck 3D Fiber Lashes that the fibers were "Natural Fibers" and

1    were composed of either "100% Natural Green Tea Fibers taken from

2    Campanulaceae of Green Tea" or "100% Natural Green Tea Fibers."

3    QQ.   Whether the following are accurate representations of the Moodstruck

4    3D Fiber Lashes labels:





RR.   Younique stated that the fibers in the Younique Moodstruck 3D Fiber Lashes were "Natural Fibers" and composed of "100% Natural Green Tea Fibers" on its website.

SS.   Purchasers of the Moodstruck 3D Fiber Lashes had to place their orders for the Moodstruck 3D Fiber Lashes through Younique's website.

TT.   Melanie Huscroft is the co-founder and Vice President of Marketing and Sales of Younique.

UU.   In January 2014, Younique learned through an email from its Chinese vendor forwarded to Melanie Huscroft, the co-founder and Vice President of Marketing and Sales of Younique, that the product was composed of "polyvinyl alcohol fiber" rather than natural green tea fibers.  Despite learning this, Younique continued to sell the product with the same "Natural Fibers" and "100% natural green tea fibers" representations through July of 2015.

VV.   A reasonable consumer would not consider nylon or plastic to be "natural."

**III.  Defendant contends that the following issues remain to be tried:**

WW.  Whether the "Natural Fibers" and "100% Natural Green Tea Fibers" representations on the label of the Moodstruck 3D Fiber Lashes falsely represented the ingredients of the fiber lash component of the product.

XX.   Whether the "Natural Fibers" and "100% Natural Green Tea Fibers" representations on the Moodstruck 3D Fiber Lash label was material to Plaintiff Schmitt when she made her purchasing decision.

YY.   Whether the "Natural Fibers" and "100% Natural Green Tea Fibers" representations on the Moodstruck 3D Fiber Lash label was material to Plaintiff Brun when she made her purchasing decision.

ZZ.     Whether the "Natural Fibers" and "100% Natural Green Tea Fibers" representations on the Moodstruck 3D Fiber Lash label was material to Plaintiff Reilly when she made her purchasing decision.

AAA. Whether the "Natural Fibers" and "100% Natural Green Tea Fibers" representations on the Moodstruck 3D Fiber Lash label was material to Class Members when they made their purchasing decision.

BBB. Whether a reasonable consumer would have been deceived by the "Natural Fibers" and "100% Natural Green Tea Fibers" representations on the Moodstruck 3D Fiber Lash label.

CCC. Whether the "Natural Fibers" and "100% Natural Green Tea Fibers" representations on the Moodstruck 3D Fiber Lash label caused Plaintiff Schmitt the asserted harm.

DDD. Whether the "Natural Fibers" and "100% Natural Green Tea Fibers" representations on the Moodstruck 3D Fiber Lash label caused Plaintiff Brun the asserted harm.

EEE. Whether the "Natural Fibers" and "100% Natural Green Tea Fibers" representations on the Moodstruck 3D Fiber Lash label caused Plaintiff Reilly the asserted harm.

FFF.   Whether the "Natural Fibers" and "100% Natural Green Tea Fibers" representations on the Moodstruck 3D Fiber Lash label caused the Class Members the asserted harm.

GGG. Whether the "Natural Fibers" and "100% Natural Green Tea Fibers" representations on the Moodstruck 3D Fiber Lash label became a basis for the bargain for Plaintiff Brun.

HHH. Whether the "Natural Fibers" and "100% Natural Green Tea Fibers" representations on the Moodstruck 3D Fiber Lash label became a basis for the bargain for the Ohio Class.

III. Whether the "Natural Fibers" and "100% Natural Green Tea Fibers"
representations on the Moodstruck 3D Fiber Lash label damaged Plaintiffs
and the Class Members.

**9.**     Plaintiffs' position is that since their motion seeking additional time for
discovery based on Defendant's failure to provide certain documents is still
pending (Dkt. 68) discovery is not complete.  Defendant states that discovery
is closed, and, as to it being complete, contends that Plaintiffs and their
expert, Dr. Donald M. May, Ph.D., did not comply with Rule 26 (Dkt. 146).

