SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
SASCHA HENRY, Cal. Bar No. 191914
JONATHAN D. MOSS, Cal. Bar No. 252376
shenry@sheppardmullin.com
jmoss@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071-1422
Telephone:  213.620.1780
Facsimile:   213.620.1398

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
ABBY H. MEYER, Cal. Bar No. 294947
ameyer@sheppardmullin.com
650 Town Center Drive, Fourth Floor
Costa Mesa, CA 92626-1993
Telephone:  714.513.5100
Facsimile:   714.513.5130

Attorneys for Defendant Younique, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| MEGAN SCHMITT, DEANA REILLY, CAROL ORLOWSKY, and STEPHANIE MILLER BRUN, individually and on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>YOUNIQUE, LLC<br><br>    Defendant. | Case No. 8:17-cv-01397-JVS-JDE<br><br>**DEFENDANT YOUNIQUE, LLC'S *EX PARTE* APPLICATION TO POSTPONE ENFORCEMENT OF THE COURT'S ORDER GRANTING LEAVE TO DISSEMINATE CLASS NOTICE (DKT. 191)**<br><br>The Hon. James V. Selna<br>Santa Ana, Courtroom 10C<br><br>SAC filed:         January 4, 2018 |

### [PUBLIC REDACTED VERSION]

## *EX PARTE* APPLICATION

Pursuant to Local Rule 7-19, Defendant Younique, LLC hereby applies *ex parte* for an order to postpone enforcement of the Court's February 5, 2019 Order granting Plaintiffs leave to disseminate class notice (Dkt. 191). Younique makes this motion on the ground that its Motion to Exclude Donald May, Ph.D., which has been fully briefed, (Dkts. 146, 154-2, 166) should first be heard and ruled upon. Younique moved to exclude May's Rule 26 report on the grounds that it was served four-months late on December 12, 2018, that Plaintiffs have unwaveringly refused to produce the facts and data supporting the regression models that May prepared, and that the Rule 26 report's ▮▮▮▮▮▮▮▮ (called an R square) indicated the models were unreliable. (Dkts. 146 and 166.)

If the Court were to grant Younique's motion to exclude May, the issue of whether and how to disseminate notice of class certification would be rendered moot. In addition, Younique has filed a petition for permission to appeal the Court's order certifying the class, and the Court of Appeals has not yet ruled.

It is appropriate to delay the giving of class notice until the class certification issues are resolved. *Tschudy v. J.C. Penney, Inc.*, 2015 WL 5098446, *6 (S.D. Cal. Aug. 28, 2015) (denying motion for leave to give class notice because class issues were not yet settled) (citing 7AA Wright et al., Federal Practice and Procedure § 1788 (3d ed.) and Rubenstein, Newberg on Class Actions § 8:11 (5th ed.)).

Younique's counsel has made reasonable, good faith efforts to advise Plaintiffs' counsel of the date and substance of this *ex parte* application. (Henry Decl., ¶ 7.) After orally communicating with Plaintiffs' counsel, Plaintiffs' counsel advised that they plan to oppose the instant application. (*Id.*) The name, address, telephone number and e-mail address of Plaintiffs' counsel is:

Adam Gonnelli
The Sultzer Law Group P.C.
280 Highway 35, Suite 304
Red Bank, NJ 07701

Phone: (845) 483-7100
Gonnellia@thesultzerlawgroup.com

Bonner Walsh
Walsh, PLLC
1561 Long Haul Road
Grangeville, ID 83530
Phone: (541) 359-2827
bonner@walshpllc.com

Alison Bernal
Nye, Stirling, Hale & Miller, LLP
33 West Mission Street, Suite 201
Santa Barbara, CA 93101
Phone: (805) 963-2345
alison@nps-law.com

Younique notified Plaintiffs' counsel that any opposing papers must be filed not later than twenty-four (24) hours following electronic service of the *ex parte* application through the Court's ECF system.

In preparing this application, Younique has reviewed the Court's Initial Order regarding *ex parte* applications, the Local Rules, as well as *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488 (C.D. Cal. 1995), and respectfully submits that *ex parte* relief is warranted for the reasons set forth below.

Dated:  February 6, 2019

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By       /s/ Abby H. Meyer
SASCHA HENRY
JONATHAN D. MOSS
ABBY H. MEYER
Attorneys for Defendant Younique, LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The parties have fully briefed a possibly case-dispositive motion that could render notice to the class members unnecessary: Younique's motion *in limine* to exclude Plaintiffs' damages expert, Donald May, Ph.D. (Dkt. 146 (motion); 154-2 (opposition); 166-1 (reply).) Younique diligently met the dates set out in the Courts' scheduling orders and timely filed its motion to exclude May on January 7, 2019. The motion was scheduled to be heard at the pretrial conference on February 4, 2019. On January 30, Plaintiffs filed a motion for leave to disseminate class notice. The following day, the Court vacated the pretrial conference, which took Younique's motion to exclude off calendar. Although Younique had until February 11 to oppose Plaintiffs' motion for leave to disseminate class notice, the Court granted Plaintiffs' motion on February 5 (yesterday) and ordered Younique to produce class member contact information within 10 days. (Dkt. 191 ("Order".)

