**NYE STIRLING HALE & MILLER, LLP**
Jonathan D. Miller (CA 220848)
Alison M. Bernal (CA 264629)
jonathan@nps-law.com
alison@nshmlaw.com
33 West Mission St., Suite 201
Santa Barbara, CA 93101
Telephone: (805) 963-2345
Facsimile: (805) 284-9590

**CARLSON LYNCH SWEET**
**KILPELA & CARPENTER, LLP**
Todd D. Carpenter (CA 234464)
tcarpenter@carlsonlynch.com
1350 Columbia Street, Ste. 603
San Diego, CA 92101
Telephone: (619) 762-1900
Facsimile: (619) 756-6991

*Attorneys for Plaintiffs and the Class*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEGAN SCHMITT, DEANA REILLY, CAROL ORLOWSKY, and STEPHANIE MILLER BRUN, individually and on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>   v.<br><br>YOUNIQUE, LLC,<br><br>        Defendant. | Case No. 8:17-cv-01397-JVS-JDE<br><br>**DECLARATION OF ADAM GONNELLI IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS, AND APPROVAL OF NOTICE PLAN** |

I, Adam Gonnelli, pursuant to 28 U.S.C. § 1746 and under penalty of perjury, hereby declare as follows:

1.      I am a partner at the Sultzer Law Group ("SLG"), counsel for Plaintiffs in the above-captioned action.  I am a member in good standing of the state bar of New York and the Ninth Circuit, and have been admitted *pro hac vice* in this case.

2.      I respectfully submit this declaration in support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, Preliminary Certification of Settlement Class, and Approval of Notice Plan.  Except as otherwise noted, the facts set forth in this declaration are based in part upon my personal knowledge, and I would competently testify to them if called upon to do so.

## I.      Introduction

3.      Class Counsel have been responsible for the prosecution of this Action and for the negotiation of the Settlement Agreement. We have vigorously represented the interests of the Settlement Class Members throughout the course of the litigation and settlement negotiations.

4.      This Action arises out of Defendant Younique LLC's ("Defendant") misleading marketing and sale of their Moodstruck 3D Fiber Lashes (the "Product").

## II.     Investigation, Procedural History, and Negotiations

5.      Class Counsel conducted a thorough investigation of potential claims, ingredients, manufacturing processes, and the regulatory framework surrounding the Product at issue.  This included retaining an expert to test the ingredients of the Product.

6.      Class Counsel also retained an expert to conduct an analysis of the Product's pricing and the potential damages in the case based on estimates of the potential price premium due to the alleged misrepresentations.

7.      Class Counsel thoroughly analyzed the legal landscape to determine if, and in what manner, to approach remedying Defendant's alleged misleading marketing practices, including consideration of the application of multiple state consumer protection laws, recent legal precedents in cosmetics and product labeling litigation, and FDA regulations.

8.      Plaintiff Megan Schmitt filed this action on August 14, 2017.  Plaintiffs filed an amended complaint on October 13, 2017 adding Plaintiffs Deana Reilly, Carol Orlowsky, and Stephanie Miller Brun and causes of action alleging violations of the laws of Ohio, Florida, and Tennessee.  On November 3, 2017, Defendant moved to dismiss the First Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The Court granted in part and denied in Part Defendant's motion.  Thereafter Plaintiffs filed a Second Amended Complaint, which Defendant answered.

9.      Thereafter, the Parties commenced with discovery, including the exchange of documents and depositions.  Defendants provided almost 6,000 documents in discovery regarding the sales, marketing and composition of the Product and took depositions of each of the four named Plaintiffs as well as Plaintiff's experts.   Additionally, since the Settlement was reached, Younique has provided confirmatory discovery regarding the volume of sales for the Product in additional states.

10.     Plaintiffs moved for class certification of a multistate class.   Younique

2

opposed the motion for class certification and moved for summary judgement, or in the alternative, summary adjudication.  On December 21, 2018, the Court granted in part and denied in part Younique's motion for summary judgment.  On January 10, 2019 the Court granted in part and denied in part the motion for class certification, certifying classes of California, Florida, and Ohio consumers, but declining to certify a class of Tennessee consumers.

11.    The Parties made efforts to resolve the dispute at various times throughout the litigation.  On August 28, 2018, the parties participated in a mediation at Judicate West in Santa Ana before the Honorable John Leo Wagner (Ret.).  The Parties held a second mediation with The Honorable Leo Pappas on April 23, 2019.   Discussions continued through the mediators and between counsel, ultimately resulting in this Agreement.

12.    After more than two years of arduous litigation and negotiations, the Parties finally resolved all outstanding issues and the Settlement Agreement was executed by all parties on August 12, 2019. A true and correct copy of the Settlement Agreement is attached as **Exhibit 1**.

13.    The overarching terms of the Settlement Agreement were resolved prior to the discussion of any attorneys' fees.  The negotiations were lengthy, detailed, arm's-length, and covered all aspects of the settlement.  The negotiations were conducted by Class Counsel who are well versed in complex class action litigation as well as cases involving misrepresentations concerning the term "natural" as applied to consumer products.

### III.   Settlement Agreement and Recognition of the Difficulties Associated with Litigation

14.     The Settlement is an excellent result for the Settlement Class, as it provides the comprehensive relief Plaintiffs sought in their Complaint.  Specifically, the Settlement provides that Defendant shall establish a Settlement Fund in the amount of $ 3,250,000 which will be used to pay eligible claims.  The Settlement offers substantial monetary relief to the Settlement Class.  The total amount of the payment to each member of the Settlement Class will be based on the number of Products purchased by the member of the Settlement Class and the total amount of valid claims submitted.  The Settlement Administrator will determine each authorized Settlement Class member's pro rata share based upon each Settlement Class member's Claim Form and the total number of valid claims.  Also, under no circumstances will any Residual Funds revert to Defendant.

15.     The Settlement also provides injunctive relief.  Defendant has agreed to conduct testing of any fiber lash products for which Younique describes the ingredients thereof as "natural" for a period of three years.

16.     Defendant has denied, and continues to deny, any liability and maintains that the Products' labeling is truthful and not misleading.  Indeed, Defendant has denied, and continues to deny, any and all fault, wrongdoing, and liability for Plaintiff's claims.

17.     Plaintiffs are confident that their case has merit, but recognize the substantial risk that comes along with continued litigation.  Plaintiffs believe they could succeed in a trial on the merits and subsequent appeals, and defeat the pending motion for decertification.

18.     Nonetheless, all complex class actions are uncertain in terms of ultimate outcome, difficulties of proof, and duration, and this Action is no different.  There is always the possibility that Plaintiffs may not prevail if the Action continues.  Defendant has interposed a number of pre-trial motions, including challenges to the admissibility of Plaintiffs' damages and liability reports.  Defendant has also filed a motion to decertify the Classes.  Trial would no doubt be a hotly contested proceeding, and appeals of the results would likely follow. Each of these stages pose risk.

19.     Further, at trial, even if Plaintiffs ultimately succeed in proving liability, there are risks in calculating damages on a classwide basis.  Plaintiffs assert that they and the other members of the Settlement Class paid a price premium over and above what they otherwise would have paid for the Products based on Defendant's representations.  Plaintiffs believe that they could demonstrate the existence of such a price premium.  However, further litigation presents no guarantee for recovery, let alone a recovery greater than that provided by the Settlement.  The Parties would likely spend significant time and resources on this issue alone at trial.

20.     The named Plaintiffs were heavily involved in litigating this Action, including by reviewing the complaint and other case documents and through extensive communications with Class Counsel regarding the status of the case.  Plaintiffs Schmitt, Reilly, and Miller-Brun each traveled to California to attend all-day depositions.

21.     Having reviewed sales data and other information regarding the Products provided by Defendant, there is no question that there are at least thousands of people nationwide who purchased Defendant's Products during the Class Period.

22.     Pursuant to Rule 23(e)(3), Plaintiffs hereby inform the Court that no agreements have been made in connection with the proposed Settlement apart from those identified in this motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:  August 12, 2019

**THE SULTZER LAW GROUP P.C.**

By: */s/ Adam Gonnelli*_____
        Adam Gonnelli, Esq.
        85 Civic Center Plaza, Suite 200
        Poughkeepsie, NY 12601
        Tel: (845) 483-7100
        Fax: (888) 749-7747
        gonnellia@thesultzerlawgroup.com

        *Counsel for Plaintiffs and the Class*

# EXHIBIT 1

# TABLE OF CONTENTS

**Page**

I.     RECITALS ......................................................................................................1

II.    DEFINITIONS................................................................................................2

III.   CLASS CERTIFICATION AND APPROVAL .................................................6

IV.    SETTLEMENT CONSIDERATION AND BENEFITS TO THE CLASS.  . ..................7

V.     ELIGIBILITY AND PROCESS FOR CLASS MEMBERS TO OBTAIN A CASH PAYMENT...................................................................................................9

VI.    NOTICE TO CLASS AND ADMINISTRATION OF PROPOSED SETTLEMENT................................................................................................13

VII.   CLASS ACTION FAIRNESS ACT NOTICE DUTIES TO STATE AND FEDERAL OFFICIALS ..................................................................................17

VIII.  OBJECTIONS AND REQUESTS FOR EXCLUSION ....................................17

IX.    RELEASES.....................................................................................................20

X.     ATTORNEYS' FEES AND EXPENSES AND CLASS REPRESENTATIVE SERVICE AWARDS.......................................................................................22

XI.    NO ADMISSION OF LIABILITY.................................................................23

XII.   DISAPPROVAL, TERMINATION AND NULLIFICATION OF THIS AGREEMENT................................................................................................24

XIII.  ADDITIONAL PROVISIONS .......................................................................25

## CLASS SETTLEMENT AGREEMENT

This Class Settlement Agreement ("Agreement") is entered into on August __, 2019, by and between Megan Schmitt, Stephanie Miller-Brun, Deana Reilly, Kristen Bowers, Brenna Kelly-Starkebaum, Aschley Willey, Mekenzie Davis, Michelle Ellis, Jan Taylor, Nevina Saitta, Meagan Nelson and Casey Ratliff (collectively "Plaintiffs"), on behalf of themselves and the members of the Settlement Class, on the one hand, and Defendant Younique LLC ("Younique") (collectively, Plaintiffs and Younique are the "Parties").  The Parties intend for this Agreement to fully, finally, and forever resolve, discharge, and settle all released rights and claims, subject to the terms and conditions set forth herein.

## I.   RECITALS

A.   On August 14, 2017, Schmitt filed a class action complaint in the Central District of California styled *Schmitt v. Younique LLC*, No. 8:17-cv-01397, which was assigned to the Honorable James V. Selna.  Schmitt alleged that Younique misrepresented that the fiber lash component of Moodstruck 3D Fiber Lashes was "100% Natural Green Tea Fibers."  Younique disputed, and continues to dispute, the allegation.

B.   On October 4, 2018, Bowers filed a class action complaint in the Circuit Court of Jackson County in the State of Missouri styled *Bowers v. Younique LLC*, 1816-CV25646.  Bowers asserted a similar factual allegation as that in *Schmitt*.  Younique disputed, and continues to dispute, the allegation.

C.   Following amendments to the *Schmitt* complaint and discovery, Schmitt, Miller-Brun, Reilly and Carol Tebay Orlowsky moved for class certification of a multistate class.  Younique opposed the motion for class certification and moved for summary judgement, or in the alternative, summary adjudication.  On December 21, 2018, the Court granted in part and denied in part Younique's motion for summary judgment.  On January 10, 2019 the Court granted in part and denied in part the motion for class certification.

D.   Younique, Younique's Counsel and representatives of Class Counsel, participated in private mediation on August 31, 2018 and April 23, 2019.  Discussions continued through the mediators and between counsel, ultimately resulting in this Agreement.

## II.    <u>DEFINITIONS</u>

A.      "**Action**" means the lawsuit captioned *Schmitt et al. v. Younique, LLC*, No. 8:17-cv-01397, pending in the United States District Court for the Central District of California, Southern Division.

B.      "**Agreement**" or "**Class Settlement Agreement**" means this Agreement and any exhibits attached or incorporated hereto, including any amendments the Parties may agree to in writing, and any exhibits to such amendments.

C.      "**Attorneys' Fees**" means any funds the Court may award to Class Counsel as compensation for representing Plaintiffs and the Settlement Class, for prosecuting the Action, the *Bowers* Action, any Related Action and/or this Agreement, as set forth in Section X(A).

D.      "***Bowers* Action**" means *Bowers v. Younique LLC*, 1816-CV25646, pending in the Circuit Court of Jackson County in the State of Missouri.

E.      "**Claim Form**" means the document to be submitted by members of the Settlement Class seeking payment pursuant to Section V(A) of this Agreement in the form or substantially the same form as attached hereto as **Exhibit A**.

F.      "**Claim Period**" means the time period during which the members of the Settlement Class may submit a Claim Form to the Settlement Administrator for review.  Subject to Court approval, the Claim Period will be 90 days.

G.      "**Class Counsel**" means The Sultzer Law Group, P.C., Nye Peabody Stirling Hale & Miller LLP, Walsh PLLC, and Carlson Lynch Sweet Kilpela & Carpenter, LLP.

H.      "**Class Notice**" means the legal notice of the proposed Settlement terms as described in Section VI(A)(1), according to the Notice Plan set forth attached hereto **Exhibit B** and in the form of **Exhibits C** through **F** attached hereto (email notice, long form notice, postcard notice, and social media notice, respectively), subject to approval by the Court, to be provided to potential members of the Settlement Class in the methods set forth below.

I.      "**Class Period**" means the period from October 1, 2012, to July 31, 2015.

J.      "**Complaint**" means the operative Second Amended Complaint in the Action.

K.      "**Court**" means the United States District Court for the Central District of California.

L.      "**Effective Date**" means the first date by which all of the following events have occurred:

1.      The Court has entered the Preliminary Approval Order;

2.      The Court has entered the Final Approval Order and Judgment; and

3.      The Final Approval Order and Judgment is final, meaning either

a.      final affirmance on any appeal of the Final Approval Order and Judgment;

b.      final dismissal with prejudice of the last pending appeal from the Final Approval Order and Judgment; or

c.      if no appeal is filed, the time for the filing or noticing of any form of appeal from the Final Approval Order and Judgment has expired.

M.      "**Expenses**" means reasonable litigation expenses incurred by Class Counsel in representing Plaintiffs and the Settlement Class, and prosecuting the Action, the *Bowers* Action, any Related Action and/or this Agreement, including but not limited to travel, expert fees, transcripts, vendors, discovery costs and filing fees that the Court may award to Class Counsel pursuant to Section X(B).  Expenses do not include costs or expenses associated with Class Notice or the administration of the settlement.

