NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

MEGAN SCHMITT, DEANA REILLY, CAROL ORLOWSKY, and STEPHANIE MILLER BRUN, individually and on behalf of themselves and all others similarly situated,

    Plaintiffs,

  v.

YOUNIQUE, LLC,
    Defendant.

Case No. 8:17-cv-01397-JVS-JDE

**FINAL APPROVAL ORDER AND JUDGMENT**

## FINAL APPROVAL ORDER AND JUDGMENT

On September 24, 2019, this Court granted the motion of Plaintiffs Megan Schmitt, Deana Reilly, and Stephanie Miller-Brun ("Plaintiffs") for preliminary approval of the Class Settlement Agreement ("Agreement")[1] and certification of the Settlement Class (as defined below). *See* ECF No. 256.

Commencing on October 23, 2019, pursuant to the notice requirements in the Agreement and the Preliminary Approval Order, Heffler Claims Group (the

---

[1] Capitalized terms used in this Final Approval Order shall have the same meaning as defined in the Agreement unless otherwise expressly stated.

1

"Settlement Administrator") began providing notice to Settlement Class members in compliance with Exhibit C to the Settlement Agreement and the Notice Plan, due process, and Rule 23 of the Federal Rules of Civil Procedure. The notice:

    (a)    fully informed Settlement Class members about the Action and the existence and terms of the Agreement;

    (b)    advised Settlement Class members of their right to request exclusion from the settlement and provided sufficient information so that Settlement Class members were able to decide whether to accept the settlement, opt-out and pursue their own remedies, or object to the proposed settlement;

    (c)    provided procedures for Settlement Class members to file written objections to the proposed settlement, to appear at the Final Approval hearing, and to state objections to the proposed settlement; and,

    (d)    provided the time, date, and place of the Final Approval hearing.

The Court reviewed (a) the Motion for Final Approval ("Final Approval Motion") and all supporting materials, including but not limited to the Settlement Agreement; (b) Plaintiffs' Motion for Award of Attorneys' Fees and Reimbursement of Litigation Expenses to Class Counsel and Service Awards ("Fee Motion"), and all supporting materials; and (c) the Hamer Decl. Confirming Implementation of Notice Plan. On April 1, 2020, the Court issued a tentative order granting the Final Approval Motion and granting in part, and denying in part, the Fee Motion (the "Tentative Order"). The Court's Tentative Order vacated the April 6, 2020, Final Approval hearing and permitted any party to file a request no later than 5:00 p.m. on April 7, 2020, stating why oral argument is necessary. *See id*. at 22. As no party did so, per the terms of the Tentative Order the matter is deemed submitted on the papers and the Tentative Order is now the order of the Court. *See id*. The Tentative Order is hereby incorporated into this Final Approval Order and Judgment. Based on this review and the findings below, the Court finds good cause to order the following.

///

///

**IT IS HEREBY ORDERED:**

1. The Court has jurisdiction over the subject matter of this Action, all claims raised therein, and all parties thereto, including the Settlement Class.

2. The Agreement is fair, reasonable, adequate and in the best interests of Settlement Class members. The Agreement was negotiated over a period of almost a year at arm's length, in good faith and without collusion, by capable and experienced counsel, with full knowledge of the facts, the law, and the risks inherent in litigating the Action, and with the active involvement of the parties. Moreover, the Agreement confers substantial benefits on the Settlement Class members, is not contrary to the public interest, and will provide the parties with repose from litigation. The parties faced significant risks, expense, and uncertainty from continued litigation of this matter, which further supports the Court's conclusion that the settlement is fair, reasonable, adequate and in the best interests of the Settlement Class members.

3. The Court grants final approval of the Agreement in full, including but not limited to the releases therein and the procedures for distribution of the Settlement Fund. All Settlement Class members who have not excluded themselves from the Settlement Class are bound by this Final Approval Order and Judgment.

4. The parties shall carry out their respective obligations under the Agreement in accordance with its terms. The relief provided for in the Agreement shall be made available to the various Settlement Class members who submitted valid Claim forms, pursuant to the terms and conditions in the Agreement. The Agreement is incorporated herein in its entirety as if fully set forth herein and shall have the same force and effect of an order of this Court.

**OBJECTIONS AND REQUESTS FOR EXCLUSION**

5. No objections to the Settlement were filed by Settlement Class members. All persons who did not object to the Settlement in the manner set forth in the Agreement are deemed to have waived any objections, including but not limited

to by appeal, collateral attack, or otherwise.