**10.     All disclosures under F.R.Civ.P 26(a)(3) have been made.**

The joint exhibit list of the parties are being contemporaneously filed under
separate cover as required by L.R. 16-6.1.  Unless all parties agree that an exhibit
shall be withdrawn, all exhibits will be admitted without objection at trial except
those exhibits listed below:

Plaintiff objects to Exhibit Nos. 31-32, 34, 38, 39, 65-86, 88-106, 119, 121.

Defendant objects to Exhibit Nos. 1-11, 14-16, 18-27, and 29-30.

**Plaintiffs' Objections To Exhibits:**

| Ex. | Description | Objections |
|-----|-------------|------------|
| 31 | 3/14/18; Plaintiffs' Response to Defendants Requests for Production Propounded to Plaintiff Stephanie Miller Brun, Set No One  [Brun Dep Exh 2] *Offered for limited purposes only to establish failure to produce other discovery documents* | Any alleged failure to produce documents in discovery is not an issue that is properly before the jury.  Defendant has not made any motion in limine for a negative inference regarding any failure to produce other discovery documents. |
| 32 | 3/14/18; Letter with attachments from Sultzer Law Group to Sheppard Mullin transmitting plaintiffs' discovery responses [Brun Dep Exh 3] *Offered for limited purposes only to establish failure to produce other discovery documents* | Any alleged failure to produce documents in discovery is not an issue that is properly before the jury.  Defendant has not made any motion in limine for a negative inference regarding any failure to produce other discovery documents. |

| 34 | Lash Enhancer Photograph with Insert and Packaging  [Brun Dep Exh 8] *Offered for limited purpose only.* | Any alleged failure to produce documents in discovery is not an issue that is properly before the jury.  Defendant has not made any motion in limine for a negative inference regarding any failure to produce other discovery documents. |
| 38 | 3/14/18; Plaintiffs' Response to Defendants Special Interrogatories Propounded to Plaintiff Stephanie Miller Brun, Set No One   [Brun Dep Exh 22] *Offered for limited purpose only.* | Any alleged failure to produce documents in discovery is not an issue that is properly before the jury.  Defendant has not made any motion in limine for a negative inference regarding any failure to produce other discovery documents. |
| 39 | 5/18/18; Plaintiffs' Response to Defendants Requests for Production Propounded to Plaintiff Stephanie Miller Brun, Set No Two   [Brun Dep Exh 23] *Offered for limited purpose only.* | Any alleged failure to produce documents in discovery is not an issue that is properly before the jury.  Defendant has not made any motion in limine for a negative inference regarding any failure to produce other discovery documents.. |
| 65 | 12/15/14; Younique Independent Presenter Agreement Effective December 15, 2014 [YNQE0000053-YNQE0000107]  [Brun Dep Exh 57] | Object to relevance, even if relevant more likely to lead to prejudice, confusion or waste of time (FRE 403). |
| 66 | 9/20/16; Younique Independent Presenter Agreement  [YNQE0000001-YNQE0000052]  [Brun Dep Exh 58] | Object to relevance, even if relevant more likely to lead to prejudice, confusion or waste of time (FRE 403). |
| 67 | The Younique Independent Presenter Agreement  [YNQE0000108-YNQE0000145]  [Brun Dep Exh 59] | Object to relevance, even if relevant more likely to lead to prejudice, confusion or waste of time (FRE 403). |
| 68 | The Younique Independent Presenter Agreement  [YNQE0000146-YNQE0000197]  [Brun Dep Exh 60] | Object to relevance, even if relevant more likely to lead to prejudice, confusion or waste of time (FRE 403). |