Younique respectfully requests that the Court postpone enforcement of its Order until Younique's motion to exclude May is heard and ruled upon. Younique moved to exclude May on three grounds:

- Plaintiffs produced May's Rule 26 report on December 12, 2018, over four months after it was ordered to be produced. (Dkt. 146; Henry Decl., ¶ 5.)
- Plaintiffs and May refused to produce the underlying facts and data on which May's opinions are based in violation of Rule 26(a)(1) and (a)(2), steadfastly contending that Younique is not entitled to it. (Dkt. 146 and 154-2; Henry Decl., ¶ 5.)
- Plaintiffs' and May's withholding of the underlying facts and data is particularly egregious because May offers regression models to opine as to classwide damages, and yet admits that those regression

models ███████████████████████████████████
█████████████████████████

Sending notice to the class should be postponed given May's ███████████ that his models do not explain swaths of the pricing data, Plaintiffs produced May's report four months late and they refuse to turn over the underlying facts and data. Disseminating class notice under these circumstances is premature and would irreparably damage Younique's customer relationships.

## II.  RELEVANT BACKGROUND

On December 11, 2017, the Court entered scheduling orders in this matter. (Dkt. 56, 56-1.)

On August 1, 2018, Plaintiffs moved for class certification and served a declaration of Donald May, Ph.D. ("May"). The declaration did not contain any opinions as to the Plaintiffs' alleged damages, but rather May's *proposals* for possible damages models. (Dkt. 80-2.) On November 5, 2018, Plaintiffs filed a reply brief in support of class certification, which included a "supplemental declaration" of May. (Dkt. 117-3.) The supplemental declaration responded to Younique's and its expert's criticisms of the proposed damages models, but did not include any opinions as to the plaintiffs' individual damages or of classwide damages.

Recognizing that the expert discovery cut-off was December 15, 2018, on November 8, 2018, Younique reached out to Plaintiffs' counsel to schedule May's deposition. (Henry Decl., ¶ 4.) Following a period of silence from Plaintiffs' counsel, ultimately May's deposition was set for December 12. (*Id.*) Younique then served a deposition subpoena which included requests for all documents that May considered or relied on in forming his opinions; all documents that constitute or refer to his calculations; and his work files, among other categories. (Henry Decl., ¶ 4 and Ex. B thereto.) Plaintiffs' counsel accepted service of the subpoena. (Henry Decl., ¶ 4.)

On December 12, 2018, two hours before May's deposition was set to begin (8:00 a.m.), Plaintiffs served May's Rule 26 report which, for the first time, revealed May's opinions for three classwide damages models. (Henry Decl., ¶ 5.) Plaintiffs' counsel had not informed Younique's counsel in advance of their plan to serve the Report, nor had they moved to modify the scheduling order to permit the late disclosure. (*Id.*) Moreover, May did not produce (and has not produced) the underlying facts and data supporting his three models. (*Id*.) Younique met and conferred with Plaintiffs' counsel about excluding May. (Henry Decl., ¶ 6.)

On January 7, 2019, Younique filed a motion *in limine* to exclude May. (Dkt. 146.) Several weeks before January 7, expert discovery had closed and the motion cut-off had passed. (Dkt. 56-1.) January 7 was the last day on which motions *in limine* could be filed. The motion has now been fully briefed. (Dkt. 154-2 (Plaintiffs' opposition); 166-1 (Younique's reply).)

On January 29, 2019, the parties filed the pretrial conference papers. (Dkt. 179 to 183.) On January 30, 2019, Plaintiffs filed a motion to adjourn the trial date and for leave to give notice of the certified classes. (Dkt. 186-1.) On January 31, 2019, the Court *sua sponte* entered an order vacating the pretrial conference scheduled for February 4, 2019. (Dkt. 188.) This had the effect of taking Younique's motion *in limine* to exclude May off of the Court's February 4, 2019 calendar. (*See* Dkt. 57, p. 5.) On February 5, 2019, six days before Younique's opposition to Plaintiffs' motion for leave to disseminate notice was due,[1] the Court granted Plaintiffs' motion. (Dkt. 191.) The Order requires Younique's compliance within 10 days of the Order. (*Id.*)

---

[1] Had Younique been given the opportunity to oppose the motion to disseminate notice, Younique would have argued that Plaintiffs have not identified any claims administrator for managing class notice. Only the claims administrator should receive personal identifying information of the class members, and only after the administrator signs onto the protective order governing this matter.

## III. THE COURT SHOULD GRANT THIS *EX PARTE* APPLICATION

To obtain *ex parte* relief, the "evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." *Mission Power Engineering Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). The moving party must also show that it is "without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *Id.* Younique meets both prongs of the *Mission Power* test.