N.      "**Final Approval Order and Judgment**" means the order in which the Court (i) grants final approval of this Agreement, (ii) certifies the Settlement Class, (iii) authorizes the Settlement Administrator to administer the settlement benefits to members of the Settlement Class, (iv) authorizes the creation of the Qualified Settlement Fund by the Fund Institution to receive payments under this Agreement; (v) awards Attorneys' Fees and Expenses, (vi) awards Service Awards, (vii) rules on timely objections to this Agreement (if any), and (viii) authorizes the entry of a final judgment and dismissal of the Action with prejudice.

O.      "**Fund Institution**" means a third-party banking institution, jointly selected by Class Counsel and Younique, where the cash funds Younique will pay under the terms of this Agreement will be deposited into a Qualified Settlement Fund account, specifically, the Settlement Fund.

P.      "**Notice Plan**" means the plan for distributing and publication of Class Notice developed by the Settlement Administrator, substantially in the form of the notice plan attached hereto as **Exhibit B**.

Q.      "**Preliminary Approval Order**" means the order in which the Court (a) preliminarily certifies the Settlement Class; (b) preliminarily approves this Agreement for

purposes of issuing Class Notice; (c) approves the Class Notice and Notice Plan; (d) appoints the Settlement Administrator; (e) appoints Class Counsel as counsel to the Settlement Class; and (f) makes such orders as are necessary and appropriate to effectuate the terms and conditions of this Agreement.

R.     "**Product**" means Defendant Younique's Moodstruck 3D Fiber Lashes sold between October 2012 and July 2015 sold as a standalone product and not as part of a kit and that was purchased for personal, family or household use and not for resale.

S.     "**Proof of Purchase**" means a receipt or other documentation reasonably establishing the fact of purchase of the Product during the Class Period in the United States. Proof of Purchase may be in the form of any reasonably reliable proof customarily provided to the Settlement Administrator to establish proof of purchase for class membership, such as a receipt, email receipt or shipping confirmation from Younique, and/or picture of the Product, to the extent the Settlement Administrator is able to confirm the documentation is reasonably reliable and consistent with industry standard fraud prevention measures.

T.     "**Qualified Settlement Fund**" means the type of fund, account, or trust, created pursuant to and meeting the requirements for a qualified settlement fund under Treasury Regulation Section 1.468B-1, that the Fund Institution will establish to receive payments under this Agreement.

U.     "**Related Action**" means any action previously filed, threatened to be filed, or filed in the future in any state or federal court asserting claims and/or alleging facts substantially similar to those asserted and alleged in this Action, including but not limited to the *Bowers* Action.

V.     "**Released Claims**" means any claim, cross-claim, liability, right, demand, suit, matter, obligation, damage, restitution, disgorgement, loss or cost, attorneys' fee or expense, action, or cause of every kind and description that any Plaintiff, the Settlement Class or any member thereof had or have, including assigned claims, whether in arbitration, administrative, or judicial proceedings, whether as individual claims, claims asserted on a class basis or on behalf of the general public, whether known or unknown, asserted or unasserted, suspected or unsuspected, latent or patent, that is, has been, could reasonably have been, or in the future might reasonably be asserted by Plaintiffs or members of the Settlement Class either in the Action or in any Related Action or proceeding in any other court or forum, including but not limited to the

4

*Bowers* Action, regardless of legal theory or the law under which such action may be brought, and regardless of the type or amount of relief or damages claimed, against any of the Released Persons, including relating to the labeling, advertising and marketing of the Product or that otherwise relates in any way to Younique's claims that the fiber component of the Product was 100% Natural Green Tea Fibers" or "Natural Fibers."

W. "**Released Persons**" means and includes Younique and each of its current and former parents, subsidiaries, affiliates and controlled companies both inside and outside the United States, predecessors, and successors, suppliers, distributors, presenters, customers, and assigns, including the present and former directors, officers, employees, presenters, shareholders, agents, insurers, partners, privies, representatives, attorneys, accountants, and all persons acting by, through, under the direction of, or in concert with them.

X. "**Service Award**" means the amounts the Megan Schmitt, Stephanie Miller-Brun, Deana Reilly, Kristen Bowers, Brenna Kelly-Starkebaum, Aschley Willey, Mekenzie Davis, Michelle Ellis, Jan Taylor, Nevina Saitta, Meagan Nelson and Casey Ratliff will receive for their service as plaintiffs and/or as class representatives in the Action, the *Bowers* Action or Related Actions, pursuant to Section X(C).

Y. "**Settlement Administrator**" means the company jointly selected by Class Counsel and Younique's Counsel and approved by the Court to provide Class Notice and to administer the claims process.

Z. "**Settlement Class**" means all persons who (1) during the Class Period, resided in one of the following states: California, Ohio, Florida, Michigan, Minnesota, Missouri, New Jersey, Pennsylvania, Tennessee, Texas, and Washington; and (2) purchased one or more Products for personal, family or household use and not for resale.  Presenters will not be excluded from the Class but only their purchases for personal, family or household use and not for resale will be subject to this Agreement as set forth in Section V.  Excluded from the Settlement Class are: (a) Younique's board members or executive-level officers, including its attorneys; (b) governmental entities; (c) the Court, the Court's immediate family, and the Court's staff; and (d) any person that timely and properly excludes himself or herself from the Settlement Class in accordance with Section VIII(B) of this Agreement or as approved by the Court.

AA. "**Settlement Fund**" means the money that Younique will pay or cause to be paid in accordance with Section IV(A) of this Agreement.

5

BB.    "**Settlement Website**" means the website to be created pursuant to Section VI(A)(1)(c) of this Agreement.

CC.    "**Younique LLC**" or "**Younique**" means Defendant Younique LLC, a limited liability company with its principal place of business in Lehi, Utah, and its predecessors, parents, subsidiaries, shareholders, affiliates, officers, directors, partners, employees, presenters, agents, servants, assignees, successors, and/or other transferees or representatives.

DD.    "**Younique's Counsel**" means Sheppard Mullin Richter and Hampton, LLP, to the attention of Sascha Henry and Abby Meyer.

## III.    CLASS CERTIFICATION AND APPROVAL

A.    For the purposes of this Agreement, the Parties stipulate and agree that the Settlement Class should be certified.  Such certification is for settlement purposes only, and has no effect for any other purpose.

B.    The certification of the Settlement Class shall be binding only with respect to this Agreement.  In the event that the Effective Date does not occur for any reason, this Action shall revert to the status that existed as of April 23, 2019.

C.    As part of the settlement process, Plaintiffs will move the Court for entry of the Preliminary Approval Order.  Plaintiffs will provide drafts of the moving papers for Younique's reasonable review and comment one week before filing.

D.    Assuming that the Court enters the Preliminary Approval Order, Plaintiffs will later move for the Final Approval Order and Judgment, which seeks final approval of this Agreement, certifies the Settlement Class, authorizes the Settlement Administrator to administer the settlement benefits to members of the Settlement Class, authorizes the creation of the Qualified Settlement Fund by the Fund Institution to receive payments under this Agreement, awards Attorneys' Fees and Expenses, awards Service Awards, rules on timely objections to this Agreement (if any), and authorizes the entry of a final judgment and dismissal of the Action with prejudice.  Plaintiffs will provide drafts of the moving papers for Younique's reasonable review and comment one week before filing.

E.    The Parties agree that Younique may submit a motion, brief or other materials to the Court related to preliminary approval, notice, class certification, attorney's fees, expenses, final approval, service awards, claims administration or objections.  If Younique chooses to do so, Younique will provide Class Counsel a copy of Younique's draft submission three (3)

business days in advance of filing and will agree to meet and confer with Class counsel
concerning the submission before filing it.

## IV.     SETTLEMENT CONSIDERATION AND BENEFITS TO THE CLASS.   This
Agreement provides two components to benefit the Settlement Class: (a) a Settlement Fund from
which member of the Settlement Class who submit timely, valid, and approved claims will
obtain refunds as set forth in Section A below; and (b) an agreement by Younique of three years'
duration to conduct testing of fiber lash products for which Younique describes the ingredients
thereof as "natural," as set forth in Section B below.

     A.     **Settlement Fund.**   Younique shall establish a Settlement Fund with a value of
Three Million, Two Hundred and Fifty Thousand Dollars ($3,250,000.00) and shall make all
cash payments due under this Agreement by paying this amount into a Qualified Settlement Fund
at the Fund Institution, such fund to be established and administered by the Fund Institution as to
meet the requirements applicable to a qualified settlement fund pursuant to Treasury Regulations
Section 1.463B, subject to the following limitations and conditions.

     1.     **Order of Payments from the Settlement Fund.**   The Settlement Fund
shall be applied to pay in full and in the following order: (i) any necessary taxes and tax
expenses, if any; (ii) all costs and expenses associated with Class Notice, including but not
limited to all fees and expenses of the Settlement Administrator; (iii) all costs and expenses
associated with the administration of the Settlement, including but not limited to all fees and
expenses of the Settlement Administrator; (iv) any Attorneys' Fees award made by the Court to
Class Counsel pursuant to Section X(A) of this Agreement; (v) any award of Expenses made by
the Court to Class Counsel pursuant to Section X(B) of this Agreement; (vi) any Service Awards
made by the Court to Plaintiffs under Section X(C) of this Agreement; (vii) cash payments
distributed to Settlement Class members who have submitted timely, valid, and approved claims
pursuant to the claims process outlined in Section V; and (viii) the Residual Funds, if any,
pursuant to Section V(L) of this Agreement.  Payments under (i), (ii) and (iii) above shall be
subject to written approval by Class Counsel and Younique's Counsel.  Payments under (iv),
(v), (vi), (vii) and (vii) shall be subject to approval by the Court in a Final Approval Order and
Judgment and after the Effective Date.

2.    **Younique's Funding of the Settlement Fund**.

a.    Within ten (10) bank days after the Preliminary Approval Order is entered, Younique shall transfer $200,000.00 into the Settlement Fund which shall be used to pay costs and expenses of the Settlement Administrator, including to effectuate Class Notice pursuant to the Notice Plan.  This deadline may be extended by mutual consent of the Parties.  The cost of any re-notice and supplemental administration shall be paid by Younique up to $50,000.00, separate from the Settlement Fund.

b.    Within ten (10) bank days after the Effective Date, Younique shall fund $3,050,000.00 into the Settlement Fund which shall be used pursuant to Section IV(A)(1) above.  This deadline may be extended by mutual consent of the Parties.

3.    **Younique's Maximum Liability Under this Agreement.**  In no circumstances shall Younique's total contribution to or liability for the Settlement Fund exceed Three Million, Two Hundred and Fifty Thousand Dollars ($3,250,000.00).  Under this Agreement, the Parties agree that the Settlement Fund encompasses the full extent of Younique's monetary payment due under this Agreement.  These payments, pursuant to the terms and conditions of this Agreement, will be in full satisfaction of all individual and class claims asserted in or that could have been asserted in this Action, the *Bowers* Action and any Related Action.

4.    **No Tax Liability or Representation.**  Younique and the Released Persons are not obligated (and will not be obligated) to compute, estimate, or pay any taxes on behalf of Plaintiffs, Class Counsel, any member of Settlement Class, or the Settlement Administrator.  Younique and the Released Persons have not made any (and make no representation) to the Plaintiffs, Class Counsel, any member of the Settlement Class, or the Settlement Administrator regarding the tax consequences of payments made under this Agreement.

5.    **Return of Settlement Fund.**  In the event the Effective Date does not occur, all amounts paid into the Settlement Fund, less amounts incurred for claims administration and notice, shall be promptly returned to Younique, and this Action shall revert to the status that existed as of April 23, 2019, except as otherwise ordered by the Court.

B.    **Injunctive Relief: Testing of Ingredients of Future Products**

1.      Commencing with the date of the last signature of this Agreement and until August 1, 2022, if Younique elects to describe an ingredient in its current or future fiber lash products as "natural", Younique will have the product tested by a reputable U.S.-based laboratory every six months to confirm the ingredients identified as "natural" are as described. Such testing shall be undertaken to confirm that the ingredients are natural and not "synthetic" as that term is defined in the Organic Foods Production Act of 1990, at 7 U.S.C. § 6502 (21).  To avoid any doubt, the Parties agree this provision applies only to the description of ingredients and does not apply to Younique using the phrases "natural beauty", "natural look" or words to that effect, in its marketing, advertising or labeling.

2.      Nothing in this Agreement shall prohibit or limit Younique's right or ability to use or permit others to use, in accordance with all applicable laws and regulations, its licenses, logos, taglines, product descriptors, or registered trademarks.

3.      Nothing in this Agreement shall preclude Younique from making claims in accordance with applicable FDA, FTC and EPA regulations.

**V.      ELIGIBILITY AND PROCESS FOR CLASS MEMBERS TO OBTAIN A CASH PAYMENT.**  To be eligible for a cash payment, a member of the Settlement Class must submit a timely and valid Claim Form, which will be evaluated by the Settlement Administrator.

A.      **Claim Form Availability.**  The Claim Form shall be substantially similar to the claim form attached as Exhibit A.  The Claim Form will be: (i) included on the Settlement Website; and (ii) made readily available from the Settlement Administrator, including by requesting a Claim Form from the Settlement Administrator by mail, email, or calling a toll-free number provided by the Settlement Administrator.

B.      **Timely Claim Forms.**  To be considered "timely", members of the Settlement Class must submit a Claim Form postmarked or submitted online before or on the last day of the Claim Period, the specific date of which will be prominently displayed on the Claim Form and Class Notice and determined by the Court.  For a non-online Claim Form, the Claim Form will be deemed to have been submitted on the date of the postmark on the envelope or mailer.  For an online Claim Form, the Claim Form will be deemed to have been submitted on the date it is received by the Settlement Administrator.

C.      **Valid Claim Forms.**  To be considered "valid", the Claim Form must contain the Settlement Class member's name and mailing address, attestation of purchase(s) of Products as

9

described in Section V(D) showing the number of Products purchased during the Class Period.
Subject to Section V(H) herein, Claim Forms that do not meet the requirements set forth in this
Agreement and in the Claim Form instructions may be rejected.  The Settlement Administrator
will determine a Claim Form's validity.

Where a good faith basis exists, the Settlement Administrator may reject a Claim Form
for, among other reasons: (i) failure to attest to the purchase of the Products for personal, family
or household use; (ii) attesting to purchase of products that are not covered by the terms of this
Agreement; (iii) attesting to purchase of Products or products not during the Class Period;
(iv) failure to provide adequate verification or additional information about the Claim pursuant to
a request of the Settlement Administrator; (v) failure to fully complete and/or sign the Claim
Form; (vi) failure to submit a legible Claim Form; (vii) submission of a fraudulent Claim Form;
(viii) submission of a Claim Form that is duplicative of another Claim Form; (ix) submission of
a Claim Form by a person who is not a member of the Settlement Class; (x) request by person
submitting the Claim Form to pay funds to a person or entity that is not the member of the
Settlement Class for whom the Claim Form is submitted; (xi) failure to submit a Claim Form by
the end of the Claim Period; or (xii) failure to otherwise meet the requirements of this
Agreement.