6. Attached hereto as Exhibit A is a list of persons who made a valid and timely request to be excluded from the Settlement and the Settlement Class (the "Opt-Out Members"). The Opt-Out Members are not bound by the Agreement and this Final Approval Order and shall not be entitled to any of the benefits afforded to Settlement Class members under the Agreement.

## CERTIFICATION OF THE SETTLEMENT CLASS

7. Solely for purposes of the Agreement and this Final Approval Order and Judgment, the Court hereby certifies the following Settlement Class:

> All persons who (1) between October 1, 2012 and July 31, 2015, resided in one of the following states: California, Ohio, Florida, Michigan, Minnesota, Missouri, New Jersey, Pennsylvania, Tennessee, Texas, or Washington; and (2) purchased one or more of Younique's Moonstruck 3D Fiber Lashes for personal, family or household use and not for resale. The Settlement Class specifically excludes: (a) Younique's board members or executive-level officers, including attorneys; (b) governmental entities; (c) the Court, the Court's immediate family, and the Court staff; and (d) any person that timely and properly excludes himself or herself from the Settlement Class.

8. The Court incorporates its preliminary conclusions in the Preliminary Approval Order (ECF No. 256) regarding the satisfaction of Federal Rules of Civil Procedure 23(a) and 23(b). Because the Settlement Class is certified solely for purposes of settlement, the Court need not address any issues of manageability for litigation purposes.

9. The Court grants final approval to the appointment of Plaintiffs Megan Schmitt, Deana Reilly, and Stephanie Miller-Brun as the Class Representatives and concludes that they have fairly and adequately represented the Settlement Class and shall continue to do so.

10. The Court grants final approval to the appointment of The Sultzer Law Group P.C., Nye Stirling Hale & Miller LLP, Walsh PLLC, and Carlson Lynch Kilpela & Carpenter, LLP as Class Counsel for the Settlement Class.

11. The Settlement Class described above is certified solely for the purpose

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

of the settlement described in the Agreement. The Court finds and orders that defendant Younique, LLC ("Younique") has not conceded that this Action or any similar case is amenable to class certification for purposes of litigation, and orders that nothing in this Final Approval Order and Judgment or in the Agreement shall prevent Younique or Plaintiffs from opposing or supporting class certification, or seeking decertification, if this Final Order approving the Agreement is reversed or invalidated, on appeal or otherwise, for any reason.

## NOTICE TO THE CLASS

12. The Court finds that the Notice Plan, set forth in the Agreement and effectuated pursuant to the Preliminary Approval Order: (i) was the best notice practicable under the circumstances; (ii) was reasonably calculated to provide, and did provide, due and sufficient notice to the Settlement Class regarding the existence and nature of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Agreement, and the rights of Settlement Class members to exclude themselves from the Agreement, to object and appear at the Final Approval hearing, and to receive benefits under the Agreement; and (iii) satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable law.

13. The Court finds that the notice requirements of the Class Action Fairness Act, 28 U.S.C. § 1715 were satisfied.

## ATTORNEYS' FEES, EXPENSES AND SERVICE AWARDS

14. The Court awards Class Counsel $1,083,333.33 in fees and reimbursement of $152,744.79 in expenses. The Court finds these amounts to be fair and reasonable. Payment shall be made from the Qualified Settlement Fund pursuant to the procedures in Sections IV.A.1, X.A. and X.B of the Agreement.

15. The Court awards Class Representatives Megan Schmitt, Deana Reilly, and Stephanie Miller-Brun $7,500 each as a Service Award. The Court awards Kirsten Bowers, the named Plaintiff in the parallel *Bowers* action that was resolved

5

as part of the Agreement, $1,000 as a Service Award. The Court awards Settlement Class members Breanna Kelly, Aschley Willey and Maegan Nelson $500 each as a Service Award. The Court finds these amounts to be justified by these individuals' service to the Settlement Class. Payment shall be made from the Settlement Fund pursuant to the procedures in Sections IV.A.1 and X.C of the Agreement.

**RELEASES**

16. The Court releases and forever discharges the Released Persons from each of the Released Claims, as provided in the Agreement. The Releasors are permanently barred and enjoined from instituting, maintaining, or prosecuting, either directly or indirectly, any litigation that asserts the Released Claims. This permanent bar and injunction is necessary to protect and effectuate the Agreement, this Final Approval Order, and the Court's authority to effectuate the Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments. The Released Claims shall be construed as broadly as possible to ensure complete finality over this Action involving the advertising, labeling, and marketing of the Products as set forth herein. The full terms of the release described in this paragraph are set forth in Sections II.V, II.W, and IX.A-G of the Agreement and are specifically approved and incorporated herein by this reference (the "Release"). In addition, Plaintiffs and each Settlement Class member are deemed to have waived (i) the provisions of California Civil Code § 1542, which provides that a general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party, and (ii) any similar federal or state laws, rights, rules, or legal principle that is similar, comparable, or equivalent to California Civil Code § 1542.