| 69 | 6/26/18; Email from Adam Gonnelli to Jonathan Moss and Sascha Henry transmitting Orlowsky reciepts   [Orlowsky Dep Exh 61] | Object to relevance.  Orlowsky and all Tennessee claims are excluded.  Further object to lack of foundation, and that even if relevant more likely to lead to prejudice, confusion or waste of time. |
| 70 | 1/27/15; Screen shot identified by Orlowsky as commissions  [Orlowsky Dep Exh 63] | Object to relevance.  Orlowsky and all Tennessee claims are excluded.  Further object to lack of foundation, and that even if relevant more likely to lead to prejudice, confusion or waste of time. |
| 71 | 2/12/15; Orlowsky Instagram post [Orlowsky Dep Exh 64] | Object to relevance.  Orlowsky and all Tennessee claims are excluded.  Further object to lack of foundation, and that even if relevant more likely to lead to prejudice, confusion or waste of time. |
| 72 | 4/22/15; Orlowsky Instagram post [Orlowsky Dep Exh 65] | Object to relevance.  Orlowsky and all Tennessee claims are excluded.  Further object to lack of foundation, and that even if relevant more likely to lead to prejudice, confusion or waste of time. |
| 73 | 5/20/15; Orlowsky Instagram post [Orlowsky Dep Exh 66] | Object to relevance.  Orlowsky and all Tennessee claims are excluded.  Further object to lack of foundation, and that even if relevant more likely to lead to prejudice, confusion or waste of time. |

| 74 | 6/3/15; Orlowsky Instagram post [Orlowsky Dep Exh 67] | Object to relevance.  Orlowsky and all Tennessee claims are excluded.  Further object to lack of foundation, and that even if relevant more likely to lead to prejudice, confusion or waste of time. |
|----|------|------|
| 75 | 7/6/15; Orlowsky Instagram post [Orlowsky Dep Exh 68] | Object to relevance.  Orlowsky and all Tennessee claims are excluded.  Further object to lack of foundation, and that even if relevant more likely to lead to prejudice, confusion or waste of time. |
| 76 | 7/7/15; Orlowsky Instagram post [Orlowsky Dep Exh 69] | Object to relevance.  Orlowsky and all Tennessee claims are excluded.  Further object to lack of foundation, and that even if relevant more likely to lead to prejudice, confusion or waste of time. |
| 77 | 7/9/15; Orlowsky Instagram post [Orlowsky Dep Exh 70] | Object to relevance.  Orlowsky and all Tennessee claims are excluded.  Further object to lack of foundation, and that even if relevant more likely to lead to prejudice, confusion or waste of time. |
| 78 | 8/5/15; Orlowsky Instagram post [Orlowsky Dep Exh 73] | Object to relevance.  Orlowsky and all Tennessee claims are excluded.  Further object to lack of foundation, and that even if relevant more likely to lead to prejudice, confusion or waste of time. |

| 79 | 8/6/15; Orlowsky Instagram post [Orlowsky Dep Exh 74] | Object to relevance.  Orlowsky and all Tennessee claims are excluded.  Further object to lack of foundation, and that even if relevant more likely to lead to prejudice, confusion or waste of time. |
| 80 | 8/8/15; Orlowsky Instagram post [Orlowsky Dep Exh 75] | Object to relevance.  Orlowsky and all Tennessee claims are excluded.  Further object to lack of foundation, and that even if relevant more likely to lead to prejudice, confusion or waste of time. |
| 81 | 8/8/15; Orlowsky Instagram post [Orlowsky Dep Exh 76] | Object to relevance.  Orlowsky and all Tennessee claims are excluded.  Further object to lack of foundation, and that even if relevant more likely to lead to prejudice, confusion or waste of time. |
| 82 | 10/4/15; Orlowsky Instagram post [Orlowsky Dep Exh 77] | Object to relevance.  Orlowsky and all Tennessee claims are excluded.  Further object to lack of foundation, and that even if relevant more likely to lead to prejudice, confusion or waste of time. |
| 83 | 10/14/15; Orlowsky Instagram post [Orlowsky Dep Exh 78] | Object to relevance.  Orlowsky and all Tennessee claims are excluded.  Further object to lack of foundation, and that even if relevant more likely to lead to prejudice, confusion or waste of time. |