### A. May Should Be Excluded, Mooting Class Notice

Younique's motion to exclude May is fully briefed and ready to be heard. May's Rule 26 report was due on August 1, 2018 (Dkt. 67), but Plaintiffs did not serve it until December 12, 2018 (without obtaining leave of Court). As of the August 1, 2018 expert report deadline, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Dkt. 146-1, Ex. C, 37:11-22.) In other words, Plaintiffs asked May to delay in putting together a Rule 26 report because they did not want to spend money on it at the time it was due.

Based on May's report alone, Younique has identified objective indicia that the price premium models are not reliable as required by Fed. R. Evid. 702, as indicated by ▮▮▮▮▮. (Dkt. 146, 171.) "The value of a regression analysis is, to a large degree, measured by how well it describes the phenomenon it is seeking to measure … This measurement is quantified as the regression's 'R square.'" *Valentino v. U.S. Postal Serv.*, 511 F. Supp. 917, 944 (D.D.C. 1981). ▮▮▮▮▮. (Dkt. 146-1, Ex. C, 93:10-94:18.) May admitted that the ▮▮▮▮▮▮▮▮▮▮▮▮

███████████████████████████████

███████████████████████████████

████████████. (Dkt. 146-2, Ex. D, Report, Ex. 3; Dkt. 146-1, Ex. C, 93:10-95:13.)

Importantly, despite the red-flag R square numbers, Plaintiffs have prevented Younique from further understanding, analyzing, and fully rebutting May's models by obstructing expert discovery, taking the position that Younique is *not entitled* to the facts and data on which May relied in forming the opinions in his Report – even though Rule 26 could not be more clear that Younique *is* entitled to this information. Rule 26(a)(1) creates an affirmative duty to disclose damages information, and Rule 26(a)(2) mandates that expert disclosures be accompanied by the facts and data considered by the expert witness. Plaintiffs failed to comply with these requirements. Under Rule 37(c)(1), "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial …". In other words, Rule 37(c)(1) "gives teeth" to Rule 26(a) "by forbidding the use at trial of any information required to be disclosed by Rule 26(a) *that is not properly disclosed.*" *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (emphasis added).[2]

May's report, facts and information have not been properly disclosed and should be excluded. Without May, Plaintiffs cannot satisfy their burden under *Comcast*, meaning that the three state classes should be decertified. *Comcast Corp. v. Behrend*, 569 U.S. 27, 38 (2013) (reversing class certification order). Excluding May, therefore, would moot the need to send class notice.

---

[2] Younique has been prejudiced by Plaintiffs' refusal to timely produce the May report and refusal to produce any of the facts and data on which May relied. (Dkt. 146, 171.) Without May's facts and data, Younique cannot effectively analyze and rebut May's report.

### B. Notice to The Class Should be Postponed Until Class Issues Are Resolved

It is appropriate to delay the giving of class notice until the class certification issues are resolved. *Tschudy v. J.C. Penney, Inc.*, *supra*, 2015 WL 5098446 at *6 (denying motion for leave to give class notice because class issues were not yet settled) (citing 7AA Wright et al., Federal Practice and Procedure § 1788 (3d ed.) and Rubenstein, Newberg on Class Actions § 8:11 (5th ed.)).

Neither Plaintiffs nor class members would be prejudiced by there being certainty before class notice is given. Nor would a short delay to allow the Court to consider and rule upon the fully-brief motion to exclude May prejudice Plaintiffs or the class members.

In contrast, Younique would be prejudiced by the dissemination of unwarranted class notice. Younique's customer relationships will be irreparably and unjustifiably damaged. Younique relies on the goodwill of its customers to sell its products via presenter/customer-to-customer social media efforts. Class notice would irreparably undermine customers' faith in the brand. This prejudice will persist even should Younique ultimately be successful.

### C. Younique Had No Opportunity To Oppose Plaintiffs' Motion

Younique complied with the Court's scheduling orders by timely filing the motion to exclude May. Per the Court's Trial Setting Order, motions *in limine* "will be heard on the scheduled pretrial date, unless the Court otherwise orders." (Dkt. 57.) By the time Plaintiffs had served May's Rule 26 report on December 12, 2018, the motion cut-off had passed. (Dkt. 56-1.) Younique therefore properly anticipated that the motion to exclude May would be heard on February 4, 2019. (Dkt. 56-1, 57.)

Plaintiffs filed their motion for leave to disseminate class notice on January 30, 2019, and set the hearing date for March 4, 2019. This meant that Younique had until February 11, 2019 to oppose the motion. As part of the opposition, Younique

would have raised its concerns as to the proposed form of notice, as well as the argument noted herein that notice should be postponed until the Court has had a chance to rule on Younique's motion to exclude May.

## IV. CONCLUSION

For all the reasons set forth above, Younique respectfully requests that the Court postpone enforcement of the Court's February 5, 2019 Order granting Plaintiffs leave to disseminate class notice (Dkt. 191) until it has ruled on Younique's motion to exclude May.

Dated:  February 6, 2019

                     SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

                     By     */s/ Abby Meyer*
                               SASCHA HENRY
                              JONATHAN D. MOSS
                              ABBY H. MEYER
                  Attorneys for Defendant Younique, LLC