D.      **Attestation of Purchase.**  Members of the Settlement Class must submit a Claim
Form that states to the best of his or her knowledge the total number of Products that he or she
purchased, and the approximate date(s) of his or her purchases.  The Claim Form shall be signed
under an attestation stating the following or substantially similar language: "I declare that the
information in this Claim Form is true and correct to the best of my knowledge, and that I
purchased the Product(s) claimed above during the Class Period for my personal, family or
household use and not for resale.  I understand that my Claim Form may be subject to audit,
verification, and Court review."

E.      **Proof of Purchase.**  Members of the Settlement Class may submit Proof of
Purchase instead of stating the number and dates of purchase, but must still submit an attestation.

F.      **Verification of Purchase May Be Required.**  The Claim Form shall advise
members of the Settlement Class that while Proof of Purchase is not required to submit a claim,
the Settlement Administrator has the right to request verification or more information regarding
the purchase of the Products for the purpose of preventing fraud.  Younique shall cooperate fully

with the Settlement Administrator if the Settlement Administrator requests such verification.  If Younique is unable to produce such verification and the member of the Settlement Class does not timely comply or is unable to produce documents or additional information to substantiate the information on the Claim Form and the claim is otherwise not approved, the Settlement Administrator may disqualify the claim, subject to the reconsideration procedure outlined in Section V(H) below. The Parties agree that the Settlement Administrator shall seek verification of Claim Forms attesting to more than 33 purchases.

G.      **Claim Form Submission and Review.**  Members of the Settlement Class may submit a Claim Form either by mail or electronically.  The Settlement Administrator shall review and process the Claim Forms pursuant to the process described in this Agreement to determine each Claim Form's timeliness and validity.  Adequate and customary procedures and standards will be used by the Settlement Administrator to prevent the payment of fraudulent claims and to pay only legitimate claims.  The Parties shall take all reasonable steps, and direct the Settlement Administrator to take all reasonable steps, to ensure that Claim Forms completed and signed electronically by members of the Settlement Class conform to the requirements of the federal Electronic Signatures Act, 15 U.S.C. § 7001, *et seq.*

H.      **Claim Form Deficiencies.**  In the event the Settlement Administrator rejects a Claim Form pursuant to section V(C) above, the Settlement Administrator shall mail notice of rejection to Settlement Class members whose Claims have been rejected in whole or in part. Failure to provide all information requested on the Claim Form will not result in immediate denial or nonpayment of a claim.  Instead, the Settlement Administrator will take all reasonable and customary steps to attempt to cure the defect and to determine the eligibility of the member of the Settlement Class for payment and the amount of payment based on the information contained in the Claim Form or otherwise submitted, including advising the Settlement Class members that if they disagree with the determination, the Settlement Class member may send a letter to the Settlement Administrator requesting reconsideration of the rejection and the Settlement Administrator shall reconsider such determination, which reconsideration shall include consultation with Class Counsel and Younique's Counsel.  In such event, Settlement Class members shall be advised of their right to speak with Class Counsel, and Younique is entitled to dispute claims if available records or other information indicate that the information on the Claim Form is inaccurate or incomplete.  The Parties shall meet and confer

11

regarding resolution of such claims and, if unable to agree, shall submit those claims to the Court for determination.  As to any claims being determined by the Court pursuant to this paragraph, the Settlement Administrator shall send payment or a letter explaining the Court's rejection of the claim, within thirty-five (35) days of the Court's determination.

      I.      **Failure to Submit Claim Form.**  Unless a member of the Settlement Class opts out pursuant to Section VIII(B), any member of the Settlement Class who fails to submit a timely and valid Claim Form shall be forever barred from receiving any payment pursuant to this Agreement, and shall in all other respects be bound by all of the terms of this Agreement and the terms of the Order and Final Judgment to be entered in the Action.  Based on the release contained in this Agreement, any member of the Settlement Class who does not opt out will be barred from bringing any action in any forum (state or federal) against any of the Released Persons concerning any of the matters subject to the release.

      J.      **Cash Recovery for Members of the Settlement Class.**  The relief to be provided to each member of the Settlement Class who submits a timely and valid Claim Form pursuant to the terms and conditions of this Agreement shall be a payment in the form of a cash refund.  The total amount of the payment to each member of the Settlement Class will be based on the number of Products purchased by the member of the Settlement Class and the total amount of valid claims submitted.  Cash refunds will be paid by the Settlement Administrator via check, pursuant to Section V(K).  The Settlement Administrator shall determine each authorized Settlement Class member's *pro rata* share based upon each Settlement Class member's Claim Form and the total number of valid claims.  Accordingly, the actual amount recovered by each Settlement Class member who submits a timely and valid claim will not be determined until after the Claim Period has ended and the number of Products purchased by the member of the Settlement Class and the total amount of valid claims submitted is determined.

      K.      **Distribution to Authorized Settlement Class Members**

      1.      The Settlement Administrator shall begin paying timely, valid, and approved claims via first-class mail no later than thirty (30) days after the Effective Date.

      2.      The Settlement Administrator shall have completed the payment to Settlement Class members who have submitted timely, valid, and approved claims pursuant to the claim process no later than forty-five (45) days after the Effective Date.

L.      **Residual Funds in the Settlement Fund.**   If, after the payment of the items set forth in Section IV(A)(1)(i)-(vi) and the expiration of checks mailed to members of the Settlement Class, value remains in the Settlement Fund, it shall be called the Residual Fund. Any value remaining in the Residual Fund shall increase eligible Settlement Class members' relief on a *pro rata* basis until the Residual Fund is exhausted, unless the Parties mutually agree that a supplemental distribution is economically unfeasible.  Should the Parties mutually agree that a supplement distribution is economically unfeasible, then the parties will meet and confer in good faith to reach an agreement on a *cy pres* recipient approved by the Court. If the Parties are unable to reach an agreement on a *cy pres* recipient, then Younique, on the one hand, and Plaintiffs, on the other hand, may submit alternative proposals for the *cy pres* recipient to the Court and the Court will select the recipient.  There shall be no reverter to Younique.

## VI.   NOTICE TO CLASS AND ADMINISTRATION OF PROPOSED SETTLEMENT

A.      **Duties and Responsibilities of the Settlement Administrator.**  Class Counsel and Younique recommend and retain Heffler Claims Group to be the Settlement Administrator for this Agreement.  The Settlement Administrator shall abide by and shall administer the settlement in accordance with the terms, conditions, and obligations of this Agreement and the Orders issued by the Court in this Action.

1.      **Class Notice Duties.**  The Settlement Administrator shall be responsible for disseminating the Class Notice, substantially in the form as described in the Notice Plan, and, as specified in the Preliminary Approval Order.  The Class Notice will comply with all applicable laws, including, but not limited to, the Due Process Clause of the Constitution.  Class Notice duties include, but are not limited to the following:

a.      **Class Notice, Notice Plan and Claim Form**. The Settlement Administrator shall consult on, draft, and design the Class Notice, Notice Plan and Claim Form. To the extent that the Settlement Administrator believes there should be changes to the Class Notice, Notice Plan and/or Claim Form, Class Counsel and Younique's Counsel shall have input and joint approval rights, which shall not be unreasonably withheld, over the Class Notice, Notice Plan and Claim Form and any changes thereto.

b.      **Implement Class Notice.**  The Settlement Administrator shall implement and arrange for the Class Notice in accordance with the Notice Plan, as approved by the Court in the Preliminary Approval Order.

13

          c.      **Establish Settlement Website.**  The Settlement Administrator shall establishing a website, www. FiberLashesSettlement.com  that contains the Complaint, this Agreement, the long form of the Class Notice (Exhibit D hereto), a Claim Form capable of being completed and submitted online or printed, the documents to be filed supporting a motion for preliminary approval of this settlement, the documents to be filed supporting an application for an award of Attorneys' Fees, Expenses and Service Awards, and the documents to be filed supporting a motion for Final Approval Order and Judgment.  The Settlement Website shall be activated according to the Notice Plan, and shall remain active until 90 calendar days after the Effective Date.

          d.      **Respond to Request from Potential Settlement Class Members**. The Settlement Administrator shall send the Class Notice and/or a Claim Form, via electronic mail or U.S. mail, to any potential member of the Settlement Class who so requests.

          e.      **Respond to Counsel Requests.**  The Settlement Administrator shall respond requests from Class Counsel and Younique's Counsel.

          f.      **CAFA Notice.**  The Settlement Administrator shall send the notice as set forth in Section VII.

          2.      **Claim Processing Duties.**  The Settlement Administrator shall be responsible for Claim processing and related administrative activities, including communications with members of the Settlement Class concerning this Agreement, the claim process, and the options they have.  Claim processing duties include, but are not limited to:

          a.      executing any mailings required under the terms of this Agreement;

          b.      establishing a toll-free voice response unit to which members of the Settlement Class may refer for information about the Action and the Settlement;

          c.      establishing a post office box for the receipt of Claim Forms, exclusion requests, and any correspondence;

          d.      receiving and maintaining on behalf of the Court all correspondence from any member of the Settlement Class regarding the Settlement, and forwarding inquiries from members of the Settlement Class to Class Counsel or their designee for a response, if warranted; and

     e.     receiving and maintaining on behalf of the Court any correspondence with members of the Settlement Class regarding any objections, opt-out requests, exclusion forms, or other requests to exclude himself or herself from the Settlement, and providing to Class Counsel and Younique's Counsel a copy within three (3) calendar days of receipt.  If the Settlement Administrator receives any such forms or requests after the deadline for the submission of such forms and requests, the Settlement Administrator shall promptly provide Class Counsel and Younique's Counsel with copies.

     3.     **Claim Review Duties.**  The Settlement Administrator shall be responsible for reviewing and approving Claim Forms in accordance with this Agreement. Claim review duties include, but are not limited to:

     a.     reviewing each Claim Form submitted to determine whether each Claim Form meets the requirements set forth in this Agreement and whether it should be allowed, including determining whether a Claim Form submitted by any member of the Settlement Class is timely, complete, and valid;

     b.     working with members of the Settlement Class who submit timely claims to try to cure any Claim Form deficiencies;

     c.     using all reasonable efforts and means to identify and reject duplicate and/or fraudulent claims, including, without limitation, maintaining a database of all Claim Form submissions;

     d.     keeping an accurate and updated accounting via a database of the number of Claim Forms received, the amount claimed on each Claim Form, the name and address of the members of the Settlement Class who made the claim, whether the claim has any deficiencies, and whether the claim has been approved as timely and valid; and

     e.     otherwise implementing and assisting with the claim review process and payment of the Claims, pursuant to the terms and conditions of this Agreement.

     4.     **Periodic Update Duties.**  The Settlement Administrator shall provide periodic updates to Class Counsel and Younique's Counsel regarding Claim Form submissions beginning within five (5) calendar days after the commencement of the dissemination of the Class Notice and continuing on a weekly basis thereafter and shall provide such an update at least ten (10) business days before the Final Approval hearing.  The Settlement Administrator

shall also provide such updates to Class Counsel or Younique's Counsel upon request, within a reasonable amount of time.

      5.    **Claim Payment Duties.**  The Settlement Administrator shall be responsible for sending payments to all eligible members of the Settlement Class with valid, timely, and approved claims pursuant to the terms and conditions of this Agreement. Claim payment duties include, but are not limited to:

      a.    Within seven (7) days of the Effective Date, provide a report to Class Counsel and Younique's Counsel calculating the amount and number of valid and timely claims;

      b.    Pursuant to Sections V(J), (K) and (L), once the Settlement Fund has been funded, sending checks to members of the Settlement Class who submitted timely, valid, and approved Claim Forms;

      c.    Once payments to the Settlement Class have commenced, pursuant to the terms and conditions of this Agreement, the Settlement Administrator shall provide a regular accounting to Class Counsel and Younique's Counsel that includes but is not limited to the number and the amount of claims paid.

      d.    Once distributed checks have expired, an accounting of Residual Funds described in Section V(L) and subsequent distribution of the Residual Funds as directed by the Parties and the Court.

      6.    **Reporting to Court Duties.**  Not later than ten (10) calendar days before the date of the hearing on the Final Approval, the Settlement Administrator shall file a declaration or affidavit with the Court that: (i) includes a list of those persons who have opted out or excluded themselves from the Settlement; and (ii) describes the scope, methods, and results of the Notice Plan.

      7.    **Duty of Confidentiality.**  The Settlement Administrator shall treat any and all documents, communications, and other information and materials received in connection with the administration of the Settlement as confidential and shall not use or disclose any or all such documents, communications, or other information to any person or entity, except to the Parties or as provided for in this Agreement or by Court Order.

B.     **Right to Inspect.**  Class Counsel and Younique's Counsel shall have the right to inspect the Claim Forms and supporting documentation received by the Settlement Administrator at any time upon reasonable notice.

C.     **Failure to Perform.**  If the Settlement Administrator misappropriates any funds from the Settlement Fund or makes a material or fraudulent misrepresentation to, or conceals requested material information from, Class Counsel, Younique, or Younique's Counsel, then the Party who discovers the misappropriation or concealment or to whom the misrepresentation is made shall, in addition to any other appropriate relief, have the right to demand that the Settlement Administrator immediately be replaced.  If the Settlement Administrator fails to perform adequately on behalf of the Parties, the Parties may agree to remove the Settlement Administrator.  Neither Party shall unreasonably withhold consent to remove the Settlement Administrator.  The Parties will attempt to resolve any disputes regarding the retention or dismissal of the Settlement Administrator in good faith.  If unable to so resolve a dispute, the Parties will refer the matter to the Court for resolution.

D.     **Handling of Inquiries**.  The Parties and Class Counsel acknowledge that Younique may receive inquiries relating to the Action, the *Bowers* Action, Related Actions or this Agreement.  The Parties and Class Counsel agree that Younique may provide the script attached hereto as Exhibit G to its customer service representatives to respond to such inquiries, each response concludes by referring to the inquiry to the Settlement Website.

VII.   **CLASS ACTION FAIRNESS ACT NOTICE DUTIES TO STATE AND FEDERAL OFFICIALS**.  No later than ten (10) court days after this Agreement is filed with the Court, Younique shall mail or cause the items specified in 28 U.S.C. § 1715(b) to be mailed to each State and Federal official, as specified in 28 U.S.C. § 1715(a).

VIII.  **OBJECTIONS AND REQUESTS FOR EXCLUSION.**  A member of the Settlement Class may object to this Agreement or request exclusion from this Agreement.  Any member of the Settlement Class who does not request exclusion from the Settlement has the right to object to the Settlement.  Members of the Settlement Class may not both object to and opt out of the Settlement.  Any member of the Settlement Class who wishes to object must timely submit an objection as set forth in Section VIII(A) below.  If a member of a Settlement Class submits both an objection and a written request for exclusion, he or she shall be deemed to have complied with the terms of the procedure for requesting exclusion as set forth in Section VIII(B) and shall not

17

be bound by the Agreement if approved by the Court, and the objection will not be considered by the Court.