///

///

6
FINAL APPROVAL ORDER AND JUDGMENT

## OTHER PROVISIONS

17. Pursuant to Sections IV.A.1 of the Agreement, the Settlement Fund, consisting of Three Million, Two Hundred and Fifty Thousand Dollars ($3,250,000.00), shall be used to pay: (i) any necessary taxes and tax expenses, if any; (ii) all costs and expenses associated with Class Notice, including but not limited to all fees and expenses of the Settlement Administrator; (iii) all costs and expenses associated with the administration of the Settlement, including but not limited to all fees and expenses of the Settlement Administrator; (iv) any Attorneys' Fees award made by the Court to Class Counsel pursuant to Section X(A) of the Agreement; (v) any award of Expenses made by the Court to Class Counsel pursuant to Section X(B) of the Agreement; (vi) any Service Awards made by the Court to Plaintiffs under Section X(C) of the Agreement; (vii) and cash payments distributed to Settlement Class members who have submitted timely, valid, and approved claims pursuant to the claims process outlined in Section V.

18. If any monies remain in the Settlement Fund after the payments described herein in Paragraph 17, and the expiration of checks mailed to members of the Settlement Class, it shall be called the Residual Fund. Any value remaining in the Residual Fund shall increase eligible Settlement Class members' relief on a *pro rata* basis until the Residual Fund is exhausted, unless the parties mutually agree that a supplemental distribution is economically infeasible. Should the parties mutually agree that a supplemental distribution is economically infeasible, then the parties will meet and confer in good faith to reach an agreement on a *cy pres* recipient approved by the Court. If the parties are unable to reach an agreement on a *cy pres* recipient, then Younique, on the one hand, and Plaintiffs, on the other hand, may submit alternative proposals for the *cy pres* recipient to the Court and the Court will select the recipient.

19. Subject to the terms and conditions of the Agreement, the Court enters an injunction against Younique requiring it to comply with the requirements in

7

FINAL APPROVAL ORDER AND JUDGMENT

Paragraph IV.B.1 of the Agreement.

20. The Agreement and this Final Approval Order and Judgment, and all documents, supporting materials, representations, statements and proceedings relating to the Agreement, are not, and shall not be construed as, used as, or deemed evidence of, any admission by or against Younique of: (a) liability, fault, wrongdoing, or violation of any law, (b) the validity or certifiability for litigation purposes of the Settlement Class, (c) the strength of any of the claims or allegations in the Complaint or any other claims that could have been asserted in the Action, or (d) the infirmity of any defenses to Plaintiffs' claims or allegations.

21. The Agreement and this Final Approval Order and Judgment, and all documents, supporting materials, representations, statements and proceedings relating to the Settlement, shall not be offered or received into evidence, and are not admissible into evidence, in any action or proceeding, except that the Agreement and this Final Approval Order and Judgment may be filed in any action by Younique or the Settlement Class members seeking to enforce the Agreement or the Final Approval Order and Judgment. This Final Approval Order and Judgment and the Agreement may be pleaded as a full and complete defense to any action, suit, or other proceedings that has been or may be instituted, prosecuted or attempted against the Released Parties in such capacity with respect to any of the Released Claims, and may be filed, offered, received into evidence, and otherwise used for such defense.

22. The Court hereby dismisses the Action in its entirety with prejudice, and without fees or costs except as otherwise provided for herein.

23. Without affecting the finality of this Final Approval Order and Judgment, the Court will retain jurisdiction over this Action and the parties with respect to the interpretation, implementation and enforcement of the Agreement for all purposes.

24. Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, there is

8

FINAL APPROVAL ORDER AND JUDGMENT

no just reason for delay in the entry of this Final Approval Order and Judgment and immediate entry by the Clerk of the Court is expressly directed.

NOW, THEREFORE, the Court hereby enters judgment in this matter pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED this 9th day of April, 2020:**

Honorable James V. Selna
United States District Judge

## **EXHIBIT A – List of Opt-Outs**

| **Name** | **City** | **State** | **Zip code** |
|---|---|---|---|
| Stephanie Conlon | O'Fallon | MO | 63366 |
| Kathy Humble | Conroe | TX | 77384-4758 |
| Kelly Kays | Winnie | TX | 77665 |
| Angela K. Storlie | Elko | MN | 55020 |

FINAL APPROVAL ORDER AND JUDGMENT