| 84 | 11/13/14; Orlowsky Instagram post [Orlowsky Dep Exh 79] | Object to relevance.  Orlowsky and all Tennessee claims are excluded.  Further object to lack of foundation, and that even if relevant more likely to lead to prejudice, confusion or waste of time. |
| 85 | 12/7/14; Orlowsky Instagram post [Orlowsky Dep Exh 80] | Object to relevance.  Orlowsky and all Tennessee claims are excluded.  Further object to lack of foundation, and that even if relevant more likely to lead to prejudice, confusion or waste of time. |
| 86 | 8/27/12; Email from Siz Plus to Melanie Huscroft [YNQE001153-YNQE0001173] | Incomplete document, no objections if redactions removed. |
| 88 | 9/23/13; Younique purchase order to Six Plus Trade Co  [YNQE0002255-YNQE0002255]  [Ranallo's PMK Dep Binder] | Incomplete document, no objections if redactions removed. |
| 89 | 10/28/13; Younique purchase order to Six Plus Trade Co  [YNQE0002330-YNQE0002333]  [Ranallo's PMK Dep Binder] | Incomplete document, no objections if redactions removed. |
| 90 | 11/8/13; Younique purchase order to Six Plus Trade Co  [YNQE0002155-YNQE0002158]  [Ranallo's PMK Dep Binder] | Incomplete document, no objections if redactions removed. |
| 91 | 11/12/13; Younique purchase order to Senos Marketing Limited [YNQE0002306-YNQE0002309] [Ranallo's PMK Dep Binder] | Incomplete document, no objections if redactions removed. |
| 92 | 11/12/13; Younique purchase order to Senos Marketing Limited [YNQE0002310-YNQE0002313] [Ranallo's PMK Dep Binder] | Incomplete document, no objections if redactions removed. |
| 93 | 11/25/13; Younique purchase order to Senos Marketing Limited [YNQE0002249-YNQE0002252] [Ranallo's PMK Dep Binder] | Incomplete document, no objections if redactions removed. |

| 94 | 11/25/13; Younique purchase order to Senos Marketing Limited [YNQE0002284-YNQE0002287] [Ranallo's PMK Dep Binder] | Incomplete document, no objections if redactions removed. |
|----|----|----|
| 95 | 11/25/13; Younique purchase order to Senos Marketing Limited [YNQE0002297-YNQE0002300] [Ranallo's PMK Dep Binder] | Incomplete document, no objections if redactions removed. |
| 96 | 11/25/13; Younique purchase order to Senos Marketing Limited [YNQE0002169-YNQE0002172] [Ranallo's PMK Dep Binder] | Incomplete document, no objections if redactions removed. |
| 97 | 12/16/13; Younique purchase order to Senos Marketing Limited [YNQE0002916-YNQE0002919] [Ranallo's PMK Dep Binder] | Incomplete document, no objections if redactions removed. |
| 98 | 12/16/13; Younique purchase order to Senos Marketing Limited [YNQE0002090-YNQE0002093] [Ranallo's PMK Dep Binder] | Incomplete document, no objections if redactions removed. |
| 99 | 12/16/13; Younique purchase order to Senos Marketing Limited [YNQE0002179-YNQE0002182] [Ranallo's PMK Dep Binder] | Incomplete document, no objections if redactions removed. |
| 100 | 3/14/18; Plaintiffs' Response to Defendants Requests for Production Propounded to Plaintiff Deana Reilly, Set No. One  [Reilly Dep Exh 97] *Offered for limited purpose* | Any alleged failure to produce documents in discovery is not an issue that is properly before the jury.  Defendant has not made any motion in limine for a negative inference regarding any failure to produce other discovery documents. |
| 101 | 5/18/18; Plaintiffs' Response to Defendant's Requests for Production Propounded to Plaintiff Deana Reilly, Set No. Two [Reilly Dep Exh 98] *Offered for limited purpose* | Any alleged failure to produce documents in discovery is not an issue that is properly before the jury.  Defendant has not made any motion in limine for a negative inference regarding any failure to produce other discovery documents.. |