      A.    **Objections.**  Members of the Settlement Class shall have the right to object to this Agreement and to appear and show cause, if they have any reason why the terms of this Agreement should not be given Final Approval as follows:

      1.    A member of the Settlement Class may object to this Agreement either on his or her own without an attorney, or through an attorney hired at his or her own expense.

      2.    Any objection to this Agreement must be in writing, signed by the objecting member of the Settlement Class (and his or her attorney, if individually represented, including any former or current counsel who may be entitled to compensation for any reason related to the objection), filed with the Court, with a copy delivered to the Settlement Administrator, Class Counsel and Younique's Counsel at the addresses set forth in the long formClass Notice (Exhibit D), no later than thirty (30) days before the hearing on Final Approval.

      3.    Any objection regarding or related to this Agreement shall contain a caption or title that identifies it as "Objection to Class Settlement in *Schmitt v. Younique LLC*, No. 8:17-cv-01397 (C.D.Cal.)."

      4.    Any objection regarding or related to this Agreement shall contain information sufficient to identify and contact the objecting member of the Settlement Class (or his or her individually-hired attorney, if any), as well as a specific, clear and concise statement of his or her objection, the facts supporting the objection, the legal grounds and authority on which the objection is based, and whether he or she intends to appear at the Final Approval Hearing, either with or without counsel.

      5.    Any objection shall include documents sufficient to establish the basis for the objector's standing as a member of the Settlement Class, such as (i) a declaration signed by the objector under penalty of perjury, including a statement that the member of the Settlement Class purchased at least one of the Products during the Class Period; or (ii) receipt(s) reflecting such purchase(s).

      6.    Any objection shall also include a detailed list of any other objections submitted by the Settlement Class member, or his or her counsel, to any class action submitted in any court, whether state or otherwise, in the United States in the previous five (5) years.  If the

18

Settlement Class member or his or her counsel has not objected to any other class action
settlement in any court in the United States in the previous five (5) years, he or she shall
affirmatively state so in the written materials provided in connection with the objection to this
Agreement.

7.      Class Counsel and/or Younique shall have the right, but not the obligation,
to respond to any objection no later than seven (7) days prior to the hearing on the motion for
Final Approval Order and Judgment.  The Party so responding shall file a copy of the response
with the Court, and shall serve a copy, by regular mail, hand or overnight delivery, to the
objecting member of the Settlement Class or to the individually-hired attorney for the objecting
member of the Settlement Class; to Class Counsel; and to Younique's Counsel.

8.      If an objecting member of the Settlement Class chooses to appear at the
hearing, no later than fifteen (15) days before the hearing on the motion for Final Approval
Order and Judgment, a Notice of Intention to Appear, either In Person or Through an Attorney,
must be filed with the Court, listing the name, address and telephone number of the attorney, if
any, who will appear.

9.      Any Settlement Class Member who fails to file and serve timely a written
objection and notice of his/her intent to appear at the hearing on the motion for Final Approval
Order and Judgment pursuant to this Section shall not be permitted to object to the Settlement
and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement
by any means, including but not limited to an appeal.

B.      **Requests for Exclusion.**  Members of the Settlement Class shall have the right to
elect to exclude themselves, or "opt out," of the monetary portion of this Agreement,
relinquishing their rights to cash compensation under this Agreement and preserving their claims
for damages that accrued during the Class Period, pursuant to this paragraph:

1.      A member of the Settlement Class wishing to opt out of this Agreement
must send to the Settlement Administrator by U.S. Mail a personally signed letter including his
or her name and address, and providing a clear statement communicating that he or she elects to
be excluded from the Settlement Class.  A member of the Settlement Class cannot opt out on
behalf of anyone other than himself or herself.

2.      Any request for exclusion or opt out must be postmarked on or before the
opt-out deadline date specified in the Preliminary Approval Order, which shall be no later than

19

thirty (30) calendar days before the hearing on the motion for Final Approval Order and
Judgment.  The date of the postmark on the return-mailing envelope shall be the exclusive means
used to determine whether a request for exclusion has been timely submitted.

        3.     The Settlement Administrator shall forward copies of any written requests
for exclusion to Class Counsel and Younique's Counsel, and shall file a list reflecting all
requests for exclusion with the Court no later than ten (10) calendar days before the hearing on
the motion for Final Approval Order and Judgment.

        4.     The request for exclusion must be personally signed by the member of the
Settlement Class.

      C.     **Failure to Request Exclusion.** Any member of the Settlement Class who does
not file a timely written request for exclusion as provided in the preceding Section VIII(B) shall
be bound by all subsequent proceedings, orders, and judgments, including, but not limited to, the
Release in this Action, even if he or she has litigation pending or subsequently initiates litigation
against Younique relating to the claims and transactions released in this Action.

## IX.   RELEASES

      A.     **Release by Plaintiffs and Settlement Class.**  Upon the Effective Date of this
Agreement, Plaintiffs and each member of the Settlement Class, and each of their successors,
assigns, heirs, and personal representatives, shall be deemed to have, and by operation of the
Final Approval Order and Judgment shall have, fully, finally, and forever released, relinquished,
and discharged all Released Claims against the Released Persons.  The Released Claims shall be
construed as broadly as possible to effect complete finality over this litigation involving the
advertising, labeling, and marketing of the Products as set forth herein.

      B.     **Waiver of Unknown Claims by Plaintiffs and Settlement Class.**  In addition,
with respect to the subject matter of this Action, by operation of entry of the Final Approval
Order and Judgment, Plaintiffs and each member of the Settlement Class, and each of their
respective successors, assigns, legatees, heirs, and personal representatives, expressly waive any
and all rights or benefits they may now have, or in the future may have, under any law relating to
the releases of unknown claims, including, without limitation, Section 1542 of the California
Civil Code, which provides:

               **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS**

               **THAT THE CREDITOR OR RELEASING PARTY DOES**

**NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

In addition to the foregoing, by operation of entry of the Final Approval Order and Judgment, Plaintiffs and each member of the Settlement Class shall be deemed to have waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any foreign country, and any and all principles of common law that are similar, comparable, or equivalent in substance or intent to Section 1542 of the California Civil Code.

C.      **Assumption of Risk.**  Plaintiffs understand that the facts upon which this Agreement is executed may hereafter be other than or different from the facts now believed by Plaintiffs and Class Counsel to be true and nevertheless agree that this Agreement and the Release shall remain effective notwithstanding any such difference in facts.

D.      **Bar to Other Litigation.**  To the extent permitted by law, this Agreement may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit, or other proceeding that may be instituted, prosecuted, or attempted in breach of or contrary to this Agreement, including but not limited to any Related Action, or any other action or claim that arises out of the same factual predicate or same set of operative facts as this Action.

E.      **General Release By Megan Schmitt, Stephanie Miller-Brun, Deana Reilly, Kristen Bowers, Brenna Kelly-Starkebaum and Aschley Willey, Mekenzie Davis, Michelle Ellis, Jan Taylor, Nevina Saitta, Meagan Nelson and Casey Ratliff.**  In addition to Sections IX(A) through (D) above, and for the mutual avoidance of further costs, inconvenience, and uncertainties relating to this Lawsuit, Megan Schmitt, Stephanie Miller-Brun, Deana Reilly, Kristen Bowers, Brenna Kelly-Starkebaum, Aschley Willey, Mekenzie Davis, Michelle Ellis, Jan Taylor, Nevina Saitta, Meagan Nelson and Casey Ratliff, and their predecessors, successors, heirs, assigns, related persons and other representatives, hereby release and forever discharge the Released Persons from any and all claims (including liabilities, actions, causes of action, obligations, costs, attorneys' fees, damages, losses and demands of every character, nature, kind and source, whether legal, equitable or otherwise, including but not limited to those arising out of

21

theories of contract, employment, or libel/slander) which are or could be asserted by them.  For clarity, this is intended to be a "general release."

F.      **Release By Younique in Favor of Megan Schmitt, Stephanie Miller-Brun, Deana Reilly, Kristen Bowers, Brenna Kelly-Starkebaum and Aschley Willey, Mekenzie Davis, Michelle Ellis, Jan Taylor, Nevina Saitta, Meagan Nelson and Casey Ratliff.**  For the mutual avoidance of further costs, inconvenience, and uncertainties relating to this Lawsuit, Younique hereby releases and forever discharges Megan Schmitt, Stephanie Miller-Brun, Deana Reilly, Kristen Bowers, Brenna Kelly-Starkebaum, Aschley Willey, Mekenzie Davis, Michelle Ellis, Jan Taylor, Nevina Saitta, Meagan Nelson and Casey Ratliff from any and all claims (including liabilities, actions, causes of action, obligations, costs, attorneys' fees, damages, losses and demands of every character, nature, kind and source, whether legal, equitable or otherwise, including but not limited to those arising out of theories of contract, employment, or libel/slander) which are or could have been asserted by it in the Action, the *Bowers* Action or any Related Action, or are based on the Action, the *Bowers* Action or any Related Action or the facts alleged therein.

G.      **Dismissal of *Bowers* Action**.  No later than (5) court days of the Effective Date, Bowers shall dismiss the *Bowers* Action.  Younique and Bowers shall cooperate to effectuate a stay of the *Bowers* Action or take other reasonable steps to minimize attorneys' fees and expenditures in the *Bowers* Action between now and the Effective Date.

X.      **ATTORNEYS' FEES AND EXPENSES AND CLASS REPRESENTATIVE SERVICE AWARDS**

A.      **Attorneys' Fees Application.**  Class Counsel intends to make, and Younique agrees not to oppose, an application for an award of Attorneys' Fees in the Action that will not exceed an amount equal to one third (33.33%) of the Settlement Fund of $3,250,000.00.  This amount shall be paid from the Settlement Fund and shall be the sole aggregate compensation paid by Younique to Class Counsel for representing Plaintiffs and the Settlement Class, for prosecuting the Action, the *Bowers* Action and any Related Action and relating to this Agreement.  The ultimate award of Attorneys' Fees will be determined by the Court.

B.      **Expense Application.**  Class Counsel intends to make, and Younique agrees not to oppose, an application for reimbursement of Expenses in the Action that will not exceed $175,000.00.  This amount shall be paid from the Settlement Fund and shall be the sole

reimbursement of Expenses paid by Younique for Class Counsel representing Plaintiffs and the Settlement Class, for prosecuting the Action, the *Bowers* Action and any Related Action and relating to this Agreement.  The ultimate award of Expenses will be determined by the Court.

C. **Service Award Application.**  Class Counsel intends to make, and Younique agrees not to oppose, an application for Service Awards to the Megan Schmitt, Stephanie Miller-Brun and Deana Reilly that will not exceed $45,000 ($15,000 each).  Class Counsel also intends to make, and Younique agrees not to oppose, an application for a Service Award to Kristen Bowers, Brenna Kelly-Starkebaum, Aschley Willey, Mekenzie Davis, Michelle Ellis, Jan Taylor, Nevina Saitta, Meagan Nelson and Casey Ratliff that will not exceed $22,500.  The Service Awards, if granted, shall be paid from the Settlement Fund and shall be the only Service Awards paid by Younique.  The ultimate amount of the Service Awards will be determined by the Court.

D. Class Counsel, in their sole discretion, shall allocate and distribute the Court's award of Attorneys' Fees and Expenses.  Class Counsel shall indemnify Younique and its attorneys against any disputes among Class Counsel, including Dollar, Burns & Becker, L.C., Pastor Law Office, LLP, other lawyers, consultants, contractors, or service providers working at the direction of, or in conjunction with, Class Counsel, relating to the allocation and distribution of Class Counsel's Attorneys' Fees and Expenses.

E. Younique will not appeal from any order with respect to the award of Attorneys' Fees, Expenses and Service Awards provided that the order does not award Attorneys' Fees, Expenses and Service Awards in excess of the amounts stated in Sections X(A) through (C).

F. Within ten (10) days after the Effective Date, the Settlement Administrator shall cause the Attorneys' Fees and Expenses awarded by the Court to be paid to Class Counsel as directed by Class Counsel.  In the event the Effective Date does not occur, all amounts paid to Class Counsel as Attorneys' Fees and Expenses awarded by the Court shall be promptly returned to Younique.

G. Within ten (10) days after the Effective Date, the Settlement Fund shall pay Service Awards, if approved by the Court, to each of the Plaintiffs

**XI.** **NO ADMISSION OF LIABILITY**.  Younique has denied and continues to deny that the labeling, advertising, or marketing of the Product was false, deceptive, or misleading to consumers or violates any legal requirement, including but not limited to the allegations that Younique engaged in unfair, unlawful, fraudulent, or deceptive trade practices, breached any

23

implied or express warranty,  was unjustly enriched or engaged in negligent misrepresentation, or violated the Magnusson Moss Warranty Act or any other statute, regulation, or common law or industry standard.  Younique denies that any purchaser of the Product paid any price premium or was otherwise damaged in any regard by the Product's labeling, advertising or marketing.   By entering into this Agreement, Younique is not consenting to or agreeing to certification of the Settlement Class for any purpose other than to effectuate the settlement of the Action. Younique is entering into this Agreement solely because it will eliminate the uncertainty, distraction, burden, and expense of further litigation.  The provisions contained in this Agreement and the manner or amount of relief provided to members of the Settlement Class herein shall not be deemed a presumption, concession, or admission by Younique of any fault, liability, or wrongdoing as to any facts or claims that have been or might be alleged or asserted in the Action, the *Bowers* Action, any Related Action or in any other action or proceeding that has been, will be, or could be brought, and shall not be interpreted, construed, deemed, invoked, offered, or received into evidence or otherwise used by any person in any action or proceeding, whether civil, criminal, or administrative, for any purpose other than as provided expressly herein.

## XII.   DISAPPROVAL, TERMINATION AND NULLIFICATION OF THIS AGREEMENT.

A.     Younique, on the one hand, and the Plaintiffs, on the other other hand, shall each have the right to terminate this Agreement if (1) the Court denies preliminary approval or final approval of this Agreement, or (2) the Final Approval Order and Judgment does not become final by reason of a higher court reversing the Final Approval Order and Judgment, and the Court thereafter declines to enter a further order approving settlement on the terms in this Agreement. If Younique elects to terminate this Agreement under this section, Younique shall provide written notice via overnight mail and email to Class Counsel within 21 days of the occurrence of the condition permitting termination.  If Plaintiffs elect to terminate this Agreement under this section, Class Counsel shall provide written notice via overnight mail and email to Younique's Counsel, attention Sascha Henry and Abby Meyer, within 21 days of the occurrence of the condition permitting termination.

B.     Younique shall have the right, but not the obligation, to terminate this Agreement if, prior to the entry of the Final Approval Order and Judgment, if .1% or more members of the

Settlement Class for whom the Parties have class contact information submit timely and valid requests for exclusion.  If Younique elects to terminate this Agreement under this section, Younique shall provide written notice via overnight mail and email to Class Counsel on or before the entry of the Final Approval Order and Judgment.

C.      Class Counsel shall have the right, but not the obligation, to terminate this Agreement if, prior to the entry of the Final Approval Order and Judgment, the award from the Settlement Fund to each Class Member is calculated to be less than two dollars ($2.00).