| 102 | 3/14/18; Plaintiffs' Response to Defendants Special Interrogatories Propounded to Plaintiff Deana Reilly, Set No. One [Reilly Dep Exh 99] *Offered for limited purpose* | Plaintiffs' Objection: Any alleged failure to produce documents in discovery is not an issue that is properly before the jury.  Defendant has not made any motion in limine for a negative inference regarding any failure to produce other discovery documents. |
| --- | --- | --- |
| 103 | 2/14/18; Defendant Younique, LLC's Requests for Production Propounded to Plaintiff Megan Schmitt, Set No. One [Schmitt Dep Exh 101] *Offered for limited purpose* | Any alleged failure to produce documents in discovery is not an issue that is properly before the jury.  Defendant has not made any motion in limine for a negative inference regarding any failure to produce other discovery documents. |
| 104 | 3/17/18; Plaintiffs' Response to Defendants Requests for Production Propounded to Plaintiff Megan Schmitt, Set No. One [Schmitt Dep Exh 102] *Offered for limited purpose* | Any alleged failure to produce documents in discovery is not an issue that is properly before the jury.  Defendant has not made any motion in limine for a negative inference regarding any failure to produce other discovery documents. |
| 105 | 5/18/18; Plaintiffs' Response to Defendant's Requests for Production Propounded to Plaintiff Megan Schmitt, Set No. Two [Schmitt Dep Exh 104] *Offered for limited purpose* | Plaintiffs' Objection: Any alleged failure to produce documents in discovery is not an issue that is properly before the jury.  Defendant has not made any motion in limine for a negative inference regarding any failure to produce other discovery documents. |

| 106 | 3/14/18; Plaintiffs' Response to Defendants Special Interrogatories Propounded to Plaintiff Megan Schmitt, Set No. One [Schmitt Dep Exh 105] *Offered for limited purpose.* | Plaintiffs' Objection: Any alleged failure to produce documents in discovery is not an issue that is properly before the jury.  Defendant has not made any motion in limine for a negative inference regarding any failure to produce other discovery documents. |
| --- | --- | --- |
| 119 | Senos Manufacturing Agreement [YNQE0003081-YNQE0003087] | Incomplete document, no objections if redactions removed. |
| 121 | Orlowsky YouTube video, https://www.youtube.com/watch?v=_N_1UedBZpY | Object to relevance.  Orlowsky and all Tennessee claims are excluded.  Further object to lack of foundation, and that even if relevant more likely to lead to prejudice, confusion or waste of time. |

### Defendant's Objections To Exhibits:

| Ex. | Description | Objections |
| --- | --- | --- |
| 1 | YNQE0000994 (Product Label) (Ranallo Ex. 4) | Lacks foundation; unauthenticated;  Incomplete document |
| 2 | YNQE0000731 (Product Label) | Lacks foundation; unauthenticated; Incomplete document. |
| 3 | YNQE 1291-1296 (labels email attachment from October 2014) (Ranallo Ex. 8) | Lacks foundation; unauthenticated; email is hearsay |
| 4 | 8.11.14 Younique Website Capture (Ex. 3 to Cert. Motion) | Lacks foundation; unauthenticated; document not disclosed during discovery |
| 5 | Jeff McFadden Report | Objections set forth in Younique's MIL #2 |
| 6 | YNQE0001014- 1018 (1.25.14 Email Re: Product Ingredients from Dixie Memmot to Melanie Huscroft w/ product ingredient list from Six Plus) (Ranallo Ex. 15) | Lacks foundation; unauthenticated; hearsay |