D.       If this Agreement is terminated pursuant to this section XII, then: (1) this Agreement shall have no further force and effect and shall not be used in the Action or in any other proceeding or for any purpose, including for purposes of attempting to prove Younique's alleged liability, (2) the Parties will jointly make an application requesting that any judgment or orders entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*, (3) this Action shall revert to the status that existed as of April 23, 2019, except that the Parties shall not seek to recover from each other any costs incurred in connection with this Agreement.  If this Agreement is terminated by Class Counsel pursuant to Section XII(C), then Class Counsel shall refund to Younique the $200,000.00 paid into the Settlement Fund pursuant to Section IV(A)(2)(a).

## XIII.   <u>ADDITIONAL PROVISIONS</u>

A.      Plaintiffs and Class Counsel warrant and represent to Younique that they have no present intention of initiating any other claims or proceedings against Younique or any of Younique's affiliates, or any entity that manufactures, distributes, or sells the Product, including presenters of Younique products.  Plaintiffs and Class Counsel warrant and represent that they are not aware of any factual or legal basis for any claims or proceedings against Younique other than those described herein.  Class Counsel warrant and represent that they do not presently have any clients with claims or proceedings, existing or suspected, against Younique other than Plaintiffs, and Plaintiffs' claims are being released and settled by this Agreement.

B.      The Parties agree that information and documents exchanged in negotiating this Agreement were done so pursuant to Federal Rule of Evidence 408, and no such confidential information exchanged or produced by either side may be used for or revealed for any other purpose than this Agreement.  This does not apply to publicly available information or documents.

C.      The Parties agree to return or dispose of confidential documents and information exchanged in negotiating this Agreement within thirty (30) days of the Effective Date.  Class Counsel and Plaintiffs acknowledge their obligations under the existing Stipulated Protective Order in this Action.

D.      The Parties agree that the terms of the Agreement were negotiated at arm's length and in good faith by the Parties and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

E.      The Parties and their respective counsel agree to use their best efforts and to cooperate fully with one another (i) in seeking preliminary and final Court approval of this settlement; and (ii) in effectuating the full consummation of the settlement provided for herein.

F.      Each counsel or other person executing this Agreement on behalf of any Party hereto warrants that such person has the authority to do so.

G.      This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original but all of which together shall constitute one and the same instrument.  Executed counterparts shall be deemed valid if delivered by mail, courier, electronically, or by facsimile.

H.      This Agreement shall be binding upon and inure to the benefit of the settling Parties (including all members of the Settlement Class), their respective agents, attorneys, insurers, employees, representatives, officers, directors, partners, divisions, subsidiaries, affiliates, associates, assigns, heirs, successors in interest, and shareholders, and any trustee or other officer appointed in the event of a bankruptcy, as well as to all Released Persons as defined in Section II(W).  The waiver by any Party of a breach of this Agreement by any other Party shall not be deemed a waiver of any other breach of this Agreement.

I.      This Agreement and any exhibits attached to it constitute the entire agreement between the Parties hereto and supersede any prior agreements or understandings, whether oral, written, express, or implied between the Parties with respect to the settlement.

J.      No amendment, change, or modification of this Agreement or any part thereof shall be valid unless in writing, signed by all Parties and their counsel, and approved by the Court.

K.      The Parties to this Agreement each represent to the other that they have received independent legal advice from attorneys of their own choosing with respect to the advisability of

26

making the settlement provided for in this Agreement, and with respect to the advisability of executing this Agreement, that they have read this Agreement in its entirety and fully understand its contents, and that each is executing this Agreement as a free and voluntary act.

L.      Except as otherwise provided herein, all notices, requests, demands, and other communications required or permitted to be given pursuant to this Agreement shall be in writing and shall be delivered personally, by facsimile, by e-mail, or by overnight mail, as follows:

If to Counsel for Plaintiffs or Class Counsel:

Adam Gonnelli

Sultzer Law Group

85 Civic Center Plaza

Suite 200,

Poughkeepsie, NY 12601

Gonnellia@thesultzerlawgroup.com

Phone: (845) 483-7100; Fax: (888) 749-7747


If to Younique's Counsel:

Sascha Henry

Sheppard Mullin Richter & Hampton LLP

333 S. Hope St., 43rd Fl.

Los Angeles, CA 90071

shenry@sheppardmullin.com

Phone: (213) 617-5562; Fax (213) 620-1398

M.      The titles and captions contained in this Agreement are inserted only as a matter of convenience and for reference, and shall in no way be construed to define, limit, or extend the scope of this Agreement or the intent of any of its provisions.  This Agreement shall be construed without regard to its drafter, and shall be construed as though the Parties participated equally in the drafting of it.

N.      Plaintiffs submit to the jurisdiction of this Court for purposes of the implementation and enforcement of the terms of this Agreement.  The Parties agree that the Released Persons may seek to enforce the releases herein against any person or entity by

injunctive relief.  The Court shall retain jurisdiction over the Action for purposes of implementing and enforcing this Agreement.

O.      Plaintiffs and Class Counsel agree that no press release or comment to the press shall be made concerning the Action, the *Bowers* Action, any Related Actions or this Agreement except as may be required as part of the Notice Plan and approved by the Court.  Plaintiffs and Class Counsel also agree that they will not reference or discuss Younique, the Action, the *Bowers* Action, any Related Actions or this Agreement as part of any advertising or marketing materials including on their own or any third party website or social media and will remove and direct any of their agents or consultants of the same and to cease any public mention or website or social media publication about Younique, the Action, the *Bowers* Action, any Related Actions or this Agreement.  Notwithstanding the foregoing, Class Counsel may describe this Agreement in briefs filed with courts as part of an application or motion to be appointed as lead class counsel or for class certification and may state on their websites "$3.25 Million Settlement for class of purchasers of consumer product labeled as containing natural ingredient."

**IN WITNESS WHEREOF**, Younique LLC, and Plaintiffs Megan Schmitt, Stephanie Miller-Brun, Deana Reilly, on behalf of themselves and the Settlement Class, intending to be legally bound hereby, have duly executed this Agreement as of the date set forth below, along with their counsel.

Dated: 8 - 8 - 19                    By: _____
                                     Megan Schmitt

Dated: _____       By: _____
                                     Stephanie Miller-Brun

Dated: _____       By: _____
                                     Deana Reilly

Dated: _____       By: _____
                                     Kirsten Bowers

Dated: _____       By: _____
                                     Brenna Kelly-Starkebaum

Dated: _____       By: _____
                                     Aschley Willey

injunctive relief.  The Court shall retain jurisdiction over the Action for purposes of implementing and enforcing this Agreement.

O.      Plaintiffs and Class Counsel agree that no press release or comment to the press shall be made concerning the Action, the *Bowers* Action, any Related Actions or this Agreement except as may be required as part of the Notice Plan and approved by the Court.  Plaintiffs and Class Counsel also agree that they will not reference or discuss Younique, the Action, the *Bowers* Action, any Related Actions or this Agreement as part of any advertising or marketing materials including on their own or any third party website or social media and will remove and direct any of their agents or consultants of the same and to cease any public mention or website or social media publication about Younique, the Action, the *Bowers* Action, any Related Actions or this Agreement.  Notwithstanding the foregoing, Class Counsel may describe this Agreement in briefs filed with courts as part of an application or motion to be appointed as lead class counsel or for class certification and may state on their websites "$3.25 Million Settlement for class of purchasers of consumer product labeled as containing natural ingredient."

**IN WITNESS WHEREOF**, Younique LLC, and Plaintiffs Megan Schmitt, Stephanie Miller-Brun, Deana Reilly, on behalf of themselves and the Settlement Class, intending to be legally bound hereby, have duly executed this Agreement as of the date set forth below, along with their counsel.

Dated: _____    By: _____
                                          Megan Schmitt

Dated: 08/11/2019 _____    By: _____
                                          Stephanie Miller-Brun

Dated: _____    By: _____
                                          Deana Reilly

Dated: _____    By: _____
                                          Kirsten Bowers

Dated: _____    By: _____
                                          Brenna Kelly-Starkebaum

Dated: _____    By: _____
                                          Aschley Willey

injunctive relief.  The Court shall retain jurisdiction over the Action for purposes of
implementing and enforcing this Agreement.

      O.     Plaintiffs and Class Counsel agree that no press release or comment to the press
shall be made concerning the Action, the *Bowers* Action, any Related Actions or this Agreement
except as may be required as part of the Notice Plan and approved by the Court.  Plaintiffs and
Class Counsel also agree that they will not reference or discuss Younique, the Action, the
*Bowers* Action, any Related Actions or this Agreement as part of any advertising or marketing
materials including on their own or any third party website or social media and will remove and
direct any of their agents or consultants of the same and to cease any public mention or website
or social media publication about Younique, the Action, the *Bowers* Action, any Related Actions
or this Agreement.  Notwithstanding the foregoing, Class Counsel may describe this Agreement
in briefs filed with courts as part of an application or motion to be appointed as lead class
counsel or for class certification and may state on their websites "$3.25 Million Settlement for
class of purchasers of consumer product labeled as containing natural ingredient."

      **IN WITNESS WHEREOF**, Younique LLC, and Plaintiffs Megan Schmitt, Stephanie
Miller-Brun, Deana Reilly, on behalf of themselves and the Settlement Class, intending to be
legally bound hereby, have duly executed this Agreement as of the date set forth below, along
with their counsel.

Dated: _____      By: _____
    Megan Schmitt

Dated: _____      By: _____
    Stephanie Miller-Brun

Dated: *8/8/2019* _____      By: _____
    Deana Reilly

Dated: _____      By: _____
    Kirsten Bowers

Dated: _____      By: _____
    Brenna Kelly-Starkebaum

Dated: _____      By: _____
    Aschley Willey

injunctive relief.  The Court shall retain jurisdiction over the Action for purposes of
implementing and enforcing this Agreement.

   O.  Plaintiffs and Class Counsel agree that no press release or comment to the press
shall be made concerning the Action, the *Bowers* Action, any Related Actions or this Agreement
except as may be required as part of the Notice Plan and approved by the Court.  Plaintiffs and
Class Counsel also agree that they will not reference or discuss Younique, the Action, the
*Bowers* Action, any Related Actions or this Agreement as part of any advertising or marketing
materials including on their own or any third party website or social media and will remove and
direct any of their agents or consultants of the same and to cease any public mention or website
or social media publication about Younique, the Action, the *Bowers* Action, any Related Actions
or this Agreement.  Notwithstanding the foregoing, Class Counsel may describe this Agreement
in briefs filed with courts as part of an application or motion to be appointed as lead class
counsel or for class certification and may state on their websites "$3.25 Million Settlement for
class of purchasers of consumer product labeled as containing natural ingredient."

   **IN WITNESS WHEREOF**, Younique LLC, and Plaintiffs Megan Schmitt, Stephanie
Miller-Brun, Deana Reilly, on behalf of themselves and the Settlement Class, intending to be
legally bound hereby, have duly executed this Agreement as of the date set forth below, along
with their counsel.

Dated: _____    By: _____
                 Megan Schmitt

Dated: _____    By: _____
                 Stephanie Miller-Brun

Dated: _____    By: _____
                 Deana Reilly

Dated: *8-9-19* _____    By: *Kirsten Bowers* _____
                 Kirsten Bowers

Dated: _____    By: _____
                 Brenna Kelly-Starkebaum

Dated: _____    By: _____
                 Aschley Willey

injunctive relief.  The Court shall retain jurisdiction over the Action for purposes of implementing and enforcing this Agreement.

O.      Plaintiffs and Class Counsel agree that no press release or comment to the press shall be made concerning the Action, the *Bowers* Action, any Related Actions or this Agreement except as may be required as part of the Notice Plan and approved by the Court.  Plaintiffs and Class Counsel also agree that they will not reference or discuss Younique, the Action, the *Bowers* Action, any Related Actions or this Agreement as part of any advertising or marketing materials including on their own or any third party website or social media and will remove and direct any of their agents or consultants of the same and to cease any public mention or website or social media publication about Younique, the Action, the *Bowers* Action, any Related Actions or this Agreement.  Notwithstanding the foregoing, Class Counsel may describe this Agreement in briefs filed with courts as part of an application or motion to be appointed as lead class counsel or for class certification and may state on their websites "$3.25 Million Settlement for class of purchasers of consumer product labeled as containing natural ingredient."

**IN WITNESS WHEREOF**, Younique LLC, and Plaintiffs Megan Schmitt, Stephanie Miller-Brun, Deana Reilly, on behalf of themselves and the Settlement Class, intending to be legally bound hereby, have duly executed this Agreement as of the date set forth below, along with their counsel.


Dated: _____        By: _____
                                      Megan Schmitt

Dated: _____        By: _____
                                      Stephanie Miller-Brun

Dated: _____        By: _____
                                      Deana Reilly

Dated: _____        By: _____
                                      Kirsten Bowers

Dated: _____August 8, 2019_____       By: _____
                                      Brenna Kelly-Starkebaum

Dated: _____        By: _____
                                      Aschley Willey

28

injunctive relief.  The Court shall retain jurisdiction over the Action for purposes of implementing and enforcing this Agreement.

O.      Plaintiffs and Class Counsel agree that no press release or comment to the press shall be made concerning the Action, the *Bowers* Action, any Related Actions or this Agreement except as may be required as part of the Notice Plan and approved by the Court.  Plaintiffs and Class Counsel also agree that they will not reference or discuss Younique, the Action, the *Bowers* Action, any Related Actions or this Agreement as part of any advertising or marketing materials including on their own or any third party website or social media and will remove and direct any of their agents or consultants of the same and to cease any public mention or website or social media publication about Younique, the Action, the *Bowers* Action, any Related Actions or this Agreement.  Notwithstanding the foregoing, Class Counsel may describe this Agreement in briefs filed with courts as part of an application or motion to be appointed as lead class counsel or for class certification and may state on their websites "$3.25 Million Settlement for class of purchasers of consumer product labeled as containing natural ingredient."

**IN WITNESS WHEREOF**, Younique LLC, and Plaintiffs Megan Schmitt, Stephanie Miller-Brun, Deana Reilly, on behalf of themselves and the Settlement Class, intending to be legally bound hereby, have duly executed this Agreement as of the date set forth below, along with their counsel.