| Ex. | Description | Objections |
|---|---|---|
| 7 | YNQE0001239-1240 (March 2014 Email Re Green Tea classification) (Ranallo Ex. 5) | Lacks foundation; unauthenticated; hearsay |
| 8 | YNQE 1211 (Product Insert) (Ranallo Ex. 9) | Lacks foundation; unauthenticated |
| 9 | YNQE0001079-1081 (October 2013 Emails discussing dye in the Product) (Ranallo Ex. 14) | Lacks foundation; unauthenticated; hearsay |
| 10 | YNQE 1872-1897 (Presentation) (Ranallo Ex. 17) | Lacks foundation; unauthenticated |
| 11 | Photo of Product Packaging (Ranallo Ex. 7) | Lacks foundation; unauthenticated |
| 14 | Document with Product Ingredients Sent to Younique Employees (Ex. 4 to Cert Motion) | Lacks foundation; unauthenticated; hearsay |
| 15 | 1/18/18; Answer to Second Amended Complaint | Lacks foundation; hearsay |
| 16 | December 12, 2018 Report of Donald May | Objections set forth in Younique's MIL #1 |
| 18 | Computer screen capture of Younique order confirmation, Order Number 15493092 for Stephanie Brun (Document described as having an identifier of SMB007JPG contained in the email to which it was attached)  [Brun Dep Exh 4] | Object for relevance, to extent these aren't personal use purchases, and related to products not at issue in this litigation.  Incomplete document. |
| 19 | Computer screen capture of Younique order confirmation, Order Number 2382420 for Stephanie Brun (Document described as having an identifier of SMB008JPG contained in the email to which it was attached)  [Brun Dep Exh 12] | Object for relevance, to extent these aren't personal use purchases.  Incomplete document. |
| 20 | Computer screen capture of Younique order confirmation, Order Number 2742919 for Stephanie Brun (Document described as having an identifier of SMB009JPG contained in the email to which it was attached)   [Brun Dep Exh 13] | Object for relevance, to extent these aren't personal use purchases.  Incomplete document. |

| Ex. | Description | Objections |
|-----|-------------|------------|
| 21 | Computer screen capture of Younique order confirmation (Document described as having an identifier of SMB010JPG contained in the email to which it was attached) [Brun Dep Exh 14] | Object for relevance, to extent these aren't personal use purchases. Incomplete document. |
| 22 | Computer screen capture of Younique order confirmation, Order Number 2844877 for Stephanie Brun (Document described as having an identifier of SMB011JPG contained in the email to which it was attached) [Brun Dep Exh 15] | Object for relevance, to extent these aren't personal use purchases. Incomplete document. |
| 23 | Computer screen capture of Younique order confirmation, Order Number 3263041 for Stephanie Brun (Document described as having an identifier of SMB012JPG contained in the email to which it was attached) [Brun Dep Exh 16] | Object for relevance, to extent these aren't personal use purchases. Incomplete document. |
| 24 | Computer screen capture of Younique order confirmation, Order Number 3262892 for Stephanie Brun (Document described as having an identifier of SMB013JPG contained in the email to which it was attached) [Brun Dep Exh 17] | Object for relevance, to extent these aren't personal use purchases. Incomplete document. |
| 25 | Computer screen capture of Younique order confirmation, Order Number 3701906 for Stephanie Brun (Document described as having an identifier of SMB014JPG contained in the email to which it was attached) [Brun Dep Exh 18] | Object for relevance, to extent these aren't personal use purchases.  Incomplete document. |
| 26 | Computer screen capture of Younique order confirmation, Order Number 4583431 for Stephanie Brun (Document described as having an identifier of SMB016JPG contained in the email to which it was attached) [Brun Dep Exh 20] | Object for relevance, to extent these aren't personal use purchases. Incomplete document. |
| 27 | 1/4/18; Second Amended Class Action Complaint [Brun Dep Exh 5] | Hearsay |

| Ex. | Description | Objections |
|---|---|---|
| 29 | Computer Screen Capture of Younique Presenters Guide in use during 2015. | Lacks foundation; unauthenticated; hearsay; relevance; not produced in discovery |
| 30 | YNQE0000345 (Sales Data Oct. 2012 – Nov. 2015) | Irrelevant to extent reflects sales past the statute of limitations |

**11. Witness lists of the parties are being contemporaneously filed with the Court.  Only the witnesses identified in the lists will be permitted to testify (other than solely by impeachment)**

Each party intending to present evidence by way of deposition testimony has or will mark such depositions in accordance with L.R. 16-2.7.  For this purpose the following depositions shall be lodged with the Clerk as required by L.R. 32-1.