Dated: _____     By: _____
                                 Megan Schmitt

Dated: _____     By: _____
                                 Stephanie Miller-Brun

Dated: _____     By: _____
                                 Deana Reilly

Dated: _____     By: _____
                                 Kirsten Bowers

Dated: _____     By: _____
                                 Brenna Kelly-Starkebaum

Dated: 08/08/2019               By: _____
                                 Aschley Willey

28

Dated: _8-9-19_____      By: _[signature]_____
                           Mekenzie Davis

Dated: _____      By: _____
                           Michelle Ellis

Dated: _____      By: _____
                           Jan Taylor

Dated: _____      By: _____
                           Nevina Saitta

Dated: _____      By: _____
                           Meagan Nelson

Dated: _____      By: _____
                           Casey Ratliff

                           YOUNIQUE LLC

Dated: _____      By: _____


                           THE SULTZER LAW GROUP

Dated: _____      By: _____
                           Jason P. Sultzer
                           Attorneys for Plaintiffs

Dated: _____      DOLLAR, BURNS & BECKER, L.C.
                           By: _____
                           Thomas Hershewe
                           Attorneys for Kirsten Bowers

                           WALSH PLLC

Dated: _____      By: _____
                           Bonner Walsh
                           Class Counsel

Dated: _____     By: _____
                               Mekenzie Davis

Dated: _8/9/19_____     By: _Michelle Ellis_____
                               Michelle Ellis

Dated: _____     By: _____
                               Jan Taylor

Dated: _____     By: _____
                               Nevina Saitta

Dated: _____     By: _____
                               Meagan Nelson

Dated: _____     By: _____
                               Casey Ratliff

                               YOUNIQUE LLC

Dated: _____     By: _____


                               THE SULTZER LAW GROUP

Dated: _____     By: _____
                               Jason P. Sultzer
                               Attorneys for Plaintiffs

Dated: _____     DOLLAR, BURNS & BECKER, L.C.
                               By: _____
                               Thomas Hershewe
                               Attorneys for Kirsten Bowers

                               WALSH PLLC

Dated: _____     By: _____
                               Bonner Walsh
                               Class Counsel

Mekenzie Davis

Dated: _____

By: _____
Michelle Ellis

Dated: 8-11-19

By: _____
Jan Taylor

Dated: _____

By: _____
Nevina Saitta

Dated: _____

By: _____
Meagan Nelson

Dated: _____

By: _____
Casey Ratliff

Dated: _____

YOUNIQUE LLC

By: _____

Dated: _____

THE SULTZER LAW GROUP

By: _____
Jason P. Sultzer
Attorneys for Plaintiffs

Dated: _____

DOLLAR, BURNS & BECKER, L.C.

By: _____
Thomas Hershewe
Attorneys for Kirsten Bowers

WALSH PLLC

Dated: _____        By: _____
                              Mekenzie Davis

Dated: _____        By: _____
                              Michelle Ellis

Dated: _____        By: _____
                              Jan Taylor

Dated: 8·9·19                 By: _____
                              Nevina Saitta

Dated: _____        By: _____
                              Meagan Nelson

Dated: _____        By: _____
                              Casey Ratliff

                              YOUNIQUE LLC

Dated: _____        By: _____


                              THE SULTZER LAW GROUP

Dated: _____        By: _____
                              Jason P. Sultzer
                              Attorneys for Plaintiffs

Dated: _____        DOLLAR, BURNS & BECKER, L.C.
                              By: _____
                              Thomas Hershewe
                              Attorneys for Kirsten Bowers

                              WALSH PLLC

Dated: _____        By: _____
                              Bonner Walsh
                              Class Counsel

Dated: _____     By: _____
                                    Mekenzie Davis

Dated: _____     By: _____
                                    Michelle Ellis

Dated: _____     By: _____
                                    Jan Taylor

Dated: _____     By: _____
                                    Nevina Saitta

Dated: _____     By: _____
                                    Meagan Nelson

Dated: _____     By: _____
                                    Casey Ratliff

YOUNIQUE LLC

Dated: _____     By: _____


THE SULTZER LAW GROUP

Dated: _____     By: _____
                                    Jason P. Sultzer
                                    Attorneys for Plaintiffs

Dated: _____     DOLLAR, BURNS & BECKER, L.C.
                                    By: _____
                                    Thomas Hershewe
                                    Attorneys for Kirsten Bowers

WALSH PLLC

Dated: _____     By: _____
                                    Bonner Walsh
                                    Class Counsel

29

Dated: _____          By: _____
                                    Mekenzie Davis

Dated: _____          By: _____
                                    Michelle Ellis

Dated: _____          By: _____
                                    Jan Taylor

Dated: _____          By: _____
                                    Nevina Saitta

Dated: _____          By: _____
                                    Meagan Nelson

Dated: __08/08/2019__               By: _____
                                    Casey Ratliff

YOUNIQUE LLC

Dated: _____          By: _____


THE SULTZER LAW GROUP

Dated: _____          By: _____
                                    Jason P. Sultzer
                                    Attorneys for Plaintiffs

Dated: _____          DOLLAR, BURNS & BECKER, L.C.
                                    By: _____
                                    Thomas Hershewe
                                    Attorneys for Kirsten Bowers

                                    WALSH PLLC

Dated: _____          By: _____
                                    Bonner Walsh
                                    Class Counsel

29

Dated: _____     By: _____
Mekenzie Davis

Dated: _____     By: _____
Michelle Ellis

Dated: _____     By: _____
Jan Taylor

Dated: _____     By: _____
Nevina Saitta

Dated: _____     By: _____
Meagan Nelson

Dated: _____     By: _____
Casey Ratliff

                        YOUNIQUE LLC

Dated: _____     By: _____

                        THE SULTZER LAW GROUP

Dated: _____8/12/19_____     By: _____
                        Jason P. Sultzer
                        Attorneys for Plaintiffs

Dated: _____     DOLLAR, BURNS & BECKER, L.C.
                        By: _____
                        Thomas Hershewe
                        Attorneys for Kirsten Bowers

                        WALSH PLLC

Dated: _____     By: _____
                        Bonner Walsh
                        Class Counsel

Dated: _____     By: _____
                                   Mekenzie Davis

Dated: _____     By: _____
                                   Michelle Ellis

Dated: _____     By: _____
                                   Jan Taylor

Dated: _____     By: _____
                                   Nevina Saitta

Dated: _____     By: _____
                                   Meagan Nelson

Dated: _____     By: _____
                                   Casey Ratliff

                                   YOUNIQUE LLC

Dated: _____     By: _____


                                   THE SULTZER LAW GROUP

Dated: _____     By: _____
                                   Jason P. Sultzer
                                   Attorneys for Plaintiffs

Dated: _____     DOLLAR, BURNS & BECKER, L.C.
                                   By: _Tom Hershewe_
                                   Thomas Hershewe
                                   Attorneys for Kirsten Bowers

                                   WALSH PLLC

Dated: _____     By: _____
                                   Bonner Walsh
                                   Class Counsel


29

Dated: _____        By: _____
                                        Mekenzie Davis

Dated: _____        By: _____
                                        Michelle Ellis

Dated: _____        By: _____
                                        Jan Taylor

Dated: _____        By: _____
                                        Nevina Saitta

Dated: _____        By: _____
                                        Meagan Nelson

Dated: _____        By: _____
                                        Casey Ratliff

                                        YOUNIQUE LLC

Dated: _____        By: _____


                                        THE SULTZER LAW GROUP

Dated: _____        By: _____
                                        Jason P. Sultzer
                                        Attorneys for Plaintiffs

Dated: _____        DOLLAR, BURNS & BECKER, L.C.
                                        By: _____
                                        Thomas Hershewe
                                        Attorneys for Kirsten Bowers

                                        WALSH PLLC

Dated: August 12, 2019 _____        By: _____
                                        Bonner Walsh
                                        Class Counsel

Dated: _____          By: _____
                                         Mekenzie Davis

Dated: _____          By: _____
                                         Michelle Ellis

Dated: _____          By: _____
                                         Jan Taylor

Dated: _____          By: _____
                                         Nevina Saitta

Dated: _____          By: _____
                                         Meagan Nelson

Dated: _____          By: _____
                                         Casey Ratliff

                                         YOUNIQUE LLC

Dated: _8/12/2019_____          By: _____

                                         THE SULTZER LAW GROUP

Dated: _____          By: _____
                                         Jason P. Sultzer
                                         Attorneys for Plaintiffs

Dated: _____          DOLLAR, BURNS & BECKER, L.C.
                                         By: _____
                                         Thomas Hershewe
                                         Attorneys for Kirsten Bowers

                                         WALSH PLLC

Dated: _____          By: _____
                                         Bonner Walsh
                                         Class Counsel

29

**EXHIBIT A**

# SCHMITT v. YOUNIQUE LLC CLAIM FORM

## **GENERAL INSTRUCTIONS**

To make a claim under the Settlement, you must complete this form and submit it online or mail it to the address at the bottom of this form.  Your Claim Form must be submitted online or postmarked by 11:59 p.m. Pacific Time on XX/XX/XXXX.

You can submit a Claim for a benefit under this Settlement if you purchased the original Moodstruck 3D Fiber Lashes between October 2012 and July 2015 sold as a standalone product and not as part of a kit for personal, family or household use and not for resale and resided in one of the following states: California, Ohio, Florida, Michigan, Minnesota, Missouri, New Jersey, Pennsylvania, Tennessee, Texas, and Washington. You may, but are not required to, submit proof of purchase of the product when you submit your claim.

**Settlement Class Members who seek payment from the Settlement must complete and return this Claim Form.**  Completed Claim Forms must be mailed to the Settlement Administrator at Heffler Claims Group, P.O. Box ###, Philadelphia, PA 19102-#### or can be submitted via the Settlement Website, www.FiberLashesSettlement.com.  **Claim Forms must be POSTMARKED or SUBMITTED ONLINE NO LATER THAN _____, 2019 at 11:59 p.m., Pacific Time.**

Before you complete and submit this Claim Form by mail or online, you should read and be familiar with the Long Form Notice available at www. FiberLashesSettlement.com.  Defined terms (with initial capitals) used in these General Instructions have the same meaning as set forth in the Settlement Agreement, as amended by any Supplemental Agreement.  By submitting this Claim Form, you acknowledge that you have read and understand the Long Form Notice, and you agree to the Release(s) included as a material term of the Settlement Agreement.

If you fail to timely submit a Claim Form, you may be precluded from any recovery from the Settlement fund.  If you are a member of the Settlement Class and you do not timely and validly seek to Opt-Out from the Settlement Class, you will be bound by any judgment entered by the Court approving the Settlement regardless of whether you submit a Claim Form.  To receive the most current information and regular updates, please submit your Claim Form on the Settlement Website at www. FiberLashesSettlement .com.

# SCHMITT v. YOUNIQUE LLC CLAIM FORM

### YOU MUST SUBMIT YOUR CLAIM FORM NO LATER THAN <mark>XX, XX, XXXX</mark>

**CLAIM INFORMATION (Please type or print the following information):**

_____   ___   _____
**First Name**                          **MI**   **Last Name**

_____        _____
**Mailing Address**                              **Address2**

_____   _____   _____ _____ - _____
**City**                                 **State**         **Zipcode**     **Zip4 (optional)**

**Daytime Telephone** (_____) _____ - _____   **Evening Telephone** (_____) _____ - _____

**Email Address:** _____ @ _____ . _____

** If you move or your name changes, please send your new contact information to the Claims Administrator via the settlement website or First-Class U.S. Mail, at the address listed below.

<u>**CLAIM OF COVERED PRODUCTS PURCHASED**</u>

I purchased _____ (number) original Moodstruck 3D Fiber Lashes between October 2012 and July 2015 sold as a standalone product and not as part of a kit for personal, family or household use and not for resale. The approximate dates of my purchases were: _____.

**AFFIRMATION:**

I declare that the information in this Claim Form is true and correct to the best of my knowledge, and that I purchased the Product(s) claimed above during the Class Period for my personal, family or household use and not for resale. I understand that my Claim Form may be subject to audit, verification, and Court review.

_____   _____   _____/_____/___ ___ ___ ___
**Signature**                    **Type/Print Name**           **Date (MM/DD/YYYY)**

Upon completion, please mail this form to:  c/o Claims Administrator; P.O. <mark>Box XX</mark>; Philadelphia, PA 19105-0170.  Or, submit the form electronically at <mark>www.XXXXXXXX.com</mark>. You may, but are not required to, submit proof of purchase of the product when you submit your claim.

Failure to provide all the requested information may result in the denial of your Claim and you will receive no cash payment from this Settlement. The Settlement Administrator may request verification or more information regarding your purchase of the Products. Pursuant to the terms of the Settlement Agreement, the Settlement Administrator's determination is final and cannot be appealed by anyone.

### CLAIM PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.  THANK YOU FOR YOUR PATIENCE.

**30643 (row of barcode)**                     **CF**                     **Page 1 of 1**

**30643**                                       **CF**                     **Page 1 of 1**

**EXHIBIT B**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

Megan Schmitt, an individual, on behalf of herself and all others similarly situated;

        Plaintiff,

vs.

Younique LLC

        Defendants.

Case No. 8:17-cv-01397

**DECLARATION OF SCOTT FENWICK OF HEFFLER CLAIMS GROUP IN SUPPORT OF PLAINTIFFS' PROPOSED CLASS NOTICE PLAN**

I, Scott Fenwick, hereby declare:

1.      I am employed as the Chief of Operations at Heffler Claims Group ("Heffler"), a company that handles the administration of class action settlements, class action notices, claims administration, and other significant services related to class action and mass tort actions.

2.      Heffler Claims Group has extensive experience in class action matters, having provided services in class action settlements involving antitrust, securities, employment and labor, consumer and government enforcement matters.  Heffler has provided class action services in over 1,000 settlements varying in size and complexity over the past 50 years.  During the past 50 years, Heffler distributed hundreds of millions of notices and billions of dollars in settlement funds and judgment proceeds to class members and claimants.

3.      Heffler is prepared to provide a full complement of notification services for the settlement, including email notice, mailed notice and a targeted publication notice.

4.      Heffler assumes it will be provided the Class Data List that will contain a combination of names, email addresses and/or mailing addresses for Class Members.

5.      Email Notice:  In preparation for the email notices, Heffler will work with the
Parties to finalize the language for the Notice.  Once the notice is approved, Heffler will set up the
email notice template in preparation for the email campaign.  In addition, Heffler will prepare a
file that will contain records for which an email address is provided in the Class List.  Once the
email template is set up Heffler will prepare and send test emails for the Parties to review.  Email
proofs will be sent via email to the Parties and to representatives from Heffler to review.  Upon
approval of the proofs by Heffler and the Parties, Heffler will set the approved email notices to
begin sending to Class Members on the notice start date.

6.      As part of the email campaign process, our email service notifies each of the major
ISPs that Heffler is about to begin a large email campaign. This greatly reduces the risk that the
ISPs will incorrectly identify Heffler-originated emails as junk mail and intercept them or
otherwise divert them from recipients' inboxes.  Heffler and our email service will also review the
proposed email subject line and body content for potential spam filter triggering words and phrases
and will provide recommendations for any trouble spots. When the email campaign begins, Heffler
will track and monitor emails that are bounced.  If required as part of the email campaign, Heffler
will attempt to re-send hard and/or soft bounced emails in an effort to deliver as many emails as
possible.  At the conclusion of the email campaign, Heffler will be able to provide the email
delivery status of each record.  Heffler will report to the parties the number of records that had a
successful notice delivery, a count for the records that delivery failed, and a count of Class
Members that unsubscribed to future emails. Heffler will also update its administration database
with the appropriate status of the email campaign.