(a) Carol Orlowsky

(b) Vrena Ranallo

(c) Robert Phillips

Plaintiff/Defendant objects to the presentation of testimony by deposition of the following witnesses:

Plaintiffs object to the testimony of Carol Orlowsky.

Defendant notes that following meet and confer, Plaintiffs determined that they would present the testimony of Ms. Ranallo and Mr. Phillips by deposition. Defendant has not yet received Plaintiffs' deposition markings; upon review, Defendant may cross-mark testimony and/or object thereto.

Defendant also objects to Plaintiffs' witness list to the extent that Ms. Karen Griffin of Impact Analytical is identified.  Plaintiffs never disclosed Ms. Griffin in its initial disclosures or during discovery.  *See* Defendant's Motion *in Limine*, no. 2 (Dkt. 147).

**12.     The following law and motion matters and motions in limine are
         pending:**

   a. Motion in Limine Seeking Evidentiary Sanction of Issue Preclusion or
      Adverse Inferences at Trial.

   b. Defendant's Motion in Limine (1) to Exclude Plaintiffs' expert Donald May,
      Ph.D..

   c. Defendant's Motion in Limine (2) to Exclude Plaintiffs' expert Jeff
      McFadden.

   d. There is an outstanding discovery motion which Plaintiffs had filed (Dkt. 68,
      Plaintiffs' *Ex Parte* Application to Continue Scheduling Order), where no
      decision was reached.

   e. The parties agree that notice of certification must be sent to the class.
      Plaintiffs provided a form of class notice to defendants for review, and, are
      also working on a notice plan.  Upon completion of the meet and confer
      process, Plaintiffs anticipate filing a motion.  Defendant's position is that the
      trial should be continued to accommodate notice (*see* F.R.C.P. 23(c)(2)(B);
      the parties are meeting and conferring on this issue.

**13.     Bifurcation of the following issues for trial is ordered:**

      The punitive damages and UCL claim will be bifurcated.  All claims except
      for these will be heard first by the jury; then the claim for punitive damages
      will be heard by the jury; and then the UCL claim will be heard by the district
      court.

**14.     The forgoing admissions having been made by the parties and the parties
         having specified the foregoing issues remaining to be litigated, this Final
         Pretrial Conference Order shall supersede the pleadings and govern the
         course of the trial of this cause unless modified to prevent manifest
         injustice.**

1  Dated:

2                                                    _____
                                                     James V. Selna
3                                                    UNITED STATES DISTRICT JUDGE

4

5
     Dated: January 29, 2019          NYE, STIRLING, HALE & MILLER, LLP
6
                                      By:  _/s/_____
7                                          Jonathan D. Miller, Esq.
                                           Alison M. Bernal, Esq.
8

9    Dated: January 29, 2019          CARLSON LYNCH SWEET
                                      KILPELA & CARPENTER, LLP
10
                                      By:  _/s/_____
11                                         Ed Kilpela, Esq.

12
     Dated: January 29, 2019          THE SULTZER LAW GROUP P.C.
13
                                      By:  _/s/_____
14                                         Adam Gonnelli, Esq.

15
     Dated: January 29, 2019          WALSH, LLC
16
                                      By:  _/s/_____
17                                         Bonner Walsh, Esq.

18
                                      *Attorneys for Plaintiffs and the Class*
19

20   Dated: January 29, 2019          SHEPPARD, MULLIN, RICHTER &
                                      HAMPTON, LLP
21
                                      By:  _/s/ Sascha Henry_____
22                                         Sascha Henry, Esq.
                                           Abby H. Meyer, Esq.
23
                                      *Attorneys for Defendant Younique, LLC*
24

25          Local Rule 5-4.3.4 Certification: I hereby attest that all other signatories listed, on

26   whose behalf this filing is submitted, concur in the filing's content and have authorized

     this filing.                                    _/s/_
27
                                           Alison M. Bernal
28
                                               -42-