7.      If the email notice was delivered successfully, no further action will be taken with
respect to the Class Member record.

8.      Mailed Notice: If the email was not delivered (bounced) Heffler will take the
following steps to initiate a mailed notice to the Class Member:  1) If there is a physical street
address in the Class List provided to Heffler, Heffler will mail a notice to the address provided;

and 2) if there is no street address in the Class List provided, Heffler will take no further action related to the Class Member record.

9.      Mailed Notices will be sent to all physical addresses noted in Section 8 above.  The approved notice language will be provided to the print/mail vendor.  Heffler will also provide a mail file to the print/mail vendor.  Heffler will use the current addresses on the Class List, or an address obtained from the submittal of records through the United States Postal Service National Change of Address database. The print/mail vendor will prepare notice proofs for the Parties and Heffler to review and approve.  The approved notices will be mailed to Class Members as directed in the Court documents.

10.      Mailed notices returned as undeliverable-as-addressed by the United States Postal Service will be sent through a skip trace process in an effort to obtain an updated address for the record.  If an updated address is obtained through the trace process, Heffler will re-mail the notice to the updated address.

11.      <u>Targeted Media Program</u>:  While the direct outreach of the program is anticipated by the parties to reach the overwhelming majority  of class settlement members, there is an unknown number of class members who may have purchased the Product from a presenter with cash and did not provide an address to Younique.The parties have gone the extra step to reach additional class members by employing supplemental online and social media publication.  Heffler will implement a targeted notice program consisting of internet and mobile banners via Google and social media outlets Facebook, Instagram, and Twitter.  Banner notifications will be published for a period of 30 days and be specifically targeted to reach Younique customers who did not receive the emailed notice.

12.      On Google, we will match class member records with users to create a custom audience of known class members. Ads will be served to class members as they use Google search and as display ads at the top of their Gmail inboxes. On Facebook and Instagram, we will match class member records to serve ads to class members on their newsfeeds. Additionally, ads will be served to users who like Younique pages or post about Younique as well as users who purchase

cosmetics online. On Twitter, we will match class member records to target a custom audience of known class members in addition to targeting followers of Younique or people who post about Younique.

13.     Additionally, Heffler will run a 1/8-page ad in the San Jose Mercury News on four (4) days to meet the CLRA requirement.

I certify the foregoing statements are true and correct under penalty of perjury under the laws of the United States of America.  Executed <<date>> in <<City, State>>

_____

Scott M. Fenwick

**EXHIBIT C**

## EMAIL NOTICE

From:_____

To:_____

**Subject Line:  Notice of Settlement of Fiber Lashes Class Action**

Para revisar una versión en español de este aviso, visite www.FiberLashesSettlement.com.

**Notice of Proposed Class Action Settlement**

A settlement has been reached in a class action lawsuit in which plaintiffs have alleged that the fiber component of Younique's original Moodstruck 3D Fiber Lashes (sold between October 2012 and July 2015) was not accurately labeled as being made of "100% Natural Green Tea Fibers."  Younique disagrees with the allegations and says the label was accurate and denies any wrongdoing, but has agreed to the Settlement to avoid the expense and uncertainties associated with continuing the case.  The Court has not decided which side is right.



## Why Am I Receiving This Notice?

Younique's records indicate that you purchased one or more original Moodstruck 3D Fiber Lashes between October 2012 and July 2015 and lived in California, Ohio, Florida, Michigan, Minnesota, Missouri, New Jersey, Pennsylvania, Tennessee, Texas, or Washington when you made your purchase. We are including your Class Member ID [_____]; (Please retain your Class Member ID for your records; you will need this ID to file a claim).

## What Can I Get From The Settlement?

If approved by the Court, Younique will establish a Settlement Fund to pay all valid claims submitted by Settlement Class members, together with notice and administration expenses, attorneys' fees and expenses, and service awards for the Class Representatives.  If you are an eligible class member, you may submit a claim to receive a monetary payment from the Settlement Fund. After subtracting from the Settlement Fund the notice and administration expenses, attorneys' fees and expenses, service awards, and taxes and tax expense (if any), the Settlement Administrator will determine each authorized Settlement Class Member's *pro rata* share based upon the number of Products purchased by each class member and the total amount of valid claims submitted.

## How Do I Get A Payment?

The only way to get a payment is to file a claim. You must submit a timely and properly completed Claim Form no later than _____.  You may submit a Claim Form online at www.FiberLashesSettlement.com or download a Claim Form from the website and submit it to the Settlement Administrator at the address below by mail postmarked by _____.  You may also request a paper copy of the Claim Form by writing to the Settlement Administrator at the address below, emailing the Settlement Administrator at_____, or by calling toll-free _____.

If you wish to submit a Claim Form, your Class Member ID is [_____].

**What are My Other Options?**

You may exclude yourself from the Settlement by sending a letter to the Settlement
Administrator postmarked by no later than _____.  If you exclude yourself, you
cannot get a Settlement payment, but you keep any rights you may have to sue the
Defendant over the legal issues in this lawsuit.

You may object or comment on the proposed Settlement.  Your objection or
comment must be filed no later than _____.  Specific instructions about how
to object to, comment upon, or exclude yourself from, the Settlement are available
at www.FiberLashesSettlement.com.

If you file a Claim Form or do nothing, and the Court approves the Settlement, you
will be bound by all of the Court's orders and judgments.  In addition, any claim
you may have relating to the allegations in this case against Younique will be
released.

**Who Represents Me?**

The Court has appointed lawyers from the law firms The Sultzer Law Group P.C.,
Walsh PLLC, Nye Peabody Stirling Hale & Miller, LLP, and Carlson Lynch Sweet
Kilpela & Carpenter, LLP to represent you as "Class Counsel."  Plaintiffs Megan
Schmitt, Deana Reilly and Stephanie Miller Brun, have been appointed by the
Court as the "Class Representatives" of the Settlement Class.  You can hire your
own lawyer, but if you do, you'll need to pay your own legal fees.

**When Will the Court Consider the Proposed Settlement?**

The Court will hold the Fairness Hearing at [date time and location].  At that
hearing, the Court will: hear any objections or comments concerning the fairness of
the Settlement; determine the fairness of the Settlement; decide whether to approve
Class Counsel's request for attorneys' fees of $1,083,225.00 and expenses of up to
$175,000.00; and decide whether to award the service awards totaling $67,500.00

from the Settlement Fund for their services in helping to bring and settle this case. The Defendant has agreed to pay Class Counsel attorneys' fees in an amount to be determined by the Court. Class Counsel will seek no more than one-third of the Settlement Fund; the Court may award less than this amount. You and/or your lawyer also have the right to attend the Hearing at your own expense, but you do not have to.

## How Do I Get More Information?

For more information, including the full Notice, Claim Form, and a copy of the Settlement Agreement and other court documents, go to www.FiberLashesSettlement.com, call the Settlement Administrator at _____ or write to Schmitt v Younique LLC Settlement, c/o Settlement Administrator, PO Box #####, Philadelphia, PA #####-####, or call Class Counsel at _____. Para revisar una versión en español de este aviso, visite www.FiberLashesSettlement.com

**EXHIBIT D**

UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

# If you purchased Younique's original Moodstruck 3D Fiber Lashes Between October 2012 and July 2015 while residing in  California, Ohio, Florida, Michigan, Minnesota, Missouri, New Jersey, Pennsylvania, Tennessee, Texas, or Washington
# You May be Eligible to Receive a Cash Payment from a Class Action Settlement.

*A Federal Court authorized this notice.  This is not a solicitation from a lawyer.*

A proposed Settlement has been reached in a class action lawsuit involving <u>Younique's original Moodstruck 3D Fiber Lashes</u>

- The Settlement resolves litigation alleging Younique's original Moodstruck 3D Fiber Lashes (sold between October 2012 and July 2015) was not accurately labeled as being made of "100% Natural Green Tea Fibers."  The Defendant disagrees with the allegations and says the label was accurate and denies any wrongdoing, but has agreed to the Settlement to avoid the expense and uncertainties associated with continuing the case.

- You may be eligible to participate in the proposed Settlement, if it is finally approved, if you purchased <u>Younique's original Moodstruck 3D Fiber Lashes</u> between October 2012 and July 2015 while residing in California, Ohio, Florida, Michigan, Minnesota, Missouri, New Jersey, Pennsylvania, Tennessee, Texas, or Washington

- The Settlement will provide cash payments to those who qualify.  <u>You must file a Claim Form to get a payment from the Settlement</u>.

- Your legal rights are affected whether you act, or don't act.  **Read this notice carefully**.

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

| | |
|---|---|
| **SUBMIT A CLAIM FORM** BY <mark>XXXXX 2019</mark> | This is the only way to get a payment. |
| **EXCLUDE YOURSELF** BY <mark>XXXXX 2019</mark> | Get no payment from the Settlement.  This is the only option that allows you to ever be a part of any other lawsuit against the Defendant about the legal claims in this case. |
| **OBJECT BY** <mark>XXXXX 2019</mark> | Write to the Court about why you think the settlement is unfair, inadequate, or unreasonable. |
| **DO NOTHING** | Get no payment.  Give up rights to ever sue the Defendant about the legal claims in this case. |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.  The deadlines may be moved, canceled, or otherwise modified, so please check the Settlement Website www.FiberLashesSettlement.com regularly for updates and further details.

- The Court in charge of this case still has to decide whether to approve the Settlement.  Payments will be made if the Court approves the Settlement and after any appeals are resolved.  Please be patient.

## WHAT THIS NOTICE CONTAINS:

**BASIC INFORMATION**
1.    Why is there a notice?
2.    What is this lawsuit about?
3.    Why is this a class action?
4.    Why is there a Settlement?

**WHO IS IN THE SETTLEMENT?**
5.    How do I know if I am in the Settlement?
6.    Which Products are included in the Settlement?
7.    What if I am still not sure if I am included in the Settlement?

**SETTLEMENT BENEFITS**
8.    What does the Settlement provide?
9.    What can I get from the Settlement?
10.   What am I giving up to stay in the Class?

**HOW TO GET A PAYMENT**
11.   How can I get a payment?
12.   When will I get my payment?

**EXCLUDING YOURSELF FROM THE SETTLEMENT**
13.   How do I get out of the Settlement?
14.   If I don't exclude myself, can I sue the Defendant for the same thing later?
15.   If I exclude myself, can I still get a payment?

**OBJECTING TO THE SETTLEMENT**
16.   How can I tell the Court if I do not like the Settlement?
17.   What is the difference between objecting and excluding?

**THE LAWYERS REPRESENTING YOU**
18.   Do I have a lawyer in this case?
19.   How will the lawyers be paid?

**THE COURT'S FAIRNESS HEARING**
20.   When and where will the Court decide whether to approve the Settlement?
21.   Do I have to come to the hearing?
22.   May I speak at the hearing?

**IF YOU DO NOTHING**
23.   What happens if I do nothing at all?

**GETTING MORE INFORMATION**
24.   How do I get more information?

## BASIC INFORMATION

1. **Why is there a notice?**

   You have a right to know about a proposed Settlement of a class action lawsuit, and about your options, before the Court decides whether to approve the Settlement.

   The Court in charge of this case is the United States District Court for the Central District of California (the "Court"), and the case is called *Schmitt v. Younique LLC, No. 8:17-cv-01397.*  The individuals who sued are called the Plaintiffs, and the company they sued, Younique, LLC ("Younique"), is called the Defendant.

2. **What is this lawsuit about?**

   The lawsuit alleges Younique's original Moodstruck 3D Fiber Lashes (sold between October 2012 and July 2015) was not accurately labeled as being made of "100% Natural Green Tea Fibers." The Defendant disagrees with the allegations and says the label was accurate and denies any wrongdoing, but has agreed to the Settlement to avoid the expense and uncertainties associated with continuing the case. The Defendant denies any and all wrongdoing of any kind whatsoever, and denies any liability to Plaintiffs and to the Settlement Class.

3. **Why is this a class action?**

   In a class action, one or more people, called "Class Representatives," sue on behalf of people who have similar claims. All these people are in a "class" or "class members," except for those who exclude themselves from the class.  United States District Court Judge James V. Selna in the United States District Court for the Central District of California is in charge of this class action.

4. **Why is there a Settlement?**

   The Defendant is not admitting that it did anything wrong and both sides want to avoid the cost of further litigation.  The Court has not decided in favor of the Plaintiffs or the Defendant.  The Class Representatives and their attorneys think the Settlement is best for Class Members.  The Settlement provides the opportunity for Settlement Class Members to receive Settlement benefits.

## WHO IS IN THE SETTLEMENT?

5. **How do I know if I am in the Settlement?**

   The Settlement Class includes all persons and entities who, from October 2012 to July 2015 both resided in California, Ohio, Florida, Michigan, Minnesota, Missouri, New Jersey, Pennsylvania, Tennessee, Texas, or Washington and purchased Younique's original Moodstruck 3D Fiber Lashes for personal, family or household use and not for resale. Excluded from the Settlement Class are: (a) Defendant's board members or executive-level officers, including its attorneys; (b) governmental entities; (c) the Court, the Court's immediate family, and the Court staff; and (d) any person that timely and properly excludes himself or herself from the Settlement Class in accordance with the procedures approved by the Court.

6. **Which Products are included in the Settlement?**

   The eligible product in the Settlement is Younique's original Moodstruck 3D Fiber Lashes which was sold between October 2012 and July 2015.

7. **What if I am still not sure if I am included in the Settlement?**

   If you are not sure whether you are a Settlement Class Member, or have any other questions about the Settlement Agreement, you should visit the Settlement Website, www.FiberLashesSettlement.com, or call the toll-free number, [insert toll-free number].

## SETTLEMENT BENEFITS

**8.**     **What does the Settlement provide?**

The Settlement provides for the establishment of a Settlement Fund with a value of $3,250,000.00 to pay (1) timely and valid claims of eligible Settlement Class Members; (2) the costs of Class Notice and administration; (3) Attorneys' Fees and Expenses awarded by the Court; (4) any Service Award made by the Court to Plaintiffs; and (5) any taxes and tax expense (if any). Settlement Class Members who timely submit valid Claim Forms are entitled to receive a cash payment from the Settlement Fund.  The actual amount recovered by each Settlement Class Member will not be determined until after the Claim Period has ended and all Claims have been calculated.

Under the Settlement, the parties agreed to a definition of "natural", consistent with federal regulatory standards, to be applied to fiber lash products, and a protocol for testing fiber lash products according to that definition on 6-month intervals when the ingredients of a fiber lash product are described as "natural"

**9.**     **What can I get from the Settlement?**

If you submit a valid Claim Form by the deadline, you can get a payment from the Settlement Fund.  After subtracting from the Settlement Fund the Service Awards for the Class Representatives, Attorneys' Fees and Expenses, and the costs of Class Notice and administration, taxes and tax expense (if any), the Settlement Administrator will determine each authorized Settlement Class Member's *pro rata* share based upon the number of Products purchased by each class member and the total amount of valid claims is submitted.

**10.**     **What am I giving up to stay in the Class?**

Unless you exclude yourself from the Settlement, you cannot sue the Defendant, continue to sue, or be part of any other lawsuit against the Defendant about the legal issues in this case.  It also means that all of the decisions by the Court will bind you.  The Release is described more fully in the Settlement Agreement and describes exactly the legal claims that you give up if you stay in the Settlement Class.  The Settlement Agreement is available at the Settlement Website, www. FiberLashesSettlement.com.

## HOW TO GET A PAYMENT

**11.**     **How can I get a payment?**

To be eligible to receive a payment from the Settlement, you must complete and submit a timely Claim Form. You can complete and submit your Claim Form online at the Settlement Website, www. FiberLashesSettlement.com. The Claim Form can be downloaded from the Settlement Website, as well.  You can request a Claim Form be sent to you by sending a written request to the Settlement Administrator by mail or email, or by calling toll-free.

**MAIL**:     _____

**EMAIL**: _____

**PHONE**: [insert toll-free number]

Please read the instructions carefully, fill out the Claim Form, and mail it postmarked no later than [90 days following Notice] to: Schmitt v Younique LLC, c/o Settlement Administrator, PO Box #####, Philadelphia, PA #####-####, or submit your Claim Form online at the Settlement Website, www.FiberLashesSettlement.com, by [90 days following Notice].

If you do not submit a valid Claim Form by the deadline, you will not receive a payment.

**12.**     **When will I get my payment?**

Payments will be mailed to Settlement Class Members who send in valid and timely Claim Forms after the Court grants "final approval" to the Settlement and after any and all appeals are resolved.  If the Court approves the Settlement after a hearing on XXXX, 2019, there may be appeals.  It's always uncertain whether these appeals can be resolved, and resolving them can take time.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from the Settlement Fund, and you want to keep the right to sue or continue to sue the Defendant on your own about the legal issues in this case, then you must take steps to get out.  This is called excluding yourself—or it is sometimes referred to as "opting out" of the Settlement Class.

**13.   How do I get out of the Settlement?**

To exclude yourself (or "Opt-Out") from the Settlement, you must complete and mail by U.S. Mail to the Settlement Administrator a written request that includes the following:

- Your name and address;

- The name of the case: *Schmitt v. Younique LLC*, No. 8:17-cv-01397;

- A statement that you want to be excluded from this Settlement; and

- Your signature.

You must mail your exclusion request, postmarked no later than XXXX, 2019 to:

Schmitt v Younique LLC Settlement
c/o Settlement Administrator
PO Box #####
Philadelphia, PA #####-####

If you don't include the required information or submit your request for exclusion on time, you will remain a Settlement Class Member and will not be able to sue the Defendant about the claims in this lawsuit.

**14.   If I don't exclude myself, can I sue the Defendant for the same thing later?**

No.  Unless you exclude yourself, you give up any right to sue the Defendant for the claims that this Settlement resolves.  If you have a pending lawsuit, speak to your lawyer in that lawsuit immediately.  You must exclude yourself from this Settlement Class to continue your own lawsuit.

**15.   If I exclude myself, can I still get a payment?**

No.  You will not get any money from the Settlement if you exclude yourself.  If you exclude yourself from the Settlement, do not send in a Claim Form asking for benefits.

## OBJECTING TO THE SETTLEMENT

**16.   How can I tell the Court if I do not like the Settlement?**

If you are a Class Member, you can object to the Settlement or to Class Counsel's request for Attorneys' Fees and Expenses.  To object, you must send a letter that includes the following:

- Your name, address, telephone number, and, if available, email address;

- The name, address, email address, and telephone number of your lawyer, if you have one, including any former or current counsel who may be entitled to compensation for any reason related to the objection;

- The name of the case: Objection to Class Settlement in  *Schmitt v. Younique LLC*, No. 8:17-cv-01397;

- The reasons you object to the Settlement, accompanied by any legal support for your objection;

- A statement of whether you intend to appear at the Fairness Hearing, either with or without counsel;

- A statement of your membership in the Settlement Class, including all information required by the Claim Form;

- A detailed list of any other objections submitted by you or your counsel, to any class actions submitted in any court, whether state or otherwise, in the United States in the previous five (5) years, or a statement that you have not objected to any class action settlement in any court in the United States in the previous five (5) years; and

- Your signature and, if you have one, your lawyer's signature.

Your objection, along with any supporting material you wish to submit, must be filed with the Court, with a copy delivered to Class Counsel and Defendant's Counsel no later than XXXXX, 2019 at the following addresses:

| Court | Class Counsel |
|---|---|
| The United States District Court for the Central District of California Ronald Reagan Federal Building and United States Courthouse 411 West 4th Street Santa Ana, CA 92701-4516 | Adam Gonnelli Sultzer Law Group 85 Civic Center Plaza Suite 200, Poughkeepsie, NY, 12601 |
| **Defense Counsel** | **Class Counsel** |
| Sascha Henry Sheppard, Mullin, Richter & Hampton LLP 333 South Hope Street Forty-Third Floor Los Angeles, CA 90071 | Jonathan Miller Nye Stirling Hale & Miller, LLP 33 West Mission St., Suite 201 Santa Barbara, CA 93101 |
| | **Class Counsel** |
| | Bonner Walsh Walsh PLLC 1561 Long Haul Road Grangeville, ID 83530 |
| | **Class Counsel** |
| | Todd D. Carpenter (CA 234464) Carlson Lynch Sweet Kilpela & Carpenter, LLP 1350 Columbia Street, Ste. 603 San Diego, CA 92101 |

**17.  What is the difference between objecting and excluding?**

Objecting is simply telling the Court that you don't like something about the Settlement.  You can object to the Settlement only if you do not exclude yourself from the Settlement.  Excluding yourself from the Settlement is telling the Court that you don't want to be part of the Settlement.  If you exclude yourself from the Settlement, you have no basis to object to the Settlement because it no longer affects you.

## THE LAWYERS REPRESENTING YOU

18. **Do I have a lawyer in this case?**

Yes.  The Court has appointed lawyers and firms as "Class Counsel," meaning that they were appointed to represent all Class Members: Adam Gonnelli of The Sultzer Law Group, Jonathan Miller of Nye Stirling Hale & Miller, LLP, Bonner Walsh of Walsh PLLC, and Todd Carpenter of Carlson Lynch Sweet Kilpela & Carpenter, LLP.

You will not be charged for these lawyers, they will be paid out of the Settlement Fund.  If you want to be represented by your own lawyer, you may hire one at your own expense.

19. **How will the lawyers be paid?**

Class Counsel intends to file a motion on or before XXXX, 2019 seeking Attorneys' Fees in the amount of $1,083,225.00 and Expenses in the amount of $175,000.00.  The fees and expenses awarded by the Court will be paid from the Settlement Fund.  The Court will determine the amount of fees and expenses to award. Class Counsel will also request that $67,500 be paid from the Settlement Fund as Service Awards to the named Plaintiffs who helped the lawyers on behalf of the whole Class.

## THE COURT'S FAIRNESS HEARING

20. **When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Fairness Hearing on XXXX, 2019 at [time] at the United States District Court for the Central District of California, before the Honorable James V. Selna, United States District Judge, in Courtroom 10C, in the Ronald Reagan Federal Building and United States Courthouse, 411 West 4th Street, Santa Ana, CA 92701-4516.

The hearing may be moved to a different date or time without additional notice, so it is a good idea to check www.FiberLashesSettlement.com for updates.  At the Fairness Hearing, the Court will consider whether the Settlement Agreement is fair, reasonable, and adequate.  The Court will also consider how much to pay Class Counsel and the Class Representatives.  If there are objections, the Court will consider them at this time.  After the hearing, the Court will decide whether to approve the Settlement.  We do not know how long these decisions will take.

21. **Do I have to come to the hearing?**

No.  Class Counsel will answer any questions that the Court may have.  But, you may come at your own expense.  If you send an objection, you don't have to come to Court to talk about it.  As long as you mailed your written objection on time to the proper addresses, the Court will consider it.  You may also pay your own lawyer to attend, but it's not necessary.

22. **May I speak at the hearing?**

Yes.  You may ask the Court for permission to speak at the Fairness Hearing.  To do so, you must send a letter saying that it is your "Notice of Intent to Appear."  In your letter, you must include the following:

- Your name, address, telephone number, and, if available, email address;
- The name, address, email address, and telephone number of any lawyer(s) who will be appearing on your behalf at the Fairness Hearing;
- The name of the case: *Schmitt v. Younique LLC*, No. 8:17-cv-01397; and
- Your signature and, if you have one, your lawyer's signature.

Your Notice of Intent to Appear must be filed with the Court no later than XXXXX, 2019.

## IF YOU DO NOTHING

23. **What happens if I do nothing at all?**

If you do nothing, you will not get a payment from the Settlement.  Unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendant about the legal issues in this case,

ever again.

## GETTING MORE INFORMATION

**24.   How do I get more information?**

This Notice summarizes the proposed Settlement.  More details are in the Settlement Agreement.  You can review a complete copy of Settlement Agreement and other information at the Settlement Website, www. FiberLashesSettlement.com.   If you have additional questions or want to request a Claim Form, you can visit the Settlement Website, www.FiberLashesSettlement.com. You can also write to the Settlement Administrator by mail, or call toll-free at:

Schmitt v Younique LLC Settlement

c/o Settlement Administrator

PO Box #####

Philadelphia, PA #####-####

1-8##-###-####

Updates will be posted at www.FiberLashesSettlement.com as information about the Settlement process becomes available.

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE CONCERNING THIS CASE**

**EXHIBIT E**

## **POSTCARD NOTICE**

**Front of Postcard**

SETTLEMENT ADMINISTRATOR ADDRESS

**LEGAL NOTICE**

If You Purchased Younique's Original Moodstruck 3D Fiber Lashes between October 2012 and July 2015, You May Be Eligible to Receive Money From a Class Action Settlement



Barcode

Class Member ID


Class Member Name and Address


**Back of Postcard Text**

**FROM THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**

Para revisar una versión en español de este aviso, visite www.FiberLashesSettlement.com

**If you purchased Younique's original Moodstruck 3D Fiber Lashes between October 2012 and July 2015 and You Lived in in California, Ohio, Florida, Michigan, Minnesota, Missouri, New Jersey, Pennsylvania, Tennessee, Texas, or Washington at Time of Purchase You May Be Entitled to Receive Money From A Class Action Settlement**

- A settlement has been reached in a class action lawsuit in which plaintiffs have alleged that the fiber component of Younique's original Moodstruck 3D Fiber Lashes (sold between October 2012 and July 2015) was not accurately labeled as being made of "100% Natural Green Tea Fibers." Younique disagrees and says the label in question was accurate, denies any wrongdoing, but has agreed to the Settlement to avoid the expense and uncertainties associated with continuing the case. The Court has not decided which side is right.

- Your rights are affected so please read the notice carefully.

- The only   way to receive a benefit is to file a claim. To submit a claim, visit www.FiberLashesSettlement.com and use the ID number on the front of this postcard. You must file a claim by  [Date and Time]

- You may get out of the Settlement, exclude yourself, you will keep your right to sue Younique about the claims in this case, but you will not receive anything from the settlement.  To exclude yourself, you must send a letter to _____ stating clearly that you wish to exclude yourself.

- You can also object to or comment upon the settlement.  You must submit your objection or comment by sending it to Schmitt v Younique LLC Settlement, c/o Settlement Administrator, PO Box #####, Philadelphia, PA #####-####.  The deadline to exclude yourself or object to the settlement is [Date and Time] Please visit www.FiberLashesSettlement.comfor more details and instructions.  If you want to be represented by your own lawyer, you may hire one at your own expense.

- A hearing will be held on [date, time and location].  The purpose of the hearing is to decide if the Court should grant final approval of the proposed Settlement and/or award attorneys' fees  of $1,083,225.00, expenses of up to $175,000.00  and service awards totaling $67,500.00.  You may attend this hearing, but you do not have to. The motion for Attorneys' fees will be posted on the website after they are filed.

- For more information, including the full Notice, Claim Form, and a copy of the Settlement Agreement and other court documents, go to www.FiberLashesSettlement.com, call the Settlement Administrator at _____ or write to Schmitt v Younique LLC Settlement, c/o Settlement Administrator, PO Box #####, Philadelphia, PA #####-####, or call Class Counsel at _____. Para revisar una versión en español de este aviso, visite www.FiberLashesSettlement.com

***A Federal Court authorized this notice.  This is not a solicitation from a lawyer.***

**EXHIBIT F**





# DID YOU BUY YOUNIQUE'S ORIGINAL MOODSTRUCK 3D FIBER LASHES (SOLD BETWEEN 2012 AND 2015)?

You could get money from a class action settlement.

**LEARN MORE**

www.FiberLashesSettlement.com

**EXHIBIT G**

**Script for Fielding Calls Regarding the Class Action Settlement Notice**

1.  Introduction

Thank you for taking the time to call and inquire about the notice.

Did you receive an official notice of the litigation and settlement?

Did you purchase the original 3D Fiberlash product sometime between Jan. 2013 and July 2015 while residing in one of the following states?
States:  CA, OH, FL, MI, MN, MS, NJ, PA, TN, TX, WA

[If yes to either question, proceed to the following questions/statements.]

Unfortunately, because this is on-going litigation, the company is not free to comment on it. You are welcome to contact the claims administrator with any questions.  The claims administrator can be reached through the website www.FiberLashesSettlement.com.

2.  Questions About The Product At Issue

The lawsuit relates only to the original 3D Fiber Lash product, which we have not sold since July 2015.

You are welcome to contact the claims administrator with any questions.  The lawsuit does not relate to the 3D Fiber Lash + product, the EPIC Mascara product, or our new 4D Lash product. The claims administrator can be reached through the website www. FiberLashesSettlement.com.

3.  Questions About The Allegations

The plaintiffs have alleged that that the fiber component of Younique's original Moodstruck 3D Fiber Lashes (sold between October 2012 and July 2015) was not accurately labeled as being made of "100% Natural Green Tea Fibers".

Younique contends the label was accurate, denies any wrongdoing and denies the plaintiffs' allegations.

Younique has agreed to the Settlement to avoid the expense and uncertainties associated with continuing the case.

The Court has not decided which side is right.

There are no allegations in this lawsuit that anyone was injured by the product.

This is not a product recall.

You are welcome to contact the claims administrator with any questions.  The lawsuit does not relate to the 3D Fiber Lash + product, the EPIC Mascara product, or our new 4D Lash product. The claims administrator can be reached through the website www.FiberLashesSettlement.com.

4.   Questions About The Settlement

You are welcome to contact the claims administrator with any questions.  The lawsuit does not relate to the 3D Fiber Lash + product, the EPIC Mascara product, or our new 4D Lash product. The claims administrator can be reached through the website www.FiberLashesSettlement.com.